# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Civil Action No.: 2:14-cv-04532(JLL)(JAD) CLASS ACTION |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FUNAI CORPORATION, INC., a New Jersey corporation, | ) ) ) | |
| Defendant. | ) ) | |

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT FUNAI CORPORATION, INC.

---

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540-6241
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendant Funai Corporation, Inc.*

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ....................................................................1

II.   STATEMENT OF FACTS ..........................................................................3

    A.    The Televisions At Issue .................................................................3

    B.    The Alleged Representations Concerning Lifespan Of
        Televisions .......................................................................................5

    C.    The Express Limited Warranties For The Televisions .....................6

III.  ARGUMENT .............................................................................................8

    A.    Legal Standard for Motion to Dismiss Under Fed. R. Civ. P.
        12(b)(6),  8(a) and 9(b) ...................................................................8

    B.    Plaintiffs' Breach of Warranty Causes of Action Fail To State
        A Claim  Under Fed. R. Civ. P. 12(b)(6) .........................................9

    C.    Funai Made No Actionable Statement That The Televisions
        Would Last For More Than One Year .............................................13

        1.    The Owner's Manual Statements Regarding the LCD
            Panel .....................................................................................13

        2.    The Federally-Mandated EnergyGuide Label .........................15

    D.    Plaintiffs Have Failed to State a Claim for Misrepresentation .........18

    E.    Plaintiffs Consumer Fraud Claims are Factually and Legally
        Insufficient .....................................................................................21

    F.    Plaintiffs' Claims Alleging Fraud Fail to Meet the Heightened
        Pleading Standard ...........................................................................25

    G.    Plaintiffs' Unjust Enrichment Claim Fails As A Matter Of Law ......27

IV.   CONCLUSION ..........................................................................................29

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................8, 14, 19, 20

*Bailey v. Monaco Coach Corp.*,
   350 F. Supp. 2d 1036 (N.D. Ga. 2004).............................................11

*Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*,
   296 F.3d 164 (3d Cir. 2002) ...........................................................9, 25

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................8, 19, 20

*Bianchi v. Lazy Days R.V. Ctr. Inc.*,
   No. 06-1979, 2007 WL 1959268 (D. N.J. July 5, 2007) ....................15

*Cooper v. Samsung Elecs. Am., Inc.*,
   No. 07-3853, 2008 WL 4513924 (D. N.J. Sept. 30, 2008); *aff'd* 374 Fed.
   App'x 250 (3d Cir. 2010) ...............................................................24, 28

*Daugherty v. Am. Honda Motor Co.*,
   51 Cal. Rptr. 3d 118 (Cal. Ct. App. 2006).........................................12

*Demorato v. Carver Boat Corps.*,
   No. 06-240, 2007 WL 1456207 (D. N.J. May 16, 2007) ....................12

*Denius v. Dunlap*,
   330 F.3d 919 (7th Cir. 2003) ...........................................................16

*Dewey v. Volkswagen AG*,
   558 F. Supp. 2d 505 (D. N.J. 2008)...............................................14, 26

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
   66 F.3d 604 (3d Cir. 1995) .............................................................12

*Fishman v. Gen. Elec. Co.*,
   No. 2:12-cv-00585, 2013 WL 1845615 (D. N.J. Apr. 30, 2013) ........28

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Frederico v. Home Depot*,
507 F.3d 188 (3d Cir. 2007) ...............................................................26

*Gennari v. Weichert Co. Realtors*,
691 A.2d 350 (N.J. 1997) ...........................................................19, 20

*Glushakow v. Boyarsky*,
No. 11-2917, 2011 WL 3625072 (D. N.J. Aug. 15, 2011)................................27

*Henderson v. Volvo Cars of N. Am., LLC*,
No. 09-4146, 2010 WL 2925913 (D. N.J. July 21, 2010)................................26

*In re Advanta Corp. Sec. Litig.*,
180 F.3d 525 (3d Cir. 1999) ...............................................................9

*In re Amgen Inc. Sec. Litig.*,
544 F. Supp. 2d 1009 (C.D. Cal. 2008) ..............................................16

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) ..............................................................6

*In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*,
174 F.R.D. 332 (D. N.J. 1997).........................................................24

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
19 F. Supp 2d 263 (D. N.J. 1998).....................................................12

*In re Philips/Magnavox Television Litig.*,
No. 09-03072, 2010 WL 3522787 (D. N.J. Sept. 1, 2010)....................22, 23, 28

*In re Suprema Specialties, Inc. Sec. Litig.*,
438 F.3d 256 (3d Cir. 2006) ...............................................................9

*In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.*,
No. 08-939, 2009 WL 2940081 (D. N.J. Sept. 11, 2009)..................................14

*In re Wellbutrin SR/Zyban Antitrust Litig.*,
281 F. Supp. 2d 751 (E.D. Pa. 2003)..............................................16

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*,
  929 A.2d 1076 (N.J. 2007) ...............................................................23

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
  313 U.S. 487 (1941)..........................................................................22

*Klein v. Gen. Nutrition Cos. Inc.*,
  186 F.3d 338 (3d Cir. 1999) .............................................................26

*Kuehn v. Stanley*,
  91 P.3d 346 (Ariz. Ct. App. 2005).....................................................23

*L'Garde, Inc. v. Raytheon Space and Airborne Sys.*,
  805 F. Supp. 2d 932 (C.D. Cal. 2011) ..............................................16

*Lum v. Bank of Am.*,
  361 F.3d 217 (3d Cir. 2004) .............................................................26

*McCall v. Metro. Life Ins.*,
  956 F.Supp. 1172 (D. N.J. 1996)..................................................19, 20

*McCalley v. Samsung Elec. Am., Inc.*,
  No. 07-2141, 2008 WL 878402 (D. N.J. Mar. 31, 2008) ............11, 12

*Mickens v. Ford Motor Co.*,
  No. 10-cv-05842, 2011 WL 3444055 (D. N.J. Aug. 5, 2011)............27

