# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No.: 2:14-cv-4532(JLL)(JAD) ) |
| v. | ) ) |
| FUNAI CORPORATION, INC., a New Jersey corporation, FUNAI ELECTRIC CO., LTD., a Japanese corporation, TARGET CORPORATION, a Minnesota corporation, and WAL-MART STORES, INC., an Arkansas corporation. | ) CLASS ACTION ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF FUNAI CORPORATION, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendant Funai Corporation, Inc.*

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ....................................................................1

II.     PROCEDURAL HISTORY ..........................................................................4

III.    STATEMENT OF FACTS ...........................................................................6

      A.    The Televisions At Issue .....................................................................6

      B.    The Alleged Representation Concerning Lifespan Of
          Televisions.........................................................................................8

          1.    The LCD Screen Statement .....................................................8

          2.    Plaintiffs' Allegations of Omission ...........................................9

      C.    The Express Limited Warranties For The Televisions .....................10

IV.     ARGUMENT.............................................................................................11

      A.    Legal Standard for Motion to Dismiss Under Fed. R. Civ. P.
          12(b)(6), 8(a) and 9(b).....................................................................11

      B.    Plaintiffs' Breach of Warranty Causes of Action Fail To State
          A Claim Under Fed. R. Civ. P. 12(b)(6) ...........................................13

          1.    Plaintiffs' Claims are Barred by the Limited Warranties ........13

          2.    Plaintiffs' Lack the Requisite Privity Under Florida and
              Arizona Law for a Breach of Implied Warranty Claim..........16

      C.    Plaintiffs' Assertions of Unconscionability are Insufficient to
          Rescue the Warranty Claims ............................................................17

      D.    Funai Corp. Made No Actionable Statement That The
          Televisions Would Last For More Than One Year............................19

          1.    The LCD Screen Statement is Clearly Related to the
               LCD Screen Only....................................................................20

          2.    Plaintiffs' Alleged "Defect" Cannot Support a Fraudulent
               Concealment Claim.................................................................23

      E.    Plaintiffs Consumer Fraud Claims are Factually and Legally
          Insufficient.......................................................................................25

          1.    Plaintiffs Cannot Avail Themselves of the NJCFA.................26

# TABLE OF CONTENTS
### (continued)

**Page**

2.    Plaintiffs' Respective States of Purchase Have the Most Significant Relationship to these Claims ................................27

3.    Plaintiffs' Claims Fail Under the Arizona and Florida Consumer Protection Statutes ..................................................29

F.    Plaintiffs' Claims Alleging Fraud Fail to Meet the Heightened Pleading Standard of Rule 9(b) ..........................................30

G.    Plaintiffs' Unjust Enrichment Claim Fails As A Matter Of Law ......33

H.    Plaintiffs' Civil Conspiracy Claim Fails As A Matter Of Law .........35

V.    CONCLUSION..............................................................................37

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Arcand v. Brother Int'l Corp.*,
   673 F. Supp. 2d 282 (D. N.J. 2009)..................................................24

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................11, 22

*Bailey v. Monaco Coach Corp.*,
   350 F. Supp. 2d 1036 (N.D. Ga. 2004)................................................15

*Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*,
   296 F.3d 164 (3d Cir. 2002) ...................................................3, 12, 31

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................11, 12

*Berman v. Gurwicz*,
   189 N.J. Super. 89, 458 A.2d 1211 (Ch. Div. 1981) .........................................23

*Bianchi v. Lazy Days R.V. Ctr. Inc.*,
   No. 06-1979, 2007 WL 1959268 (D. N.J. July 5, 2007) ...................................22

*Cooper v. Samsung Elecs. Am., Inc.*,
   No. 07-3853, 2008 WL 4513924 (D. N.J. Sept. 30, 2008)
   *aff'd* 374 Fed. App'x 250 (3d Cir. 2010) ...................................................28, 33

*Daugherty v. Am. Honda Motor Co.*,
   51 Cal. Rptr. 3d 118 (Cal. Ct. App. 2006).........................................15

*Delaney v. Am. Express Co.*,
   No. CIV 06-5134 JAP, 2007 WL 1420766 (D. N.J. May 11, 2007)............35, 36

*Demorato v. Carver Boat Corps.*,
   No. 06-240, 2007 WL 1456207 (D. N.J. May 16, 2007) ...................................16

*Dewey v. Volkswagen AG*,
   558 F. Supp. 2d 505 (D. N.J. 2008)...........................................22, 32

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Donachy v. Intrawest U.S. Holdings, Inc.*,
  No. 10-4038, 2012 WL 869007 (D. N.J. Mar. 14, 2012) ...................................23

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
  66 F.3d 604 (3d Cir. 1995) ...........................................................................13, 15

*Durso v. Samsung Elecs. Am., Inc.*,
  No. 2:12-cv-05352, 2013 WL 5947005 (D. N.J. Nov. 6, 2013).........................17

*Farris v. County of Camden*,
  61 F. Supp. 2d 307 (D. N.J. 1999)....................................................................35

*Fishman v. Gen. Elec. Co.*,
  No. 2:12-cv-00585, 2013 WL 1845615 (D. N.J. Apr. 30, 2013) ......................34

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) .............................................................................31

*Glauberzon v. Pella Corp.*,
  No. 10-5929, 2011 WL 1337509 (D. N.J. Apr. 7, 2011) ..................................32

*Glushakow v. Boyarsky*,
  No. 11-2917, 2011 WL 3625072 (D. N.J. Aug. 15, 2011).................................32

*Haugland v. Winnebago Indus.*,
  327 F. Supp. 2d 1092 (D. Ariz. 2004) ..............................................................16

*Henderson v. Volvo Cars of N. Am., LLC*,
  No. 09-4146, 2010 WL 2925913 (D. N.J. July 21, 2010) .................................32

*Hevey v. Ford Motor Co.*,
  No. 12-14257, 2013 WL 4496255 (E.D. Mich. Aug. 21, 2013) .......................29

*In re Advanta Corp. Sec. Litig.*,
  180 F.3d 525 (3d Cir. 1999) .............................................................................13

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ...........................................................................10

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*,
174 F.R.D. 332 (D. N.J. 1997)............................................................28

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
19 F. Supp. 2d 263 (D. N.J. 1998).....................................................16

*In re Philips/Magnavox Television Litig.*,
No. 09-3072, 2010 WL 3522787 (D. N.J. Sept. 1, 2010)...........................passim

*In re Suprema Specialties, Inc. Sec. Litig.*,
438 F.3d 256 (3d Cir. 2006) ..............................................................12

*In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.*,
No. 08-939, 2009 WL 2940081 (D. N.J. Sept. 11, 2009)....................................22

*Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076 (N.J. 2007)..........................................................27

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
313 U.S. 487 (1941).........................................................................26

*Klein v. Gen. Nutrition Cos. Inc.*,
186 F.3d 338 (3d Cir. 1999) ..............................................................31

*Kuehn v. Stanley*,
91 P.3d 346 (Ariz. Ct. App. 2005)..............................................27, 29

*Lightning Lube, Inc. v. Witco Corp.*,
4 F.3d 1153 (3d Cir. 1993) ................................................................23

*Lum v. Bank of Am.*,
361 F.3d 217 (3d Cir. 2004) ..............................................................31

*McCalley v. Samsung Elec. Am., Inc.*,
No. 07-2141, 2008 WL 878402 (D. N.J. Mar. 31, 2008) ......................14, 15, 16

*McKissic v. Country Coach, Inc.*,
No. 8:07-cv-1488-T-17EAJ, 2008 WL 616093 (M.D. Fla. Mar. 3, 2008) ........16

