# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiffs,* | ) Civil Action No.: 2:14-cv-4532(JLL)(JAD) ) |
| v. | ) ) |
| FUNAI CORPORATION, INC., a New Jersey corporation, and FUNAI ELECTRIC CO., LTD., a Japanese corporation. | ) CLASS ACTION ) ) ) ) |
| *Defendants.* | ) ) ) ) |

---

## MEMORANDUM OF LAW OF FUNAI ELECTRIC CO., LTD. IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorney for Defendant*
*Funai Electric Co., Ltd.*

Dated:  January 8, 2015

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ...................................................................1

II.    PROCEDURAL HISTORY ........................................................................2

III.   STATEMENT OF FACTS ..........................................................................3

      A.     The Substantive Allegations Against Funai Electric .........................3

      B.     Plaintiffs' Allegations Regarding Personal Jurisdiction ...................4

      C.     Factual Background Relating to Personal Jurisdiction ......................5

      D.     The Express Limited Warranties For The Televisions.......................6

IV.    ARGUMENT ............................................................................................7

      A.     Legal Standard for Motion to Dismiss Under Fed. R. Civ. P.
            12(b)(2), 12(b)(6), 8(a) and 9(b) ........................................................7

      B.     Plaintiffs Cannot Establish Personal Jurisdiction Over Funai
            Electric Pursuant to Fed. R. Civ. P. 12(b)(2) ....................................9

            1.     General Jurisdiction Does Not Exist in New Jersey ................9

            2.     Specific Jurisdiction Does Not Exist Over Funai Electric ......13

      C.     Plaintiffs' Causes of Action Are Factually and Legally
            Deficient and Should be Dismissed Pursuant to Fed. R. Civ. P.
            12(b)(6)...........................................................................................15

            1.     Funai Electric Made No Statements Regarding the
                  Televisions' Longevity ...........................................................16

             2.     Plaintiffs Failed to Allege the Requisite Notice on their
                  Implied Warranty Claims.......................................................17

             3.     Plaintiffs Cannot Maintain Fraud Claims Due to their
                  Failure to Distinguish Between Funai Electric and Funai
                  Corp....................................................................................18

V.     CONCLUSION ........................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985)......................................................................................8, 9

*C.F. Seabrook Co. v. Beck,*
   174 N.J. Super. 577, 417 A.2d 89 (App. Div. 1980).........................................17

*City of Newark v. U.S. Dep't of Labor,*
   2 F.3d 31 (3d Cir. 1993)..................................................................................12

*Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.,*
   825 F. Supp. 1195 (D. N.J. 1993).....................................................................10

*Decker v. Circus Circus Hotel,*
   49 F. Supp. 2d 743 (D. N.J. 1999)....................................................................10

*Donachy v. Intrawest U.S. Holdings, Inc.,*
   No. 10-4038, 2012 WL 869007 (D. N.J. Mar. 14, 2012)..................................18

*Fisher v. Teva PFC SRL,*
   212 F. App'x 72 (3d Cir. 2006).........................................................................12

*Hammer v. Vital Pharms., Inc.,*
   No. 11-4124, 2012 WL 1018842 (D. N.J. Mar. 26, 2012)................................18

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
   466 U.S. 408 (1984)...........................................................................................8

*Int'l Shoe Co. v. Washington,*
   326 U.S. 310 (1945)...........................................................................................9

*J. McIntyre Mach., Ltd. v. Nicastro,*
   131 S.Ct. 2780 ..................................................................................................14

*Lucas v. Gulf & W. Indus., Inc.,*
   666 F.2d 800 (3d Cir. 1981).........................................................................11, 12

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,*
   960 F.2d 1217 (3d Cir. 1992)..........................................................................7, 9

-i-

**TABLE OF AUTHORITIES (cont'd)**

**Page(s)**

*Metcalfe v. Renaissance Marine, Inc.*,
566 F.3d 324 (3d Cir. 2009)................................................................8

*Nami v. Fauver*,
82 F.3d 63 (3d Cir. 1996).................................................................4

*Oticon, Inc. v. Sebotek Hearing Sys., LLC*,
865 F. Supp. 2d 501 (D. N.J. 2011).................................................15

*Patel v. Karnavati Am., LLC*,
99 A.3d 836, 841 (N.J. Super. Ct. 2014) ..................................8, 9, 10

