IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>FUNAI CORPORATION, INC., a New Jersey corporation, FUNAI ELECTRIC CO., LTD., a Japanese corporation,.<br><br>*Defendant.* | Case No. 2:14-cv-04532-JLL-JAD<br><br>Hon. Jose L. Linares<br><br>Magistrate Judge Joseph A. Dickson |

## JOINT MOTION TO MODIFY AND STAY, IN PART, BRIEFING SCHEDULE ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiffs Norma Oliver and Matt Toms ("Plaintiffs"), along with Defendants Funai Corporation, Inc. ("Funai Corp.") and Funai Electric Co., LTD ("Funai Electric") (collectively, "Defendants," and all together, the "Parties"), hereby respectfully move the Court for an order modifying and staying, in part, the briefing schedule on Defendants' respective Motions to Dismiss. In support of the instant Motion, the Parties state as follows:

1. Plaintiffs filed their original complaint against Funai Corp. on July 17, 2014. (Dkt. 1.)

2. On October 20, 2014, Plaintiffs filed their First Amended Class Action Complaint (the "Amended Complaint"), asserting additional causes of action and naming Funai Electric, Target Corporation, and Wal-Mart Stores, Inc. as additional party-defendants. (Dkt. 14.)[1]

---

[1] The Parties later stipulated to the dismissal *without prejudice* of Plaintiffs' claims against Defendants Target and Wal-Mart. (Dkt. 34 & 35.)

1

3. On December 1, 2014, Funai Corp. filed its motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 20.)

4. On January 8, 2015, Funai Electric moved to dismiss under Fed. R. Civ. P. 12(b)(6), and further arguing that dismissal was appropriate pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacked personal jurisdiction over it. (Dkt. 36.)

5. The current hearing date for both motions to dismiss is March 2, 2015, with Plaintiffs' deadline to respond to Defendants' Motions to Dismiss and Defendants' deadline to file their replies set for February 10, 2015 and February 24, 2105, respectively. (Dkt. 37.)

6. In reviewing Funai Electric's motion to dismiss, Plaintiffs determined that limited jurisdictional discovery would be necessary to adequately respond to Defendant Funai Electric's personal jurisdiction arguments. As a result, the Parties met and conferred (through counsel) regarding whether they could reach agreement as to the scope and timing of Plaintiffs' proposed discovery, and whether a stay of briefing on Defendants' motions to dismiss was necessary while such discovery proceeded.

7. As a result of their discussions, the Parties have agreed—subject to the Court's approval and without waiving any of their respective rights or arguments—that briefing on Funai Electric Corp.'s personal jurisdiction arguments under Rule 12(b)(2) be stayed pending the Court's consideration of Defendants' Rule 12(b)(6) motions. Further, in the event that the Court denies Defendants' motions to dismiss, the Parties will attempt to reach agreement on the scope and timing of the discovery Plaintiffs propose to take prior to responding to Funai Electric's personal jurisdiction arguments, and submit a proposed schedule regarding the same to the Court for its consideration.

2

8.  Additionally, the Parties have further agreed, subject to the Court's approval, (i) to extend Plaintiffs' deadline to file their opposition to Defendants' Rule 12(b)(6) motions to February 20, 2015, (ii) to extend Defendants' deadline to file their replies in support of the Rule 12(b)(6) motions to March 6, 2015, and (iii) resetting the hearing date on the 12(b)(6) motions to March 16, 2015.

9.  A "court has the discretion to stay a case [or a portion of a case] if the interests of justice so require." *S. Freedman & Co. Inc. v. Raab*, No. CIV. 06-3723 RBK, 2008 WL 4534069, at *2 (D.N.J. Oct. 6, 2008) (citing *U.S. v. Kordel*, 397 U.S. 1, 12 n. 27, (1970)). In determining whether to grant a stay, courts "must weigh [the] competing interests [of the parties]," and consider the "the length of the requested stay," as well as "whether the stay will simplify issues and promote judicial economy." *W.A.S. Terminals Corp. v. David Landau*, No. CIV.A. 12-7225 JLL, 2013 WL 2444060, at *3 (D.N.J. June 4, 2013) (Honorable Linares, J.) (citations omitted).

10.  The Parties agree that a stay of briefing on the Rule 12(b)(2) issues is appropriate here because it will potentially narrow the issues to be litigated in this case and promote judicial economy. Specifically, if the Court should grant Defendants' Rule 12(b)(6) motions, there will be no need to address the personal jurisdiction issues raised in Funai Electric's Rule 12(b)(2) motion. Alternatively, should the Court deny the motions to dismiss in whole or part, the Parties can then address Funai Electric's personal jurisdiction arguments, without wasting judicial resources on discovery that could otherwise prove unnecessary. *See e.g., id.* at *4 (granting a stay where "resolution of the [related] adversary proceeding w[ould] narrow the issues for both parties in th[e] case" and allow the court to avoid determining the merits of potentially unnecessary arguments). Finally, the Parties intend to proceed with briefing on all other issues

raised in Defendants' motions to dismiss, and as this case is still in its infancy, no scheduling order has been issued, and no trial date has been set and no other deadlines will need to be reset. *See Haas v. Burlington Cnty.*, No. CIV. 08-1102JHR/JS, 2009 WL 4250037, at *2 (D.N.J. Nov. 24, 2009) (granting a stay where a related decision "may [] dispose[]" of various claims and "the case [wa]s in the early stages…and [no] trial date ha[d] been set.").

11. In light of the foregoing, the Parties believe good cause exists to grant the relief requested herein.

12. The relief requested herein is sought in good faith and not for any improper purpose, such as delay.

WHEREFORE, the Parties respectfully request that the Court enter an order (i) staying briefing on Defendant Funai Electric's Rule 12(b)(2) motion to dismiss until after ruling on Defendants' 12(b)(6) motions to dismiss, (ii) extending Plaintiffs' and Funai Corp.'s respective deadlines to file their response in opposition to and replies in support of Defendants' Rule 12(b)(6) motions until February 20, 2015 and March 6, 2015, respectively, (iii) re-noticing the Rule 12(b)(6) motions for hearing on March 16, 2015, and (iv) providing such other and further relief the Court deems reasonable and just.

Respectfully submitted,

Dated: February 10, 2015

By: /s/ Stefan L. Coleman
One of Plaintiffs' Attorneys

Stefan L. Coleman (#000382009)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427

SO ORDERED
[signature]
2/17/15