## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| *Plaintiffs,* | ) Civil Action No.: 2:14-cv-4532(JLL)(JAD)<br>) |
| v. | )<br>) CLASS ACTION |
| FUNAI CORPORATION, INC., a New Jersey corporation, and FUNAI ELECTRIC CO., LTD., a Japanese corporation. | )<br>)<br>)<br>) |
| *Defendants.* | )<br>)<br>) |

## REPLY MEMORANDUM OF LAW OF FUNAI DEFENDANTS IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Dated: March 20, 2015

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendants Funai Corporation, Inc. and Funai Electric Co., Ltd.*

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................1

II. ARGUMENT..............................................................................................2

    A. Plaintiffs Cannot Sustain Either Express or Implied Warranty Claims..................................................................................................2

        1. Plaintiffs' Warranty Claims are Barred by the Express Limited Warranties .................................................................2

        2. The LCD Panel Statement is Not a Warranty of the Entire Television ......................................................................3

        3. There is Nothing Unconscionable About a Product Failing After the Expiration of a Warranty Period ....................5

    B. Plaintiffs' Fraud Claims Must be Dismissed .......................................7

        1. Plaintiffs Cannot Avail Themselves of the NJCFA...................7

        2. Even if the Court Were to Consider Plaintiffs' Claims Under the NJCFA, Plaintiffs' Allegations are Insufficient .......8

        3. Plaintiffs' Common Law Fraud Claim Must be Dismissed for Failure to Allege any Statement by Defendants ...............................................................................10

    C. Plaintiffs' Unjust Enrichment and Civil Conspiracy Claims Must be Dismissed ...............................................................................12

III. CONCLUSION.........................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alban v. BMW of N. Am., LLC*,
   No. 09-5398, 2010 WL 3636253 (D. N.J. Sept. 8, 2010)...................................9

*Alban v. BMW of N. Am., LLC*,
   No. 09-5398, 2011 WL 900114 (D. N.J. Mar. 15, 2011) ....................................6

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)......................................................................................2, 6

*Avram v. Samsung Elecs. Am., Inc.*,
   No. CIV. 2:11-6973KM, 2013 WL 3654090 (D. N.J. July 11, 2013) ...4, 7, 8, 12

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)......................................................................................2, 6

*Carlson v. Gen. Motors Corp.*,
   883 F.2d 287 (4th Cir. 1989) ........................................................................5, 6

*Cooper v. Samsung Elecs. Am. Inc.*,
   No. 07-3853, 2008 WL 4513924 (D. N.J. Sept. 30, 2008)............................8, 12

*Fishman v. Gen. Elec. Co.*,
   No. 2:12-cv-00585, 2013 WL 1845615 (D. N.J. Apr. 30, 2013) .......................11

*Glauberzon v. Pella Corp.*,
   No. 10-5929 (JLL), 2011 WL 1337509 (D. N.J. Apr. 7, 2011) .........................9

*In re Philips/Magnavox Television Litig.*,
   No. 09-3072, 2010 WL 3522787 (D. N.J. Sept. 1, 2010)....................................6

*In re Samsung DLP Television Class Action Litig.*,
   No. CIV. 07-2141 (GEB), 2009 WL 3584352 (D. N.J. Oct. 27, 2009) ..........5, 6

*Kaufman v. i-Stat Corp.*,
   754 A.2d 1188 (N.J. 2000) ...............................................................................11

*Kuehn v. Stanley*,
   91 P.3d 346 (Ariz. Ct. App. 2005).......................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

*Lynch v. Tropicana Prods., Inc.*,
 No. 2:11-cv-07382, 2013 WL 2645050 (D. N.J. June 12, 2013) ....................... 12

*Mendez v. Avid Budget Grp., Inc.*,
 No. 11-6537, 2012 WL 1224708 (D. N.J. Apr. 10, 2012) .................................. 8

*Premio Foods, Inc. v. Purdue Farms*, Inc., No. 11-CV-4968, 2012 WL
 3133791 (D. N.J. July 30, 2012) ....................................................................... 13

