**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated et al, <br><br> Plaintiffs, <br><br> v. <br><br> FUNAI CORPORATION, INC., et al, <br><br> Defendants. | Civil Action No. 14-cv-04532 <br><br><br> ORDER |

JOSE L. LINARES, U.S.D.J.

This matter comes before the Court upon motion by Defendant, Funai Corporation, Inc., (hereinafter "Funai Corp"), (ECF No. 20), and motion by Defendant, Funai Electric Co., LTD., (hereinafter "Funai Electric"), (ECF No. 36), to dismiss Plaintiffs' amended complaint, and it appearing that:

1. This is a putative class action filed by Plaintiffs on July 17, 2014 seeking relief for defective televisions purchased. (ECF No. 1).

2. Plaintiffs filed a twelve count Amended Complaint on October 20, 2014. Pertinent to this Order are Counts I, II, III, VI, VIII, X, and XI. Count I is a for fraudulent concealment while Count II alleges violations of various Consumer Fraud Statutes, namely, New Jersey, Arizona, and Florida. Count III provides an alternative theory of recovery via unjust enrichment. Count VI is for civil conspiracy. Finally, Counts VIII, X, and XI seek relief for breach of express warranty, breach of implied warranty, and thus, a violation of the Magnusson Moss Warranty Act. (15 U.S.C. §§ 2301).

3. On December 1, 2014, Defendant, Funai Corp filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. Defendant, Funai Electric, filed its corresponding Motion to Dismiss on January 8, 2015 pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

5. With regard to Funai Electric's personal jurisdiction arguments, this Court entered an Order dated February 17, 2015 which stayed the briefing on this challenge as the Parties have agreed that jurisdictional discovery may be needed. (Order, ECF No. 40, ¶6). Said Order also altered the briefing schedule for the 12(b)(6) Motions at the joint request of the Parties. (Id.).

6. The pending Motions to Dismiss were fully briefed as of March 20, 2015.

7. Upon review of the papers submitted in conjunction with these Motions, the Court notes that New Jersey, Arizona, and Florida each have an interest in this matter as the Plaintiffs and Defendant, Funai Corp, are/were domiciled there. However, the Court observed a number of crucial omissions from both Plaintiffs' and Defendants' briefs, particularly regarding the necessary choice of law analysis pertinent to this case.

8. In order to resolve the pending Motions to Dismiss, because Plaintiffs have asserted various state law claims, the Court must consider which state's applicable laws should in fact apply. A district court must apply the choice of law rules of the forum in which the court sits. *See Thabault v. Chait,* 541 F.3d 512, 535 (3d Cir.2008). In New Jersey, the relevant test is the "most significant relationship" test of the Restatement (Second) of Conflict of Laws, which has two steps: checking for an "actual conflict" and determining the "most significant relationship." *P.V. v. Camp Jaycee,* 197 N.J. 132, 142–44, 962 A.2d 453 (2008).

9. Plaintiffs argue that it is too premature to conduct the choice of law analysis given the early procedural postural of this case but fail to clearly note which facts (not within the Plaintiffs' full control) are yet to be revealed through discovery. Defendants, although vaguely, do not agree, arguing that necessary facts for a choice of law analysis are wholly present within the Amended Complaint. Thus, the Court must determine if it is capable of completing this "fact-intensive" analysis on only the pleadings. *See Harper v. LG Elecs. USA, Inc.,* 595 F.Supp.2d 486 (D.N.J.2009).[1]

---

[1] Indeed, courts in this circuit and district routinely find that the facts are sufficiently developed to conduct the choice of law analysis at the motion to dismiss stage, but have also found the alternative. *Cooper v. Samsung Electronics Am., Inc.,* 374 F. App'x 250, 255 n. 3 (3d Cir. 2010) (rejecting argument that district court erred by addressing choice of law issue at motion to dismiss stage); *Arlandson v. Hartz Mountain Corp.,* 792 F. Supp. 2d 691, 705, 709 (D.N.J. 2011) (finding the record sufficiently developed to conduct the choice of law analysis for fraud claims but not contract claims).

10. Funai Corp's Motion to Dismiss seeks dismissal of seven counts of the Amended Complaint. However, the Parties only proffer choice of law arguments for two counts, namely, Plaintiffs' consumer fraud claims (Count II) and Plaintiffs' breach of implied warranty of merchantability claims (Count XI). The Parties, without explanation, erroneously appear to brief the remaining Counts using New Jersey law in connection with this pending Motion to Dismiss.

**THEREFORE IT IS** on this __9__ day of April, 2015,

**ORDERED** that Funai Corp's Motion to Dismiss, (ECF No. 20), is **administratively terminated without prejudice**; and it is further

**ORDERED** that Funai Electric's Motion to Dismiss, (ECF No. 36), is **administratively terminated without prejudice**; and it is further

**ORDERED** that Defendants shall have until April 24, 2015 to refile their respective Motions to Dismiss and address the choice of law issues, including both whether there is a conflict, as well as any factual inquiries for each Count they seek dismissal of; and it is further

**ORDERED** that Plaintiffs' opposition papers to said Motions to Dismiss, due by May 4, 2015, shall address each Count's choice of law issue, including both whether there is a conflict, as well as which (if any) factual inquiries relevant to choice of law determinations remain for discovery, given the procedural posture of this case; and it is further

**ORDERED** that Plaintiffs shall also address Defendant, Funai Electric's argument that Funai Corp and Funai Electric are indistinguishable from the face of the Amended Complaint therefore violating Fed. R. Civ. P. 9(b).[2]

**IT IS SO ORDERED.**

JOSE L. LINARES, U.S.D.J.

---

[2] The Court notes this argument was not addressed in Plaintiffs' previous opposition. (*See* ECF No. 42).