# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiffs,* | ) Civil Action No.: 2:14-cv-4532(JLL)(JAD) ) |
| v. | ) ) CLASS ACTION |
| FUNAI CORPORATION, INC., a New Jersey corporation, and FUNAI ELECTRIC CO., LTD., a Japanese corporation. | ) ) ) ) ) |
| *Defendants.* | ) ) ) |

---

## MEMORANDUM OF LAW IN SUPPORT OF FUNAI CORPORATION, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

John P. Lavelle, Jr.
New Jersey Attorney I.D. No. 004891989
**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-6241
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorney for Defendant*
*Funai Corporation, Inc.*

Dated:  April 24, 2015

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ....................................................................1

II.  PROCEDURAL HISTORY ........................................................................4

III. STATEMENT OF FACTS .........................................................................7

    A.   The Televisions At Issue .....................................................................7

    B.   The Alleged Representation Concerning Lifespan Of
        Televisions............................................................................................8

        1.   The LCD Screen Statement .......................................................8

        2.   Plaintiffs' Allegations of Omission ...........................................9

    C.   The Express Limited Warranties For The Televisions ......................10

IV.  ARGUMENT...........................................................................................11

    A.   Legal Standard for Motion to Dismiss Under Fed. R. Civ. P.
        12(b)(6), 8(a) and 9(b)........................................................................11

    B.   Choice of Law ...................................................................................13

        1.   It Is Appropriate To Address Choice of Law At The
            Motion To Dismiss Stage.........................................................14

        2.   Application of New Jersey's Choice of Law Rules to the
            Causes of Action in the First Amended Complaint .................17

            a.   Common Law Fraudulent Concealment (Count I)........18

            b.   State Consumer Protection Claims (Count II)...............20

            c.   Unjust Enrichment (Count III) ......................................22

            d.   Civil Conspiracy (Count VI) ........................................22

            e.   Violation of the Magnuson-Moss Warranty Act, 15
               U.S.C. §§ 2301, et seq. (Count VIII).............................24

            f.   Breach of Express Warranty (Count X) .......................24

            g.   Breach of the Implied Warranty of Merchantability
               (Count XI)......................................................................27

    C.   Plaintiffs' Breach of Warranty Causes of Action Fail To State
        A Claim Under Fed. R. Civ. P. 12(b)(6) ...........................................29

        1.   Plaintiffs' Claims are Barred by the Limited Warranties ........29

| | | |
|---|---|---|
| | 2. | Plaintiffs' Lack the Requisite Privity Under Florida and Arizona Law for a Breach of Implied Warranty Claim..........32 |
| D. | | Plaintiffs' Assertions of Unconscionability are Insufficient to Rescue the Warranty Claims ..............................................33 |
| E. | | Funai Corp. Made No Actionable Statement That The Televisions Would Last For More Than One Year............................36 |
| | 1. | The LCD Screen Statement is Clearly Related to the LCD Screen Only......................................................36 |
| | 2. | Plaintiffs' Alleged "Defect" Cannot Support a Fraudulent Concealment Claim..................................................39 |
| F. | | Plaintiffs Consumer Fraud Claims are Factually and Legally Insufficient.........................................................41 |
| | 1. | Plaintiffs' Claims Fail Under the Arizona and Florida Consumer Protection Statutes..................................43 |
| G. | | Plaintiffs' Claims Alleging Fraud Fail to Meet the Heightened Pleading Standard of Rule 9(b) .........................................44 |
| H. | | Plaintiffs' Unjust Enrichment Claim Fails As A Matter Of Law ......47 |
| I. | | Plaintiffs' Civil Conspiracy Claim Fails As A Matter Of Law .........48 |
| V. | | CONCLUSION......................................................................50 |

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Advantor Sys. Corp. v. DRS Technical Servs., Inc.*,
  No. 6:14-CV-533-ORL-31, 2014 WL 3747667 (M.D. Fla. July 29, 2014).......49

*Agostino v. Quest Diagnostics Inc.*,
  256 F.R.D. 437 (D. N.J. 2009)...........................................................................22

*Arcand v. Brother Int'l Corp.*,
  673 F. Supp. 2d 282 (D. N.J. 2009)...................................................18, 19, 40, 41

*Arlandson v. Hartz Mountain Corp.*,
  792 F. Supp. 2d 691 (D. N.J. 2011).......................................................17, 22, 38

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................11, 38

*Avram v. Samsung Elecs Am., Inc.*,
  No. CIV. 2:11-6973, 2013 WL 3654090 (D. N.J. July 11, 2013)..........25, 27, 28

*Bailey v. Monaco Coach Corp.*,
  350 F. Supp. 2d 1036 (N.D. Ga. 2004).............................................................31

*Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*,
  296 F.3d 164 (3d Cir. 2002) ...................................................................3, 13, 44

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................11, 12

*Berman v. Gurwicz*,
  189 N.J. Super. 89, 458 A.2d 1211 (Ch. Div. 1981) .........................................40

*Berman v. Gurwicz*,
  458 A.2d 1311 (N.J. Super. Ct. 1981) .............................................................19

*Bianchi v. Lazy Days R.V. Ctr. Inc.*,
  No. 06-1979, 2007 WL 1959268 (D. N.J. July 5, 2007) ....................................39

*Coleman v. Watts*,
87 F. Supp. 2d 944 (D. Ariz. 1998) ..................................................................19

*Cooper v. Samsung Elec. Am., Inc.*,
No. 07-3853, 2008 WL 4513924 (D. N.J. Sept. 30, 2008) (Linares, J) ......passim

*Daugherty v. Am. Honda Motor Co.*,
51 Cal. Rptr. 3d 118 (Cal. Ct. App. 2006)..........................................................31

*Delaney v. Am. Express Co.*,
No. 06-5134, 2007 WL 1420766 (D. N.J. May 11, 2007) ...........................23, 49

*Dewey v. Volkswagen AG*,
558 F. Supp. 2d 505 (D. N.J. 2008).............................................................38, 46

*Donachy v. Intrawest U.S. Holdings, Inc.*,
No. 10-4038, 2012 WL 869007 (D. N.J. Mar. 14, 2012) ...................................39

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
66 F.3d 604 (3d Cir. 1995) ..........................................................................29, 31

*Durso v. Samsung Elecs. Am., Inc.*,
No. 2:12-CV-05352 DMC, 2013 WL 5947005 (D. N.J. Nov. 6, 2013).......17, 33

*Dzielak v. Whirlpool Corp.*,
26 F. Supp. 3d 304, 327 (D. N.J. 2014)........................................................27, 28

*Feldman v. Mercedes–Benz USA, LLC*,
2:11–CV–00984 WJM, 2012 WL 6596830 (D. N.J. Dec. 18, 2012)...........15, 16

*Fields v. Mylan Pharms, Inc.*,
751 F. Supp. 2d 1257 (N.D. Fla. 2009) ..............................................................25

*Fishman v. Gen. Elec. Co.*,
No. 2:12-cv-00585, 2013 WL 1845615 (D. N.J. Apr. 30, 2013) .......................48

*Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam Cnty.*,
616 So.2d 562 (Fla. Ct. App. 1993)....................................................................23

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) ...............................................................45

*Gainesville Health Care Ctr., Inc. v. Weston*,
  857 So. 2d 278 (Fla. Dist. Ct. App. 2003) ...........................................34

*Gennari v. Weichert Co. Realtors*,
  691 A.2d 350 (N.J. 1997) ...................................................................18

*Glauberzon v. Pella Corp.*,
  No. 10-5929, 2011 WL 1337509 (D. N.J. Apr. 7, 2011) ....................46

*Glushakow v. Boyarsky*,
  No. 11-2917, 2011 WL 3625072 (D. N.J. Aug. 15, 2011)..................46

*Gray v. BMW of North Am., LLC*,
  22 F. Supp. 3d 373, 380 (D. N.J. 2014)........................................15, 16

*Gutter v. Wunker*,
  631 So. 2d 1117 (Fla. Ct. App. 1994).................................................19

*Harper v. LG Elecs. USA, Inc.*,
  595 F. Supp. 2d 486 (D. N.J. 2009)..............................................14, 17

*Haugland v. Winnebago Indus.*,
  327 F. Supp. 2d 1092 (D. Ariz. 2004) ................................................32

*Henderson v. Volvo Cars of N. Am., LLC*,
  No. 09-4146, 2010 WL 2925913 (D. N.J. July 21, 2010) ..................46

*Hevey v. Ford Motor Co.*,
  No. 12-14257, 2013 WL 4496255 (E.D. Mich. Aug. 21, 2013) .........43

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
  No. CIV.A. 11-1857 DMC, 2012 WL 5554543 (D. N.J. Nov. 14, 2012)..........22

*In re Advanta Corp. Sec. Litig.*,
  180 F.3d 525 (3d Cir. 1999) ...............................................................13

*In re Ford Motor Co. Ignition Switch Prods. Liability Litig.*,
  19 F. Supp. 2d 263 (D. N.J. 1998)................................................................24, 32

*In re Mercedes–Benz Tele Aid Contract Litig.*,
  257 F.R.D. 46 (D. N.J. 2009)...............................................................................22

*In re Philips/Magnavox Television Litig.*,
  No. 09-3072, 2010 WL 3522787 (D. N.J. Sept. 1, 2010)................13, 34, 35, 47

*In re Suprema Specialties, Inc. Sec. Litig.*,
  438 F.3d 256 (3d Cir. 2006) ................................................................................12

*In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.*,
  No. 08-939, 2009 WL 2940081 (D. N.J. Sept. 11, 2009)....................................39

*Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck &
  Co.*,
  929 A.2d 1076 (N.J. 2007) ..................................................................................20

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
  313 U.S. 487 (1941)..............................................................................................13

*Klein v. Gen. Nutrition Cos. Inc.*,
  186 F.3d 338 (3d Cir. 1999) ................................................................................45

*Klinger v. Hummel*,
  464 P.2d 676 (Az. Ct. App. 1970) .......................................................................20

*Kuehn v. Stanley*,
  91 P.3d 346 (Ariz. Ct. App. 2005)..................................................................20, 43

*Licul v. Volkswagen Grp. of Am., Inc.*,
  No. 13-61686-CIV, 2013 WL 6328734 (S.D. Fla. Dec. 5, 2013) ....31, 34, 35, 42

*Lightning Lube, Inc. v. Witco Corp.*,
  4 F.3d 1153 (3d Cir. 1993) ..................................................................................40

*Lum v. Bank of Am.*,
  361 F.3d 217 (3d Cir. 2004) ................................................................................45

*Maxwell v. First United Bank*,
    782 So. 2d 931 (Fla. 4th DCA 2001)...............................................................20