*Moser v. Milner Hotels, Inc.*,
  78 A.2d 393 (N.J. 1951) ...................................................................29

*N.J. Transit Corp. v. Harsco Corp.*,
  497 F. 3d 323 (3rd Cir. 2007) ...........................................................10

*Nami v. Fauver*,
  82 F.3d 63 (3d Cir. 1996) ...................................................................3

*Natural Resources Defense Council v. Kempthorne*,
  539 F. Supp. 2d 1155 (E.D. Cal. 2008) ............................................16

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Nobile v. Ford Motor Co.*,
No. 10-1890, 2011 WL 900119 (D. N.J. Mar. 14, 2011) ...................................26

*Patetta v. Wells Fargo Bank, NA*,
No. 3:09-cv-2848, 2009 WL 2905450 (D. N.J. Sept. 10, 2009) ........................27

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
998 F.2d 1192 (3d Cir. 1993) ..............................................................................6

*Perkins v. DaimlerChrysler Corp.*,
383 N.J. Super. 99, 890 A.2d 997 (App. Div. 2006)..........................................21

*Roberts v. Crowley*,
538 F. Supp. 2d 413 (D. Mass. 2008)..................................................................23

*Rodi v. S. New England School of Law*,
389 F.3d 5 (1st Cir. 2004).....................................................................................23

*Stewart v. Beam Global Spirits and Wine, Inc.*,
877 F. Supp. 2d. 192 (D. N.J. 2012)....................................................................28

*VRG Corp. v. GKN* Realty Corp.,
641 A.2d 519 (N.J. 1994) .....................................................................................27

*Warriner v. Stanton*,
475 F.3d 497 (3d Cir. 2007) .................................................................................22

## FEDERAL STATUTES

42 U.S.C. § 6297(g) ................................................................................................18

## OTHER STATUTES

A.R.S. 44-1522(A)...................................................................................................23

M.G.L.A. 93A § 9(3) ..............................................................................................23

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

N.J. Stat. § 12A:2-317................................................................................................10

New Jersey Consumer Fraud Act, N.J. Stat. §§ 56:8-1, *et seq.*.............................1, 3

## RULES

Fed. R. Civ. P. 8(a)......................................................................................................8

Fed. R. Civ. P. 9(b) ...........................................................................................passim

Fed. R. Civ. P. 12(b)(6).....................................................................................passim

Fed. R. Evid. 201(b).....................................................................................................16

## REGULATIONS

16 C.F.R. 305 (2010) ...........................................................................................6, 7, 16

## OTHER AUTHORITIES

Restatement (2nd), Conflict of Laws, § 148(2) ................................................23, 24

## I.   PRELIMINARY STATEMENT

This is a putative class action filed by two individual plaintiffs alleging that their Emerson/Magnavox flat screen televisions failed due to defects in the power supply boards.  Both of these plaintiffs allege that their televisions failed more than one year after purchase.  The July 17, 2014 Complaint (the "Complaint") of Plaintiffs Norma Oliver and Matt Toms (collectively "Plaintiffs") attempts to assert seven causes of actions against Defendant, Funai Corporation, Inc. ("Funai" or "Defendant"):  (Count I) violation of the Magnuson-Moss Warranty Act; (Count II) violation of the New Jersey Consumer Fraud Act, N.J. Stat. §§56:8-1, *et seq.*; (Count III) negligent misrepresentation; (Count IV) intentional misrepresentation; (Count V) breach of express warranty; (Count VI) breach of implied warranty of merchantability; and (Count VII) unjust enrichment.   All of these purported claims fail as a matter of law and must be dismissed under Fed. R. Civ. P. 12(b)(6).

Plaintiffs acknowledge that Funai provided an express written warranty with their televisions.  But Plaintiffs fail to address explicitly in their Complaint that their televisions failed **after expiration** of the one year time period of that warranty.  This Court can and should consider on this Motion to Dismiss the time period limitation established in the express limited warranty, and dismiss on that basis Plaintiffs' claims for violation of the Magnuson-Moss Warranty Act (Count

I), breach of express warranty (Count V) and breach of implied warranty of merchantability (Count VI).

Plaintiffs attempt to concoct a warranty extending for multiple years by alleging two purported misrepresentations by Funai: (1) a statement in the televisions owners' manuals that "the LCD panel is manufactured to provide many years of useful life," and (2) the use of the federally-mandated EnergyGuide label disclosing the "Estimated Yearly Energy Cost" to operate the television. Compl., ECF No. 1, ¶¶ 17, 20.  On their face, these alleged statements do not warrant or represent that the televisions or their power supply boards will function for multiple years.  Indeed, to construe the federally-mandated use of the EnergyGuide label as a multi-year warranty would directly contradict the intention of Congress and the Federal Trade Commission.  It would effectively create a multi-year warranty for each and every consumer appliance for which the EnergyGuide label is mandated – every television, refrigerator, clothes washer, dishwasher, and room air conditioner sold in the United States, for example.  This Court should reject such an absurd result.  Moreover, Plaintiffs do not allege reliance upon these alleged statements.  As a result, Plaintiffs' Magnuson-Moss and warranty claims as well as their claims for negligent (Count III) and intentional (Count IV) misrepresentation must fail.

Plaintiffs' Complaint also fails to satisfy fundamental requirements for purported consumer fraud and unjust enrichment claims. Neither of the Plaintiffs is a New Jersey resident, and neither alleges purchase of a television in New Jersey or directly from Funai. As a result, Plaintiffs' purported claims under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. (Count II) and for unjust enrichment (Count VII) fail. In addition, Plaintiffs have failed to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b) applicable to their purported consumer fraud and misrepresentation claims. Plaintiffs' fraud allegations lack the required specificity concerning knowledge of Funai or the content of alleged fraudulent statements.

Plaintiffs' claims fail as a matter of law, and their Complaint should be dismissed.