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Mercedes-Benz USA, LLC v. ATX Grp., Inc.*,
   No. CIV. 08-3529 (WHW), 2010 WL 3283544 (D. N.J. Aug. 18, 2010)..........36

*Mickens v. Ford Motor Co.*,
   No. 10-cv-05842, 2011 WL 3444055 (D. N.J. Aug. 5, 2011)...........................33

*Moser v. Milner Hotels, Inc.*,
   78 A.2d 393 (N.J. 1951) ...................................................................................34

*N.J. Transit Corp. v. Harsco Corp.*,
   497 F. 3d 323 (3rd Cir. 2007) ..........................................................................14

*Nami v. Fauver*,
   82 F.3d 63 (3d Cir. 1996) ...................................................................................6

*Nobile v. Ford Motor Co.*,
   No. 10-1890, 2011 WL 900119 (D. N.J. Mar. 14, 2011) ............................31, 32

*Patetta v. Wells Fargo Bank, NA*,
   No. 3:09-cv-2848, 2009 WL 2905450 (D. N.J. Sept. 10, 2009) .......................33

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir. 1993) ...........................................................................10

*Perkins v. DaimlerChrysler Corp.*,
   383 N.J. Super. 99, 890 A.2d 997 (App. Div. 2006).........................................25

*Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trs.*,
   20 Ariz. App. 561, 514 P.2d 514 (Ct. App. 1973).............................................36

*Raimi v. Furlon*,
   702 So.2d 1273 (Fla. 3d DCA 1997)..................................................................36

*Rosa v. Amoco Oil Company*,
   262 F. Supp. 2d 1364 (S.D. Fla. 2003).........................................................27, 30

*Sitogum Holdings, Inc. v. Ropes*,
   352 N.J. Super. 555 (Ch. Div. 2002) .................................................................18

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Virgilio v. Ryland Grp., Inc.*,
  680 F.3d 1329 (11th Cir. 2012) .......................................................................34

*VRG Corp. v. GKN* Realty Corp., 641 A.2d 519 (N.J. 1994)..................................33

*Warriner v. Stanton*,
  475 F.3d 497 (3d Cir. 2007) ............................................................................26

*Yee v. Nat'l Gypsum Co.*,
  No. CV-09-8189-PHX-DGC, 2010 WL 2572976 (D. Ariz. June 22,
  2010) ...................................................................................................................34

## STATUTES

Ariz. Rev. Stat. Ann. § 47-2317...........................................................................14

Fla. St. § 672.317 ..................................................................................................14

Fla. Stat. Ann. § 501.204 *et seq.* ...........................................................................5

N.J. Stat. § 12A:2-317...........................................................................................14

N.J. Stat. §§ 56:8-1, *et seq.* ...............................................................................4, 5

Re. Stat. Ann. § 44-1522 *et seq.* ............................................................................5

§ A.R.S. 44-1522(A) .............................................................................................27

## RULES

Fed. R. Civ. P. 8(a)................................................................................................12

Fed. R. Civ. P. 9(b) .........................................................................................passim

Fed. R. Civ. P. 12(b)(6)...................................................................................passim

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**OTHER AUTHORITIES**

Restatement (2nd) of Conflict of Laws...............................................27, 28

## I.    PRELIMINARY STATEMENT

This is a putative class action filed by two individual plaintiffs alleging that their Emerson/Magnavox flat screen televisions failed due to defects in the power supply boards.  Both of these plaintiffs allege that their televisions failed more than one year after purchase.  Plaintiffs acknowledge that Defendant Funai Corporation, Inc. ("Funai Corp.") provided an express limited warranty with their televisions. And Plaintiffs acknowledge that their televisions failed **after expiration** of the one year time period of that warranty.

The Amended Complaint is the second attempt by Plaintiffs Norma Oliver and Matt Toms (collectively "Plaintiffs") to concoct a judicially-imposed warranty extending for multiple years.   Understandably, Plaintiffs have abandoned the spurious contention made in their original Complaint (the "Complaint") that Funai Corp.'s use of the federally-mandated EnergyGuide label disclosing the "Estimated Yearly Energy Cost" to operate the television somehow constituted a misrepresentation that the television "will last for years."  Compl., ECF No. 1, ¶¶ 16, 18.  Plaintiffs have pled no new facts, however, in their Amended Complaint. Instead, they have doubled down on hyperbolic rhetoric while adding three new defendants and several new purported legal claims. Apparently, Plaintiffs hope that bluster can pass for substance and get them past a Motion to Dismiss.

1

Plaintiffs' efforts are unavailing, and their Amended Complaint is fatally, irremediably flawed. This Court should apply the time period limitation established in the express limited warranty, and dismiss on that basis Plaintiffs' claims for violation of the Magnuson-Moss Warranty Act (Count VIII), breach of express warranty (Count X) and breach of implied warranty of merchantability (Count XI).

Plaintiffs cannot create a multi-year warranty from a statement in the television owners' manuals that "the LCD panel is manufactured to provide many years of useful life." Am. Compl., ECF No. 14, ¶ 26. On its face, this alleged statement does not warrant or represent that the television units or their power supply boards will function for multiple years. Indeed, the statement, taken out of context by Plaintiffs, is clearly about the LCD screen[1] ("This is not to be considered a defect in the LCD screen") and its pixels ("Occasionally a few non active pixels may appear…"), not the television unit as a whole or its power supply. Moreover, Plaintiffs do not allege reliance upon this alleged statement. Thus, Plaintiffs' Magnuson-Moss (Count VIII) and breach of express warranty

---

[1]   Plaintiffs variably refer to statements regarding the "LCD Panel" and the "LCD Screen" contained within the service manuals and owners' manuals, respectively. Reference in this memorandum is limited to the "LCD Screen" statement in the owners' manuals as Plaintiffs do not allege they have ever seen the service manuals for the televisions.

2

(Count X) and breach of implied warranty of merchantability (Count XI) should be dismissed for this reason as well.

Plaintiffs' Amended Complaint also fails to satisfy fundamental requirements for its purported consumer fraud claims (Count II) and unjust enrichment claim (Count III).  Neither of the Plaintiffs is a New Jersey resident, and neither alleges purchase of a television in New Jersey or directly from Funai Corp.  Plaintiffs' alternative claims under the consumer fraud statutes of Arizona and Florida are unavailing because Plaintiffs fail to plead reliance on a misrepresentation.

Plaintiffs also fail to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b) applicable to the purported consumer fraud and fraudulent concealment claims.  Plaintiffs' Amended Complaint, like their original Complaint, lacks the required "precise allegations of date, time, or place" or any "means of injecting precision and some measure of substantiation . . . . " *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n. 10 (3d Cir. 2002) (citations and quotation marks omitted).  Nor have Plaintiffs pled facts that would give rise to a duty to inform them specifically that some television components could fail after the warranty period.  As such, Plaintiffs' state consumer protection claims (Count II) and claims for fraudulent concealment must be dismissed (Count I).

Finally, Plaintiffs' conclusory civil conspiracy claim (Count VI) adds nothing, is wholly derivative of Plaintiffs' inadequate substantive claims, and must be dismissed.

Plaintiffs have now had two opportunities to plead their claims and have failed to allege any facts sufficient to sustain a cause of action.  Plaintiffs' Amended Complaint should be dismissed with prejudice.

## II.    PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a Complaint on July 17, 2014 solely against Funai Corp. regarding allegedly deficient power supply boards in two specific models of Funai televisions.  The Complaint asserted seven causes of actions: violation of the Magnuson-Moss Warranty Act; violation of the New Jersey Consumer Fraud Act, N.J. Stat. §§56:8-1, *et seq.*; negligent and intentional misrepresentation; breach of express warranty; breach of implied warranty of merchantability; and unjust enrichment.