*Patterson v. FBI*,
893 F.2d 595 (3d Cir. 1990).............................................................7

*Pennzoil Prod. Co. v. Colelli & Assoc., Inc.*,
149 F.3d 197 (3d Cir. 1998).............................................................8

*Pfundstein v. Omnicom Group, Inc.*,
285 N.J. Super. 245, 666 A.2d 1013 (App. Div. 1995)....................12

*Quality Int'l Packaging, Ltd. v. Chamilia Inc.*,
No. CIV.A. 13-5235, 2014 WL 2465262 (D. N.J. May 30, 2014)...12

*Reliance Steel Prods. v. Watson, Ess, Marshall & Enggas*,
675 F.2d 587 (3d Cir. 1982).............................................................10

*Remick v. Manfredy*,
238 F.3d 248 (3d Cir. 2001).............................................................8

*Seltzer v. I.C. Optics, Ltd.*,
339 F. Supp. 2d 601 (D. N.J. 2004)...........................................11, 13

*State Dept. of Envtl. Prot. v. Ventron Corp.*,
468 A.2d 150 (N.J. 1983)..................................................................12

*Smith v. S&S Dundalk Eng'g Work, Ltd.*,
139 F. Supp. 2d 610 (D. N.J. 2001)......................................8, 11, 12

*Toys "R" Us, Inc. v. Step Two, S.A.*,
318 F.3d 446 (3d Cir. 2003).............................................................7

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*United States Golf Ass'n v. United States Amateur Golf Ass'n*,
  690 F. Supp. 317 (D. N.J. 1988)........................................................................14

*Wexco v. Diesel Equip.*,
  No. CIV06-02106 (WHW), 2006 WL 2355396 (D. N.J. Aug. 14, 2006) .........13

*Wilson v. Paradise Village Beach Resort & Spa*,
  929 A.2d 1122 (N.J. Super. Ct. 2007) .............................................................9


**STATUES**

N.J. Stat. § 12A:2-607(3)(a).................................................................................17


**RULES**

Fed. R. Civ. P. 8(a) ...............................................................................................7

Fed. R. Civ. P. 9(b) .......................................................................................2, 7, 16

Fed. R. Civ. P. 12(b)(2)...............................................................................2, 7, 9, 15

Fed. R. Civ. P. 12(b)(6).................................................................................2, 7, 15

Fed. R. Civ. P. 41...................................................................................................3


**OTHER AUTHORITIES**

4A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u>
  § 1069.4 (3d ed. 2014) ...................................................................................11

5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u>
  § 1351 (3d ed. 2014) ........................................................................................8

I.    PRELIMINARY STATEMENT

This is a putative class action filed by two individual plaintiffs alleging that their Emerson/Magnavox flat screen televisions failed due to defects in the power supply boards.  Plaintiffs broadly allege that defendant Funai Electric Co., Ltd. ("Funai Electric") manufactured televisions that failed at some point in time after the expiration of the express written warranty provided by co-defendant Funai Corporation, Inc. ("Funai Corp."), a subsidiary of Funai Electric.  But Plaintiffs do not make a single specific factual allegation regarding <u>anything</u> that Funai Electric has done to support the seven separate causes of action asserted against Funai Electric.

This Court lacks personal jurisdiction over Funai Electric, which is a Japanese corporation.  As set forth in the supporting Declaration of Funai Electric General Manager Seiji Ishizu, Funai Electric does not conduct business in New Jersey and has no ties to the state other than owning a wholly-owned U.S. subsidiary, defendant Funai Corp., headquartered in the state.  Under well-established law, that ownership is not enough to bestow general personal jurisdiction over a foreign parent corporation.  Nor has Funai Electric engaged in any conduct that would allow this Court to exercise specific personal jurisdiction over it with respect to this specific action.  Indeed, Plaintiffs, who are not New Jersey citizens, do not allege any conduct by Funai Electric in this state.  As a

result, this Court should dismiss Plaintiffs' claims against Funai Electric under

Fed. R. Civ. P. 12(b)(2).