*Rosa v. Amoco Oil Co.*,
 262 F. Supp. 2d 1364 (S.D. Fla. 2003) .............................................................. 8

*Spera v. Samsung Elec. Am., Inc.*,
 No. 2:12-cv-05412, 2014 WL 1334256 (D.N.J. Apr. 2, 2014) ...................... 9, 10

*Stewart v. Beam Global Spirits & Wine, Inc.*,
 877 F. Supp. 2d 192 (D. N.J. 2012) ................................................................. 12

*Viking Yacht Co. v. Composites One LLC*,
 496 F. Supp. 2d 462 (D. N.J. 2007) ................................................................... 4

*Weske v. Samsung Elec., Am., Inc.*,
 42 F. Supp. 3d 599, 608 (D. N.J. 2014) ........................................................... 11

*Weske v. Samsung Elec. Am., Inc.*,
 No. 2:10-4811, 2012 WL 833003 (D. N.J. Mar. 12, 2012) ............................ 6, 9

**RULES**

Fed. R. Civ. P. 9(b) ..................................................................................................... 10

I.     **PRELIMINARY STATEMENT**

It is telling that Plaintiffs delay until page 33 of their Opposition addressing the fundamental and inescapable flaw of their purported claims: their televisions failed more than one year after purchase, and therefore after expiration of the televisions' express warranties. Plaintiffs would prefer to talk about how long they contend televisions should last, purportedly based on unspecified "studies and reports," statements of non-parties and the "consumer television industry" in general. *See, e.g.*, Opposition, at 5-7, 22, 24 (ECF No. 42). But even if Plaintiffs would prefer not to face it, the televisions' express Limited Warranties doom Plaintiffs' claims. There is no legal basis for this Court to impose an unlimited obligation on Defendants to provide free television repairs in perpetuity. This Court should reject Plaintiffs' attempts to create a broad unlimited "express warranty" from a fragment of a statement regarding LCD Panels taken out of context.

Plaintiffs' lengthy discussion of choice of law for their purported consumer fraud claims *(Id.,* at 10-32) is entirely beside the point. Their purported claims fail no matter which state's law applies. The Amended Complaint fails to identify any statement or action by Defendants upon which Plaintiffs relied. Moreover, Plaintiffs do not allege any specific complaint that would have put Defendants on notice and required them to disclose a purported defect in the televisions' power

supply boards ("PSBs"). Plaintiffs' boilerplate allegations are insufficient under *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and fail to state a claim against Defendants.

## II.   ARGUMENT

### A.   Plaintiffs Cannot Sustain Either Express or Implied Warranty Claims

#### 1.   Plaintiffs' Warranty Claims are Barred by the Express Limited Warranties

Plaintiffs acknowledge, as they must, that their televisions came with express warranties of one year for parts and three months labor (the "Limited Warranties") and that their televisions did not fail within the one year time period of the Limited Warranties. Opposition, at 7-8. These undisputed facts are fatal to Plaintiffs' warranty claims because, as Plaintiffs concede, under New Jersey law an implied warranty is displaced by an express warranty disclaiming any other warranty. *Id.*, at 36.

Unable to claim a breach of the Limited Warranties, Plaintiffs instead ask this Court to create and impose a new, unlimited warranty based upon Plaintiffs' claimed expectations of longevity derived from various third-party websites and consumer guides. Plaintiffs assert that these sources gave them the impression that all LCD televisions are warranted for multiple years or should operate without repairs for multiple years. *Id.*, at 5-6. Though Plaintiffs do not allege that Defendants published any such materials, Plaintiffs argue that Defendants should

be held to these standards anyway because Defendants "actively promote and participate" in the television industry.[1] *Id.*, at 6, 22.

Adoption of such a claim would lead to absurd results. Plaintiffs' proposed claims would essentially create a warranty of unlimited duration across the entire television industry. Moreover, they would effectively make every manufacturer legally responsible for the marketing and promotion of the competitors in their field. This Court should reject Plaintiffs' invitation to impose a broad, unlimited "express warranty" obligation on Defendants and all other television manufacturers and distributors on such a basis.