*McCalley v. Samsung Elec. Am., Inc.*,
    No. 07-2141, 2008 WL 878402 (D. N.J. Mar. 31, 2008).....................24, 30, 31

*McKissic v. Country Coach, Inc.*,
    No. 8:07-cv-1488-T-17EAJ, 2008 WL 616093 (M.D. Fla. Mar. 3, 2008) ........32

*Mendez v. Avis Budget Grp., Inc.*,
    No. 11-6537, 2012 WL 1224708 (D. N.J. Apr. 10, 2012) (Hon. Linares,
    J.).....................................................................................................................21, 27

*Mercedes-Benz USA, LLC v. ATX Grp., Inc.*,
    No. CIV. 08-3529 (WHW), 2010 WL 3283544 (D. N.J. Aug. 18, 2010)..........49

*Mesa v. BMW of N. Am., LLC*,
    904 So. 2d 450 (Fla. Ct. App. 2005)...............................................................26

*Mickens v. Ford Motor Co.*,
    No. 10-cv-05842, 2011 WL 3444055 (D. N.J. Aug. 5, 2011)............................46

*Montich v. Miele USA, Inc.*,
    849 F. Supp. 2d 439 (D. N.J. 2012).......................................................15, 16, 17

*Morano v. BMW of N. Am., LLC*,
    928 F. Supp. 2d 826 (D. N.J. 2013)...................................................................25

*Moser v. Milner Hotels, Inc.*,
    78 A.2d 393 (N.J. 1951) ...................................................................................48

*N.J. Transit Corp. v. Harsco Corp.*,
    497 F. 3d 323 (3rd Cir. 2007) ...........................................................................30

*Nami v. Fauver*,
    82 F.3d 63 (3d Cir. 1996) ...................................................................................7

*New Jersey Econ. Dev. Auth. v. Pavonia Rest., Inc.*,
    725 A.2d 1133 (N.J. Super. Ct. 1998) ...............................................................19

*Nobile v. Ford Motor Co.*,
No. 10-1890, 2011 WL 900119 (D. N.J. Mar. 14, 2011) .............................45, 46

*Patetta v. Wells Fargo Bank, NA*,
No. 3:09-cv-2848, 2009 WL 2905450 (D. N.J. Sept. 10, 2009) ........................46

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
998 F.2d 1192 (3d Cir. 1993) ..............................................................................10

*Perkins v. DaimlerChrysler Corp.*,
383 N.J. Super. 99, 890 A.2d 997 (App. Div. 2006) ..........................................42

*Premio Foods, Inc. v. Purdue Farms, Inc.*,
No. 11-CV-4968, 2012 WL 3133791 (D. N.J. July 30, 2012) ...........................49

*Raimi v. Furlon*,
702 So.2d 1273 (Fla. 3d DCA 1998) ...................................................................48

*Rosa v. Amoco Oil Co.*,
262 F. Supp. 2d 1364 (S.D. Fla. 2003) ..........................................................21, 44

*Rowe v. Hoffman-La Roche, Inc.*,
917 A.2d 767 (N.J. 2007) ......................................................................20, 22, 23

*Rowland v. Union Hills Country Club*,
157 Ariz. 301, 757 P.2d 105 (Ariz. Ct. App. 1988) ...........................................23

*Sitogum Holdings, Inc. v. Ropes*,
352 N.J. Super. 555 (Ch. Div. 2002) ...................................................................34

*Skeen v. BMW of N. Am., LLC*,
No. 2:13-CV-1531-WHW-CLW, 2014 WL 283628 (D. N.J. Jan. 24,
2014) ....................................................................................................................14

*Snyder v. Farnam Cos.*,
792 F. Supp. 2d 712 (D. N.J. 2011) .....................................................................17

*T.W.M. v. American Med. Sys.*,
886 F. Supp. 842 (N.D. Fla. 1995) ......................................................................25

*Universal Inv. Co. v. Sahara Motor Inn, Inc.*,
   619 P.2d 485 (Az. Ct. App. 1980) ....................................................20

*VRG Corp. v. GKN* Realty Corp., 641 A.2d 519 (N.J. 1994)................................47

*Walters v. Blankenship*,
   931 So. 2d 137 (Fla. Ct. App. 2006)..................................................23

*Warriner v. Stanton*,
   475 F.3d 497 (3d Cir. 2007) ...........................................................13

*Williams v. Stone*,
   109 F.3d 890 (3d Cir. 1997) ...........................................................24

*Winslow v. Corporate Express, Inc.*,
   834 A.2d 1037 (N.J. Super. Ct. 2003) ...............................................19

**STATUTES**

15 U.S.C. §§ 2301, et seq...................................................................24

Ariz. Rev. Stat. Ann. § 47-2317.........................................................30

Ariz. Rev. Stat. Ann. § 47–2313.........................................................25

FL. ST. § 672.317 ...........................................................................30

Fla. Stat. Ann. § 501.204 *et seq.* .......................................................6

N.J. Stat. Ann. § 12A:2–313 ............................................................25

N.J. Stat. § 12A:2-317 ....................................................................30

N.J. Stat. §§ 56:8-1, *et seq.* ...........................................................4, 6

Re. Stat. Ann. § 44-1522 *et seq.* .....................................................6, 20

**RULES**

Fed. R. Civ. P. 8(a)..........................................................................12

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Fed. R. Civ. P. 9(b) ................................................................................passim

Fed. R. Civ. P. 12(b)(6)...........................................................................passim

Fed. R. Civ. P. 41 ..........................................................................................5

**OTHER AUTHORITIES**

Restatement (2nd) of Conflict of Laws..................................................20, 21, 26, 27

## I.    PRELIMINARY STATEMENT

This is a putative class action filed by two individual plaintiffs alleging that their Emerson/Magnavox flat screen televisions failed due to defects in the power supply boards.  Both of these plaintiffs allege that their televisions failed more than one year after purchase.  Plaintiffs acknowledge that Defendant Funai Corporation, Inc. ("Funai Corp.") provided an express limited warranty with their televisions. And Plaintiffs acknowledge that their televisions failed **after expiration** of the one year time period of that warranty.

The Amended Complaint is the second attempt by Plaintiffs Norma Oliver and Matt Toms (collectively "Plaintiffs") to concoct a judicially-imposed warranty extending for multiple years.   Understandably, Plaintiffs have abandoned the spurious contention made in their original Complaint (the "Complaint") that Funai Corp.'s use of the federally-mandated EnergyGuide label disclosing the "Estimated Yearly Energy Cost" to operate the television somehow constituted a misrepresentation that the television "will last for years."  Compl., ECF No. 1, ¶¶ 16, 18.  Plaintiffs have pled no new facts, however, in their Amended Complaint. Instead, they have doubled down on hyperbolic rhetoric while adding another defendant and several new purported legal claims. Apparently, Plaintiffs hope that bluster can pass for substance and get them past a Motion to Dismiss.

Plaintiffs' efforts are unavailing, and their Amended Complaint is fatally, irremediably flawed. This Court should apply the time period limitation established in the express limited warranty, and dismiss on that basis Plaintiffs' claims for violation of the Magnuson-Moss Warranty Act (Count VIII), breach of express warranty (Count X) and breach of implied warranty of merchantability (Count XI).

Plaintiffs cannot create a multi-year warranty from a statement in the television owners' manuals that "the LCD panel is manufactured to provide many years of useful life." Am. Compl., ECF No. 14, ¶ 26. On its face, this alleged statement does not warrant or represent that the television units or their power supply boards will function for multiple years. Indeed, the statement, taken out of context by Plaintiffs, is clearly about the LCD screen[1] ("This is not to be considered a defect in the LCD screen") and its pixels ("Occasionally a few non active pixels may appear…"), not the television unit as a whole or its power supply. Moreover, Plaintiffs do not allege that they have ever viewed the statement – much less that they relied upon this statement. Thus, Plaintiffs' Magnuson-Moss (Count VIII) and breach of express warranty (Count X) and

---

[1] Plaintiffs variably refer to statements regarding the "LCD Panel" and the "LCD Screen" contained within the service manuals and owners' manuals, respectively. Reference in this memorandum is limited to the "LCD Screen" statement in the owners' manuals as Plaintiffs do not allege they have ever seen the service manuals for the televisions.

breach of implied warranty of merchantability (Count XI) should be dismissed for this reason as well.

Plaintiffs' Amended Complaint also fails to satisfy fundamental requirements for its purported consumer fraud claims (Count II) and unjust enrichment claim (Count III). Neither of the Plaintiffs is a New Jersey resident, and neither alleges purchase of a television in New Jersey or directly from Funai Corp. Plaintiffs' alternative claims under the consumer fraud statutes of Arizona and Florida are unavailing because Plaintiffs fail to plead reliance on a misrepresentation.

Plaintiffs also fail to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b) applicable to the purported consumer fraud and fraudulent concealment claims. Plaintiffs' Amended Complaint, like their original Complaint, lacks the required "precise allegations of date, time, or place" or any "means of injecting precision and some measure of substantiation . . . . " *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n. 10 (3d Cir. 2002) (citations and quotation marks omitted). Nor have Plaintiffs pled facts that would give rise to a duty to inform them specifically that some television components could fail after the warranty period. As such, Plaintiffs' state consumer protection claims (Count II) and claims for fraudulent concealment must be dismissed (Count I).

Finally, Plaintiffs' conclusory civil conspiracy claim (Count VI) adds nothing, is wholly derivative of Plaintiffs' inadequate substantive claims, and must be dismissed.

Plaintiffs have now had two opportunities to plead their claims and have failed to allege any facts sufficient to sustain a cause of action. Plaintiffs' Amended Complaint should be dismissed with prejudice.

## II.    PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a Complaint on July 17, 2014 solely against Funai Corp. regarding allegedly deficient power supply boards in two specific models of Funai televisions. The Complaint asserted seven causes of actions: violation of the Magnuson-Moss Warranty Act; violation of the New Jersey Consumer Fraud Act, N.J. Stat. §§56:8-1, *et seq.*; negligent and intentional misrepresentation; breach of express warranty; breach of implied warranty of merchantability; and unjust enrichment.

Plaintiffs' allegations in the Complaint centered on two purported misrepresentations made by Funai Corp.: (1) a statement in the televisions owners' manuals that "the LCD panel is manufactured to provide many years of useful life," and (2) the use of the federally-mandated EnergyGuide label disclosing the "Estimated Yearly Energy Cost" to operate the television which, plaintiffs contended, represented a minimum lifespan of the televisions. Compl., ¶¶ 17, 20.

On September 3, 2014, Funai Corp. moved to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. Rules 12(b)(6) and 9(b).