## II.  STATEMENT OF FACTS

### A.  The Televisions At Issue.

Funai is a leading manufacturer[1] and seller of liquid crystal display ("LCD") televisions, including televisions sold under the Funai, Emerson, and Magnavox

---

[1]    For purposes of this motion only, Funai sets forth the facts as pled by Plaintiffs in the Complaint. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(holding that the Court must accept well-pleaded factual allegations of Complaint as true on motion to dismiss under Fed. R. Civ. P. 12(b)(6)). However, Funai does not concede the accuracy of the Plaintiffs' allegations. In particular, if this matter were to advance beyond the motion to dismiss stage, Funai would expect to

brands. Compl., ¶¶ 1, 11.  LCD televisions are comprised of several different components, including a display panel (LCD and its controller) as well as a power supply board ("PSB") which regulates and routes electricity for the LCD panel. *Id.*, ¶¶ 20, 22.  Plaintiffs generally allege that "Funai opted to manufacture its Defective TVs with low-quality (and likely low cost) PSBs," which over time causes loss of picture quality "and eventually the complete failure of the TVs." *Id.*, ¶ 23.

Plaintiff Norma Oliver, who lives in Massachussetts, alleges that she purchased an Emerson LC320EM32 television in May 2012 from Walmart at an unspecified location for $229.  *Id.*, ¶ 30.  She alleges that her television failed seventeen months later, in October 2013.  *Id.*, ¶ 31.  She claims to have incurred a total of $85.57 to repair the PSB.  *Id.*, ¶¶ 32-34.

Plaintiff Matt Toms, who lives in Arizona, alleges that he purchased a Magnavox 32MF301B television in September 2012 "from a local Target store" for approximately $200.  *Id.*, ¶ 35.  He alleges that his television failed sixteen months later, in January 2014.  *Id.*, ¶ 36.  He claims to have repaired the television with a replacement PSB he purchased for $72.  *Id.*, ¶ 37.

---

establish that Funai Corporation, Inc. does not manufacture televisions and did not manufacture the televisions at issue in this lawsuit.

**B.**  **The Alleged Representations Concerning Lifespan Of Televisions.**

Plaintiffs generally allege that "modern LCD TVs are expected to last for tens of thousands of hours."  Compl., Heading II.  As support for this assertion, Plaintiffs cite "academic articles and consumer buying guides" authored by eBay, LCDTVBuyingGuide.com, and various other non-parties to this litigation.  *Id*., ¶¶ 13-15.  Notably, Plaintiffs do not allege any statement by Funai that its televisions "are expected to last for tens of thousands of hours."

Plaintiffs allege that Funai represents to consumers "that its TVs will last for 'years'" in two distinct ways.  *Id*., ¶ 16.

First, Plaintiffs claim that the product manuals for the Emerson/Magnavox televisions state that the televisions "were made to last for years."  As support, Plaintiffs cite the following statement in the manuals concerning the televisions' LCD panel:

> The LCD panel is manufactured to provide many years of useful life.  Occasionally a few non active pixels may appear as a tiny spec of color.  This is not to be considered a defect in the LCD screen.

*Id*., ¶ 17.  Plaintiffs do not cite any statement concerning the televisions themselves or their PSBs.

Second, Plaintiffs allege that Funai affixes "energy guide labels" onto the exterior of its televisions and provides links to it when marketing online.  The "energy guide" cited by Plaintiffs states an "Estimated Yearly Energy Cost" of

$13, assuming 11 cents per kWh and 5 hours use per day.  Plaintiffs construe this as a representation by Funai "that the Defective TVs will operate for a bare minimum of 1,825 hours (i.e., 5 hours per day multiplied by 365 days per year)." *Id.*, ¶ 18.  It appears from Figure 2 to the Complaint, showing the alleged "energy guide," that Plaintiffs are referring to the federally-mandated EnergyGuide label that must appear on all televisions sold in the United States in the required format, including an "Estimated Yearly Energy Cost" based on assumptions of 11 cents per kWh and 5 hours use per day.  16 C.F.R. Part 305 (2010).

## C.   The Express Limited Warranties For The Televisions.

The owner's manuals for Plaintiffs' Emerson and Magnavox televisions each contained substantively identical express written warranties extending one year for parts and ninety days for labor.   *See* Lavelle Decl., Exhs. A & B at p. 33 (hereinafter, the "Limited Warranties").[2]  The Limited Warranties comprise an

---

[2]   Though Plaintiffs did not attach the user manuals for the Emerson/Magnavox televisions to the Complaint, the Court may rely upon the manuals (and the express Limited Warranties they contain) in considering Defendant's Motion to Dismiss as Plaintiffs' Complaint repeatedly references and relies upon the manuals (*see, e.g.,* Compl., ¶¶ 16, 17, 68, 74, 80, 84, 90) to support their claims. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (citation omitted).  In particular, Plaintiffs' Complaint specifically references the express written warranty.  Compl., ¶ 90.  Plaintiffs' decision not to attach the manuals cannot serve as a basis to exclude the manuals from the Court's consideration.  "Plaintiffs cannot prevent a court from looking at the texts of

entire page of the manuals and appear in large font with key terms bolded and

capitalized. The Limited Warranties set forth the terms of coverage and the

obligations of Funai – specifically, ninety days coverage for labor and one year

coverage for parts.  The Limited Warranties further state:

> WHO IS COVERED: This product warranty is issued to the
> original purchaser or the person receiving the product as a gift
> against defects in materials and workmanship as based on the
> date of original purchase ("Warranty Period")….

> WHAT IS COVERED: This warranty covers new products if a defect
> in material or workmanship occurs and a valid claim is received
> within the Warranty Period…

> REPAIR OR REPLACEMENT AS PROVIDED UNDER THIS
> WARRANTY IS THE EXCLUSIVE REMEDY FOR THE
> CONSUMER, WITH THE ISSUING COMPANY NOT LIABLE
> FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR
> BREACH OF ANY EXPRESS OR IMPLIED WARRANTY ON
> THIS PRODUCT. EXCEPT TO THE EXTENT PROHIBITED BY
> APPLICABLE LAW, ANY IMPLIED WARRANTY OF
> MERCHANTABILITY OR FITNESS FOR A PARTICULAR
> PURPOSE ON THIS PRODUCT IS LIMITED IN DURATION TO
> THE DURATION OF THIS WARRANTY.