Plaintiffs' allegations in the Complaint centered on two purported misrepresentations made by Funai Corp.: (1) a statement in the televisions owners' manuals that "the LCD panel is manufactured to provide many years of useful life," and (2) the use of the federally-mandated EnergyGuide label disclosing the "Estimated Yearly Energy Cost" to operate the television which, plaintiffs contended, represented a minimum lifespan of the televisions. Compl., ¶¶ 17, 20.

4

On September 3, 2014, Funai Corp. moved to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. Rules 12(b)(6) and 9(b).

Rather than respond to Funai Corp.'s Motion to Dismiss, on October 20, 2014, Plaintiffs filed an Amended Complaint (the "Amended Complaint"). Notably, Plaintiffs' Amended Complaint contains no new substantive factual allegations. To the contrary, in the Amended Complaint, Plaintiffs withdrew their previous averments that the federally-mandated EnergyGuide label constituted a misrepresentation that the televisions will "last for years." Plaintiffs now premise their misrepresentation claims on the LCD screen statement alone. In addition, Plaintiffs have recast their previous allegations that Funai Corp. knew about an alleged defect in the power supply boards as the purported basis for a fraudulent concealment claim.

The Amended Complaint adds three new defendants: Funai Electric Co., Ltd. ("Funai Electric"), Target Corp. ("Target"), and Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiffs have also added five new causes of action. Plaintiffs attempt to assert claims for: Fraudulent Concealment (Amended Count I, against all Defendants), alleged violations of the Arizona Consumer Fraud Act, Re. Stat. Ann. § 44-1522 *et seq*., the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204 *et seq*., and the New Jersey Consumer Fraud Act N.J. Stat. §§ 56:8-1, *et seq*. (Amended Count II, against all Defendants), Restitution/Unjust

5

Enrichment (Amended Count III, against Funai[2], Amended Count IV, against

Target and Wal-Mart), Aiding and Abetting (Amended Count V, against Target

and Wal-Mart), Civil Conspiracy (Amended Count VI, against Defendants), and

Breach of the Implied Covenant of Good Faith and Fair Dealing (Amended Count

VII, against Target and Wal-Mart ), violation of the Magnuson-Moss Warranty Act

(Amended Count VIII, against all Defendants), Breach of Express Warranty

(Amended Count IX, against Target, Amended Count X, against Funai and Wal-

Mart), and Breach of the Implied Warranty of Merchantability (Amended Count

XI, against Funai, Amended Count XII, against Target and Wal-Mart).

## III.   STATEMENT OF FACTS

### A.   The Televisions At Issue.

Funai Corp. is a distributor[3] and seller of liquid crystal display ("LCD")

televisions, including televisions sold under the Funai, Emerson, and Magnavox

---

[2]     Because the Amended Complaint fails to distinguish between Funai Corp. and Funai Electric, it is not clear whether this cause of action is asserted against both Funai Corp. and Funai Electric or just one of them.  For purposes of this Motion, Funai Corp. assumes any reference to "Funai" in the Amended Complaint is directed to Funai Corp.

[3]     For purposes of this motion only, Funai Corp. sets forth the facts as pled by Plaintiffs in the Amended Complaint.  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (holding that the Court must accept well-pleaded factual allegations of Complaint as true on motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  However, Funai Corp. does not concede the accuracy of the Plaintiffs' allegations as the Amended Complaint confusingly does not distinguish between Funai Corp. and Funai Electric. Funai Corp.'s Motion to Dismiss the original Complaint noted that Funai Corp. is not the manufacturer of the televisions at issue; however, the

brands. Am. Compl., ¶¶ 3, 7, 15.  LCD televisions are comprised of several different components, including a display panel (LCD and its controller) as well as a power supply board ("PSB") which regulates and routes electricity for the LCD panel.  *Id.*, ¶¶ 21, 22.  Plaintiffs generally allege that "Funai opted to manufacture its Defective TVs with low-quality (and likely low cost) PSBs," which over time causes loss of picture quality "and eventually the complete failure of the TVs."  *Id.*, ¶ 23.

Plaintiff Norma Oliver, who lives in Massachusetts, alleges that she purchased an Emerson LC320EM32 television in May 2012 from a Wal-Mart store in Florida for $229.  *Id.*, ¶ 35.  She alleges that her television failed seventeen months later, in October 2013.  *Id.*, ¶ 36.  She alleges that Funai Corp. acknowledged that "the likely cause of the TV's failure was a faulty PSB" but Funai Corp. refused to provide a replacement television or PSB without cost.  *Id.*  She claims to have incurred a total of $85.57 to repair the PSB.  *Id.*, ¶¶ 37-39.

Plaintiff Matt Toms, who lives in Arizona, alleges that he purchased a Magnavox 32MF301B television in September 2012 "from a local Target store" for approximately $200.  *Id.*, ¶ 40.  He alleges that his television failed sixteen months later, in January 2014.  *Id.*, ¶ 41.  He claims to have repaired the television with a replacement PSB he purchased for $72.  *Id.*, ¶ 42.  He does not

Amended Complaint continues to assert that Funai Corporation manufactures the televisions.  Am. Compl. ¶ 15.

allege that he ever notified Funai Corp. or any other defendant of the failure of his television, much less that any defendant refused to repair it.

### B.   The Alleged Representation Concerning Lifespan Of Televisions.

#### 1.   The LCD Screen Statement

Plaintiffs generally allege that "modern LCD TVs are expected to last for tens of thousands of hours."  Am. Compl., Heading II.  As support for this assertion, Plaintiffs cite "academic articles and consumer buying guides" authored by eBay, LCDTVBuyingGuide.com, and various other non-parties to this litigation.  *Id.*, ¶¶ 18-19.  Notably, much of the support cited for this premise refers to the longevity of the LCD "displays" – not the televisions as a whole.  Plaintiffs do not allege any statement by Funai Corp. or any other Defendant that the television units "are expected to last for tens of thousands of hours."

Plaintiffs allege that Funai deceives customers by "misrepresenting the useful life of the televisions and otherwise representing that the Defective TVs are of good quality in their advertising materials."  *Id.*, ¶ 27.  Plaintiffs, however, do not identify any such advertising materials or representations.  Instead, Plaintiffs point to statements in the product manuals for the Emerson/Magnavox televisions noting that the LCD screen is manufactured to "provide many years of useful life" and claim these statements were designed to "reassure customers that the TV has

8

been built to last for years[.]" *Id.*, ¶ 26.  The complete statement, which appears in

a "Note" at the bottom of page 29 of the product manuals, is:

> The LCD screen is manufactured to provide many years
> of useful life.  Occasionally a few non active pixels may
> appear as a fixed point of blue, green or red.
> This is not to be considered a defect in the LCD screen.

*See* Lavelle Decl., Exhs. A & B at p. 29.  Plaintiffs do not allege that they read the

manuals' LCD screen statement prior to purchasing the televisions or that they

relied on the statement in any way in making their purchases.  Plaintiffs do not cite

any statement concerning the television units themselves or their PSBs.

### 2.   Plaintiffs' Allegations of Omission

In addition to the allegedly misleading LCD Screen statement, Plaintiffs

claim that Funai Corp. has created an expectation among consumers of longer

television life through the omission of information.  Specifically, Plaintiffs allege

that Funai Corp. concealed the use of power supply boards "that degrade more

rapidly than industry standard PSBs (the 'Defect')."  Am. Compl., ¶¶ 9, 25-26.

Plaintiffs do not assert how Funai Corp. has "taken steps to conceal the Defect

from consumer" aside from failing to disclose the purported Defect in marketing

materials which "trump up and falsely inflate the supposed superior quality" of the

televisions.  *Id.*, at ¶ 10.  Plaintiffs, however, do not ever identify any of these

marketing materials or allege that they ever viewed or relied on any marketing

materials whatsoever in making their television purchases.