Moreover, even if this Court had personal jurisdiction over Funai Electric,

Plaintiffs' broad, vague allegations concerning "Funai" are inadequate to state a

claim against Funai Electric.  As detailed in Funai Corp.'s Motion to Dismiss,

Plaintiffs' First Amended Complaint is fundamentally and fatally flawed because

Plaintiffs' televisions failed, according to Plaintiffs' own allegations, after

expiration of the express limited warranty provided by Funai Corp.  Funai Electric

incorporates by reference the Memorandum of Law of Funai Corp. in support of its

Motion to Dismiss, which applies equally to Plaintiffs' purported claims against

Funai Electric.

## II.    PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a Complaint on July 17, 2014

solely against Funai Corp. regarding allegedly deficient power supply boards in

two specific models of Funai televisions.  On September 3, 2014, Funai Corp.

moved to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. Rules 12(b)(6)  and

9(b).  Plaintiffs responded by filing an Amended Complaint on October 20, 2014

(the "Amended Complaint") that contains no new substantive factual allegations,

but adds Funai Electric as a Defendant.[1]  Significantly, the Amended Complaint
essentially reiterates the allegations of the original Complaint against Funai Corp.,
but now defines "Funai" to refer to both Funai Electric and Funai Corp.

To avoid duplication, Funai Electric incorporates the procedural history set
forth in the Memorandum of Law in Support of Funai Corporation, Inc.'s Motion
to Dismiss Plaintiffs' Amended Complaint. *See* Dkt. No. 20, at Section II.

## III.   STATEMENT OF FACTS

### A.   The Substantive Allegations Against Funai Electric

Plaintiffs do not allege a single specific action or statement by Funai
Electric.  In fact, Plaintiffs refer specifically to Funai Electric only three times in
the entire Amended Complaint: (1) alleging that Funai Corp. has an agreement
with Funai Electric to be the authorized distributor of the televisions at issue (Am.
Compl., ¶ 3); (2) identifying Funai Electric as a party to this action (*Id.*, ¶ 4); and
(3) in the preface to the Amended Complaint noting Plaintiffs' intention to refer to
Funai Electric and Funai Corp. collectively as "Funai."  *Id.*, pp. 1-2.  As a result,
Plaintiffs' substantive allegations against Funai Electric are largely
indistinguishable from those asserted against Funai Corp.  Funai Electric,

---

[1]     Plaintiffs also added two additional defendants, Wal-Mart Stores, Inc. and
Target Corporation, in the Amended Complaint.  On January 2, 2015, Plaintiffs
filed a joint stipulation with defendants pursuant to Fed. R. Civ. P. 41 dismissing
Wal-Mart and Target without prejudice.  The dismissal order was approved on
January 5, 2015.  Dkt. 35.

therefore, refers to and incorporates the discussion of Plaintiffs' factual allegations provided in Funai Corp.'s Memorandum of Law in Support of Its Motion to Dismiss.  *See* Dkt. 20, Sect. III.

### B.    Plaintiffs' Allegations Regarding Personal Jurisdiction

Plaintiffs allege that Funai Electric manufactures electronics equipment, including the televisions at issue in this action.[2]  *Id.*  Plaintiffs allege that they purchased televisions in Arizona and Florida from former defendants Wal-Mart Stores, Inc. and Target Corporation.  Am. Compl., ¶¶ 35, 40.  Plaintiffs claim that these televisions malfunctioned several months after the expiration of the warranties provided by Funai Corp.  *Id.*, ¶¶ 36, 41.  Plaintiffs' claims are premised on alleged warranty statements made by Funai Corp. in its owners' manuals and the purported concealment of defects in the televisions by all Defendants.  *Id.*, ¶¶ 8, 10.  Plaintiffs are not residents of New Jersey (*Id.*, ¶¶ 1-2), and do not allege they used the televisions in New Jersey, heard any advertisements or saw any marketing materials in New Jersey, or have ever even traveled to New Jersey.

---

[2]    For purposes of this motion only, Funai Electric sets forth the facts as pled by Plaintiffs in the Amended Complaint.  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(holding that the Court must accept well-pleaded factual allegations of Complaint as true on motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  However, Funai Electric does not concede the accuracy of the Plaintiffs' allegations.  In particular, if this matter were to advance beyond the motion to dismiss stage, Funai Electric would expect to establish that Funai Electric Co., Ltd. did not manufacture the televisions at issue in this lawsuit.