### 2. The LCD Panel Statement is Not a Warranty of the Entire Television

In a failed attempt to manufacture a viable warranty claim against Defendants, Plaintiffs argue that the statement, "the LCD panel is manufactured to provide many years of useful life," (the "LCD Panel Statement") misleadingly represents the expected longevity of the entire television – not just the LCD panel.[2] Opposition, at 19-23.

---

[1] Precisely how Defendants "actively promote" the television industry and the basis for Plaintiffs' expectation that LCD televisions will last many years is not explained beyond conclusory statements regarding "trade associations, lobby efforts, advertising and other public communications" – none of which are ever identified. *Id.*, at 22.

[2] Plaintiffs' initial Complaint attempted to argue around the Limited Warranties by alleging that the federally-mandated EnergyGuide label constituted a multi-year warranty. Compl., at ¶¶ 16-19, 48-55, 79-91 (ECF No. 1). In

As explained in Funai Corp.'s Memorandum of Law in Support of its Motion to Dismiss (pp. 22-23), the LCD Panel Statement is clearly limited to the liquid crystal display panel (or screen) and makes no claim regarding PSBs or the television as a whole. Plaintiffs' skewed interpretation takes one-half sentence out of context and is neither reasonable nor credible. Moreover, although the LCD Panel Statement serves as the foundation for all of Plaintiffs' warranty and misrepresentation claims, Plaintiffs do not allege that they have ever actually seen this statement, which appears on page 29 of the owners' manuals. In order to be actionable as a warranty, a statement must become the "basis for the bargain." *Avram v. Samsung Elecs. Am., Inc.*, No. CIV. 2:11-6973KM, 2013 WL 3654090, at *14 (D. N.J. July 11, 2013); *Viking Yacht Co. v. Composites One LLC*, 496 F. Supp. 2d 462, 469 (D. N.J. 2007) (noting that a representation may be presumed to be part of the basis of the bargain only "once the buyer has become aware of the affirmation of fact . . . .") (internal citations and quotation marks omitted). Clearly a statement that Plaintiffs never claim to have seen cannot be the basis of any bargain with Defendants.[3]

---

response to Funai Corp.'s motion to dismiss, however, that claim was dropped from the Amended Complaint.

[3]    Furthermore, the LCD Panel Statement is factually accurate. Plaintiffs' televisions have had no issue with the LCD panels in the years Plaintiffs have owned them – both before and after the alleged defect with the power supply board. Am. Compl., ¶¶ 42-44 (ECF No. 14).

### 3. There is Nothing Unconscionable About a Product Failing After the Expiration of a Warranty Period

In a last ditch effort to save their warranty claims, Plaintiffs argue that the Limited Warranties are "unconscionable" and should not be enforced. Opposition, at 39-41. However, as explained in Funai Corp.'s Memorandum of Law in Support of its Motion to Dismiss (pp. 17-19) (ECF No. 20-1), Plaintiffs allegations, even if accepted as true, would not establish that the Limited Warranties are either procedurally or substantively unconscionable. Components of any electrical device will eventually fail. The fact that a part of the television may fail after the expiration of the Limited Warranties does not make the Limited Warranties unconscionable. To adopt Plaintiffs' overbroad view of unconscionability would essentially require manufacturers to warrant their products in perpetuity.

Not surprisingly, Plaintiffs rely exclusively on *In re Samsung DLP Television Class Action Litig.*[4] ("*Samsung*") to support the claim that the Limited Warranties are unconscionable. Opposition, at 40-41. *Samsung* is an outlier, based on authority from outside this Circuit that has been superseded by subsequent Supreme Court precedent, and should be rejected by this Court. *Samsung* relied upon the Fourth Circuit Court of Appeals' decision in *Carlson v.*

---

[4] No. CIV. 07-2141 (GEB), 2009 WL 3584352 (D. N.J. Oct. 27, 2009).