Rather than respond to Funai Corp.'s Motion to Dismiss, on October 20, 2014, Plaintiffs filed an Amended Complaint (the "Amended Complaint"). Notably, Plaintiffs' Amended Complaint contains no new substantive factual allegations. To the contrary, in the Amended Complaint, Plaintiffs withdrew their previous averments that the federally-mandated EnergyGuide label constituted a misrepresentation that the televisions will "last for years." Plaintiffs now premise their misrepresentation claims on the LCD screen statement alone. In addition, Plaintiffs have recast their previous allegations that Funai Corp. knew about an alleged defect in the power supply boards as the purported basis for a fraudulent concealment claim.

The Amended Complaint also added three additional defendants, Funai Electric Co., Ltd. ("Funai Electric"), Target Corp. ("Target"), and Wal-Mart Stores, Inc. ("Wal-Mart"), as well as a cause of action for civil conspiracy. Plaintiffs subsequently dismissed Target and Wal-Mart, leaving Funai Corp. and Funai Electric as the sole defendants.[2] Plaintiffs attempt to assert claims for: Fraudulent Concealment (Amended Count I), alleged violations of the Arizona

---

[2]     On January 2, 2015, Plaintiffs filed a joint stipulation with defendants pursuant to Fed. R. Civ. P. 41 dismissing Wal-Mart and Target without prejudice. The dismissal order was approved on January 5, 2015. ECF No. 35.

Consumer Fraud Act, Re. Stat. Ann. § 44-1522 *et seq*., the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204 *et seq*., and the New Jersey Consumer Fraud Act N.J. Stat. §§ 56:8-1, *et seq*. (Amended Count II), Restitution/Unjust Enrichment (Amended Count III), Civil Conspiracy (Amended Count VI), violation of the Magnuson-Moss Warranty Act (Amended Count VIII), Breach of Express Warranty (Amended Count X), and Breach of the Implied Warranty of Merchantability (Amended Count XI).

On December 1, 2014, Funai Corp. filed a Motion to Dismiss Plaintiffs' Amended Complaint. Funai Electric filed its corresponding Motion to Dismiss on January 8, 2015. This Court entered an Order dated February 17, 2015 which stayed briefing on Funai Electric's personal jurisdiction arguments and set a briefing schedule for the remaining arguments in the Defendants' Motions to Dismiss. The Motions to Dismiss were fully briefed as of March 20, 2015.

On April 9, 2015, this Court entered an Order which administratively terminated the Motions to Dismiss without prejudice. The Order required Defendants to refile the Motions to address whether the Court can resolve the choice of law issues at this stage of proceedings and to "address the choice of law issues, including both whether there is a conflict, as well as any factual inquiries for each Count they seek dismissal of [.]" April 9, 2015 Order at pp. 2-3 (ECF No. 50).

## III.   STATEMENT OF FACTS

### A.   The Televisions At Issue.

Funai Corp. is a distributor[3] and seller of liquid crystal display ("LCD")

televisions, including televisions sold under the Funai, Emerson, and Magnavox

brands. Am. Compl., ¶¶ 3, 7, 15.  LCD televisions are comprised of several

different components, including a display panel (LCD and its controller) as well as

a power supply board ("PSB") which regulates and routes electricity for the LCD

panel. *Id.*, ¶¶ 21, 22.  Plaintiffs generally allege that "Funai opted to manufacture

its Defective TVs with low-quality (and likely low cost) PSBs," which over time

causes loss of picture quality "and eventually the complete failure of the TVs." *Id.*,

¶ 23.

Plaintiff Norma Oliver, who lives in Massachusetts, alleges that she

purchased an Emerson LC320EM32 television in May 2012 from a Wal-Mart store

in Florida for $229. *Id.*, ¶ 35.  She alleges that her television failed seventeen

months later, in October 2013. *Id.*, ¶ 36.  She alleges that Funai Corp.

acknowledged that "the likely cause of the TV's failure was a faulty PSB" but

---

[3]      For purposes of this motion only, Funai Corp. sets forth the facts as pled by
Plaintiffs in the Amended Complaint. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.
1996) (holding that the Court must accept well-pleaded factual allegations of
Complaint as true on motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  However,
Funai Corp. does not concede the accuracy of the Plaintiffs' allegations as the
Amended Complaint confusingly does not distinguish between Funai Corp. and
Funai Electric (as noted in the Court's April 9, 2015 Order at p. 3).

Funai Corp. refused to provide a replacement television or PSB without cost. *Id.*

She claims to have incurred a total of $85.57 to repair the PSB. *Id.*, ¶¶ 37-39.

Plaintiff Matt Toms, who lives in Arizona, alleges that he purchased a

Magnavox 32MF301B television in September 2012 "from a local Target store"

for approximately $200. *Id.*, ¶ 40. He alleges that his television failed sixteen

months later, in January 2014. *Id.*, ¶ 41. He claims to have repaired the

television with a replacement PSB he purchased for $72. *Id.*, ¶ 42. He does not

allege that he ever notified Funai Corp. or any other defendant of the failure of his

television, much less that either defendant refused to repair it.

### B. <u>The Alleged Representation Concerning Lifespan Of Televisions.</u>

#### 1. <u>The LCD Screen Statement</u>

Plaintiffs generally allege that "modern LCD TVs are expected to last for

tens of thousands of hours." Am. Compl., Heading II. As support for this

assertion, Plaintiffs cite "academic articles and consumer buying guides" authored

by eBay, LCDTVBuyingGuide.com, and various other non-parties to this

litigation. *Id.*, ¶¶ 18-19. Notably, much of the support cited for this premise refers

to the longevity of the LCD "displays" – not the televisions as a whole. Plaintiffs

do not allege any statement by Funai Corp. or Funai Electric that the television

units "are expected to last for tens of thousands of hours."

Plaintiffs allege that "Funai" deceives customers by "misrepresenting the useful life of the televisions and otherwise representing that the Defective TVs are of good quality in their advertising materials." *Id.*, ¶ 27. Plaintiffs, however, do not identify any such advertising materials or representations. Instead, Plaintiffs point to statements in the product manuals for the Emerson/Magnavox televisions noting that the LCD screen is manufactured to "provide many years of useful life" and claim these statements were designed to "reassure customers that the TV has been built to last for years[.]" *Id.*, ¶ 26. The complete statement, which appears in a "Note" at the bottom of page 29 of the product manuals, is:

> The LCD screen is manufactured to provide many years of useful life. Occasionally a few non active pixels may appear as a fixed point of blue, green or red.
> This is not to be considered a defect in the LCD screen.

*See* Lavelle Decl., Exhs. A & B at p. 29. Plaintiffs do not allege that they read the manuals' LCD screen statement prior to purchasing the televisions or that they relied on the statement in any way in making their purchases. Plaintiffs do not cite any statement concerning the television units themselves or their PSBs.

### 2.    Plaintiffs' Allegations of Omission

In addition to the allegedly misleading LCD Screen statement, Plaintiffs claim that Funai Corp. has created an expectation among consumers of longer television life through the omission of information. Specifically, Plaintiffs allege that Funai Corp. concealed the use of power supply boards "that degrade more

rapidly than industry standard PSBs (the 'Defect')."  Am. Compl., ¶¶ 9, 25-26.

Plaintiffs do not assert how Funai Corp. has "taken steps to conceal the Defect

from consumer" aside from failing to disclose the purported Defect in marketing

materials which "trump up and falsely inflate the supposed superior quality" of the

televisions.  *Id.*, at ¶ 10.  Plaintiffs, however, do not ever identify any of these

marketing materials or allege that they ever viewed or relied on any marketing

materials whatsoever in making their television purchases.

### C. The Express Limited Warranties For The Televisions.

The owner's manuals for Plaintiffs' Emerson and Magnavox televisions

each contained substantively identical express written warranties extending one

year for parts and ninety days for labor.  *See* Lavelle Decl., Exhs. A & B at p. 33

(hereinafter, the "Limited Warranties").[4]  The Limited Warranties comprise an

entire page of the manuals and appear in large font with key terms bolded and

capitalized. The Limited Warranties set forth the terms of coverage and the

---

[4]     Though Plaintiffs did not attach the user manuals for the
Emerson/Magnavox televisions to the Amended Complaint, the Court may rely
upon the manuals (and the express Limited Warranties they contain) in considering
Defendant's Motion to Dismiss as Plaintiffs' Amended Complaint repeatedly
references and relies upon the manuals (*see, e.g.,* Am. Compl., ¶¶ 8, 26, 59, 78,
117, 122, 123, 129, 156) to support their claims.  *Pension Benefit Guar. Corp. v.
White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that
a court may consider an undisputedly authentic document that a defendant attaches
as an exhibit to a motion to dismiss if the plaintiff's claims are based on the
document.") (citations omitted).

obligations of Funai – specifically, ninety days coverage for labor and one year coverage for parts. The Limited Warranties further state:

> WHO IS COVERED: This product warranty is issued to the original purchaser or the person receiving the product as a gift against defects in materials and workmanship as based on the date of original purchase ("Warranty Period")….

> WHAT IS COVERED: This warranty covers new products if a defect in material or workmanship occurs and a valid claim is received within the Warranty Period…

> REPAIR OR REPLACEMENT AS PROVIDED UNDER THIS WARRANTY IS THE EXCLUSIVE REMEDY FOR THE CONSUMER, WITH THE ISSUING COMPANY NOT LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR BREACH OF ANY EXPRESS OR IMPLIED WARRANTY ON THIS PRODUCT. EXCEPT TO THE EXTENT PROHIBITED BY APPLICABLE LAW, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ON THIS PRODUCT IS LIMITED IN DURATION TO THE DURATION OF THIS WARRANTY.

*Id.* Plaintiffs do not allege that they relied on this warranty language, or any representations concerning the warranty, in making their purchases.

## IV. ARGUMENT

### A. Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), 8(a) and 9(b).

A court must dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the complaint fails to state a claim with sufficient factual detail that, if assumed to be true, would allow the court to reasonably infer liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 556, 570 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")). Fed. R. Civ. P. 8(a) demands that plaintiffs allege "more than a sheer possibility that a defendant has acted unlawfully" and "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555, 556) (internal citation omitted). A complaint that alleges mere "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiffs' causes of action under the various state consumer protection statutes and for common law fraudulent concealment are required to be pled under the heightened standard of Rule 9(b) as they each contain "averments of fraud or mistake." *See, e.g., In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The requirements of Rule 9(b) are not satisfied unless the complaint describes "the alleged fraud with precise allegations of date, time, or place or by using some means of injecting precision and some measure of substantiation into their

allegations of fraud." *Bd. of Trs. of Teamsters Local 863 Pension Fund*, 296 F.3d at 173 n. 10 (citations and quotation marks). Thus, Plaintiffs' Amended Complaint must provide "the who, what, when, where, and how" describing the allegedly fraudulent conduct to sustain causes of action under the state consumer protection statutes and common law fraudulent concealment. *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (citation and quotation marks omitted).