> *Id.*

---

the documents on which its claim is based by failing to attach or explicitly cite
them."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.
1997). As Plaintiffs clearly rely upon the manuals and there is no dispute as to
their authenticity, this Court may rely upon the manuals in considering this
Motion to Dismiss.

## III.  ARGUMENT

### A.    Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), 8(a) and 9(b).

A court must dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the complaint fails to state a claim with sufficient factual detail that, if assumed to be true, would allow the court to reasonably infer liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")).  Fed. R. Civ. P. 8(a) demands that plaintiffs allege "more than a sheer possibility that a defendant has acted unlawfully" and "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555, 556) (internal citation omitted).  A complaint that alleges mere "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice.  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiffs' causes of action under the New Jersey Consumer Fraud Act ("NJCFA") and for negligent and intentional misrepresentation are required to be pled under the heightened standard of Rule 9(b) as they each contain "averments of

fraud or mistake." *See, e.g., In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The requirements of Rule 9(b) are not satisfied unless the complaint describes "the alleged fraud with precise allegations of date, time, or place or by using some means of injecting precision and some measure of substantiation into their allegations of fraud." *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n. 10 (3d Cir. 2002) (citations, quotation marks and emphasis omitted).  Thus, Plaintiffs' Complaint must provide "the who, what, when, where, and how" describing the allegedly fraudulent conduct to sustain causes of action under the NJCFA, and for negligent and intentional misrepresentation.  *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999).

**B.**  **Plaintiffs' Breach of Warranty Causes of Action Fail To State A Claim Under Fed. R. Civ. P. 12(b)(6).**

Plaintiffs' purported claims under the Magnuson-Moss Act (Count I), for breach of express warranty (Count V), and for breach of implied warranty of merchantability (Count VI) all fail as a matter of law for a simple, inescapable reason: their televisions failed more than one year after purchase, and therefore after expiration of the express Limited Warranties.  Plaintiffs acknowledge that the Emerson and Magnavox televisions contain express written warranties – the

Limited Warranties – of 90 days labor and one year for parts.  Compl., ¶ 90.  Under Plaintiffs' own allegations, they were not entitled to any relief under those warranties because their televisions did not fail until more than one year after purchase.

It is well established that Plaintiffs cannot create new, extended warranties longer than the express Limited Warranties by pointing to purported statements in the owners' manuals or the federally mandated Energy Guide.  Under New Jersey law, warranties, whether express or implied, shall be interpreted to be consistent with each other.  N.J. Stat. §12A:2-317.  To the extent express and implied warranties are in conflict with one another, "express warranties displace inconsistent implied warranties."  *Id*. at 317(c).  A purported warranty of "many years" based on the manuals' LCD panel statement (Compl., ¶ 17) (emphasis omitted) or of "a bare minimum of 1,825 hours" based on the federally-mandated EnergyGuide (*Id*., ¶ 18) would obviously conflict with the express Limited Warranties of one year for parts and ninety (90) days for labor.  *Id*., ¶ 90. Significantly, the Limited Warranties also disclaim any additional warranties and note that the Limited Warranties provide the exclusive remedy to consumers.  *See* Lavelle Decl. at Exhs. A & B at p. 33.

Even if the statements identified by Plaintiffs could be construed as warranties, they would be "therefore displaced by the express warranty."  *N.J.*

10

*Transit Corp. v. Harsco Corp.*, 497 F. 3d 323, 324, 329 (3rd Cir. 2007) (affirming dismissal under New Jersey law of breach of warranty claims premised upon warranties inconsistent with an express warranty).  A New Jersey District Court dismissed a claim very similar to the breach of warranty claim brought here.  *See McCalley v. Samsung Elec. Am., Inc.*, No. 07-2141, 2008 WL 878402, at *6-7  (D. N.J. Mar. 31, 2008).  Similar to the Plaintiffs' claims here, McCalley alleged that Samsung televisions "tend to malfunction after the expiration of [the manufacturer's] one-year" warranty period.  *Id*. at *7.  McCalley also alleged that Samsung knew or should have known of the defect, yet failed to disclose it to customers.  *Id.*, at *1. The implied warranty claim, however, fell "outside of the relevant warranty period" requiring its dismissal due to its inconsistency with the express warranty. *Id.*, at *6-7.

This Court should reach the same conclusion.  To rule otherwise would effectively strike time limitations from the televisions' Limited Warranties and extend them to cover malfunctions that arise after the warranty period expired.  "A warranty itself is not breached simply because a defect occurs." *Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1044 (N.D. Ga. 2004).  Simply put, a ruling that warranties may apply after the termination of the express warranty period would change "the landscape of warranty and product liability law" and effectively

force manufacturers to warrant their products forever.  *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 122 (Cal. Ct. App. 2006).

Plaintiffs' claims of breach of express warranty (Count V) and breach of implied warranty of merchantability (Count VI) must therefore fail.  Likewise, Count I, violation of the Magnuson-Moss Act must also be dismissed as it is dependent upon the alleged state law warranties.  *See In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 19 F. Supp 2d 263, 267 (D. N.J. 1998)(noting that violations of the Magnuson-Moss Act are contingent upon state law claims); *McCalley*, 2008 WL 878402, at *7 n. 5; *Demorato v. Carver Boat Corps.*, No. 06-240, 2007 WL 1456207, at *8 (D. N.J. May 16, 2007).

Where an express time-limited warranty is issued by a manufacturer, "latent defects discovered after the term of the warranty are not actionable." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995) (citation and quotation marks omitted).  Because Plaintiffs allege that their televisions did not fail within the one-year time limitation of the Limited Warranties, Plaintiffs' claims for violations of the Magnuson-Moss Act (Count I), breach of express warranty (Count V), and breach of implied warranty of merchantability (Count VI) must be dismissed.