9

## C.    <u>The Express Limited Warranties For The Televisions.</u>

The owner's manuals for Plaintiffs' Emerson and Magnavox televisions each contained substantively identical express written warranties extending one year for parts and ninety days for labor.  *See* Lavelle Decl., Exhs. A & B at p. 33 (hereinafter, the "Limited Warranties").[4]  The Limited Warranties comprise an entire page of the manuals and appear in large font with key terms bolded and capitalized. The Limited Warranties set forth the terms of coverage and the obligations of Funai – specifically, ninety days coverage for labor and one year coverage for parts.  The Limited Warranties further state:

> WHO IS COVERED: This product warranty is issued to the
> original purchaser or the person receiving the product as a gift

---

[4]    Though Plaintiffs did not attach the user manuals for the Emerson/Magnavox televisions to the Amended Complaint, the Court may rely upon the manuals (and the express Limited Warranties they contain) in considering Defendant's Motion to Dismiss as Plaintiffs' Amended Complaint repeatedly references and relies upon the manuals (*see, e.g.,* Am. Compl., ¶¶ 8, 26, 59, 78, 117, 122, 123, 129, 156) to support their claims.  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (citations omitted).  In particular, Plaintiffs' Complaint specifically references the terms of the express written warranty. Am. Compl., ¶¶ 129-131. Plaintiffs' decision not to attach the manuals cannot serve as a basis to exclude the manuals from the Court's consideration.  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). As Plaintiffs clearly rely upon the manuals and there is no dispute as to their authenticity, this Court may rely upon the manuals in considering this Motion to Dismiss.

against defects in materials and workmanship as based on the date of original purchase ("Warranty Period")….

WHAT IS COVERED: This warranty covers new products if a defect in material or workmanship occurs and a valid claim is received within the Warranty Period…

REPAIR OR REPLACEMENT AS PROVIDED UNDER THIS WARRANTY IS THE EXCLUSIVE REMEDY FOR THE CONSUMER, WITH THE ISSUING COMPANY NOT LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR BREACH OF ANY EXPRESS OR IMPLIED WARRANTY ON THIS PRODUCT. EXCEPT TO THE EXTENT PROHIBITED BY APPLICABLE LAW, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ON THIS PRODUCT IS LIMITED IN DURATION TO THE DURATION OF THIS WARRANTY.

*Id.*  Plaintiffs do not allege that they relied on this warranty language, or any representations concerning the warranty, in making their purchases.

## IV.   ARGUMENT

### A.   Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), 8(a) and 9(b).

A court must dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the complaint fails to state a claim with sufficient factual detail that, if assumed to be true, would allow the court to reasonably infer liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . that allows the court to draw the reasonable inference that

11

the defendant is liable for the misconduct alleged."))  Fed. R. Civ. P. 8(a) demands that plaintiffs allege "more than a sheer possibility that a defendant has acted unlawfully" and "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555, 556) (internal citation omitted).  A complaint that alleges mere "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice.  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiffs' causes of action under the various state consumer protection statutes and for common law fraudulent concealment are required to be pled under the heightened standard of Rule 9(b) as they each contain "averments of fraud or mistake."  *See, e.g., In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  The requirements of Rule 9(b) are not satisfied unless the complaint describes "the alleged fraud with precise allegations of date, time, or place or by using some means of injecting precision and some measure of substantiation into their allegations of fraud."  *Bd. of Trs. of Teamsters Local 863 Pension Fund*, 296 F.3d at 173 n. 10 (citations and quotation marks).  Thus, Plaintiffs' Amended Complaint must provide "the who, what, when, where, and how" describing the allegedly

fraudulent conduct to sustain causes of action under the state consumer protection statutes and common law fraudulent concealment.  *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (citation and quotation marks omitted).

### B.   <u>Plaintiffs' Breach of Warranty Causes of Action Fail To State A Claim Under Fed. R. Civ. P. 12(b)(6).</u>

#### 1.   Plaintiffs' Claims are Barred by the Limited Warranties

Plaintiffs' purported claims under the Magnuson-Moss Act (Count VIII), for breach of express warranty (Count X), and for breach of implied warranty of merchantability (Count XI) all fail as a matter of law for a simple, inescapable reason: their televisions failed more than one year after purchase, and therefore after expiration of the express Limited Warranties.  Plaintiffs acknowledge that the Emerson and Magnavox televisions contain express written warranties – the Limited Warranties – of 90 days labor and one year for parts.  Am. Compl., ¶ 24. Under Plaintiffs' own allegations, they were not entitled to any relief under those warranties because their televisions did not fail until more than one year after purchase.[5]  *Duquesne Light Co. v. Westinghouse Elec. Corp.,* 66 F.3d 604, 616 (3d Cir. 1995) (affirming dismissal of claims arising after expiration of warranty).

It is well established that Plaintiffs cannot create new, extended warranties longer than the express Limited Warranties by pointing to purported statements in

---

[5]    Indeed, Plaintiff Toms does not even allege that he ever contacted Funai Corp. after the alleged failure of his television or that he attempted to invoke the Limited Warranty or seek redress from Funai Corp.

13

the owners' manuals.  Under New Jersey law, warranties, whether express or implied, shall be interpreted to be consistent with each other.  N.J. Stat. §12A:2-317.  To the extent express and implied warranties are in conflict with one another, "express warranties displace inconsistent implied warranties."  *Id.* at 317(c).  A purported warranty of "many years" based on the user manuals' statement regarding the LCD screen (Am. Compl., ¶ 23) would obviously conflict with the express Limited Warranties of one year for parts and ninety (90) days for labor.  *Id.*, ¶ 24.  Significantly, the Limited Warranties also disclaim any additional warranties and note that the Limited Warranties provide the exclusive remedy to consumers.  *See* Lavelle Decl. at Exhs. A & B at p. 33.[6]

Even if the statement identified by Plaintiffs could be construed as a warranty, it would be "therefore displaced by the express warranty."  *N.J. Transit Corp. v. Harsco Corp.*, 497 F. 3d 323, 324, 329 (3rd Cir. 2007) (affirming dismissal under New Jersey law of breach of warranty claims premised upon warranties inconsistent with an express warranty).  A New Jersey District Court dismissed a claim very similar to the breach of warranty claim brought here.  *See McCalley v. Samsung Elec. Am., Inc.*, No. 07-2141, 2008 WL 878402, at *6-7  (D. N.J. Mar. 31, 2008).  Similar to the Plaintiffs' claims here, McCalley alleged that

---

[6]     Plaintiffs' warranty claims also fail for the same reason under the law of Arizona and Florida.  *See* Ariz. Rev. Stat. Ann. § 47-2317 and FL. ST. § 672.317 (following the Uniform Commercial Code requiring that express and implied warranties be read as consistent with one another).

Samsung televisions "tend to malfunction after the expiration of [the manufacturer's] one-year" warranty period. *Id*. at *7.  McCalley also alleged that Samsung knew or should have known of the defect, yet failed to disclose it to customers. *Id.*, at *1. The implied warranty claim, however, fell "outside of the relevant warranty period" requiring its dismissal due to its inconsistency with the express warranty. *Id.*, at *6-7.

This Court should reach the same conclusion.  To rule otherwise would effectively strike time limitations from the televisions' Limited Warranties and extend them to cover malfunctions that arise after the warranty period expired. "A warranty itself is not breached simply because a defect occurs." *Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1044 (N.D. Ga. 2004) (citation omitted). Simply put, a ruling that warranties may apply after the termination of the express warranty period would change "the landscape of warranty and product liability law" and effectively force manufacturers to warrant their products forever. *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 122 (Cal. Ct. App. 2007) (quotation marks omitted).  Where an express time-limited warranty is issued by a manufacturer, "latent defects discovered after the term of the warranty are not actionable." *Duquesne Light Co.,* 66 F.3d at 616 (citation and quotation marks omitted).