Plaintiffs allege generally that:  "This Court has personal jurisdiction over Defendants because they conduct business in this District."  Am. Compl., ¶ 13. With respect to Funai Electric, Plaintiffs allege that it "participates in, engages in, and avails itself of the United States market and United States consumers through its subsidiary Funai Corporation, Inc. and agreements between the two entities." *Id.*, ¶ 4.  Plaintiffs do not allege that Funai Electric advertises or markets its products in New Jersey or directs any of its sales to New Jersey.

The only ties to New Jersey alleged in the Amended Complaint are that Funai Electric's subsidiary, Funai Corp., is headquartered in New Jersey and that the alleged unlawful conduct "occurred in and emanated from decisions made and policies implemented" in New Jersey.  *Id.*, ¶ 13.  Plaintiffs, however, do not allege that Funai Electric implemented any policies in New Jersey nor do they identify any decision made by Funai Electric or how any conduct "emanated" from New Jersey as a result of that decision.

### C.   <u>Factual Background Relating to Personal Jurisdiction</u>

Funai Electric is a Japanese company headquartered in Daito, Osaka.  *See* Ishizu Decl., ¶ 5.  Funai Electric does not manufacture, distribute or sell televisions in New Jersey.  *Id.*, ¶ 7.  Funai Electric does not design or test televisions in New Jersey.  *Id.*, ¶ 15.  Funai Electric is not now and has never been licensed, registered, or qualified to conduct business in New Jersey.  *Id.*, ¶ 8.  Nor does

-5-

Funai Electric maintain any property or assets in New Jersey. *Id*., ¶ 10. Funai

Electric does not pay taxes in New Jersey. *Id.,* ¶ 12. Funai Electric has made no

statements regarding the televisions in New Jersey and has had no contact with the

Plaintiffs in New Jersey. *Id.*, ¶¶ 16-18.

Funai Electric owns a number of subsidiaries which conduct manufacturing,

distribution or sales business in particular countries or geographic regions of the

world. Funai Corp. is a wholly-owned subsidiary of Funai Electric and is the

North American sales and marketing company for Funai products. *Id.*, ¶ 6. Funai

Corp. has engaged in the sales and marketing of Funai products throughout the

United States. *Id*., ¶ 20. Officers and employees of Funai Corp. are responsible

for Funai Corp.'s day-to-day operations, including the time, manner, and method

of performing their work, and are accountable to Funai Corp.'s board of directors.

*Id.*, ¶ 22. Funai Corp. manages its own marketing, distribution practices, and

product support throughout the United States. *Id*., ¶ 24. Funai Electric and Funai

Corp. maintain separate bank accounts. *Id.*, ¶ 23.

### D.     The Express Limited Warranties For The Televisions

As discussed at length in the Funai Corp. Motion to Dismiss, Sect. III.C.,

Funai Corp. provided express limited warranties extending one year for parts and

ninety days for labor (hereinafter, the "Limited Warranties"). The Limited

Warranties set forth the terms of coverage and the obligations of Funai Corp. – not

-6-

Funai Electric.  Plaintiffs do not allege that Funai Electric provided the Limited

Warranties or made any statements of warranty at all.  Further, Plaintiffs do not

allege that they relied on any warranty language, or any representations concerning

the warranty by any Defendant, in making their purchases.

## IV.   ARGUMENT

### A.   Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2), 12(b)(6), 8(a) and 9(b)

Funai Electric refers to and incorporates the discussion of the legal standards

from the Funai Corp. Motion to Dismiss for Rules 12(b)(6), 8(a) and 9(b).  On a

motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "a court is

required to accept plaintiff's allegations as true, and to construe disputed facts in

favor of the plaintiff."  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d

Cir. 2003) (citation omitted).  Once a jurisdictional defense has been raised, the

burden of establishing the factual basis to support jurisdiction falls on the plaintiff

who must establish "with reasonable particularity sufficient contacts between the

defendant and the forum state."  *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*,

960 F.2d 1217, 1223 (3d Cir. 1992) (quotation marks and citations omitted).

Plaintiff must sustain its burden of proof in establishing jurisdictional facts

"through sworn affidavits or other competent evidence." *Patterson v. FBI*, 893

F.2d 595, 604 (3d Cir. 1990).  The court may receive and weigh the contents of

affidavits submitted by the parties, as Funai Electric has here, to assist in

-7-

determining the jurisdictional facts.  *Metcalfe v. Renaissance Marine, Inc.*, 566

F.3d 324 (3d Cir. 2009); 5B Charles Alan Wright & Arthur R. Miller, Federal

Practice & Procedure § 1351 (3d ed. 2014).