5

*Gen. Motors Corp.*[5] *Carlson* has been repudiated and its reasoning rejected by various courts in this District because it is inconsistent with the Supreme Court's later rulings in *Twombly* and *Iqbal* requiring plaintiffs to plead a plausible factual basis for their purported claims. *See Alban v. BMW of N. Am., LLC*, No. 09-5398, 2011 WL 900114, at n.8 (D. N.J. Mar. 15, 2011) (declining to follow *Samsung* and finding that "the Fourth Circuit's logic [in *Carlson*] is no longer persuasive" in light of *Iqbal* and *Twombly* and dismissing claims the warranty was unconscionable); *Weske v. Samsung Elec. Am., Inc.*, No. 2:10-4811, 2012 WL 833003, at *6 (D. N.J. Mar. 12, 2012) (dismissing plaintiffs' claims that a one year warranty was unconscionable despite allegation that defendant was aware of a defect in the cooling system); *In re Philips/Magnavox Television Litig.*, No. 09-3072, 2010 WL 3522787, at *1 (D. N.J. Sept. 1, 2010) (dismissing claims that a one year warranty on televisions was unconscionable despite defendant's alleged knowledge of a defect). Indeed, the *Alban* court found that "as a matter of law, allegations regarding [defendant's] knowledge of a defect before the expiration of his warranty cannot serve as a basis for finding that the time-limitation in his warranty is unconscionable." *Alban*, 2011 WL 900114, at * 1. It is clear that under *Twombly* and *Iqbal* the conclusory assertion that a warranty is "unconscionable" is no longer a sufficient basis to survive a motion to dismiss.

---

[5]  883 F.2d 287, 296 (4th Cir. 1989).

6

### B.   Plaintiffs' Fraud Claims Must be Dismissed

#### 1.   Plaintiffs Cannot Avail Themselves of the NJCFA

Plaintiffs simply do not have any contacts with New Jersey to give rise to claims under the New Jersey Consumer Fraud Act ("NJCFA"). Plaintiffs do not, and cannot, dispute that they have no contacts with New Jersey. Still, Plaintiffs hope to avoid the inevitable result of application of their home state laws and subsequent failure of those claims by arguing that this Court should not determine the proper state law to apply to Plaintiffs' state consumer protection claims. Opposition, at 10-12. This position is contrary to established precedent. New Jersey law is clear that when products subject to a state consumer fraud claim are purchased by nonresidents outside of New Jersey, and the only basis for application of the NJCFA is the state of incorporation of the manufacturer or distributor, the state in which the product was purchased and used has the "most significant relationship" to the litigation. *See, e.g., Avram*, 2013 WL 3654090, at *18 (listing cases). The only contact with New Jersey alleged in the Amended Complaint is the state of incorporation of one of the two Defendants. Am. Compl., ¶ 3. Under well-established law, this is insufficient to give rise to a claim under the NJCFA.

Thus, Arizona law controls Plaintiff Toms's consumer fraud claim and Florida law controls Plaintiff Oliver's consumer fraud claim. Plaintiffs tacitly

7

concede that there is a conflict between the Arizona Consumer Fraud Act and the NJCFA. Opposition, at 31. Both New Jersey courts and this Court have consistently found this to be the case. *Avram*, 2013 WL 3654090, at *15; *Cooper v. Samsung Elecs. Am. Inc.*, No. 07-3853, 2008 WL 4513924, at *7 (D. N.J. Sept. 30, 2008). Likewise, as this Court has previously determined in another case, there is a conflict between the NJCFA and the Florida consumer protection statute. *Mendez v. Avid Budget Grp., Inc.*, No. 11-6537, 2012 WL 1224708, at *9 (D. N.J. Apr. 10, 2012) (Hon. Linares, J). Both the Arizona and Florida consumer protection statutes require reliance to state a claim for any deceptive practice, including both misrepresentations and omissions. Plaintiffs do not and cannot allege reliance. As a result, these claims must be dismissed. *Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2005); *Rosa v. Amoco Oil Co.*, 262 F. Supp. 2d 1364, 1368 (S.D. Fla. 2003).