## B.  **Choice of Law.**

A district court must apply the choice of law rules of the forum in which the court sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *see also Warriner v. Stanton*, 475 F.3d 497, 499-500 (3d Cir. 2007). New Jersey follows the "most significant relationship" test, under which the court determines if a true conflict exists between the laws of the states (i.e., one that would change the case's outcome), the court then determines which state has the "most significant relationship" to the claim. *In re Philips/Magnavox Television Litig.*, No. 09-3072, 2010 WL 3522787 at *8 (D. N.J. Sept. 1, 2010) (citation and quotation marks omitted); April 9, 2015 Order, at ¶ 8. The factors considered by a New Jersey court are set forth in the Restatement (2nd) of Conflict of Law. There are two relevant sections of the Restatement (2nd) of Conflict of Law to this analysis: 1)

Section 148 applies to fraud or misrepresentation claims;[5] and 2) Section 188 applies to contract or tort claims.[6] If there is no true conflict between the laws of the jurisdictions, or if the balancing of factors set forth Sections 148 and 188 is neutral, then New Jersey law shall apply.

### 1. It Is Appropriate To Address Choice of Law At The Motion To Dismiss Stage

As this Court noted in its April 9, 2015 Order, "courts in this circuit and district routinely find that the facts are sufficiently developed to conduct the choice of law analysis at the motion to dismiss stage, but have also found the alternative." April 9, 2015 Order, at p. 2 n. 1. Although full factual development and discovery is sometimes necessary in order to weigh the Restatement factors, "[s]ome choice of law issues may not require a full factual record and may be amenable to resolution on a motion to dismiss." *Harper v. LG Elecs. USA, Inc.*, 595 F. Supp. 2d 486, 491 (D. N.J. 2009). Accordingly, courts in this District and the Third Circuit frequently determine that choice of law analysis in a putative call action can be addressed based upon initial pleadings alone at the motion to dismiss stage *Skeen v. BMW of N. Am., LLC*, No. 2:13-CV-1531-WHW-CLW, 2014 WL

---

[5] This would include Plaintiffs' fraudulent concealment claim (Count I), claims under the state consumer protection statutes (Count II), and civil conspiracy (Count VI).

[6] Including Plaintiffs' express and implied warranty claims (Counts X & XI), violation of the Magnuson-Moss Warranty Act (Count VIII), and unjust enrichment claim (Count IV)

283628, at *4 (D. N.J. Jan. 24, 2014) ("Courts in this circuit and district routinely find that the facts are sufficiently developed to conduct the choice of law analysis at the motion to dismiss stage")(citations omitted); *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 445 (D. N.J. 2012)(noting that choice-of-law decisions must be "made on a case-by-case basis depending on the facts presented."); *Cooper v. Samsung Elec. Am., Inc.*, No. 07-3853, 2008 WL 4513924, at *2-10 (D. N.J. Sept. 30, 2008) (making choice of law determinations for various fraud and contract claims at motion to dismiss stage) (Linares, J); *Gray v. BMW of North Am., LLC*, 22 F. Supp. 3d 373, 380 (D. N.J. 2014); *Feldman v. Mercedes–Benz USA, LLC*, 2:11–CV–00984 WJM, 2012 WL 6596830, at *5 (D. N.J. Dec. 18, 2012).

In the analogous case of *Gray v. BMW of North America, LLC*, for example, a putative class action against BMW NA, LLC, and its foreign parent corporation asserting breach of warranty and fraud claims, Plaintiffs unsuccessfully argued that choice of law determinations were inappropriate at the motion to dismiss stage. *Id.* at 378. The court disagreed, holding that the choice of law issues presented did not require a full factual record to resolve. *Id.*, at 380 (citing *Feldman*, 2012 WL 6596830, at *5). Plaintiffs alleged that Plaintiffs purchased and used their vehicles in California. Although Plaintiffs argued that New Jersey law should apply, as Defendant BMW NA was headquartered there and Plaintiffs alleged that Defendants' "scheme to defraud consumers nationwide was planned in New

Jersey," the court acknowledged that the overwhelming majority of decisions in the District of New Jersey applied the law a plaintiffs' home state where the defendants' only contact with the forum state was having its incorporation or headquarters there. *Id.* at 380-82 ("In choosing California law, the court follows a long line of case law on consumer fraud statutes and warranty claims that hold the law of the consumers' home state should govern.").

The instant case has many parallels to the factual circumstances in *Gray*. The parties do not dispute that Plaintiff Oliver purchased her TV in Florida, and that Plaintiff Toms purchased and used his TV in Arizona. Plaintiffs do not allege any contacts with New Jersey at all. The primary point of contact with New Jersey (if not the only point of contact) is Funai Corp.'s state of incorporation. Similar to the Plaintiffs in *Gray*, Plaintiffs here make some vague (and conclusory) allegations that Funai Corp. made decisions regarding the promotion and development of the televisions in New Jersey and that the consequences of those decisions flowed from New Jersey. Courts in this District have regularly found similar factual allegations sufficient to make choice of law determinations at the motion to dismiss stage. *Accord Montich*, 849 F. Supp. 2d at 445 (noting numerous courts that have decided choice of law issues "when the necessary facts are pled in the complaint.") (citations omitted); *Feldman*, 2012 WL 6596830, at *5 (holding that "deferring choice of law analysis until the class certification stage is

unnecessary, as the choice of law issues presented do not require a full factual record."); *Durso v. Samsung Elecs. Am., Inc.*, No. 2:12-CV-05352 DMC, 2013 WL 5947005, at *6 (D. N.J. Nov. 6, 2013)(holding that "the current factual record is sufficient to engage in a choice of law analysis."); *Cooper*, 2008 WL 4513924 *aff'd*, 374 F. App'x 250 (3d Cir. 2010).

Unlike the circumstances present in *Arlandson v. Hartz Mountain Corp*., 792 F. Supp. 2d 691, 705, 709 (D. N.J. 2011) and *Harper v. LG Elecs. USA. Inc.*, 595 F. Supp. 2d 486 (D. N.J. 2009), there are few named plaintiffs in this matter and no open factual issues that might warrant the application of New Jersey law to any of the contract claims (or the tort-based claims for that matter). These cases only support the position that courts should perform "a threshold inquiry into whether a choice-of law-issue needs a fuller factual record." *Montich*, 849 F. Supp. 2d at 445 (*citing Snyder v. Farnam Cos*., 792 F. Supp. 2d 712, 718 (D. N.J. 2011)). Here, there are sufficient facts at hand to make the necessary choice of law determinations at this time. No discovery is required to address choice of law on this motion.

### 2. Application of New Jersey's Choice of Law Rules to the Causes of Action in the First Amended Complaint

New Jersey's choice of law rules require the application of the substantive law of the Plaintiffs' respective states of purchase to their claims for consumer fraud (Count II) and breach of implied warranty of merchantability (Count XI).

There is no true conflict between the laws of New Jersey, Florida and Arizona regarding fraudulent concealment (Count I), unjust enrichment (Count III), civil conspiracy (Count VI), and violation of the Magnuson Moss Warranty Act (Count VIII). Therefore, New Jersey law must govern these causes of action. Similarly, there is no true conflict between the express warranty laws of New Jersey and Arizona (Count X), thus, Plaintiff Toms's express warranty claim shall be considered under New Jersey law. The state of Florida's express warranty law is unsettled, however, and it appears likely that a conflict may exist with New Jersey law requiring the application of Florida law to Plaintiff Oliver's express warranty claim (Count X).

a.     <u>Common Law Fraudulent Concealment (Count I)</u>

There is no conflict between New Jersey, Arizona and Florida with respect to fraudulent concealment. In New Jersey, a cause of action for common law fraud has five elements: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.[7]

---

[7]     *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 305 (D. N.J. 2009) (dismissing fraudulent concealment claim for lack of reliance where plaintiff ignored the plain language of the manual which stated the number of pages comprising a toner cartridge's life expectancy) (*citing Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997). "'Deliberate suppression of a material

Similarly, under Arizona law the elements of fraudulent concealment are: (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.[8] Likewise, a fraudulent concealment claim under Florida law must allege: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.[9]

Thus, each jurisdiction requires equivalent elements and absent special circumstances, none of the states imposes any duty to disclose on a manufacturer engaged in an arm's length transaction.[10] As there is no conflict between the states

---

fact that should be disclosed' is viewed as 'equivalent to a material misrepresentation (i.e., an affirmative misrepresentation),' which will support a common law fraud action." *Arcand*, 673 F. Supp. 2d at 305 (*quoting Winslow v. Corporate Express, Inc.*, 834 A.2d 1037 (N.J. Super. Ct. 2003)) (internal citation omitted).

[8]     *Coleman v. Watts*, 87 F. Supp. 2d 944, 951-52 (D. Ariz. 1998).

[9]     *Gutter v. Wunker*, 631 So. 2d 1117, 1118 (Fla. Ct. App. 1994) (reversing circuit court dismissal of fraud claim against law firm allegedly failed to disclose material facts in limited partnership documents).

[10]    *See, e.g., New Jersey Econ. Dev. Auth. v. Pavonia Rest., Inc.*, 725 A.2d 1133, 1139 (N.J. Super. Ct. 1998) (*quoting Berman v. Gurwicz*, 458 A.2d 1311 (N.J. Super. Ct. 1981) (holding that "a party has no duty to disclose information to

with respect to fraudulent concealment, New Jersey law should be applied as the forum state. *Rowe v. Hoffman-La Roche, Inc.*, 917 A.2d 767, 771 (N.J. 2007).

   b. <u>State Consumer Protection Claims (Count II)</u>

  The New Jersey Consumer Fraud Act ("NJCFA") conflicts with the consumer protection statutes of Arizona and Florida and application of the factors set forth in Section 148 of the Restatement (2nd) of Conflict of Laws supports a finding that Plaintiffs' consumer protection claims should be governed by the law of states where the purchases occurred.

  This Court has previously recognized a conflict between the consumer fraud statutes of Arizona and New Jersey. Arizona's consumer protection statute predicates recovery upon reliance whereas the NJCFA dispenses with that requirement.[11]

---

another party in a business transaction unless a fiduciary relationship exists between them, unless the transaction itself is fiduciary in nature, or unless one party 'expressly reposes a trust and confidence in the other'"); *Universal Inv. Co. v. Sahara Motor Inn, Inc*., 619 P.2d 485, 487 (Az. Ct. App. 1980) (*citing Klinger v. Hummel*, 464 P.2d 676 (Az. Ct. App. 1970)) (finding no special relationship that would give rise to a duty to disclose in an arm's length transaction); *Maxwell v. First United Bank*, 782 So. 2d 931, 935 (Fla. 4th DCA 2001) (finding there is no duty to disclose absent some fiduciary or special relationship).