C.    <u>**Funai Made No Actionable Statement That The Televisions Would Last For More Than One Year.**</u>

Plaintiffs' claims, however styled, are all based on the same faulty premise: that Funai allegedly represented that the televisions would last more than one year. Plaintiffs allege two such purported statements: (1) a statement in the owners' manual that "The LCD panel is manufactured to provide many years of useful life" and (2) the federally-mandated "EnergyGuide" label disclosing an "Estimated Yearly Energy Cost" for the televisions. Neither of these statements, however, actually represents that the televisions will operate for more than one year.  As a result, all of Plaintiffs' claims fail as a matter of law.

    **1.  The Owner's Manual Statements Regarding the LCD Panel.**

Plaintiffs allege failure of their televisions due to failure of the PSB components of the televisions more than one year after purchase.  Plaintiffs assert that the allegedly "premature failure is caused by Funai's use of faulty 'power supply boards' that degrade over time."  Compl., ¶ 3 (footnotes and citations omitted).  Notably Plaintiffs do not allege any failure of the LCD panels of their televisions.  Rather, both Plaintiffs allege that the televisions resumed normal operation after they replaced certain PSB components.  *Id.*, ¶¶ 32-34, 37.  In other words, assuming the allegations of Plaintiffs' Complaint to be true, the LCD panels have always been operable.

The first alleged statement identified by Plaintiffs in their Complaint concerns only the LCD Panel, not the televisions' PSB or the televisions as a whole: "The **LCD panel** is manufactured to provide many years of useful life." (emphasis added).  The context of this statement underscores that it concerns only the LCD panel component of the televisions, not the televisions as a whole.  It appears in the owner's manual in a box followed by additional statements which concern only the LCD panel:  "Occasionally a few non active pixels may appear as a tiny spec of color.  This is not to be considered a defect in the LCD screen."  *See* Lavelle Decl., Exhs. A & B, at p. 29.

Plaintiffs are required to allege "enough facts to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697 (citation and quotation marks omitted).  This Court can and should reject Plaintiffs' purported claims based on the statement concerning LCD panels because on its face, it does not constitute a statement that the televisions will last for more than one year.  *See*, *e.g.*, *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 521-522 (D. N.J. 2008) (granting motion to dismiss pursuant to Rule 12(b)(6) where limited powertrain warranty did not purport to cover damage in listed components as a result of alleged defect in non-listed components); *In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.*, No. 08-939, 2009 WL 2940081, at *15-16 (D. N.J. Sept. 11, 2009) (dismissing a breach of warranty claim and finding that defendant's statement that HD DVD

14

Players were for "Today, Tomorrow, and Beyond," did not promise that defendant would remain in HD DVD market forever); *Bianchi v. Lazy Days R.V. Ctr. Inc.*, No. 06-1979, 2007 WL 1959268, at *3-5 (D. N.J. July 5, 2007) (dismissing claims because defendant did not make any affirmative misrepresentations).

### 2. The Federally-Mandated EnergyGuide Label.

Equally meritless is Plaintiffs' assertion that the televisions' federally-mandated EnergyGuide label promised that Defendant's televisions "will last for 'years'" or "will operate for a bare minimum of 1,825 hours . . . . " Compl., Section II heading and ¶ 18. The statement which Plaintiffs contend to constitute this representation is the incorporation in the EnergyGuide label of a graphic disclosing an "Estimated Yearly Energy Cost" based on assumptions of 11 cents per kWh and 5 hours use per day. *Id.*, ¶ 18. The label, which Plaintiffs reproduce in their Complaint, also states that "Your cost depends on your utility rates and use" and refers the reader to "Visit ftc.gov/energy." *Id.*

Why does the label contain this caveat and the FTC website reference? Because the EnergyGuide label is mandated by federal law enforced by the Federal Trade Commission. In particular, federal law mandates the use and form of the EnergyGuide label, including the "Estimated Yearly Energy Cost," to be disclosed on all televisions sold in the United States. As the FTC explains on its website, the purpose of requiring the EnergyGuide to disclose an "Estimated Yearly Operating

Cost" is to allow consumers to compare and consider energy costs when evaluating

a purchase: "The cost appears on labels for all models and brands, so you can

**compare** energy use just like you would price or other features."  *See* Lavelle

Decl., Exh. C at p. 2.[3]  Importantly, the FTC explains that "Estimated Yearly

Operating Cost" is intended to mean exactly what it says: "What you might pay to

run the appliance for a year, based on its electricity use and the national average

cost of energy."  *Id*.  The FTC also notes that the EnergyGuide label is required not

only for all televisions, but numerous other consumer appliances, such as clothes

washers, dishwashers and refrigerators.  *Id*.

    Federal regulations promulgated by the FTC pursuant to the Energy

Independence and Security Act of 2007 provide that all televisions manufactured

after May 10, 2011 must include the EnergyGuide label.  16 C.F.R. Part 305

---

[3]   This Court may take judicial notice of the FTC's published statements because they are public government statements that are not subject to reasonable dispute.  Fed. R. Evid. 201(b); *see also*, *In re Wellbutrin SR/Zyban Antitrust Litig.,* 281 F. Supp. 2d 751, 755 (E.D. Pa. 2003)(taking judicial notice of contents of FDA's official website); *Denius v. Dunlap*,  330 F.3d 919, 926 (7th Cir. 2003)(finding that district court abused its discretion in withdrawing judicial notice of information on the National Personnel Records Center's website); *Natural Resources Defense Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1166-67 (E.D. Cal. 2008)(taking judicial notice of documents on federal government website); *L'Garde, Inc. v. Raytheon Space and Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011)(taking judicial notice of records on government website); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008)(same). All of the referenced information from the FTC website comes directly from the webpage to which the EnergyGuide label directs consumers.  Compl., ¶18, figure 2 ("Visit ftc.gov/energy").