15

Plaintiffs' claims of breach of express warranty (Count X) and breach of implied warranty of merchantability (Count XI) must therefore fail.  Likewise, Count VIII, violation of the Magnuson-Moss Act must also be dismissed as it is dependent upon the alleged state law warranties.  *See In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 19 F. Supp. 2d 263, 267 (D. N.J. 1998)(noting that violations of the Magnuson-Moss Act are contingent upon state law claims); *McCalley*, 2008 WL 878402, at *7 n. 5; *Demorato v. Carver Boat Corps.*, No. 06-240, 2007 WL 1456207, at *8 (D. N.J. May 16, 2007).  Because Plaintiffs allege that their televisions did not fail within the one-year time limitation of the Limited Warranties, Plaintiffs' claims for violations of the Magnuson-Moss Act (Count VIII), breach of express warranty (Count X), and breach of implied warranty of merchantability (Count XI) must be dismissed.

> **2.    Plaintiffs' Lack the Requisite Privity Under Florida and Arizona Law for a Breach of Implied Warranty Claim**

Further, under both Arizona and Florida law, privity is required to state a claim for breach of implied warranty.  *Haugland v. Winnebago Indus.*, 327 F. Supp. 2d 1092, 1096-97 (D. Ariz. 2004) (dismissing implied warranty of merchantability claims against manufacturer of motor home chassis and water heater due to lack of privity); *McKissic v. Country Coach, Inc.*, No. 8:07-cv-1488-T-17EAJ, 2008 WL 616093, at *4 (M.D. Fla. Mar. 3, 2008) (granting motion to dismiss for breach of implied warranty claims under Magnuson-Moss Warranty

16

Act against RV manufacturer due to lack of privity between customer and manufacturer).  No privity exists or is alleged between Funai Corp. and Plaintiffs, further supporting the dismissal Plaintiffs' breach of implied warranty of merchantability claim (Count XI).

### C.  Plaintiffs' Assertions of Unconscionability are Insufficient to Rescue the Warranty Claims.

Plaintiffs cannot evade dismissal of their warranty claims by asserting that the Limited Warranties are unconscionable.  Acknowledging that their claims fall outside the term of the Limited Warranties, Plaintiffs argue in the alternative that the Limited Warranties are "unconscionable and grossly inadequate" to protect Plaintiffs.  Am. Compl., ¶¶ 142-43.  Specifically, Plaintiffs claim that the time limits in the Limited Warranties (90 days for labor, one year for parts) are insufficient and that the failure to disclose the allegedly defective PSBs within the Limited Warranties.  *Id.* While unconscionable warranty terms may salvage an otherwise deficient claim for breach of warranty, Plaintiffs cannot establish any such unconscionability here.

Despite Plaintiffs' formulaic recitation of the elements of an unconscionable warranty (*Id.*, at ¶ 143), the Amended Complaint fails to specifically identify any terms or conditions sufficient to establish that the Limited Warranties are unconscionable.  *Durso v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-05352, 2013 WL 5947005, at *12 (D. N.J. Nov. 6, 2013)(dismissing claims of an unconscionable

17

warranty based on "unsupported conclusory allegation without sufficient factual support."). A warranty may be either procedurally or substantively unconscionable. *Sitogum Holdings, Inc. v. Ropes*, 352 N.J. Super. 555, 564 (Ch. Div. 2002) (citations omitted). Procedural unconscionability may be found by unfairness in the formation of the contract "such as age, literacy, lack of sophistication, hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process"; and substantive unconscionability is typified by disproportionate terms that "shock the court's conscience." *Id.* (citations omitted) The Amended Complaint cannot support either claim.

The case of *In re Philips/Magnavox Television Litig.*, No. 09-3072, 2010 WL 3522787 (D. N.J. Sept. 1, 2010) is instructive.[7] The *Philip/Magnavox* court dismissed a claim alleging that a one year warranty on the Philips/Magnavox televisions (much like the Limited Warranties here) was either procedurally or substantively unconscionable. *Id.*, at *5. Like the plaintiffs in *Philips/Magnavox*, Plaintiffs here allege "a gross disparity in bargaining power" (Am. Compl., ¶ 143) but also cite to numerous buying guides for LCD televisions providing substantial information comparing various television models, including the lcdtvbuyinguide.com website. *Id.*, at ¶¶ 18-19; 2010 WL 3522787, at *5. The

----

[7]     Funai Corp. was also a defendant in *Philips/Magnavox*; however, all claims against Funai Corp. were dismissed by motion pursuant to Fed. R. Civ. P. 12(b)(6).

*Philips/Magnavox* court found that the wealth of information regarding the televisions in these guides demonstrated the range of purchasing options available to buyers and defeated any claim for procedural unconscionability.  2010 WL 3522787, at *5 (further noting that "the Extended Warranty section of LCD Buying Guide cited by Plaintiffs 'absolutely' recommends an extended warranty.") (citation omitted).[8]  Similarly, the Plaintiffs in *Philips/Magnavox* alleged the warranty was substantively unconscionable in light of defendants' purported knowledge of a defect that would manifest after the expiration of the warranty period.  *Id.*, at *4.  However, the *Philips/Magnavox* court noted that the plaintiffs there did not (and could not) allege the warranty was "unfair compared to other warranties in the television industry" and certainly not conscience shocking.  *Id.*, at *6.  This Court should reach the same conclusion.

### D.    Funai Corp. Made No Actionable Statement That The Televisions Would Last For More Than One Year.

Plaintiffs' claims, however styled, are all based on the same faulty premise: that Funai Corp. allegedly represented that the televisions would last more than one year.  Plaintiffs allege that the statement in the owners' manual that "The LCD screen is manufactured to provide many years of useful life" suggests a lifetime for the entire television unit. The meaning of the statement, viewed in context, is

---

[8]    Significantly, this very LCD TV Buying Guide is cited by Plaintiffs as well. Am. Compl., ¶ 19.

plainly limited to the LCD screen, however, and says nothing about the television

units as a whole.  Perhaps recognizing that Funai Corp. has not misrepresented

anything regarding the allegedly defective power supply boards, Plaintiffs argue in

the alternative that Funai Corp. had a duty to disclose that the allegedly defective

PSBs would fail sometime after the expiration of the warranty.  *See, e.g.,* Am.

Compl., ¶¶ 57-61.  However, a fraudulent concealment claim must allege that

disclosure was necessary to correct a misleading statement or that there was a

special relationship between the parties requiring disclosure.  No such facts are

pled by Plaintiffs in the Amended Complaint.  As a result, all of Plaintiffs' claims

fail as a matter of law.

### 1.      The LCD Screen Statement is Clearly Related to the LCD Screen Only

Plaintiffs allege failure of their televisions due to failure of the PSB

components of the televisions more than one year after purchase.  Plaintiffs assert

that the alleged failure is caused by "Funai's use of faulty power supply boards that

degrade more rapidly than industry standard PSBs."  Am. Compl., ¶ 9 (footnotes

and citations omitted).  Notably Plaintiffs do not allege any failure of the LCD

screens of their television units.  Rather, both Plaintiffs allege that the television

units resumed normal operation after they replaced certain PSB components.  *Id.*,

¶¶ 37, 42.  In other words, assuming the allegations of Plaintiffs' Amended

Complaint to be true, the LCD screens have always been operable.