  The determination of whether a district court may exercise jurisdiction over

a defendant is governed by a two-part inquiry:  in addition to falling within the

applicable statute,[3]  the assertion of jurisdiction must also comport with

constitutional due process standards.  *Pennzoil Prod. Co. v. Colelli & Assoc., Inc.*,

149 F.3d 197, 201 (3d Cir. 1998).  Constitutional due process requires that

Plaintiffs establish either general jurisdiction or specific jurisdiction over the

defendant.  *Remick v. Manfredy*, 238 F.3d 248, 155 (3d Cir. 2001).  General

jurisdiction may be found if the defendant's contacts with the forum state are so

continuous and systematic that they approximate physical presence in the state.

*See Patel v. Karnavati Am., LLC*, 99 A.3d 836, 841 (N.J. Super. Ct. 2014).

Specific jurisdiction may be exercised if three elements are met.  First, the

litigation must "arise out of or relate to" at least one of the defendant's contacts

with the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

414 (1984).  Next, the defendant must have "purposefully directed [its] activities"

at the forum.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation

---

[3] New Jersey's long-arm statute confers personal jurisdiction to the same
extent allowed by the U.S. Constitution.  *See* N.J. Civ. Pract. R. 4:4-4; *Smith v.
S&S Dundalk Eng'g Work, Ltd.*, 139 F. Supp. 2d 610, 617 (D. N.J. 2001).

and quotation marks omitted).  And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476, *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

### B.      Plaintiffs Cannot Establish Personal Jurisdiction Over Funai Electric Pursuant to Fed. R. Civ. P. 12(b)(2)

Funai Electric is a Japanese corporation which does not have sufficient substantive contacts to establish personal jurisdiction in New Jersey.  Plaintiffs must present "with reasonable particularity sufficient contacts between [Funai Electric] and [New Jersey]" to establish personal jurisdiction.  *Mellon Bank (East) PSFS, Nat'l Ass'n*, 960 F.2d at 1223 (quotation marks and citations omitted).  The limited contacts of Funai Electric are not sufficient to support either general or specific jurisdiction.

### 1.      General Jurisdiction Does Not Exist in New Jersey

Funai Electric does not have the types of "continuous and substantial" contacts with New Jersey necessary to warrant general jurisdiction in the forum. The "standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that approximate physical presence."  *Patel*, 99 A.3d at 841, *quoting Wilson v. Paradise Village Beach Resort & Spa*, 929 A.2d 1122, 1126 (N.J. Super. Ct. 2007) (internal quotation marks omitted).  The facts required to establish general jurisdiction must be "extensive and persuasive."

*Reliance Steel Prods. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d

Cir. 1982) (citations and quotation marks omitted); *see also Database Am., Inc. v.*

*Bellsouth Adver. & Publ'g Corp*., 825 F. Supp. 1195, 1209 (D. N.J. 1993)

(requiring much more than minimum contacts with the forum state).

  Funai Electric is a Japanese company with no physical presence in New

Jersey.  Ishizu Decl., ¶¶ 5, 9.  It has no officers, directors, advisors, or

representatives within New Jersey.  *Id.*, ¶ 14.  It has no assets or property in the

state, no bank accounts, no registered agents, no telephone listing and paid no taxes

in New Jersey.  *Id.*, ¶¶ 10-12.  Nor is Funai Electric licensed or registered to do

business in New Jersey.  *Id.*, ¶ 8.  Funai Electric does not solicit business from or

offer direct sales to consumers in New Jersey.  *Id.*, ¶ 16.  Further, Funai Electric

does not market or advertise its products in New Jersey.  *Id.*, ¶ 17.  Funai Electric

does not own, use, or possess any real property in New Jersey.  *Id.*, ¶ 10.  It can

hardly be considered to have contacts with New Jersey "approximat[ing] physical

presence."  *Patel*, 99 A.3d at 841 (citation and quotation marks omitted).

  The only facts pled by Plaintiffs regarding Funai Electric's contacts with

New Jersey relate to its business with its subsidiary, Funai Corp. Am. Compl., ¶ 4.