### 2. Even if the Court Were to Consider Plaintiffs' Claims Under the NJCFA, Plaintiffs' Allegations are Insufficient

Even if Plaintiffs could assert claims under the NJCFA, that would not avoid dismissal, as explained in Funai Corp.'s Memorandum of Law (pp. 30-33; detailing the numerous deficiencies in Plaintiffs' formulaic pleading of its fraud claims). Plaintiffs seek to avoid the application of that precedent by vaguely arguing that the concealment of a known defect is sufficient to support a claim under the NJCFA. Opposition, at 18-30. However, Plaintiffs' allegations do not

meet even that hypothetical standard. Plaintiffs do not allege any complaint received by Defendants prior to the sale of Plaintiffs' televisions. "Put simply, the NJCFA does not require manufacturers to disclose things they do not know." *Alban v. BMW of N. Am., LLC*, No. 09-5398, 2010 WL 3636253, at *10 (D. N.J. Sept. 8, 2010).

Nor does the Amended Complaint identify any person who received a complaint at either Defendant, any person with whom Defendants allegedly conspired to conceal the alleged defect, or how Defendants implemented this effort to conceal the alleged defect. Plaintiffs' general allegations of knowledge are plainly insufficient. "Where a complaint merely alleges conclusory assertions that a defendant knew and failed to disclose material facts, dismissal is appropriate." *Spera v. Samsung Elec. Am., Inc.*, No. 2:12-cv-05412, 2014 WL 1334256, at *7 (D.N.J. Apr. 2, 2014) *citing Weske*, 2012 WL 833003 at *5 (dismissing claim where "[p]laintiffs allege that Samsung knew of the Defect as early as 2006 because of complaints made by unspecified customers, they do not allege who at Samsung learned of these complaints and they do not identify any particular individuals who complained."); *see also Glauberzon v. Pella Corp.*, No. 10-5929 (JLL), 2011 WL 1337509, at *9 (D. N.J. Apr. 7, 2011) (Hon. Linares, J) (dismissing fraudulent concealment claim under the NJCFA where "Plaintiffs do not identify who at Pella was aware of the existence of a product-wide mullion

9

defect, when or how they learned of such defect and/or when or how the decision was made to conceal the defect from its customers-all of which are required under the Rule 9(b) pleading standard.") (citations omitted)).

Unable to allege a single complaint made to Defendants prior to the Plaintiffs' purchase of their televisions, Plaintiffs instead cite various third-party websites to insinuate that Defendants[6] must have received directly similar complaints regarding the PSBs.  Notice to third parties cannot support a cognizable NJCFA claim.  *Spera*, 2014 WL 1334256, at *7 (dismissing fraudulent concealment claim where "[t]he [c]omplaints do not pinpoint a specific time at which Samsung allegedly became aware of the purported defect. Plaintiffs' [c]omplaints allege that Samsung received an 'avalanche of consumer complaints.' However, [p]laintiffs fail to identify a particular complaint, who it was made by, who it was received by, or when it would have put Samsung on notice of the alleged defect.") (internal citations omitted).

### 3. Plaintiffs' Common Law Fraud Claim Must be Dismissed for Failure to Allege any Statement by Defendants

Plaintiffs' fraudulent concealment claims are premised on the theory that Defendants knowingly sold televisions with a defect in the power supply boards.

---

[6] Plaintiffs' failure to distinguish between Funai Electric and Funai Corp. exemplifies the paucity of specifics included in the Amended Complaint.  While Plaintiffs are correct that the strictures of Rule 9(b) are somewhat relaxed in claims of fraudulent concealment, Plaintiffs are not absolved of their obligation to identify some statement or action by each of the parties.