[11] *Cooper*, 2008 WL 4513924, at \*6 *aff'd*, 374 F. App'x 250 (3d Cir. 2010) (Hon. Linares, J.) (*citing Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2005) ("An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information.") (citation omitted in original); *compare* § A.R.S. 44-1522(A) *with Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086-87 (N.J. 2007) (holding that reliance is not an element of the NJCFA but plaintiffs must show an "ascertainable loss").

This Court has also held that a conflict exists with respect to Florida and New Jersey consumer fraud statutes.[12] As a true conflict exists between the laws of the three states, the Court must undertake the "most significant relationship" analysis.

New Jersey considers the factors set forth in Section 148 of the Restatement (2nd) of Conflict of Laws in making this determination. *Mendez*, 2012 WL 1224708, at *9. These factors include: (1) where the plaintiff acted in reliance upon defendant's representations; (2) where the plaintiff received the representations; (3) where the defendant made the representations; (4) where the parties reside, are incorporated and do business; (5) where the product at issue was located; and (6) where performance under the contract would be performed. *Id.* (citing Restatement (2nd), Conflict of Laws, § 148(2)).

Consideration of these factors supports the application of Florida and Arizona law to Plaintiffs' claims. Factors 1, 2, 5 and 6[13] weigh in favor of where

_____

[12]     *Mendez v. Avis Budget Grp., Inc.*, No. 11-6537, 2012 WL 1224708, at *9 (D. N.J. Apr. 10, 2012) (Hon. Linares, J.) (finding that an actual conflict exists between the NJCFA and the consumer protection law of Florida in part because FDUTPA only provides for actual damages); *see also  Rosa v. Amoco Oil Co.*, 262 F. Supp. 2d 1364, 1368 (S.D. Fla. 2003) (dismissing FDUTPA claim where plaintiff's reliance on statement inconsistent with writing was deemed unreasonable as a matter of law).

[13]     As Plaintiff Oliver is a Massachusetts resident, Florida may not be the place of performance of any warranty as it is not clear from the pleadings whether the TV remains in Florida.  Therefore, this factor may be neutral with respect to Florida law (though the warranty would clearly not be performed in New Jersey).

the TVs were purchased (i.e. Florida and Arizona).  Factor 3 favors New Jersey and factor 4 is neutral.  The balance of factors favor the states of purchase, therefore, Florida and Arizona law should apply to any consumer fraud claims.

### c.  Unjust Enrichment (Count III)

It is generally recognized that the unjust enrichment laws do not substantively vary from state to state.[14]  Since no actual conflict exists, there is no need to examine the parties' various state contacts and the Court should apply New Jersey law to Plaintiffs' unjust enrichment claim.  *See Rowe*, 917 A.2d at 771.

### d.  Civil Conspiracy (Count VI)

A court in the District of New Jersey has previously recognized that no conflict exists between Arizona and New Jersey law with respect with civil conspiracy.[15]  Under Arizona law, "for civil conspiracy to occur, two or more persons must agree to accomplish an unlawful purpose or to accomplish a lawful

---

Although Plaintiff Oliver currently resides in Massachusetts, this fact alone is insufficient to support a claim under Massachusetts law.  Moreover, Plaintiffs have not attempted to plead a claim under the Massachusetts consumer protection statute.

[14]    *Arlandson,* 792 F. Supp. 2d at 710-11 (*citing In re Mercedes–Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D. N.J. 2009) (finding that any differences under the unjust enrichment laws of the various states are "not material and do not create actual conflict")); *Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 464 (D. N.J. 2009) (concluding that "there are no actual conflicts among the laws of unjust enrichment.") (citation omitted).

[15]    *Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. CIV.A. 11-1857 DMC, 2012 WL 5554543, at *16 (D. N.J. Nov. 14, 2012) (finding no conflict in the civil conspiracy laws of New Jersey and Arizona and applying New Jersey law).

object by unlawful means, causing damages."[16] Similarly, the essential elements of civil conspiracy under New Jersey law are "(1)[a] combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose to be achieved by unlawful means; and (4) special damages."[17] Due to the lack of an actual conflict between the laws of Arizona and New Jersey with respect to civil conspiracy, the Court need not evaluate the parties' various state contacts and should apply New Jersey law to Plaintiffs' civil conspiracy claim. *See Rowe*, 917 A.2d at 771.

In Florida, the elements of a civil conspiracy are: "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy."[18] Civil conspiracy in Florida requires an additional element not present in the laws of Arizona or New Jersey – an overt act in furtherance of the conspiracy. *Id.* This requirement is a "false conflict" in the present case, however, as Plaintiff Oliver

---

[16]   *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 757 P.2d 105, 110 (Ariz. Ct. App. 1988).

[17]   *Delaney v. Am. Express Co.*, No. 06-5134, 2007 WL 1420766, at *8 (D. N.J. May 11, 2007).

[18]   *Walters v. Blankenship*, 931 So. 2d 137, 140 (Fla. Ct. App. 2006) (*citing Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam Cnty.*, 616 So.2d 562 (Fla. Ct. App. 1993)).

has alleged actions by Defendants in furtherance of their alleged conspiracy to sell defective televisions.[19] Thus, New Jersey law should apply to this claim as well.

   e.   Violation of the Magnuson-Moss Warranty Act, 15
        U.S.C. §§ 2301, et seq. (Count VIII)

Magnuson-Moss claims based on breaches of express and implied warranties under state law adopt the law applicable to those state law claims.[20] As such, a choice of law determination for this claim will depend on Plaintiffs' express/implied warranty claims, *infra*.

   f.   Breach of Express Warranty (Count X)

There is no conflict between the express warranty laws of Arizona and New Jersey. Under New Jersey law, to state a claim for breach of express warranty, "Plaintiffs must properly allege: (1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product

---

[19]   *Williams v. Stone*, 109 F.3d 890, 893 (3d Cir. 1997) ("[W]here the laws of the two jurisdictions would produce the same result on the particular issue presented, there is a 'false conflict,' and the Court should avoid the choice-of-law question.") (citations omitted).

[20]   *See Cooper*, 2008 WL 4513924, at *6 (*citing In re Ford Motor Co. Ignition Switch Prods. Liability Litig.*, 19 F. Supp. 2d 263, 267 (D. N.J. 1998); *McCalley v. Samsung Elec. Am., Inc.*, No. 07-2141, 2008 WL 878402, at *7 n. 5 (D. N.J. Mar. 31, 2008) (citation omitted).

ultimately did not conform to the affirmation, promise or description."[21] Similarly, Arizona's express warranty statute (Ariz. Rev. Stat. Ann. § 47–2313) defines an express warranty as "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain" or "[a]ny description of the goods which is made part of the basis of the bargain." The *Avram* court previously determined that there was no conflict between the express warranty laws of New Jersey and Arizona.[22]  Therefore, New Jersey law should be applied to Plaintiff Toms's express warranty claim.

With respect to Plaintiff Oliver's claim, it is uncertain whether there is a conflict between the express warranty laws of Florida and New Jersey – although the claim fails under either state's law.  Florida law regarding express warranty claims has been described as "murky" as it is unclear whether Florida requires direct privity between a manufacturer and consumer.[23]  The unsettled status of

---

[21]     *Avram v. Samsung Elecs Am., Inc.*, No. CIV. 2:11-6973, 2013 WL 3654090, at *8 (D. N.J. July 11, 2013) (*citing* N.J. Stat. Ann. § 12A:2–313) (other internal citation omitted).

[22]     *Avram*, 2013 WL 3654090, at *8 ("[W]ith respect to a claim of breach of express warranty, no significant conflict exists between the laws of Arizona… and New Jersey.").

[23]     *Morano v. BMW of N. Am., LLC*, 928 F. Supp. 2d 826, 836 (D. N.J. 2013). At least two federal cases have found that "[u]nder Florida law, the plaintiff must be in privity of contract to recover under theories of breach of express or implied warranties." *Id*.; (*quoting Fields v. Mylan Pharms, Inc.*, 751 F. Supp. 2d 1257, 1259 (N.D. Fla. 2009); *T.W.M. v. American Med. Sys.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995)).  Neither case provides detailed analysis of the issue.  However,

Florida's express warranty law makes it uncertain whether a true conflict exists with New Jersey.[24]

The balance of factors under the Section 188 of the Restatement (2nd) Conflicts of Law favors the application of Florida law due to the purchase of the television in Florida – making it both the place of contracting (including any negotiations) as well as the location of the subject matter of the contract. If privity is required under Florida law then Plaintiff Oliver's express warranty claim must be dismissed for failure to plead this element. If privity is not required under Florida law, then there is no conflict and New Jersey law should govern Plaintiff's Oliver's express warranty claim.

---

some Florida courts have been reluctant to dismiss express warranties despite a lack of privity between the contracting parties. *See, e.g., Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. Ct. App. 2005) (holding plaintiff could pursue an express warranty claim against warrantor BMW, but "cannot maintain suit against BMWNA for breach of implied warranty as there was no privity of contract between [plaintiff] and BMWNA.") (citation omitted).

[24] If privity were not required in Florida, then there would be no conflict and Plaintiff Oliver's express warranty claim should be considered under New Jersey law. If privity were required, however, there would be a conflict as New Jersey does not require privity of contract to bring an express warranty claim. If a conflict exists, the Court must consider the factors set out in Section 188 of the Restatement (Second) of Conflict of Laws – namely, (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. Analysis of these factors favors the application of Florida law.

g.   Breach of the Implied Warranty of Merchantability
(Count XI)

A conflict exists between the laws of Arizona, Florida, and New Jersey with respect to this claim.  The result of this conflict should be the application of the laws of Arizona and Florida, respectively, to Plaintiff Toms's and Oliver's claims for violation of the implied warranty of merchantability.

New Jersey does not require privity of contract between the parties to assert a claim of implied warranty of merchantability; however, privity is required to assert such a claim under Florida and Arizona law.[25]  The result of this difference is a true conflict of law.  Therefore, the Court must determine which state has the most significant relationship to this claim.

The factors in Section 188 of the Restatement (Second) of Conflict of Laws guide the determination of the state with the most significant relationship to this cause of action. *Mendez*, 2012 WL 1224708, at *9 (Hon. Linares, J.) (i.e. (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the

---

[25]   *See Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 327 (D. N.J. 2014) (recognizing genuine conflict of law between New Jersey and Florida, and dismissing Florida claim for implied warranty of merchantability claim against manufacturer due to lack of privity); *Avram,* 2013 WL 3654090, at *11 (finding a genuine conflict exists between Arizona and New Jersey due to the former's privity requirement and dismissing Arizona claim for lack of privity).

domicile, residence, nationality, place of incorporation and place of business of the parties.).