(2010).  The form and contents of the EnergyGuide label are also established by federal law, which specifically requires that the label include the "Estimated Yearly Operating Cost" of energy usage assuming 5 hours of use each day.  *Id.* at 305.17(f).

Funai's compliance with the federal law requiring the EnergyGuide label cannot constitute a representation or warranty that the televisions will last for multiple "years" or "a minimum of 1,825 hours."  If Plaintiffs' position were accepted, every television sold in the United States has a multiple year warranty merely by virtue of incorporating the federally-mandated EnergyGuide.  This Court should reject such an absurd result.[4]

When adopting the EnergyGuide label requirement, Congress and the FTC sought to foreclose just the type of claims Plaintiffs attempt to assert here.  Notably, the National Appliance Energy and Conservation Act of 1987 specifically precludes any claims for express or implied warranties of energy usage based on the EnergyGuide labels:

> Any disclosure with respect to energy use, energy efficiency, or estimated annual operating cost which is required to be made under the provisions of this part shall not create an express or implied warranty under State or Federal law that such energy efficiency will

---

[4]   By Plaintiffs' twisted logic, the federally-mandated EnergyGuide label could serve as an over thirty-year warranty for any consumer who watches their television for 50 hours or less a year.  Fifty (50) hours of televisions use per year for thirty (30) years would only constitute 1,500 hours of usage – significantly less than purported 1,825 hour warranty argued by Plaintiffs.

> be achieved or that such energy use or estimated annual operating cost will not be exceeded under conditions of actual use.

42 U.S.C. § 6297(g).  Moreover, comments to the FTC's rule show that the FTC specifically considered requiring EnergyGuide disclosures of energy use over multiple years, but rejected that approach specifically because of concern that such disclosures might be misconstrued by consumers as a representation that a television will last for multiple years:  a multi-year "disclosure may imply a product's lifetime to consumers and, therefore, introduce confusing assumptions." 75 F.R. at 11488-1 (2010).  To permit claims like Plaintiffs' to proceed would undermine the purposes of the EnergyGuide program and the efforts of the FTC to ensure consumers have pertinent, useful information to aid in their purchasing decisions.

In short, Plaintiffs' claims based on the federally-mandated EnergyGuide label cannot survive a motion to dismiss.  By complying with federal law mandating the EnergyGuide, Funai did not make any statement that the televisions would last for multiple years.  Rather, Funai merely made the required disclosure of estimated energy use during a hypothetical one year period in the format mandated by federal law.

**D.     Plaintiffs Have Failed to State a Claim for Misrepresentation.**

Counts III and IV of the Complaint, which purport to allege claims of negligent and intentional misrepresentation against Funai, must be dismissed under

Rule 12(b)(6). A court must dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the complaint fails to state a claim with sufficient factual detail that, if assumed to be true, would allow the Court to reasonably infer liability. *See Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556, 570.

To prove a claim of negligent misrepresentation under New Jersey law, the plaintiff must demonstrate that "1) the defendant negligently provided false information; 2) the plaintiff was a reasonably foreseeable recipient of that information; 3) the plaintiff justifiably relied on the information; and 4) the false statements were a proximate cause of the plaintiff's damages." *McCall v. Metro. Life Ins.*, 956 F.Supp. 1172, 1186 (D. N.J. 1996) (citations omitted). The elements of an intentional misrepresentation claim are similar: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by Defendant of its falsity; (3) an intention that the plaintiff rely upon the fact; (4) the plaintiff's reasonable reliance upon it; and (5) resulting damages. *See Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997) (citation omitted).

Plaintiffs' allegations cannot support either type of misrepresentation cause of action. Plaintiffs fail to identify any false information provided by Funai. Plaintiffs do not allege that the statement concerning LCD panels is inaccurate with respect to LCD panels, or that the EnergyGuide disclosure is inaccurate with

19

respect to the Expected Yearly Operating Cost.  Rather, Plaintiffs assert only that these statements imply that the televisions will operate for multiple years.  As discussed above, on their face and read in context, neither of the purported "statements" can form the basis for cause of action based on an intentional or negligent misrepresentation that the televisions will operate for multiple years.

Moreover, Plaintiffs fail to allege facts to establish reasonable reliance. Reliance on an allegedly false statement is an essential element of any claim for negligent or intentional misrepresentation.  *McCall,* 956 F. Supp. at 1186; *Gennari*, 691 A.2d at 367.  Plaintiffs do not allege that they relied upon the LCD panel statements in the owner's manuals or the EnergyGuide label in making their decisions to purchase the Emerson/Magnavox televisions.[5]  Plaintiffs' conclusory statements that they "justifiably relied on Funai's misrepresentations" are insufficient to sustain the causes of action without further specification of the alleged misrepresentations and how Plaintiffs relied upon them.  A complaint that alleges mere "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s] devoid of 'further factual enhancement'" will not suffice.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

---

[5]   Indeed, Plaintiffs do not anywhere claim that they had even viewed the owner's manuals prior to purchasing the televisions.  Plaintiffs allege that they "saw the energy guide label" but do not allege that they relied upon the labels as representing that the televisions would last for multiple years. *See, e.g.*, Compl., ¶¶ 30, 35.

Plaintiffs' allegations in support of its misrepresentation claims are nothing more than formulaic.

In sum, Plaintiffs fail to identify any false statement that Funai ever made regarding the televisions as a whole or the purportedly defective power supply boards.  Further, the Complaint fails to allege that Plaintiffs in any way relied upon such statements by Funai.  As a result, Counts III & IV of Plaintiffs' Complaint do not satisfactorily allege any negligent or intentional misrepresentation causes of action and should be dismissed.

## E.     **Plaintiffs Consumer Fraud Claims are Factually and Legally Insufficient.**

Count II of Plaintiffs' Complaint under the NJCFA must be dismissed. Plaintiffs' conclusory factual allegations are inadequate and Plaintiffs do not allege sufficient contacts with New Jersey for the NJCFA to apply.