20

The only alleged "misrepresentation" identified by Plaintiffs in their Amended Complaint is a statement on page 29 of the owner's manual which concerns only the LCD Screen, not the televisions' PSB or the television units as a whole: "The **LCD screen** is manufactured to provide many years of useful life." (emphasis added).  The context of this statement underscores that it concerns only the LCD screen component of the televisions, not the television units as a whole. It appears in the owner's manual in a box followed by additional statements which concern only the LCD screen:  "Occasionally a few non active pixels may appear as a fixed point of blue, green or red.  This is not to be considered a defect in the LCD screen."  *See* Lavelle Decl., Exhs. A & B, at p. 29.  Indeed, both product manuals present striking differences in terminology when discussing the television as a whole as compared to the screen and/or display panel.  *Compare* Lavelle Decl., Ex. A, at p. 2 (referencing the "TV" in relation to wall-mounting the unit), pp. 3, 6, 8, 10, 17, 24-27, 30 (referencing the "Unit" when discussing, inter alia, how to carry, set-up, install the base, power-on, and connect devices to the television) with pp. 13-14 (referencing the "Screen" when discussing display modes and screen information); *compare* Lavelle Decl., Ex. B, at p. 2 (referencing the "TV" in relation to wall-mounting the unit), pp. 4, 6-7, 9-10, 16-17, 24-30 (referencing the "Unit" when discussing, inter alia, how to carry, set-up, install the base, install the base, power-on, and connect devices to the TV) with pp. 12-13,

21

19-20, 22 (referencing the "Screen" when discussing display modes and screen information).

Plaintiffs are required to allege "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (citation and quotation marks omitted).  This Court can and should reject Plaintiffs' purported claims based on the statement concerning the LCD screen because on its face, it does not constitute a statement that the television units will last for more than one year.[9]  *See*, *e.g.*, *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 521-522 (D. N.J. 2008) (granting motion to dismiss pursuant to Rule 12(b)(6) where limited powertrain warranty did not purport to cover damage in listed components as a result of alleged defect in non-listed components); *In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.*, No. 08-939, 2009 WL 2940081, at *15-16 (D. N.J. Sept. 11, 2009) (dismissing a breach of warranty claim and finding that defendant's statement that HD DVD Players were for "Today, Tomorrow, and Beyond," did not promise that defendant would remain in HD DVD market forever) (quotation marks omitted); *Bianchi v. Lazy Days R.V. Ctr. Inc.*, No. 06-1979, 2007 WL 1959268, at *3-5 (D. N.J. July 5, 2007) (dismissing claims because defendant did not make any affirmative misrepresentations).

---

[9]     Additionally, as discussed in more detail below, Plaintiffs do not allege that they ever viewed or relied upon the LCD Screen statement in making their purchasing decision.

## 2. Plaintiffs' Alleged "Defect" Cannot Support a Fraudulent Concealment Claim

Plaintiffs assert a claim (Count I) that Funai Corp.[10] has fraudulently concealed the use of power supply boards "that degrade more rapidly than industry standard PSBs (the 'Defect')."  Am. Compl., ¶¶ 9, 25-26.  Plaintiffs' allegations regarding the alleged "Defect" are insufficient to sustain a claim for fraudulent concealment and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

A claim of fraudulent concealment requires that Funai Corp. had a legal duty to disclose specific information regarding the expected life of the power supply boards to Plaintiffs. Such a duty arises when nondisclosure will make an earlier partial or ambiguous statement of facts misleading or when there is a special relationship between the parties.  "New Jersey courts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a 'special relationship.'" *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993) *citing Berman v. Gurwicz*, 189 N.J. Super. 89, 458 A.2d 1211, 1313 (Ch. Div. 1981) (citations omitted).

As noted in Section III.D.1 above, Plaintiffs cannot point to any false statement by Funai Corp.  Nor do Plaintiffs allege any "special relationship" with

---

[10]    In fact, Plaintiffs fail to distinguish between Funai Corp. and Funai Electric. Collective claims of fraud against multiple defendants fail as a matter of law. *Donachy v. Intrawest U.S. Holdings, Inc.*, No. 10-4038, 2012 WL 869007, at *3 (D. N.J. Mar. 14, 2012) (dismissing fraud claims where defendants were lumped together).

Funai Corp.  A special relationship arises in (1) fiduciary relationships, such as principal and agent, client and attorney, or beneficiary and trustee; (2) relationships where one party expressly reposits trust in another party, or else from the circumstances, such trust necessarily is implied; and (3) relationships involving transactions so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties.  *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 305 (D. N.J. 2009).  Even if Funai Corp. were aware of the alleged "Defect", Funai Corp. had no obligation to disclose to Plaintiffs that the power supply boards would fail at some point in time well beyond the expiration of the warranty period.

Even if some such duty to disclose could be construed, Plaintiffs must still plead that the omission was material – that Plaintiffs had a reasonable belief that the television units would operate without replacement of any parts beyond the terms of the express Limited Warranties.  However, as noted above, Plaintiffs cannot point to any such statements. Plaintiffs' vague references to "advertising materials" and "marketing materials" (Am. Compl., ¶¶ 26-27) that suggest a longer useful life are devoid of substance.  The Amended Complaint never describes these "marketing materials" or identifies any statements made by Funai Corp. in them.  And Plaintiffs do not anywhere suggest that they relied upon these "advertising materials" or "marketing materials."  *See Arcand*, 673 F. Supp. 2d at 306 (dismissing fraudulent concealment claim for lack of reasonable reliance).  General

24

allegations that a product will fail at some point beyond the warranty period are insufficient to support a claim under Fed. R. Civ. P. 12(b)(6) and should be dismissed.

### E.   **Plaintiffs Consumer Fraud Claims are Factually and Legally Insufficient.**

Plaintiffs' claims in Count II under various state consumer fraud statutes must be dismissed. Plaintiffs' conclusory factual allegations are inadequate to support a claim under any of the consumer fraud statutes and, further, Plaintiffs do not allege sufficient contacts with New Jersey for the NJCFA to apply.

Moreover, Plaintiffs' conclusory allegations of fraud are not supported by substantive factual allegations of false statements by Funai Corp. *See* Section III.C., *supra*.  The alleged failure of a product after the warranty period does not give rise to a claim.  *See*, *e.g.*, *Perkins v. DaimlerChrysler Corp.*, 383 N.J. Super. 99, 113-114, 890 A.2d 997, 1005 (App. Div. 2006)(finding that allowing an consumer fraud claim premised upon an alleged defect discovered after expiration of the product's limited warranty period "would be tantamount to rewriting that part of the contract which defined the length and scope of the warranty period.  We decline to interpret the CFA to permit a claim which has that effect.").  Indeed, all products will eventually fail – it is not the role of the courts to impose by judicial fiat a more expansive warranty than the one year limited warranted provided by Funai Corp. *See Perkins*, 383 N.J. Super. at 112, 890 A.2d at 1004 (holding that

25

"the failure of a manufacturer or seller to advise a purchaser that a part of a vehicle may breakdown or require repair after the expiration of the warranty period cannot constitute a violation of the [NJ]CFA.").

### 1.    Plaintiffs Cannot Avail Themselves of the NJCFA

Even if the NJCFA could sustain such an illogical claim, New Jersey's choice of law rules preclude Plaintiffs from asserting claims under the NJCFA. This Court previously rejected a similar attempted NJCFA claim against Funai Corp. and another television manufacturer, reasoning that the plaintiff's home state law must govern.  *In re Philips/Magnavox Television Litig.*, 2010 WL 3522787, at *8-9 (finding that Montana law applied to Montana resident's claim).  The analysis provided by the *Philips* court is equally applicable here.