However, general jurisdiction over Funai Electric cannot be found simply because

it owns a subsidiary company within the forum.  *Decker v. Circus Circus Hotel*, 49

F. Supp. 2d 743, 747 (D. N.J. 1999) (refusing to disregard the separateness of

-10-

corporate entities "save some evidence that a defendant subsidiary is dominated or controlled by the parent corporation[.]"); *see generally* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1069.4 (3d ed. 2014) ("if the subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent and is not acting as merely one of its departments, personal jurisdiction over the parent corporation may not be acquired simply on the basis of the local activities of the subsidiary company.") (citations omitted). The parent company itself must have sufficient contacts with the forum to warrant a finding of general jurisdiction. The activities of a subsidiary company are imputed to its parent only if the subsidiary is the parent's agent or alter ego such that "independence of the separate corporate entities was disregarded." *Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 806 (3d Cir. 1981); *accord Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 609 (D. N.J. 2004) (granting motion to dismiss for personal jurisdiction in part because the parent's control over American subsidiary, while "considerable," did not deviate from normal corporate practice).

Funai Electric does not exercise control over Funai Corp. such that their corporate distinctions should be ignored. The two companies maintain and manage their own operations. Ishizu Decl., ¶ 21. Funai Electric does not control the day-to-day operations of Funai Corp. *Id*., ¶ 22. *Smith*, 139 F. Supp. 2d at 619-

-11-

21 (finding no personal jurisdiction over foreign parent corporation when plaintiff

had failed to show that subsidiaries in forum state were mere "alter egos[.]").

Funai Corp. manages its own marketing, distribution practices, and product support

throughout the United States.  Ishizu Decl., ¶ 24.  *Fisher v. Teva PFC SRL*, 212 F.

App'x 72, 76 (3d Cir. 2006) (holding that general jurisdiction over Teva did not

exist in part because the local distributor made the sales to New Jersey and that

"general jurisdiction requires greater contacts than specific jurisdiction.") (citation

omitted);[4] *see also State Dept. of Envtl. Prot. v. Ventron Corp.*, 468 A.2d 150, 164

(N.J. 1983).  Simply put, there is no basis to suggest that the "independence of the

separate corporate entities was disregarded."  (quotation marks omitted) *Quality

Int'l Packaging, Ltd. v. Chamilia Inc.*, No. CIV.A. 13-5235, 2014 WL 2465262, at

*3 (D. N.J. May 30, 2014) *quoting Lucas*, 666 F.2d at 806; *Pfundstein v. Omnicom

Group, Inc.*, 285 N.J. Super. 245, 254, 666 A.2d 1013 (App. Div. 1995)

(jurisdiction over subsidiary corporation that keeps its own books and bank

accounts, files income tax returns, is managed by its own board of directors, makes

---

[4]      Although *Teva* is an unpublished opinion and does not have precedential
authority, this Court may treat it as carrying persuasive authority in light of the
similarities of facts and law.  *See, e.g., City of Newark v. U.S. Dep't of Labor*, 2
F.3d 31, 33 n. 3 (3d Cir. 1993) ("Although we recognize that this unpublished
opinion lacks precedential authority, we nonetheless consider persuasive its
evaluation of a factual scenario virtually identical to the one before us in this
case[.]").

its own employment decisions, and directs its own day-to-day operations, will not be imputed to parent corporation).

### 2.    Specific Jurisdiction Does Not Exist Over Funai Electric

Specific jurisdiction cannot be established over Funai Electric in New Jersey as none of Plaintiffs' purported causes of action derive from contacts of Funai Electric with the forum.  Plaintiffs' causes of action are based upon the purchase of televisions in Arizona and Florida and an alleged statement of warranty contained in the owners' manuals of those televisions published by Funai Corp.  None of these events arise from contacts by Funai Electric with New Jersey.