Even accepting Plaintiffs' allegations as true for the purposes of this Motion, the failure to disclose a defect in the televisions, without more, is insufficient to support a claim of fraudulent concealment.  Under New Jersey law, a plaintiff must allege that he or she "actually received and considered the misstatement or omission, however indirectly uttered, before he or she completed the transaction." *Kaufman v. i-Stat Corp.*, 754 A.2d 1188 (N.J. 2000).  Plaintiffs, however, do not claim to have seen or relied upon any statement by Defendants prior to purchasing their televisions, aside from vague references to unspecified "advertising materials."  Am. Compl., at ¶¶ 26-27.

Plaintiffs' failure to identify a statement made by Defendants is fatal to Plaintiffs' fraudulent concealment claim, as other courts in this District have recognized.  *Weske v. Samsung Elec., Am., Inc.*, 42 F. Supp. 3d 599, 608 (D. N.J. 2014) (dismissing fraudulent concealment claims where plaintiffs failed to allege that they "actually received" any statements from defendant); *see also Fishman v. Gen. Elec. Co.*, No. 2:12-cv-00585, 2013 WL 1845615, at *4-5 (D. N.J. Apr. 30, 2013) (dismissing fraudulent concealment where plaintiffs failed to identify what defendant's express representations were or when they were made).  In order to state a claim, Plaintiffs must identify some statement or action by Defendants that made the alleged concealment of the defect "fraudulent."  Plaintiffs, however, fail

11

to identify <u>any</u> statement by either Defendant that influenced Plaintiffs' purchasing decision.

### C. Plaintiffs' Unjust Enrichment and Civil Conspiracy Claims Must be Dismissed

The lack of privity dooms Plaintiffs' unjust enrichment claim under well-established law. *Avram*, 2013 WL 3654090, at *21 (listing cases). This Court has likewise required privity, even where a claim of unjust enrichment was pled in the alternative to an express warranty claim. *Cooper*, 2008 WL 4513924, at *10. Plaintiffs' attempt to muddy the waters on a well-settled rule of law fails. The two cases Plaintiffs cite in support of a relaxation of this requirement are readily distinguishable. Both involved alleged nationwide marketing campaigns featuring fraudulent advertising that was obviously designed to increase sales, or that plaintiffs relied upon in making their purchases. *See Lynch v. Tropicana Prods., Inc.*, No. 2:11-cv-07382, 2013 WL 2645050, at *10 (D. N.J. June 12, 2013); *Stewart v. Beam Global Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 193 (D. N.J. 2012). Neither scenario exists here.

Finally, Plaintiffs argue that Defendants acted in concert with one another to manufacture and sell allegedly defective televisions to unsuspecting consumers and that these allegations are sufficient to support a civil conspiracy claim. Opposition, at 41. However, Plaintiffs cannot allege a viable conspiracy claim against the only two remaining defendants, Funai Electric and Funai Corp., because "a parent

12

corporation and its subsidiaries are 'legally incapable of forming a conspiracy with one another.'" *Premio Foods, Inc. v. Purdue Farms*, Inc., No. 11-CV-4968, 2012 WL 3133791, at *5 (D. N.J. July 30, 2012) (citations omitted). Plaintiffs' civil conspiracy claim fails as a matter of law.

### III. CONCLUSION

Plaintiffs have now had two opportunities to state their claims against the Defendants and have utterly failed on both occasions. The Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

Dated: March 20, 2015               MORGAN, LEWIS & BOCKIUS LLP


By: *s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
502 Carnegie Center, 2nd Floor
Princeton, New Jersey 08540
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendants Funai Corporation, Inc. and Funai Electric Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 20th day of March 2015, a true and correct copy of the foregoing Reply Memorandum of Law of Funai Defendants in Further Support of Motion to Dismiss Plaintiffs' Amended Complaint was filed and served via ECF on the following:

Stefan L. Coleman
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701

Rafey S. Balabanian
Eve-Lynn Rapp
Benjamin H. Richman
EDELSON, P.C.
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

Steven L. Woodrow
Megan L. Lindsey
EDELSON, P.C.
999 West 18th Street, Suite 3000
Denver, Colorado 80202
*Attorneys for Plaintiff*

/s/ John P. Lavelle, Jr.
John P. Lavelle, Jr.