Analysis of these factors supports the application of Florida and Arizona law for Plaintiffs Oliver and Toms, respectively. Plaintiffs purchased their televisions in Arizona and Florida; therefore, factors 1-4 (place of contracting, place of contract negotiation, performance and subject matter of contract) support the application of Arizona or Florida law (though factor 3, the place of performance, may be neutral for Plaintiff Oliver due to her residency in Massachusetts). The only factor which does not support the application of Arizona or Florida law under Section 188 of the Restatement, the domicile of the parties (i.e. factor 5) is neutral between Plaintiffs and Defendant. Further, due to the near-uniform results of this analysis, the District of New Jersey has held that implied warranty of merchantability claims are usually governed by the law of the object's place of purchase.[26] Therefore, the law of Arizona should apply to Plaintiff Toms's claim and Florida law should apply to Plaintiff Oliver's claim.

---

[26] *See Dzielak*, 26 F. Supp. 3d at 327 (holding that "the law of the state in which the Plaintiffs purchased their machines…should govern their implied warranty of merchantability claims against the manufacturer[.]"); *Avram*, 2013 WL 3654090, at *11 (holding that the "(plaintiff) shopped for, purchased, installed and used the refrigerator in Arizona, where she lives," while the remaining factors were neutral; as such, Arizona law applied).

**C.** **Plaintiffs' Breach of Warranty Causes of Action Fail To State A Claim Under Fed. R. Civ. P. 12(b)(6).**

**1.** **Plaintiffs' Claims are Barred by the Limited Warranties**

Plaintiffs' purported claims under the Magnuson-Moss Act (Count VIII), for breach of express warranty (Count X), and for breach of implied warranty of merchantability (Count XI) all fail as a matter of law for a simple, inescapable reason: their televisions failed more than one year after purchase, and therefore after expiration of the express Limited Warranties.[27]  Plaintiffs acknowledge that the Emerson and Magnavox televisions contain express written warranties – the Limited Warranties – of 90 days labor and one year for parts.  Am. Compl., ¶ 24. Under Plaintiffs' own allegations, they were not entitled to any relief under those warranties because their televisions did not fail until more than one year after purchase.  *Duquesne Light Co. v. Westinghouse Elec. Corp.,* 66 F.3d 604, 616 (3d Cir. 1995) (affirming dismissal of claims arising after expiration of warranty).

It is well established that Plaintiffs cannot create new, extended warranties longer than the express Limited Warranties by pointing to purported statements in the owners' manuals.  Under the U.C.C. (adopted by Arizona, Florida and New Jersey), warranties, whether express or implied, shall be interpreted to be

---

[27]     As noted in Section IV.B.2.g., *supra*, Plaintiffs' implied warranty claims are governed by the laws of Florida and Arizona, respectively.  New Jersey law governs the express warranty claim of Plaintiff Toms and Florida law likely governs Plaintiff Oliver's express warranty claims.

consistent with each other. *See* Ariz. Rev. Stat. Ann. § 47-2317; FL. ST. § 672.317; and N.J. Stat. §12A:2-317. To the extent express and implied warranties are in conflict with one another, "express warranties displace inconsistent implied warranties." *Id*. at 317(c). A purported warranty of "many years" based on the user manuals' statement regarding the LCD screen (Am. Compl., ¶ 23) would obviously conflict with the express Limited Warranties of one year for parts and ninety (90) days for labor. *Id*., ¶ 24. Significantly, the Limited Warranties also disclaim any additional warranties and note that the Limited Warranties provide the exclusive remedy to consumers.[28] *See* Lavelle Decl. at Exhs. A & B at p. 33.

Even if the statement identified by Plaintiffs could be construed as a warranty, it would be "therefore displaced by the express warranty." *N.J. Transit Corp. v. Harsco Corp.*, 497 F. 3d 323, 324, 329 (3rd Cir. 2007) (affirming dismissal under New Jersey law of breach of warranty claims premised upon warranties inconsistent with an express warranty).[29] A New Jersey District Court dismissed a claim very similar to the breach of warranty claim brought here. *See McCalley*, 2008 WL 878402, at *6-7. Similar to the Plaintiffs' claims here, McCalley alleged that Samsung televisions "tend to malfunction after the

---

[28]    Indeed, Plaintiff Toms does not even allege that he ever contacted Funai Corp. after the alleged failure of his television or that he attempted to invoke the Limited Warranty or seek redress from Funai Corp.

[29]    As noted above, Arizona and Florida have also adopted this provision of the U.C.C. and their warranty laws are no different in this regard.

expiration of [the manufacturer's] one-year" warranty period. *Id*. at *7. McCalley also alleged that Samsung knew or should have known of the defect, yet failed to disclose it to customers. *Id.*, at *1. The implied warranty claim, however, fell "outside of the relevant warranty period" requiring its dismissal due to its inconsistency with the express warranty. *Id.*, at *6-7.

This Court should reach the same conclusion. To rule otherwise would effectively strike time limitations from the televisions' Limited Warranties and extend them to cover malfunctions that arise after the warranty period expired. "A warranty itself is not breached simply because a defect occurs." *Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1044 (N.D. Ga. 2004) (citation omitted). Simply put, a ruling that warranties may apply after the termination of the express warranty period would change "the landscape of warranty and product liability law" and effectively force manufacturers to warrant their products forever. *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 122 (Cal. Ct. App. 2007) (quotation marks omitted). Where an express time-limited warranty is issued by a manufacturer, "latent defects discovered after the term of the warranty are not actionable." *Duquesne Light Co.,* 66 F.3d at 616 (citation and quotation marks omitted); *see also Licul v. Volkswagen Grp. of Am., Inc*., No. 13-61686-CIV, 2013 WL 6328734, at *2 (S.D. Fla. Dec. 5, 2013) (holding that plaintiffs may

not bring a claim for breach of an express warranty where a defect has not manifested during the warranty period).

Plaintiffs' claims of breach of express warranty (Count X)[30] and breach of implied warranty of merchantability (Count XI) must therefore fail. Likewise, Count VIII, violation of the Magnuson-Moss Act must also be dismissed as it is dependent upon the alleged state law warranties. *See In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 19 F. Supp. 2d at 267(noting that violations of the Magnuson-Moss Act are contingent upon state law claims).

### 2. Plaintiffs' Lack the Requisite Privity Under Florida and Arizona Law for a Breach of Implied Warranty Claim

Plaintiffs' breach of implied warranty claims are governed by Arizona and Florida law. *See* Section IV.B.2.g., *supra*. Under both Arizona and Florida law, privity is required to state a claim for breach of implied warranty. *Haugland v. Winnebago Indus.*, 327 F. Supp. 2d 1092, 1096-97 (D. Ariz. 2004) (dismissing implied warranty of merchantability claims against manufacturer of motor home chassis and water heater due to lack of privity); *McKissic v. Country Coach, Inc.*, No. 8:07-cv-1488-T-17EAJ, 2008 WL 616093, at *4 (M.D. Fla. Mar. 3, 2008) (granting motion to dismiss for breach of implied warranty claims under Magnuson-Moss Warranty Act against an RV manufacturer due to lack of privity

---

[30] As discussed in Section IV.B.2.f., if privity is required under Florida law, Plaintiff Oliver's express warranty claim may be dismissed on this ground as well.

between customer and manufacturer). No privity exists or is alleged between Funai Corp. and Plaintiffs, further supporting the dismissal Plaintiffs' breach of implied warranty of merchantability claim (Count XI).

### D. Plaintiffs' Assertions of Unconscionability are Insufficient to Rescue the Warranty Claims.

Plaintiffs cannot evade dismissal of their warranty claims by asserting that the Limited Warranties are unconscionable.[31] Acknowledging that their claims fall outside the term of the Limited Warranties, Plaintiffs argue in the alternative that the Limited Warranties are "unconscionable and grossly inadequate" to protect Plaintiffs. Am. Compl., ¶¶ 142-43. Specifically, Plaintiffs claim that the time limits in the Limited Warranties (90 days for labor, one year for parts) are insufficient and that the failure to disclose the allegedly defective PSBs within the Limited Warranties. *Id.* While unconscionable warranty terms may salvage an otherwise deficient claim for breach of warranty, Plaintiffs cannot establish any such unconscionability here.

Despite Plaintiffs' formulaic recitation of the elements of an unconscionable warranty (*Id.*, at ¶ 143), the Amended Complaint fails to specifically identify any terms or conditions sufficient to establish that the Limited Warranties are unconscionable. *Durso*, 2013 WL 5947005, at *12 (dismissing claims of an

---

[31] As discussed in Section IV.B.2.f., New Jersey law applies to Plaintiff Toms's express warranty claim and Florida law applies to Plaintiff Oliver's claim.

unconscionable warranty based on "unsupported conclusory allegation without sufficient factual support."). A warranty may be invalidated in New Jersey if it is either procedurally or substantively unconscionable. *Sitogum Holdings, Inc. v. Ropes*, 352 N.J. Super. 555, 564 (Ch. Div. 2002) (citations omitted). Under Florida law, to invalidate a warranty it must be both procedurally and substantively unconscionable. *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 284-85 (Fla. Dist. Ct. App. 2003). A warranty is substantively unconscionable if its provisions are "so 'outrageously unfair' as to 'shock the judicial conscience.' " *Licul*, 2013 WL 6328734, at \*3. Procedural unconscionability may be found by unfairness in the formation of the contract "such as age, literacy, lack of sophistication, hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process"; and substantive unconscionability is typified by disproportionate terms that "shock the court's conscience." *Sitogum Holdings,* 352 N.J. Super. at 564 (citations omitted). The Amended Complaint cannot support either claim.

The case of *In re Philips/Magnavox Television Litig.*, No. 09-3072, 2010 WL 3522787 (D. N.J. Sept. 1, 2010) is instructive.[32] The *Philip/Magnavox* court dismissed a claim alleging that a one year warranty on the Philips/Magnavox televisions (much like the Limited Warranties here) was either procedurally or

---

[32] Funai Corp. was also a defendant in *Philips/Magnavox*; however, all claims against Funai Corp. were dismissed by motion pursuant to Fed. R. Civ. P. 12(b)(6).

substantively unconscionable. *Id.*, at *5. Like the plaintiffs in *Philips/Magnavox*, Plaintiffs here allege "a gross disparity in bargaining power" (Am. Compl., ¶ 143) but also cite to numerous buying guides for LCD televisions providing substantial information comparing various television models, including the lcdtvbuyinguide.com website. *Id.*, at ¶¶ 18-19; 2010 WL 3522787, at *5. The *Philips/Magnavox* court found that the wealth of information regarding the televisions in these guides demonstrated the range of purchasing options available to buyers and defeated any claim for procedural unconscionability. 2010 WL 3522787, at *5 (further noting that "the Extended Warranty section of LCD Buying Guide cited by Plaintiffs 'absolutely' recommends an extended warranty.") (citation omitted).[33] Similarly, the Plaintiffs in *Philips/Magnavox* alleged the warranty was substantively unconscionable in light of defendants' purported knowledge of a defect that would manifest after the expiration of the warranty period. *Id.*, at *4. However, the *Philips/Magnavox* court noted that the plaintiffs there did not (and could not) allege the warranty was "unfair compared to other warranties in the television industry" and certainly not conscience shocking. *Id.*, at *6. Florida courts have similarly found warranties common to an industry are not unconscionable. *Licul*, 2013 WL 6328734, at *3. This Court should reach the same conclusion.