Plaintiffs' conclusory allegations of fraud are not supported by substantive factual allegations of false statements by Funai.  *See* Section III.C., *supra*.  These allegations cannot support a claim against Funai under the NJCFA.  Moreover, the alleged failure of a product after the warranty period does not give rise to a claim under the NJCFA.  *See*, *e.g.*, *Perkins v. DaimlerChrysler Corp.*, 383 N.J. Super. 99, 890 A.2d 997, 113-114 (App. Div. 2006)(finding that allowing an NJCFA claim premised upon an alleged defect discovered after expiration of the product's limited warranty period "would be tantamount to rewriting that part of the contract

which defined the length and scope of the warranty period.  We decline to interpret the [NJ]CFA to permit a claim which has that effect.").

Even if the NJCFA could sustain such an illogical claim, New Jersey's choice of law rules preclude Plaintiffs from asserting claims under the NJCFA. This Court previously rejected a similar attempted NJCFA claim against Funai and another television manufacturer, reasoning that the plaintiff's home state law must govern.  *In re Philips/Magnavox Television Litig.*, No. 09-03072, 2010 WL 3522787 at *8-9 (D. N.J. Sept. 1, 2010) (finding that Montana law applied to Montana resident's claim).  The analysis provided by the *Philips* court is equally applicable here.

Courts apply the choice of law rules of the forum state in diversity actions, such as this one.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *see also Warriner v. Stanton*, 475 F.3d 497, 499-500 (3d Cir. 2007).  As the *Philips* court explained, New Jersey follows the two-step "government-interest test," where the law of the state with the greatest interest governing the specifics issues in the underlying litigation applies.  *In re Philips*, 2010 WL 3522787, at *8 (internal citations omitted).  The first step is to determine whether a conflict exists between the laws of the interested states.  *Id*.  If a conflict exists, the court then determines which state has the "most significant relationship" to the claim.  *Id*.

A conflict exists between the NJCFA and the corresponding consumer fraud statutes in Arizona and Massachusetts.  Unlike the NJCFA, Arizona's consumer fraud statute predicates recovery upon reliance, whereas New Jersey requires only proof of ascertainable loss.[6]  A similar conflict exists with the Massachusetts consumer fraud statute which contains a strict jurisdictional notice requirement not present in the NJCFA.[7]  These state-specific requirements diverge significantly from the NJCFA.

Since a conflict exists between the consumer protection statutes of New Jersey and Arizona and Massachusetts, a determination of the state with the "most significant relationship" to the claim is required.  *In re Philips*, 2010 WL 3522787, at *8.  New Jersey considers the factors set forth in Section 148 of the Restatement (Second) of Conflict of Laws in making this determination.  *Id.* at *9.  These factors include: (a) where the plaintiff acted in reliance upon defendant's

---

[6]   *Compare Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2005)("An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information.") (citation omitted); § A.R.S. 44-1522(A) *with Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007)(holding that reliance is not an element of the NJCFA but plaintiffs must show an "ascertainable loss.").

[7]   *See* M.G.L.A. 93A § 9(3) (requiring plaintiff to tender the defendant "a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon"). The statutory notice requirement "is not merely a procedural nicety, but, rather, "'a pre-requisite to suit."' *Rodi v. S. New England School of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (citation omitted); *Roberts v. Crowley*, 538 F. Supp. 2d 413, 420 (D. Mass. 2008).

23

representations; (b) where the plaintiff received the representations; (c) where the

defendant made the representations; (d) where the parties reside, are incorporated

and do business; (e) where the product at issue was located; and (f) where

performance under the contract would be performed.  Restatement (2nd), Conflict

of Laws, § 148(2).

Here, as in *Philips*, Plaintiffs viewed the alleged representations in their

home states, purchased and used their televisions in their home states, and would

have their televisions serviced (if still under warranty) in their home states.  *See,*

*e.g.,* Compl., ¶¶ 5, 6, 30-39.  In contrast, New Jersey's only purported connection

to Plaintiffs allegations in the Complaint is that Funai is incorporated and has its

principal place of business there.  *Id*., ¶ 7.  Such a limited nexus is insufficient to

warrant application of New Jersey law when the consumer contacts all point to the

consumers' home states.  *See Cooper v. Samsung Elecs. Am., Inc.*, No. 07-3853,

2008 WL 4513924, at *7 (D. N.J. Sept. 30, 2008); *aff'd* 374 Fed. App'x 250 (3d

Cir. 2010) (finding conflicts between New Jersey and Arizona law regarding

consumer fraud claims premised on faulty televisions, and applying Arizona law

because the critical "consumer contacts" all pointed to Arizona); *see also*, *In re*

*Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, 174 F.R.D. 332, 348 (D. N.J.

1997)(holding that the law of each plaintiff's home state applied because each state

had a separate interest in "protecting its consumers from in-state injuries caused by foreign corporations . . . . ").

Because Massachusetts and Arizona have stronger interests in protecting their citizens with respect to goods sold within their own borders, Massachusetts law should govern Plaintiff Oliver's claims and Arizona law should govern Plaintiff Toms's claims.  As Plaintiffs have not attempted to assert any consumer fraud claims under their respective state statutes, their claims under New Jersey law must fail as a matter of law.

## F.   **Plaintiffs' Claims Alleging Fraud Fail to Meet the Heightened Pleading Standard.**

The allegations in support of Plaintiffs' NJCFA claim (Count II) and fraudulent misrepresentation claims (Counts III & IV) fail to meet the heightened pleadings standards of Rule 9(b).  Plaintiffs are required under 9(b) to state with particularity the circumstances constituting Funai's alleged fraud or mistake.  Fed. R. Civ. P. 9(b).  To satisfy this requirement Plaintiffs must "describe the alleged fraud with precise allegations of date, time, or place or by using some means of injecting precision and some measure of substantiation into their allegations of fraud."  *Bd. of Trs. of Teamsters Local 863*, 296 F.3d at 173 n.10.