Courts apply the choice of law rules of the forum state in diversity actions, such as this one.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *see also Warriner v. Stanton*, 475 F.3d 497, 499-500 (3d Cir. 2007).  As the *Philips* court explained, New Jersey follows the two-step "government-interest test," where the law of the state with the greatest interest governing the specifics issues in the underlying litigation applies.  *In re Philips*, 2010 WL 3522787, at *8 (internal citations omitted).  The first step is to determine whether a conflict exists between the laws of the interested states.  *Id*.  If a conflict exists, the court then determines which state has the "most significant relationship" to the claim.  *Id*.

Several conflicts exist between the NJCFA and the corresponding consumer fraud statutes in Arizona and Florida.  For instance, unlike the NJCFA, Arizona's and Florida's consumer fraud statutes predicate recovery upon reliance, whereas New Jersey requires proof of causation and ascertainable loss.[11]  These state-specific requirements diverge significantly from the NJCFA.

### 2.   Plaintiffs' Respective States of Purchase Have the Most Significant Relationship to these Claims

Since a conflict exists between the consumer protection statutes of New Jersey and Arizona and Florida, a determination of the state with the "most significant relationship" to the claim is required.  *In re Philips*, 2010 WL 3522787, at *8.  New Jersey considers the factors set forth in Section 148 of the Restatement (2nd) of Conflict of Laws in making this determination.  *Id.* at *9.  These factors include: (a) where the plaintiff acted in reliance upon defendant's representations; (b) where the plaintiff received the representations; (c) where the defendant made the representations; (d) where the parties reside, are incorporated and do business;

---

[11]    *Compare Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2005)("An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information.") (citation omitted); § A.R.S. 44-1522(A) *and Rosa v. Amoco Oil Co.*, 262 F. Supp. 2d 1364, 1368 (S.D. Fla. 2003) (dismissing FDUTPA claim where plaintiff's reliance on statement inconsistent with writing was deemed unreasonable as a matter of law) *with Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086-87 (N.J. 2007)(holding that reliance is not an element of the NJCFA but plaintiffs must show an "ascertainable loss.").

(e) where the product at issue was located; and (f) where performance under the contract would be performed.  Restatement (2nd), Conflict of Laws, § 148(2).

Here, as in *Philips*, Plaintiff Toms purchased and used the televisions in his home state, and would have the televisions serviced (if still under warranty) in their home states.  *See, e.g.,* Am. Compl., ¶¶ 2, 40-43.  Plaintiff Oliver, currently a Massachusetts resident, alleges only that she purchased her television in Florida (*Id.*, ¶¶ 1, 35), she does not allege sufficient information to establish where she used the television or where it would have been serviced.[12]  Regardless, Plaintiff Oliver alleges no contacts with New Jersey at all.  In fact, New Jersey's only purported connection to Plaintiffs' allegations in the Amended Complaint is that Funai Corp. is incorporated and has its principal place of business there.  *Id.*, ¶ 7.  Such a limited nexus is insufficient to warrant application of New Jersey law when the consumer contacts all point to the consumers' home states.  *See Cooper v. Samsung Elecs. Am., Inc.*, No. 07-3853, 2008 WL 4513924, at *7 (D. N.J. Sept. 30, 2008); *aff'd* 374 Fed. App'x 250 (3d Cir. 2010) (finding conflicts between New Jersey and Arizona law regarding consumer fraud claims premised on faulty televisions, and applying Arizona law because the critical "consumer contacts" all pointed to Arizona); *see also*, *In re Ford Motor Co. Ignition Switch Prod. Liab.*

---

[12]   It is not clear that Massachusetts' consumer protection statute rather than the Florida statute would not apply to Plaintiff Oliver's claims.  However, as no claim was pled under the Massachusetts consumer protection statute, it is not addressed in this motion.

*Litig.*, 174 F.R.D. 332, 348 (D. N.J. 1997)(holding that the law of each plaintiff's home state applied because each state had a separate interest in "protecting its consumers from in-state injuries caused by foreign corporations . . . . ").

Because Florida and Arizona have stronger interests in protecting their citizens with respect to goods sold within their own borders, Florida law should govern Plaintiff Oliver's claims and Arizona law should govern Plaintiff Toms's claims.  Plaintiffs' allegations fail under Arizona and Florida law.

### 3.   Plaintiffs' Claims Fail Under the Arizona and Florida Consumer Protection Statutes

As noted above, Arizona law predicates recovery upon reliance; therefore, Toms must plead "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the promise.... An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information." *Kuehn*, 91 P.3d at 351 (citation omitted).  Plaintiffs' Amended Complaint makes no allegations that Toms saw or relied upon any publicly available statements regarding Funai Corp.'s televisions or their PCBs in making his decision to purchase his Magnavox 32MF301B 32-inch LCD TV.  As such, his consumer fraud claim should be dismissed.  *Hevey v. Ford Motor Co.*, No. 12-14257, 2013 WL 4496255, at *4 (E.D. Mich. Aug. 21, 2013) (applying Arizona law, granting motion to dismiss for car manufacturer where Plaintiff did not specify when and where she reviewed the

29

Owner's Manual, or the who/what/where/when of any other representations which were made to her or how such acted in reliance on them in believing that his vehicle was flat towable).

Similarly, Plaintiff Oliver's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must also fail for lack of reliance on any allegedly false representation by Funai Corp. *See Rosa*, 262 F. Supp. 2d at 1368 (dismissing FDUTPA claim where plaintiff's reliance on statement inconsistent with writing was deemed unreasonable as a matter of law). Here, Plaintiff Oliver does not even allege any reliance – reasonable or otherwise – on a statement by Funai Corp. Thus, any claim under the FDUTPA must also be dismissed.

## F.     **Plaintiffs' Claims Alleging Fraud Fail to Meet the Heightened Pleading Standard of Rule 9(b).**

With the Amended Complaint, Plaintiffs have now had two opportunities to plead a claim for fraud. Yet, in the Amended Complaint, Plaintiffs drop one of the two claimed misrepresentations, and acknowledge that Plaintiffs neither saw nor relied upon the other alleged misrepresentation. Simply put, the allegations in support of Plaintiffs' state consumer fraud claims (Count II) and common law fraudulent concealment claims (Count I) fail to meet the heightened pleadings standards of Rule 9(b) and should be dismissed.

Plaintiffs are required under Rule 9(b) to state with particularity the circumstances constituting Funai Corp.'s alleged fraud or mistake. Fed. R. Civ. P.

30

9(b).  To satisfy this requirement Plaintiffs must "describe the alleged fraud with precise allegations of date, time, or place or by using some means of injecting precision and some measure of substantiation into their allegations of fraud."  *Bd. of Trs. of Teamsters Local 863 Pension Fund*, 296 F.3d at 173 n.10.

Despite Plaintiffs' conclusory assertions of Funai Corp.'s allegedly "fraudulent" conduct, Plaintiffs do not allege any particulars of purported fraud, such as: when Funai Corp. allegedly knew its TVs were defective; who at Funai Corp. allegedly had such knowledge; or what was contained in Funai Corp.'s allegedly fraudulent advertisements and marketing.[13]  *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *see also Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004) ("Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation.") (citations omitted); *Klein v. Gen. Nutrition Cos. Inc.*, 186 F.3d 338, 345 (3d Cir. 1999) (stating "[Rule] 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements.") (citation omitted); *Nobile v. Ford Motor Co.*, No. 10-1890, 2011 WL 900119, at *5 (D. N.J. Mar. 14, 2011).  The

---

[13]     The Amended Complaint contains conclusory allegations in various places that Defendant's falsely represent that the televisions "are of good quality in their advertising materials" and "market[] the Defective TVs as being of excellent or superior quality."  *See, e.g.*, Am. Compl., ¶¶ 27, 113, 156.  The Amended Complaint, however, fails to specifically identify any such advertisements, marketing, packaging or other materials, other than the statement in the owners' manual regarding the LCD screen.

requirements are no different for claimed omissions.  Plaintiffs also must identify

"who at [Funai Corp.] was aware of the existence of a product-wide . . . defect,

when or how they learned of such defect and/or when or how the decision was

made to conceal the defect from its customers—all of which are required under the

Rule 9(b) pleading standard."  *Glauberzon v. Pella Corp.*, No. 10-5929, 2011 WL

1337509, at *9 (D. N.J. Apr. 7, 2011) (citation omitted).