Where Plaintiffs' causes of action do not originate from Funai Electric's (or Plaintiffs') connections to New Jersey, specific jurisdiction cannot be found.  *See Wexco v. Diesel Equip.*, No. CIV06-02106 (WHW), 2006 WL 2355396, at *6 (D. N.J. Aug. 14, 2006) *quoting Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1127 (N.J. 1986) (noting that there is no need to evaluate defendant's minimum contacts with forum "if *plaintiff's cause of action were unrelated to defendant's contacts with the forum*.") (emphasis in original); *see Seltzer*, 339 F. Supp. 2d at 612 (holding specific jurisdiction over defendant did not exist where defendant manufacturer's shipments of products and solicitation of business in forum were unrelated to contract dispute in case).  There must be at least "a single deliberate contact" by Funai Electric with New Jersey that relates to

-13-

the cause of action. *United States Golf Ass'n v. United States Amateur Golf Ass'n*, 690 F. Supp. 317, 320 (D. N.J. 1988).

None of Plaintiffs' causes of action derive from actions in New Jersey and certainly not any actions of Funai Electric.  Neither Plaintiff is a resident of New Jersey, neither viewed any representations about the televisions in New Jersey, and neither purchased their television in the state.  Am. Compl., ¶¶ 1, 2, 35, 40.  Indeed, there is no allegation that either Plaintiff has ever even been to New Jersey.  Further, Funai Electric made no statements regarding the televisions in New Jersey and has had no contact with the Plaintiffs in New Jersey.  Ishizu Decl., ¶¶ 16-18.  Funai Electric did not design, manufacture or test the televisions or their PSBs in New Jersey.  *Id.*, ¶¶ 7, 15.  Thus, there is no evidence suggesting that Funai Electric's minimal actions in New Jersey have any relation to Plaintiffs' claims.

To establish specific jurisdiction, "[i]t is not enough that [Funai Electric] might have predicted that its goods will reach the state."  *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 2788 (holding that despite a sale into New Jersey through a distributor, defendant did not purposefully avail itself of New Jersey's protections where the defendant did not specifically direct the sale into New Jersey).  As the U.S. Supreme Court held in *Asahi Metal Indus. Co v. Super. Ct. of Calif.*, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully direct toward the forum State."  480 U.S.

-14-

102, 112 (1987); *see also Oticon, Inc. v. Sebotek Hearing Sys., LLC*, 865 F. Supp. 2d 501, 516-17 (D. N.J. 2011) (holding that personal jurisdiction did not exist despite defendant's "strategic alliance…to develop and market hearing aids to the national market" as that was not conduct that targeted New Jersey).  As a result, Plaintiffs cannot assert personal jurisdiction over Funai Electric in New Jersey and the Amended Complaint should be dismissed pursuant to Rule 12(b)(2).

### C. <u>Plaintiffs' Causes of Action Are Factually and Legally Deficient and Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

Because Plaintiffs fail to distinguish between Funai Electric and Funai Corp., their claims against Funai Electric are largely identical to those raised against Funai Corp.  Thus, the fundamental failings addressed by Funai Corp. in its Memorandum of Law in Support of its Motion to Dismiss apply equally to Funai Electric and Funai Electric refers to and incorporates that discussion here.  In particular:

- Plaintiffs' breach of warranty claims (Counts VIII, X and XI) are barred by the Limited Warranties offered by Funai Corp.  *See* Dkt. 20, Sect. IV.B.1.

- Plaintiffs lack the requisite privity under Florida and Arizona law to assert a breach of implied warranty claim (Count XI).  *See* Dkt. 20, Sect. IV.B.2.

- Plaintiffs' assertions of unconscionability are insufficient to rescue the warranty claims (Counts VIII, X and XI).  *See* Dkt. 20, Sect. IV.C.

-15-

- Plaintiffs' allegations of a "defect" cannot support a fraudulent concealment claim (Count I). *See* Dkt. 20, Sect. IV.D.2.

- Plaintiffs cannot avail themselves of the New Jersey Consumer Fraud Act (Count II). *See* Dkt. 20, Sect. IV.E.1.

- Plaintiffs' consumer fraud claims fail under the Arizona and Florida consumer protection statutes (Count II). *See* Dkt. 20, Sect. IV.E.3.

- Plaintiffs' claims alleging fraud (Counts I and II) fail to meet the heightened pleading standard of Rule 9(b). *See* Dkt. 20, Sect. IV.F.

- Plaintiffs' unjust enrichment claim (Count III) fails as a matter of law. *See* Dkt. 20, Sect. IV.G.

- Plaintiffs cannot maintain a civil conspiracy claim (Count VI) against Funai Electric. *See* Dkt. 20, Sect. IV. H.