---

[33] Significantly, this very LCD TV Buying Guide is cited by Plaintiffs as well. Am. Compl., ¶ 19.

**E.      Funai Corp. Made No Actionable Statement That The Televisions Would Last For More Than One Year.**

Plaintiffs' claims, however styled, are all based on the same faulty premise: that Funai Corp. allegedly represented that the televisions would last more than one year.  Plaintiffs allege that the statement in the owners' manual that "The LCD screen is manufactured to provide many years of useful life" suggests a lifetime for the entire television unit. The meaning of the statement, viewed in context, is plainly limited to the LCD screen, however, and says nothing about the television unit as a whole.  Perhaps recognizing that Funai Corp. has not misrepresented anything regarding the allegedly defective power supply boards, Plaintiffs argue in the alternative that Funai Corp. had a duty to disclose that the allegedly defective PSBs would fail sometime after the expiration of the warranty.  *See, e.g.,* Am. Compl., ¶¶ 57-61.  However, a fraudulent concealment claim must allege that disclosure was necessary to correct a misleading statement or that there was a special relationship between the parties requiring disclosure.  No such facts are pled by Plaintiffs in the Amended Complaint.  As a result, all of Plaintiffs' claims fail as a matter of law.

**1.      The LCD Screen Statement is Clearly Related to the LCD Screen Only**

Plaintiffs allege failure of their televisions due to failure of the PSB components of the televisions more than one year after purchase.  Plaintiffs assert

that the alleged failure is caused by "Funai's use of faulty power supply boards that degrade more rapidly than industry standard PSBs." Am. Compl., ¶ 9 (footnotes and citations omitted). Notably Plaintiffs do not allege any failure of the LCD screens of their television units. Rather, both Plaintiffs allege that the television units resumed normal operation after they replaced certain PSB components. *Id*., ¶¶ 37, 42. In other words, assuming the allegations of Plaintiffs' Amended Complaint to be true, the LCD screens have always been operable.

The only alleged "misrepresentation" identified by Plaintiffs in their Amended Complaint is a statement on page 29 of the owner's manual which concerns only the LCD Screen, not the televisions' PSB or the television units as a whole: "The **LCD screen** is manufactured to provide many years of useful life." (emphasis added). The context of this statement underscores that it concerns only the LCD screen component of the televisions, not the television units as a whole. It appears in the owner's manual in a box followed by additional statements which concern only the LCD screen: "Occasionally a few non active pixels may appear as a fixed point of blue, green or red. This is not to be considered a defect in the LCD screen." *See* Lavelle Decl., Exhs. A & B, at p. 29. Indeed, both product manuals present striking differences in terminology when discussing the television as a whole as compared to the screen and/or display panel. *Compare* Lavelle Decl., Ex. A, at p. 2 (referencing the "TV" in relation to wall-mounting the unit),

pp. 3, 6, 8, 10, 17, 24-27, 30 (referencing the "Unit" when discussing, inter alia, how to carry, set-up, install the base, power-on, and connect devices to the television) with pp. 13-14 (referencing the "Screen" when discussing display modes and screen information); *compare* Lavelle Decl., Ex. B, at p. 2 (referencing the "TV" in relation to wall-mounting the unit), pp. 4, 6-7, 9-10, 16-17, 24-30 (referencing the "Unit" when discussing, inter alia, how to carry, set-up, install the base, install the base, power-on, and connect devices to the TV) with pp. 12-13, 19-20, 22 (referencing the "Screen" when discussing display modes and screen information).

Plaintiffs are required to allege "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (citation and quotation marks omitted). This Court can and should reject Plaintiffs' purported claims[34] based on the statement concerning the LCD screen because on its face, it does not constitute a statement that the television units will last for more than one year.[35] *See*, *e.g.*, *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 521-522 (D. N.J. 2008) (granting motion to dismiss pursuant to Rule 12(b)(6) where limited powertrain warranty did

---

[34]    The sufficiency of Plaintiffs' claims for Rule 9(b) purposes are evaluated pursuant to New Jersey law. *See*, *e.g.*, *Arlandson*, 792 F. Supp. 2d at 709-10 (applying New Jersey law and dismissing fraud claims that failed to distinguish between the actions of defendants).

[35]    Additionally, as discussed in more detail below, Plaintiffs do not allege that they ever viewed or relied upon the LCD Screen statement in making their purchasing decision.

not purport to cover damage in listed components as a result of alleged defect in non-listed components); *In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.*, No. 08-939, 2009 WL 2940081, at *15-16 (D. N.J. Sept. 11, 2009) (dismissing a breach of warranty claim and finding that defendant's statement that HD DVD Players were for "Today, Tomorrow, and Beyond," did not promise that defendant would remain in HD DVD market forever) (quotation marks omitted); *Bianchi v. Lazy Days R.V. Ctr. Inc.*, No. 06-1979, 2007 WL 1959268, at *3-5 (D. N.J. July 5, 2007) (dismissing claims because defendant did not make any affirmative misrepresentations).

### 2. Plaintiffs' Alleged "Defect" Cannot Support a Fraudulent Concealment Claim

Plaintiffs assert a claim (Count I) that Funai Corp.[36] has fraudulently concealed the use of power supply boards "that degrade more rapidly than industry standard PSBs (the 'Defect')." Am. Compl., ¶¶ 9, 25-26. This claim is governed by New Jersey law. *See* Section IV.B.2.a., *supra*. Plaintiffs' allegations regarding the alleged "Defect" are insufficient to sustain a claim for fraudulent concealment and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

[36] In fact, Plaintiffs fail to distinguish between Funai Corp. and Funai Electric. Collective claims of fraud against multiple defendants fail as a matter of law. *Donachy v. Intrawest U.S. Holdings, Inc.*, No. 10-4038, 2012 WL 869007, at *3 (D. N.J. Mar. 14, 2012) (dismissing fraud claims where defendants were lumped together).

A claim of fraudulent concealment requires that Funai Corp. had a legal duty to disclose specific information regarding the expected life of the power supply boards to Plaintiffs. Such a duty arises when nondisclosure will make an earlier partial or ambiguous statement of facts misleading or when there is a special relationship between the parties. "New Jersey courts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a 'special relationship.'" *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993) *citing Berman v. Gurwicz*, 189 N.J. Super. 89, 458 A.2d 1211, 1313 (Ch. Div. 1981) (citations omitted).

As noted in Section III.B.1 above, Plaintiffs cannot point to any false statement by Funai Corp. Nor do Plaintiffs allege any "special relationship" with Funai Corp. A special relationship arises in (1) fiduciary relationships, such as principal and agent, client and attorney, or beneficiary and trustee; (2) relationships where one party expressly reposits trust in another party, or else from the circumstances, such trust necessarily is implied; and (3) relationships involving transactions so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties. *Arcand,* 673 F. Supp. 2d at 305. Even if Funai Corp. were aware of the alleged "Defect", Funai Corp. had no obligation to disclose to Plaintiffs that the power supply boards would fail at some point in time well beyond the expiration of the warranty period.

Even if some such duty to disclose could be construed, Plaintiffs must still plead that the omission was material – that Plaintiffs had a reasonable belief that the television units would operate without replacement of any parts beyond the terms of the express Limited Warranties. However, as noted above, Plaintiffs cannot point to any such statements. Plaintiffs' vague references to "advertising materials" and "marketing materials" (Am. Compl., ¶¶ 26-27) that suggest a longer useful life are devoid of substance. The Amended Complaint never describes these "marketing materials" or identifies any statements made by Funai Corp. in them. And Plaintiffs do not anywhere suggest that they relied upon these "advertising materials" or "marketing materials." *See Arcand*, 673 F. Supp. 2d at 306 (dismissing fraudulent concealment claim for lack of reasonable reliance). General allegations that a product will fail at some point beyond the warranty period are insufficient to support a claim under Fed. R. Civ. P. 12(b)(6) and should be dismissed.

F. **Plaintiffs Consumer Fraud Claims are Factually and Legally Insufficient.**

Plaintiffs' claims in Count II under various state consumer fraud statutes must be dismissed. Plaintiffs' conclusory factual allegations are inadequate to support a claim under any of the consumer fraud statutes and, as discussed in Section IV.B.2.b., *supra*, Plaintiffs do not allege sufficient contacts with New Jersey for the NJCFA to apply.

Moreover, Plaintiffs' conclusory allegations of fraud are not supported by substantive factual allegations of false statements by Funai Corp. *See* Section III.B.2., *supra*. The alleged failure of a product after the warranty period does not give rise to a claim. *See*, *e.g.*, *Perkins v. DaimlerChrysler Corp.*, 383 N.J. Super. 99, 113-114, 890 A.2d 997, 1005 (App. Div. 2006)(finding that allowing an consumer fraud claim premised upon an alleged defect discovered after expiration of the product's limited warranty period "would be tantamount to rewriting that part of the contract which defined the length and scope of the warranty period. We decline to interpret the CFA to permit a claim which has that effect."). This is true even if manufacturers know of the potential defect. *Licul*, 2013 WL 6328734, at *2 ("Manufacturers are aware of these potential failures and consider them in pricing and setting limitations upon warranties. To hold that a manufacturer's knowledge of potential failures renders such limitations unenforceable would thus 'render meaningless time/mileage limitations in warranty coverage' and would be contrary to the overwhelming weight of precedent enforcing such limitations.") (citations omitted). Indeed, all products will eventually fail – it is not the role of the courts to impose by judicial fiat a more expansive warranty than the one year limited warranted provided by Funai Corp. *See Perkins*, 383 N.J. Super. at 112, 890 A.2d at 1004 (holding that "the failure of a manufacturer or seller to advise a

purchaser that a part of a vehicle may breakdown or require repair after the expiration of the warranty period cannot constitute a violation of the [NJ]CFA.").