Despite Plaintiffs' conclusory assertions of Funai's allegedly "fraudulent" conduct, Plaintiffs do not allege any particulars of purported fraud, such as: when Funai allegedly knew its TVs were defective; who at Funai allegedly had such

knowledge; or what was contained in Funai's allegedly fraudulent advertisements and marketing.[8]  *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *see also Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004) ("Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation.") (citation omitted); *Klein v. Gen. Nutrition Cos. Inc.*, 186 F.3d 338, 345 (3d Cir. 1999) (stating "[Rule] 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements.") (citation omitted); *Nobile v. Ford Motor Co.*, No. 10-1890, 2011 WL 900119, at * 5 (D. N.J. Mar. 14, 2011).

Plaintiffs fail to allege that they relied upon such statements in purchasing their televisions.  *Nobile*, 2011 WL 900119, at * 5; *Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146, 2010 WL 2925913, at *4 (D. N.J. July 21, 2010) (holding fraud claims inadequately pled where "this Court does not know the context of the alleged statements, and effect that any of the statements had on Plaintiffs."); *Dewey*, 558 F. Supp. 2d at 526-27 ("[w]ith regard to the statements on [the website and owner's manual], the Dewey Plaintiffs do not allege when the statements were made or at what point—if ever—each Plaintiff was exposed to one or more of the

---

[8]   The Complaint contains conclusory allegations in various places that Defendant's "advertisements, marketing, packaging" and other materials falsely represent an operational life of more than one year.  *See, e.g.*, Compl. at ¶¶ 68, 74, 80.  The Complaint, however, fails to specifically identify any such advertisements, marketing, packaging or other materials, other than the statement regarding the LCD panel and the EnergyGuide label.

statements."). Plaintiffs provide nothing more than formulaic recitation of the

elements of their claims but none of the specific facts and details to support them.

As such, Counts II-IV of Plaintiffs' Complaint must be dismissed for failure to

meet the heightened pleading requirements of Rule 9(b). *See, e.g.*, *Glushakow v.*

*Boyarsky*, No. 11-2917, 2011 WL 3625072, at *3 (D. N.J. Aug. 15,

2011)(dismissing consumer fraud claims for failure to "inject some measure of

substantiation into Plaintiff's allegations of fraud."); *Mickens v. Ford Motor Co.*,

No. 10-cv-05842, 2011 WL 3444055, at *4-5 (D. N.J. Aug. 5, 2011)(dismissing

claims for failure to plead fraud with specificity); *Patetta v. Wells Fargo Bank, NA*,

No. 3:09-cv-2848, 2009 WL 2905450, at *4 n. 7 (D. N.J. Sept. 10, 2009)(same).

## G.   Plaintiffs' Unjust Enrichment Claim Fails As A Matter Of Law.

Plaintiffs' attempted claim for unjust enrichment in Count VII of the

Complaint cannot withstand scrutiny and should be dismissed pursuant to Fed. R.

Civ. P. 12(b)(6). Plaintiffs lack the privity with Funai required under New Jersey

law for such a claim and cannot evade the express Limited Warranties.

As the New Jersey Supreme Court has explained, "[t]he unjust enrichment

doctrine requires that plaintiff show that it expected remuneration from the

defendant at the time it performed or conferred a benefit on defendant and that the

failure of remuneration enriched defendant beyond its contractual rights." *VRG*

*Corp. v. GKN* Realty Corp., 641 A.2d 519, 526 (N.J. 1994) (citations omitted).

Thus, New Jersey law requires a relationship or course of dealings between the parties to sustain a cause of action for unjust enrichment. *Cooper,* 2008 WL 4513924, at *10 (D. N.J. Sept. 30, 2008); (dismissing unjust enrichment claim where plaintiff purchased television through a retailer who retained the benefit of the sale); *In re Philips/Magnavox*, 2010 WL 3522787, at *10-11 (dismissing unjust enrichment claim against television manufacturers purchased from third party retailers).

Plaintiffs Oliver and Toms allege that they did not purchase their televisions directly from Funai, but rather from non-party retailers Walmart and Target, respectively. Compl., ¶¶ 30, 35. As a result, Plaintiffs lack privity with Funai and cannot identify any benefit that Funai has received from Plaintiffs, and therefore cannot sustain an unjust enrichment claim against Funai.[9] *Fishman v. Gen. Elec. Co.*, No. 2:12-cv-00585, 2013 WL 1845615, at *6 (D. N.J. Apr. 30, 2013) (dismissing unjust enrichment claim where plaintiffs purchases were made from third party retailers).

---

[9] One New Jersey District Court has held that a false nationwide marketing campaign may provide sufficient nexus to support an unjust enrichment claim. *Stewart v. Beam Global Spirits and Wine, Inc.*, 877 F. Supp. 2d 192, 200 (D. N.J. 2012). However, the *Stewart* court acknowledged that its holding deviated from the vast majority of courts in the District of New Jersey, (*id.* at 201) and there are no similar circumstances (nationwide marketing campaigns, inducement of reliance, etc.) that would warrant the expansion of the unjust enrichment doctrine in this case.

Moreover, a claim for unjust enrichment is not available when there is an express contract that governs the relationship or transaction. *Moser v. Milner Hotels, Inc.*, 78 A.2d 393, 394 (N.J. 1951). Here, Funai's express Limited Warranties control the terms of any claim for repair or damage to the Emerson/Magnavox televisions. The plain terms of the Limited Warranties cannot be supplanted by Plaintiffs' unjust enrichment claim. As a result, Plaintiffs' claim for unjust enrichment (Count VII) must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Funai respectfully requests that the Court grant this Motion and dismiss the Consolidated Complaint in its entirety and with prejudice.

Respectfully submitted,

Dated: September 3, 2014      MORGAN, LEWIS & BOCKIUS LLP

By: *s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
502 Carnegie Center, 2nd Floor
Princeton, New Jersey 08540-6241
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendant Funai Corporation, Inc.*

29