Plaintiffs fail to allege that they relied upon any statement by Funai Corp. in

purchasing their televisions.  *Nobile*, 2011 WL 900119, at *5; *Henderson v. Volvo

Cars of N. Am., LLC*, No. 09-4146, 2010 WL 2925913, at *4 (D. N.J. July 21,

2010) (holding fraud claims inadequately pled where "this Court does not know

the context of the alleged statements, and effect that any of the statements had on

Plaintiffs."); *Dewey*, 558 F. Supp. 2d at 526-27 ("[w]ith regard to the statements on

[the website and owner's manual], the Dewey Plaintiffs do not allege when the

statements were made or at what point—if ever—each Plaintiff was exposed to one

or more of the statements.").  Plaintiffs provide nothing more than formulaic

recitation of the elements of their claims but none of the specific facts and details

to support them.  As such, Counts I & II of Plaintiffs' Amended Complaint must be

dismissed for failure to meet the heightened pleading requirements of Rule 9(b).

*See, e.g.*, *Glushakow v. Boyarsky*, No. 11-2917, 2011 WL 3625072, at *3 (D. N.J.

Aug. 15, 2011)(dismissing consumer fraud claims for failure to "inject some

measure of substantiation into Plaintiff's allegations of fraud."); *Mickens v. Ford Motor Co.*, No. 10-cv-05842, 2011 WL 3444055, at *4-5 (D. N.J. Aug. 5, 2011)(dismissing claims for failure to plead fraud with specificity); *Patetta v. Wells Fargo Bank, NA*, No. 3:09-cv-2848, 2009 WL 2905450, at *4 n. 7 (D. N.J. Sept. 10, 2009) (same).

### G.   Plaintiffs' Unjust Enrichment Claim Fails As A Matter Of Law.

Plaintiffs' attempted claim for unjust enrichment in Count III of the Complaint cannot withstand scrutiny and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiffs lack the privity with Funai Corp. required under New Jersey law for such a claim and cannot evade the express Limited Warranties.

As the New Jersey Supreme Court has explained, "[t]he unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN* Realty Corp., 641 A.2d 519, 526 (N.J. 1994) (citations omitted). Thus, New Jersey law requires a relationship or course of dealings between the parties to sustain a cause of action for unjust enrichment. *Cooper,* 2008 WL 4513924, at *10; (dismissing unjust enrichment claim where plaintiff purchased television through a retailer who retained the benefit of the sale); *In re*

33

*Philips/Magnavox*, 2010 WL 3522787, at \*10-11 (dismissing unjust enrichment claim against television manufacturers purchased from third party retailers).

Plaintiffs Oliver and Toms allege that they did not purchase their televisions directly from Funai Corp., but rather from retailers Wal-Mart and Target, respectively.  Am. Compl., ¶¶ 35, 40.  As a result, Plaintiffs lack privity with Funai Corp. and cannot identify any benefit that Funai Corp. has received from Plaintiffs, and therefore cannot sustain an unjust enrichment claim against Funai Corp.[14] *Fishman v. Gen. Elec. Co.*, No. 2:12-cv-00585, 2013 WL 1845615, at \*6 (D. N.J. Apr. 30, 2013) (dismissing unjust enrichment claim where plaintiffs purchases were made from third party retailers).

Moreover, a claim for unjust enrichment is not available when there is an express contract that governs the relationship or transaction.  *Moser v. Milner Hotels, Inc.*, 78 A.2d 393, 394 (N.J. 1951).  Here, Funai Corp.'s express Limited Warranties control the terms of any claim for repair or damage to the Emerson/Magnavox televisions.  The plain terms of the Limited Warranties cannot

---

[14]    While there are variations in the application of the unjust enrichment doctrine in Arizona and Florida, Plaintiffs' claims would fail under those states' laws as well.  *Yee v. Nat'l Gypsum Co*., No. CV-09-8189-PHX-DGC, 2010 WL 2572976, at \*4 (D. Ariz. June 22, 2010) (dismissing unjust enrichment claim against manufacturer where benefit was conferred on retailer); *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (affirming dismissal of unjust enrichment claim against marketers where developers received payment).

be supplanted by Plaintiffs' unjust enrichment claim.  As a result, Plaintiffs' claim

for unjust enrichment (Count III) must be dismissed.

### H.   Plaintiffs' Civil Conspiracy Claim Fails As A Matter Of Law.

Plaintiffs' claim for civil conspiracy is a derivative claim and should be

dismissed.  Because all of Plaintiffs' substantive claims fail as a matter of law, so

too must Plaintiffs' claim for civil conspiracy, which requires an underlying

unlawful act not adequately plead or demonstrated by Plaintiffs.  As such,

Plaintiffs civil conspiracy claims should be dismissed pursuant to Fed. R. Civ. P.

12(b)(6).

There are four essential elements of a civil conspiracy claim: "(1)[a]

combination of two or more persons; (2) a real agreement or confederation with a

common design; (3) the existence of an unlawful purpose to be achieved by

unlawful means; and (4) special damages."  *Delaney v. Am. Express Co.*, No. CIV

06-5134 JAP, 2007 WL 1420766, at *8 (D. N.J. May 11, 2007) *quoting Farris v.

Cnty. of Camden*, 61 F. Supp. 2d 307, 330 (D. N.J. 1999).  A claim for civil

conspiracy will not lie, however, "unless defendants committed an act which

would be actionable even without the conspiracy."  *Id*.

Stated differently, civil conspiracy is a derivative claim and "proof of a civil conspiracy requires proof of the underlying claim."[15] *Mercedes-Benz USA, LLC v. ATX Grp., Inc.*, No. CIV. 08-3529 (WHW), 2010 WL 3283544, at *12 (D. N.J. Aug. 18, 2010) (dismissing civil conspiracy claim as improper "bootstrapping" or tort claim in breach of contract action).  Where the substantive claims fail as a matter of law, there is no basis to support claims for civil conspiracy, and they should be dismissed.  *Delaney*, *supra.*

Here, Plaintiffs' substantive claims all fail as a matter of law.  As Plaintiffs are unable to maintain any of their other causes of action, Plaintiffs' civil conspiracy claim (Count VI) must also be dismissed.

---

[15]    The result is the same under Arizona and Florida law.  *See Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trs.*, 20 Ariz. App. 561, 564, 514 P.2d 514, 517 (Ct. App. 1973) (holding that "there is no such thing as a civil action for conspiracy" under Arizona law); *Raimi v. Furlon*, 702 So.2d 1273, 1284 (Fla. 3d DCA 1998) (requiring an otherwise unlawful act, or a lawful act by unlawful means).

## V.     CONCLUSION

For the foregoing reasons, Funai Corp. respectfully requests that the Court grant this Motion and dismiss the Amended Complaint in its entirety and with prejudice.

Respectfully submitted,

Dated: December 1, 2014                    MORGAN, LEWIS & BOCKIUS LLP


By: *s/ John P. Lavelle, Jr.*
        John P. Lavelle, Jr.
        502 Carnegie Center, 2nd Floor
        Princeton, New Jersey 08540
        Tel: (609) 919-6600
        Fax: (609) 919-6701
        jlavelle@morganlewis.com

        *Attorneys for Defendant Funai*
        *Corporation, Inc.*

37