While all of these failings apply equally to Funai Electric, in many instances, the flaws in Plaintiffs' claims are even more egregious with respect to Funai Electric:

### 1. Funai Electric Made No Statements Regarding the Televisions' Longevity

Plaintiffs' claims are premised upon an expected length of service of the televisions, but significantly, Plaintiffs do not identify *any* statement or warranty made by Funai Electric concerning the televisions at issue or their component parts, such as the PSBs or the LCD. The only alleged statement of warranty

-16-

identified by Plaintiffs in the Amended Complaint is included in the televisions'
owners' manuals and states that the "LCD Screen is manufactured to provide many
years of useful life."  *See* Dkt. No. 20, Lavelle Decl., Exhs. A & B at 29; Am.
Compl., ¶ 26.  Plaintiffs do not allege that this statement was made by Funai
Electric, nor do Plaintiffs identify <u>any</u> representation made by Funai Electric
concerning the operational lifetime or quality of either the televisions or their
component parts.  Plaintiffs' failure to identify any statements or representations
made by Funai Electric is fatal to Plaintiffs' warranty claims (Counts VIII and X).

### 2.    Plaintiffs Failed to Allege the Requisite Notice on their Implied Warranty Claims

Plaintiffs' implied warranty claim (Count XI) is procedurally deficient as
well.  Plaintiffs were required to contact Funai Electric to seek redress prior to
instituting litigation.  *See C.F. Seabrook Co. v. Beck*, 174 N.J. Super. 577, 593, 417
A.2d 89 (App. Div. 1980) ("New Jersey law on sales requires notice as a
prerequisite to the buyer's assertion that the seller breached an implied warranty of
merchantability.") (citation omitted); N.J. Stat. §12A:2-607(3)(a).  However,
Plaintiffs do not allege that they ever contacted Funai Electric after the alleged
failure of their televisions or that they attempted to invoke the Limited Warranty or
seek redress from Funai Electric prior to adding Funai Electric as a defendant in

-17-

this action.[5]  Plaintiffs cannot bring a claim for breach of implied warranty of merchantability (Count XI) for this reason.  *See, e.g., Hammer v. Vital Pharms., Inc.*, No. 11-4124, 2012 WL 1018842, at *11 (D. N.J. Mar. 26, 2012) (dismissing warranty claims for failure to provide pre-litigation notice).  Plaintiffs' breach of implied warranty of merchantability (Count XI) must therefore fail.

### 3.   Plaintiffs Cannot Maintain Fraud Claims Due to their Failure to Distinguish Between Funai Electric and Funai Corp.

Plaintiffs cannot maintain any causes of action premised upon fraud because Plaintiffs' allegations of fraud do not distinguish between Funai Electric and Funai Corp.  Collective claims of fraud against multiple defendants are inadequate as a matter of law.  *Donachy v. Intrawest U.S. Holdings, Inc.*, No. 10-4038, 2012 WL 869007, at *3 (D. N.J. Mar. 14, 2012) (dismissing fraud claims where allegations of fraud were made collectively against multiple defendants).  The purpose behind such a rule is simple: fraud must be pled with particularity and any allegation that fails to distinguish between actors cannot provide notice as to who is alleged to have performed what action.  *Id.*   As a result, Plaintiffs' claims for fraudulent

---

[5]      Plaintiff Oliver does allege that she contacted "Funai" regarding her television.  Am. Compl., ¶ 36.  However, the customer support telephone line referenced by Plaintiff Oliver is managed and operated by Funai Corp., not Funai Electric.  Ishizu Decl., ¶ 25. Plaintiff Oliver does not claim she ever contacted Funai Electric.

concealment (Count I) and breach of the state consumer fraud statutes (Count II) must be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Funai Electric Co., Ltd. respectfully requests that the Court grant this Motion and dismiss the Amended Complaint in its entirety and with prejudice.

Respectfully submitted,

Dated: January 8, 2015                    MORGAN, LEWIS & BOCKIUS LLP


By: *s/ John P. Lavelle, Jr.*
      John P. Lavelle, Jr.
      502 Carnegie Center, 2nd Floor
      Princeton, New Jersey 08540
      Tel: (609) 919-6600
      Fax: (609) 919-6701
      jlavelle@morganlewis.com

      *Attorney for Defendant*
      *Funai Electric Co., Ltd.*