### 1. Plaintiffs' Claims Fail Under the Arizona and Florida Consumer Protection Statutes

As noted in Section IV.B.2.b. above, Arizona law predicates recovery upon reliance; therefore, Toms must plead "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the promise.... An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information." *Kuehn*, 91 P.3d at 351 (citation omitted). Plaintiffs' Amended Complaint makes no allegations that Toms saw or relied upon any publicly available statements regarding Funai Corp.'s televisions or their PCBs in making his decision to purchase his Magnavox 32MF301B 32-inch LCD TV. As such, his consumer fraud claim should be dismissed. *Hevey v. Ford Motor Co.*, No. 12-14257, 2013 WL 4496255, at *4 (E.D. Mich. Aug. 21, 2013) (applying Arizona law, granting motion to dismiss for car manufacturer where Plaintiff did not specify when and where she reviewed the Owner's Manual, or the who/what/where/when of any other representations which were made to her or how such acted in reliance on them in believing that his vehicle was flat towable).

Similarly, Plaintiff Oliver's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must also fail for lack of reliance on any

allegedly false representation by Funai Corp.  *See Rosa*, 262 F. Supp. 2d at 1368

(dismissing FDUTPA claim where plaintiff's reliance on statement inconsistent

with writing was deemed unreasonable as a matter of law).  Here, Plaintiff Oliver

does not even allege any reliance – reasonable or otherwise – on a statement by

Funai Corp.  Thus, any claim under the FDUTPA must also be dismissed.

### G. Plaintiffs' Claims Alleging Fraud Fail to Meet the Heightened Pleading Standard of Rule 9(b).

With the Amended Complaint, Plaintiffs have now had two opportunities to

plead a claim for fraud.  Yet, in the Amended Complaint, Plaintiffs drop one of the

two claimed misrepresentations, and acknowledge that Plaintiffs neither saw nor

relied upon the other alleged misrepresentation.  Simply put, the allegations in

support of Plaintiffs' state consumer fraud claims (Count II) and common law

fraudulent concealment claims (Count I) fail to meet the heightened pleadings

standards of Rule 9(b) and should be dismissed.

Plaintiffs are required under Rule 9(b) to state with particularity the

circumstances constituting Funai Corp.'s alleged fraud or mistake.  Fed. R. Civ. P.

9(b).  To satisfy this requirement Plaintiffs must "describe the alleged fraud with

precise allegations of date, time, or place or by using some means of injecting

precision and some measure of substantiation into their allegations of fraud."  *Bd.*

*of Trs. of Teamsters Local 863 Pension Fund*, 296 F.3d at 173 n.10.

Despite Plaintiffs' conclusory assertions of Funai Corp.'s allegedly "fraudulent" conduct, Plaintiffs do not allege any particulars of purported fraud, such as: when Funai Corp. allegedly knew its TVs were defective; who at Funai Corp. allegedly had such knowledge; or what was contained in Funai Corp.'s allegedly fraudulent advertisements and marketing.[37] *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *see also Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004) ("Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation.") (internal citation omitted); *Klein v. Gen. Nutrition Cos. Inc.*, 186 F.3d 338, 345 (3d Cir. 1999) (stating "[Rule] 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements.") (citation omitted); *Nobile v. Ford Motor Co.*, No. 10-1890, 2011 WL 900119, at *5 (D. N.J. Mar. 14, 2011). The requirements are no different for claimed omissions. Plaintiffs also must identify "who at [Funai Corp.] was aware of the existence of a product-wide . . . defect, when or how they learned of such defect and/or when or how the decision was made to conceal the defect from its customers—all of which are required under the

---

[37] The Amended Complaint contains conclusory allegations in various places that Defendant's falsely represent that the televisions "are of good quality in their advertising materials" and "market[] the Defective TVs as being of excellent or superior quality." *See, e.g.*, Am. Compl., ¶¶ 27, 113, 156. The Amended Complaint, however, fails to specifically identify any such advertisements, marketing, packaging or other materials, other than the statement in the owners' manual regarding the LCD screen.

Rule 9(b) pleading standard." *Glauberzon v. Pella Corp.*, No. 10-5929, 2011 WL 1337509, at *9 (D. N.J. Apr. 7, 2011) (citation omitted).

Plaintiffs fail to allege that they relied upon any statement by Funai Corp. in purchasing their televisions. *Nobile*, 2011 WL 900119, at *5; *Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146, 2010 WL 2925913, at *4 (D. N.J. July 21, 2010) (holding fraud claims inadequately pled where "this Court does not know the context of the alleged statements, and effect that any of the statements had on Plaintiffs."); *Dewey*, 558 F. Supp. 2d at 526-27 ("[w]ith regard to the statements on [the website and owner's manual], the Dewey Plaintiffs do not allege when the statements were made or at what point—if ever—each Plaintiff was exposed to one or more of the statements."). Plaintiffs provide nothing more than formulaic recitation of the elements of their claims but none of the specific facts and details to support them. As such, Counts I & II of Plaintiffs' Amended Complaint must be dismissed for failure to meet the heightened pleading requirements of Rule 9(b). *See, e.g.*, *Glushakow v. Boyarsky*, No. 11-2917, 2011 WL 3625072, at *3 (D. N.J. Aug. 15, 2011)(dismissing consumer fraud claims for failure to "inject some measure of substantiation into Plaintiff's allegations of fraud."); *Mickens v. Ford Motor Co.*, No. 10-cv-05842, 2011 WL 3444055, at *4-5 (D. N.J. Aug. 5, 2011)(dismissing claims for failure to plead fraud with specificity); *Patetta v.*

*Wells Fargo Bank, NA*, No. 3:09-cv-2848, 2009 WL 2905450, at *4 n. 7 (D. N.J. Sept. 10, 2009) (same).

### H.    <u>Plaintiffs' Unjust Enrichment Claim Fails As A Matter Of Law.</u>

Plaintiffs' attempted claim for unjust enrichment in Count III of the Complaint cannot withstand scrutiny and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs lack the privity with Funai Corp. required under New Jersey law (*see* Section IV.B.2.c., *supra*) for such a claim and cannot evade the express Limited Warranties.

As the New Jersey Supreme Court has explained, "[t]he unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN* Realty Corp., 641 A.2d 519, 526 (N.J. 1994) (citations omitted). Thus, New Jersey law requires a relationship or course of dealings between the parties to sustain a cause of action for unjust enrichment. *Cooper,* 2008 WL 4513924, at *10; (dismissing unjust enrichment claim where plaintiff purchased television through a retailer who retained the benefit of the sale); *In re Philips/Magnavox*, 2010 WL 3522787, at *10-11 (dismissing unjust enrichment claim against television manufacturers purchased from third party retailers).

Plaintiffs Oliver and Toms allege that they did not purchase their televisions directly from Funai Corp., but rather from retailers Wal-Mart and Target, respectively. Am. Compl., ¶¶ 35, 40. As a result, Plaintiffs lack privity with Funai Corp. and cannot identify any benefit that Funai Corp. has received from Plaintiffs, and therefore cannot sustain an unjust enrichment claim against Funai Corp. *Fishman v. Gen. Elec. Co.*, No. 2:12-cv-00585, 2013 WL 1845615, at *6 (D. N.J. Apr. 30, 2013) (dismissing unjust enrichment claim where plaintiffs purchases were made from third party retailers).

Moreover, a claim for unjust enrichment is not available when there is an express contract that governs the relationship or transaction. *Moser v. Milner Hotels, Inc.*, 78 A.2d 393, 394 (N.J. 1951). Here, Funai Corp.'s express Limited Warranties control the terms of any claim for repair or damage to the Emerson/Magnavox televisions. The plain terms of the Limited Warranties cannot be supplanted by Plaintiffs' unjust enrichment claim. As a result, Plaintiffs' claim for unjust enrichment (Count III) must be dismissed.

## I.     Plaintiffs' Civil Conspiracy Claim Fails As A Matter Of Law.

Plaintiffs' civil conspiracy claims are governed by New Jersey law. *See* Section IV.B.2.d., *supra*.[38] Civil conspiracy is a derivative claim and because all

---

[38]     To the extent that the Court determines that the additional element under Florida's civil conspiracy test does not present a false conflict, Plaintiff Oliver's claim would fail under Florida law as well. *See Raimi v. Furlon*, 702 So.2d 1273,

of Plaintiffs' substantive claims fail as a matter of law, so too must Plaintiffs'

claim for civil conspiracy, which requires an underlying unlawful act not

adequately plead or demonstrated by Plaintiffs. Stated differently, "proof of a civil

conspiracy requires proof of the underlying claim." *Mercedes-Benz USA, LLC v.*

*ATX Grp., Inc.*, No. CIV. 08-3529 (WHW), 2010 WL 3283544, at *12 (D. N.J.

Aug. 18, 2010) (dismissing civil conspiracy claim as improper "bootstrapping" or

tort claim in breach of contract action). Where the substantive claims fail as a

matter of law, there is no basis to support claims for civil conspiracy, and they

should be dismissed. *Delaney*, 2007 WL 1420766, at *8. Further, Plaintiffs

cannot allege a viable conspiracy claim against the only two remaining defendants,

Funai Electric and Funai Corp., because "a parent corporation and its subsidiaries

are 'legally incapable of forming a conspiracy with one another.'" *Premio Foods,*

*Inc. v. Purdue Farms, Inc.*, No. 11-CV-4968, 2012 WL 3133791, at *5 (D. N.J.

July 30, 2012) (citations omitted).[39] Therefore, Plaintiffs' civil conspiracy claim

(Count VI) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

1284 (Fla. 3d DCA 1998) (holding that civil conspiracy is a derivative claim
requiring an otherwise unlawful act, or a lawful act by unlawful means).

[39] Florida law also bars an intracorporate conspiracy. *Advantor Sys. Corp. v.*
*DRS Technical Servs., Inc.*, No. 6:14-CV-533-ORL-31, 2014 WL 3747667, at *4
(M.D. Fla. July 29, 2014) (dismissing civil conspiracy claim among related
entities).

## V.    CONCLUSION

For the foregoing reasons, Funai Corp. respectfully requests that the Court grant this Motion and dismiss the Amended Complaint in its entirety and with prejudice.

Dated: April 24, 2015                    Respectfully submitted,


By: *s/ John P. Lavelle, Jr.*
    John P. Lavelle, Jr.
    New Jersey Attorney I.D. No. 004891989
    **MORGAN, LEWIS & BOCKIUS LLP**
    (A Pennsylvania Limited Liability
    Partnership)
    502 Carnegie Center
    Princeton, New Jersey 08540-6241
    Tel: (609) 919-6688
    Fax: (609) 919-6701
    jlavelle@morganlewis.com

    *Attorney for Defendant*
    *Funai Corporation, Inc.*