# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> FUNAI CORPORATION, INC., a New Jersey corporation, and FUNAI ELECTRIC CO., LTD., a Japanese corporation. <br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No.: 2:14-cv-4532(JLL)(JAD) <br><br> CLASS ACTION |

---

## REPLY MEMORANDUM OF LAW OF FUNAI DEFENDANTS IN FURTHER SUPPORT OF MOTIONS TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

---

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendants Funai Corporation, Inc. and Funai Electric Co., Ltd.*

Dated:  May 18, 2015

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ...................................................................1

II.  ARGUMENT..........................................................................................2

   A.  Plaintiffs Cannot Avail Themselves of New Jersey's Consumer
       Fraud Statute or New Jersey Law on Their Implied Warranty
       Claims................................................................................................2

       1.  Plaintiffs' Consumer Fraud Claims Should be Considered
           Under the Law of the State of Purchase as Plaintiffs Lack
           Any Contacts With New Jersey .................................................4

       2.  Plaintiffs Lack Sufficient Contacts with New Jersey to
           Bring an Implied Warranty Claim under New Jersey Law .......6

   B.  Plaintiffs Cannot Sustain Either Express or Implied Warranty
       Claims................................................................................................7

       1.  Plaintiffs' Implied Warranty Claims are Barred by the
           Express Limited Warranties.......................................................7

       2.  The LCD Panel Statement is Not a Warranty of the
           Entire Television ......................................................................9

       3.  There is Nothing Unconscionable About a Product
           Failing After the Expiration of a Warranty Period .................10

   C.  Plaintiffs' Fraud Claims Must be Dismissed ....................................12

       1.  Plaintiffs Consumer Fraud Claims Fail to Allege any
           Reliance on any Action by Defendants....................................12

       2.  Even if the Court Were to Consider Plaintiffs' Claims
           Under the NJCFA, Plaintiffs' Allegations are Insufficient .....13

       3.  Plaintiffs' Common Law Fraud Claim Must be
           Dismissed for Failure to Allege any Statement by
           Defendants ..............................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

D.     Plaintiffs' Unjust Enrichment and Civil Conspiracy Claims
       Must be Dismissed ...............................................................................16

III.   CONCLUSION................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Agostino v. Quest Diagnostics Inc.*,
    256 F.R.D. 437 (D. N.J. 2009)..............................................................................6

*Alban v. BMW of N. Am., LLC*,
    No. 09-5398, 2010 WL 3636253 (D. N.J. Sept. 8, 2010)...................................13

*Alban v. BMW of N. Am., LLC*,
    No. 09-5398, 2011 WL 900114 (D. N.J. Mar. 15, 2011) .............................11, 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................2, 11, 12

*Avram v. Samsung Elecs. Am., Inc.*,
    No. CIV. 2:11-6973 (KM), 2013 WL 3654090 (D. N.J. July 11, 2013)......10, 16

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................2, 11, 12

*Carlson v. Gen. Motors Corp.*,
    883 F.2d 287 (4th Cir. 1989) ..............................................................................11

*Cooper v. Samsung Elecs. Am. Inc.*,
    No. 07-3853, 2008 WL 4513924 (D. N.J. Apr. 30, 2013) .................................16

*Fishman v. Gen. Elec. Co.*,
    No. 2:12-cv-00585, 2013 WL 1845615 (D. N.J. Apr. 30, 2013) .......................16

*Glauberzon v. Pella Corp.*,
    No. 10-5929 (JLL), 2011 WL 1337509 (D. N.J. Apr. 7, 2011)  ........................14

*In re Philips/Magnavox Television Litig.*,
    No. 09-3072, 2010 WL 3522787 (D. N.J. Sept. 1, 2010)...................................11

*In re Samsung DLP Television Class Action Litig.*,
    No. CIV. 07-2141 (GEB), 2009 WL 3584352 (D. N.J. Oct. 27, 2009) .............11

*Kaufman v. i-Stat Corp.*,
    754 A.2d 1188 (N.J. 2000) ..................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

*Lynch v. Tropicana Prods., Inc.*,
   No. 2:11-cv-07382, 2013 WL 2645050 (D. N.J. June 12, 2013) ......................17

*Rosa v. Amoco Oil Co.*,
   262 F. Supp. 2d 1364 (S.D. Fla. 2003) .............................................................12

*Spera v. Samsung Elec. Am., Inc.*,
   No. 2:12-cv-05412, 2014 WL 1334256 (D.N.J. Apr. 2, 2014) ...................13, 15

*Stewart v. Beam Global Spirits & Wine, Inc.*,
   877 F. Supp. 2d 192 (D. N.J. 2012)..................................................................17

*Viking Yacht Co. v. Composites One LLC*,
   496 F. Supp. 2d 462 (D. N.J. 2007)..................................................................10

*Weske v. Samsung Elec. Am., Inc.*,
   No. 2:10-4811, 2012 WL 833003 (D. N.J. Mar. 12, 2012).........................11, 13

*Weske v. Samsung Elec., Am., Inc.*,
   42 F. Supp. 3d 599 (D. N.J. 2014)...................................................................16

## RULES

Fed. R. Civ. P. 9(b).................................................................................................14

## I.   PRELIMINARY STATEMENT

Plaintiffs' lengthy Opposition attempts to sidestep the fundamental and inescapable flaw of their purported warranty claims: their televisions failed more than one year after purchase, and therefore after expiration of the televisions' express warranties.  Plaintiffs instead talk about how long they contend televisions should last, purportedly based on unspecified "studies and reports," statements of non-parties and the "consumer television industry" in general.  *See, e.g.*, Opposition, at 6-7 (ECF No. 59).  But even if Plaintiffs would prefer not to face it, the televisions' express Limited Warranties doom Plaintiffs' claims.  There is no legal basis for this Court to impose an unlimited obligation on Defendants[1] to provide free television repairs in perpetuity.  This Court should reject Plaintiffs' attempts to create a broad unlimited "express warranty" from a fragment of a statement regarding LCD Panels taken out of context.

Plaintiffs' purported consumer fraud claims are similarly defective.  Despite Plaintiffs' heated rhetoric, New Jersey bears no relationship to the Plaintiffs' purchase of their televisions and is merely the state of incorporation of one of the two Defendants.  Thus, Plaintiffs cannot avail themselves of the New Jersey Consumer Fraud Act.  Regardless, the purported claims fail no matter which state's

---

[1]   As Plaintiffs have asserted near identical claims against Funai Corporation, Inc. and Funai Electric Co., Ltd., the Defendants file this memorandum on behalf of both entities.

law applies.  The Amended Complaint fails to identify any statement or action by Defendants upon which Plaintiffs relied.  Moreover, Plaintiffs do not allege any specific complaint that would have put Defendants on notice and required them to disclose a purported defect in the televisions' power supply boards ("PSBs").  Plaintiffs' boilerplate allegations are insufficient under *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and fail to state a claim against Defendants.

## II.   ARGUMENT

### A.   Plaintiffs Cannot Avail Themselves of New Jersey's Consumer Fraud Statute or New Jersey Law on Their Implied Warranty Claims

Plaintiff's Opposition shows that the Parties agree New Jersey substantive law governs Plaintiffs' claims for fraudulent concealment (Count I), breach of express warranty[2] (Count X), violation of the Magnuson-Moss Warranty Act (Count VIII), unjust enrichment (Count III) and civil conspiracy (Count VI). Plaintiffs contend, however, that discovery must be completed prior to determination of the choice of law to govern their claims for breach of the implied warranty of merchantability (Count XI) and for consumer fraud under state law

---

[2]      Though Defendants dispute Plaintiffs' suggestion that the express warranty law of Florida is settled regarding the need for privity, for purposes of this motion to dismiss only, Defendants agree that Plaintiff Oliver may avail herself of New Jersey law on her express warranty claim.  The result does not differ as the application of New Jersey law equally requires the dismissal of Plaintiff Oliver's express warranty claim.

(Count II).  Opposition, at 13-15.  Contrary to Plaintiffs' assertions, their Amended Complaint alleges sufficient facts to allow determination of the choice of law on Defendants' Motions to Dismiss.

As discussed in Funai Corp.'s Memorandum in Support of its Motion to Dismiss the Amended Complaint (at 14-17), New Jersey courts regularly engage in a choice of law analysis at the motion to dismiss stage.  That is particularly true where, as here, the number of parties and states' law potentially at issue is limited. The cases relied upon by Plaintiffs are inapposite.  *In re Samsung DLP Television Class Litig.* declined to undertake a choice of law analysis, in large part, because the court had already found that the defendant's motion to dismiss belatedly and improperly sought reconsideration of a prior ruling, thus, making the choice of law analysis irrelevant.  No. 07-2141 (GEB), 2009 WL 3584352, at *3 (D. N.J. Oct. 27, 2009).  *Harper v. LG Elecs. USA, Inc.*, 595 F. Supp. 2d 486 (D. N.J. 2009) concerned 24 separate plaintiffs from 13 different states – including New Jersey – which necessarily complicated the task of determining the proper law for each plaintiff on each claim.  Here, in contrast, there are only two plaintiffs – neither from New Jersey – and the Amended Complaint alleges the location of the purchase of the televisions and therefore the place of contracting under the Limited Warranties.  As a result, the record before this Court is much simpler and is readily amenable to determination of the choice of law on the pleadings.

1.   **Plaintiffs' Consumer Fraud Claims Should be Considered Under the Law of the State of Purchase as Plaintiffs Lack Any Contacts With New Jersey**

New Jersey courts have frequently recognized that out-of-state consumers cannot avail themselves of the NJCFA when the transaction's only relationship with New Jersey is that the state is a defendant's home or state of incorporation. *See, e.g., Knox v. Samsung Elecs. Am., Inc.*, No. 08-4308, 2009 WL 1810728, at *3 (D. N.J. June 25, 2009) (Linares, J.) (holding that "this Court has also previously found that the NJCFA will not apply under a choice of law analysis where the only plaintiff was an Arizona consumer having purchased a television in Arizona from an Arizona retailer, and the contacts in New Jersey were limited to 'the location of [Defendant]'s headquarters, and substantial decision-making, marketing, and distribution efforts'") (quoting *Cooper v. Samsung Elecs. Am., Inc.*, No. 07–3853, 2008 WL 4513924, at *5 (D. N.J. Sept. 30, 2008) (Linares, J.)).  In spite of the weight of authority, Plaintiffs argue that the NJCFA should apply to their claims because New Jersey is the home to Defendant Funai Corp. and therefore purportedly <u>both</u> Defendants had "knowledge" of the alleged defect and received communications regarding such defect in New Jersey.  Opposition, at 16.

Predictably, Plaintiffs rely primarily on the outlying decision *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46 (D. N.J. 2009). Opposition, at 17.  Although *Mercedes-Benz* did permit out-of-state plaintiffs to

4

bring an action under the NJCFA despite little relationship with New Jersey other than the defendant's state of incorporation, "no subsequent case has followed *Mercedes–Benz*, and many have found that its reasoning went too far." *Avram v. Samsung Elecs. Am., Inc.*, No. CIV. 2:11-6973 KM, 2013 WL 3654090, at \*17 (D. N.J. July 11, 2013) (citation omitted).  Indeed, numerous courts have considered *Mercedes-Benz* to be an outlier and have recognized the limitations to the applicability of NJCFA to purchases made outside of New Jersey.  *See*, *e.g.*, *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 449–50 (D. N.J. 2012) (distinguishing *Mercedes–Benz* in finding that the NJCFA did not apply to out-of-state plaintiffs); *Agostino v. Quest Diagnostics Inc.,* No. 04–4362, 2010 WL 5392688, \*9 (D. N.J. Dec. 22, 2010) ("Parting ways, however, with Judge Debevoise's assessment in *Mercedes*, this Court does not consider that New Jersey's interest in deterring fraudulent conduct perpetrated by domestic companies necessarily trumps the interest of the victim's home state."); *In re Vioxx Products Liab. Litig*., 861 F. Supp. 2d 756, 765 (E.D. La. 2012) (declining to apply the NJCFA to out-of-state plaintiffs and noting that the *Mercedes–Benz* opinion is an "outlier.").

Plaintiffs' reliance on *Elias v. Ungar's Food Products, Inc.*, 252 F.R.D. 233 (D. N.J. 2008), is similarly misplaced.  As this Court has previously noted, the *Elias* court's holding was premised, in part, on the fact that some of the consumers

in the purported class were New Jersey residents.  *Knox*, 2009 WL 1810728, at *2 (distinguishing *Elias* and dismissing NJCFA claim, holding that "[w]hen New Jersey consumers are actually at issue, New Jersey's contacts are qualitatively different than in cases such as this, where the only named Plaintiff is an [out-of-state] resident and no New Jersey consumers are currently before the Court."). Similarly here, neither Plaintiff is a New Jersey consumer or resident, making *Elias* inapposite.

### 2.     Plaintiffs Lack Sufficient Contacts with New Jersey to Bring an Implied Warranty Claim under New Jersey Law

Plaintiffs concede that the implied warranty laws of Arizona and Florida require privity of contract.  Opposition, at 27-28.  Hoping to avoid the application of the law of their states of purchase, Plaintiffs rely on Funai Corp.'s place of incorporation to rescue their claims.  *Id.*  Plaintiffs have no contacts with New Jersey, and they did not purchase their televisions in New Jersey.  Plaintiffs' lack of New Jersey contacts are fatal to their desire to avoid Arizona and Florida implied warranty law.  New Jersey courts have frequently found that when warranty claims are brought by nonresidents for purchases outside of New Jersey, the state in which the product was purchased and used has the "most significant relationship" to the litigation.  *See, e.g., Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 465 (D. N.J. 2009) ("[T]he Court will apply the laws of the prospective Class members' home states because each state has the most

6

significant relationship with the contract claims asserted by their home state plaintiffs."); *Feldman v. Mercedes-Benz USA, LLC*, No. 2:11-CV-00984 WJM, 2012 WL 6596830, at *8 (D.N.J. Dec. 18, 2012) (holding that "warranty claims should be governed by the law of each consumers' home state.") (citing *Yocham v. Novartis Pharms. Corp.*, 736 F. Supp. 2d 875, 883 (D. N.J. 2010).  Under well-established law, Plaintiffs' contacts are insufficient to give rise to an implied warranty claim under New Jersey law.

## B.   Plaintiffs Cannot Sustain Either Express or Implied Warranty Claims

### 1.   Plaintiffs' Implied Warranty Claims are Barred by the Express Limited Warranties

Plaintiffs implied warranty claims should be dismissed for failure to allege privity between Plaintiffs and Defendants as required under Arizona and Florida law.  However, even if this Court were to consider Plaintiffs' implied warranty claims under New Jersey law, the claims still must be dismissed.

Plaintiffs acknowledge, as they must, that their televisions came with express warranties of one year for parts and three months labor (the "Limited Warranties") and that their televisions did not fail within the one year time period of the Limited Warranties.  Opposition, at 7-8.  These undisputed facts are fatal to Plaintiffs' warranty claims because, as Plaintiffs concede, under the U.C.C.

(adopted by New Jersey, Arizona and Florida), an implied warranty is displaced by an express warranty disclaiming any other warranty.  *Id.*, at 50.

Unable to claim a breach of the Limited Warranties, Plaintiffs instead ask this Court to create and impose a new, unlimited warranty based upon Plaintiffs' claimed expectations of longevity derived from various third-party websites and consumer guides.  Plaintiffs assert that these sources gave them the impression that all LCD televisions are warranted for multiple years or should operate without repairs for multiple years.  *Id.*, at 5-6.  Though Plaintiffs do not allege that Defendants published any such materials, Plaintiffs argue that Defendants should be held to these standards anyway because Defendants "actively promote and participate" in the television industry.[3] *Id.*, at 6, 35.

Adoption of such a claim would lead to absurd results.  Plaintiffs' proposed claims would essentially create a warranty of unlimited duration across the entire television industry.  Moreover, they would effectively make every manufacturer legally responsible for the marketing and promotion of the competitors in their field.  This Court should reject Plaintiffs' invitation to impose a broad, unlimited

---

[3]   Precisely how Defendants "actively promote" the television industry and the basis for Plaintiffs' expectation that LCD televisions will last many years is not explained beyond conclusory statements regarding "trade associations, lobby efforts, advertising and other public communications" – none of which are ever identified.  *Id.*, at 6, 35.

warranty obligation on Defendants and all other television manufacturers and distributors on such a basis.

### 2.     The LCD Panel Statement is Not a Warranty of the Entire Television

In a failed attempt to manufacture a viable warranty claim against Defendants, Plaintiffs argue that the statement, "the LCD panel is manufactured to provide many years of useful life," (the "LCD Panel Statement") misleadingly represents the expected longevity of the entire television – not just the LCD panel.[4] Opposition, at 32-35.

As explained in Funai Corp.'s Memorandum of Law in Support of its Motion to Dismiss (pp. 36-39), the LCD Panel Statement is clearly limited to the liquid crystal display panel (or screen) and makes no claim regarding PSBs or the television as a whole.  Plaintiffs' skewed interpretation takes one-half sentence out of context and is neither reasonable nor credible.  Moreover, although the LCD Panel Statement serves as the foundation for all of Plaintiffs' warranty and misrepresentation claims, Plaintiffs do not allege that they have ever actually seen this statement, which appears on page 29 of the owners' manuals.  In order to be actionable as a warranty, a statement must become the "basis for the bargain."

---

[4]     Plaintiffs' initial Complaint attempted to argue around the Limited Warranties by alleging that the federally-mandated EnergyGuide label constituted a multi-year warranty.  Compl., at ¶¶ 16-19, 48-55, 79-91 (ECF No. 1).  In response to Funai Corp.'s motion to dismiss, however, that claim was dropped from the Amended Complaint.

*Avram v. Samsung Elecs. Am., Inc.*, No. CIV. 2:11-6973 (KM), 2013 WL 3654090,
at *14 (D. N.J. July 11, 2013); *Viking Yacht Co. v. Composites One LLC*, 496 F.
Supp. 2d 462, 469 (D. N.J. 2007) (noting that a representation may be presumed to
be part of the basis of the bargain only "once the buyer has become aware of the
affirmation of fact . . . . ") (internal citations and quotation marks omitted).  Clearly
a statement that Plaintiffs never claim to have seen cannot be the basis of any
bargain with Defendants.[5]

### 3.     There is Nothing Unconscionable About a Product Failing After the Expiration of a Warranty Period

In a last ditch effort to save their warranty claims, Plaintiffs argue that the
Limited Warranties are "unconscionable" and should not be enforced.  Opposition,
at 39-41.  However, as explained in Funai Corp.'s Memorandum of Law in
Support of its Motion to Dismiss (pp. 33-37) (ECF No. 52), Plaintiffs allegations,
even if accepted as true, would not establish that the Limited Warranties are either
procedurally or substantively unconscionable.  Components of any electrical
device will eventually fail.  The fact that a part of the television may fail after the
expiration of the Limited Warranties does not make the Limited Warranties

---

[5]     Furthermore, the LCD Panel Statement is factually accurate.  Plaintiffs'
televisions have had no issue with the LCD panels in the years Plaintiffs have
owned them – both before and after the alleged defect with the power supply
board.  Am. Compl., ¶¶ 42-44 (ECF No. 14).

unconscionable.  To adopt Plaintiffs' overbroad view of unconscionability would essentially require manufacturers to warrant their products in perpetuity.

Not surprisingly, Plaintiffs rely exclusively on *In re Samsung DLP Television Class Action Litig.*[6] ("*Samsung*") to support the claim that the Limited Warranties are unconscionable.  Opposition, at 53-54.  *Samsung* is based on authority from outside this Circuit that has been superseded by subsequent Supreme Court precedent, and should be rejected by this Court.  *Samsung*  relied upon the Fourth Circuit Court of Appeals' decision in *Carlson v. Gen. Motors Corp.*[7]  *Carlson* has been repudiated and its reasoning rejected by various courts in this District because it is inconsistent with the Supreme Court's later rulings in *Twombly* and *Iqbal*  requiring plaintiffs to plead a plausible factual basis for their purported claims.  *See Alban v. BMW of N. Am., LLC*, No. 09-5398, 2011 WL 900114, at n.8 (D. N.J. Mar. 15, 2011) (declining to follow *Samsung* and finding that "the Fourth Circuit's logic [in *Carlson*] is no longer persuasive" in light of *Iqbal* and *Twombly* and dismissing claims the warranty was unconscionable); *Weske v. Samsung Elec. Am., Inc.*, No. 2:10-4811, 2012 WL 833003, at *6 (D. N.J. Mar. 12, 2012) (dismissing plaintiffs' claims that a one year warranty was unconscionable despite allegation that defendant was aware of a defect in the cooling system); *In re Philips/Magnavox Television Litig.*, No. 09-3072, 2010 WL

---

[6]     No. CIV. 07-2141 (GEB), 2009 WL 3584352 (D. N.J. Oct. 27, 2009).
[7]     883 F.2d 287, 296 (4th Cir. 1989).

3522787, at *1 (D. N.J. Sept. 1, 2010) (dismissing claims that a one year warranty on televisions was unconscionable despite defendant's alleged knowledge of a defect). Indeed, the *Alban* court found that "as a matter of law, allegations regarding [defendant's] knowledge of a defect before the expiration of his warranty cannot serve as a basis for finding that the time-limitation in his warranty is unconscionable." *Alban*, 2011 WL 900114, at * 1. It is clear that under *Twombly* and *Iqbal* the conclusory assertion that a warranty is "unconscionable" is no longer a sufficient basis to survive a motion to dismiss.

### C.    Plaintiffs' Fraud Claims Must be Dismissed

#### 1.    Plaintiffs Consumer Fraud Claims Fail to Allege any Reliance on any Action by Defendants

As discussed above and in Funai Corp.'s Memorandum in Support of its Motion to Dismiss (at pp. 20-22), Plaintiffs simply do not have any contacts with New Jersey to give rise to claims under the New Jersey Consumer Fraud Act ("NJCFA"). Thus, Arizona law controls Plaintiff Toms's consumer fraud claim and Florida law controls Plaintiff Oliver's consumer fraud claim.

Both the Arizona and Florida consumer protection statutes require reliance to state a claim for any deceptive practice, including both misrepresentations and omissions. *Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2005); *Rosa v. Amoco Oil Co.*, 262 F. Supp. 2d 1364, 1368 (S.D. Fla. 2003). Plaintiffs do not and cannot allege reliance. As a result, these claims must be dismissed.

## 2.    Even if the Court Were to Consider Plaintiffs' Claims Under the NJCFA, Plaintiffs' Allegations are Insufficient

Even if Plaintiffs could assert claims under the NJCFA, that would not avoid dismissal, as explained in Funai Corp.'s Memorandum of Law (pp. 44-47; detailing the numerous deficiencies in Plaintiffs' formulaic pleading of its fraud claims). Plaintiffs seek to avoid the application of that precedent by vaguely arguing that the concealment of a known defect is sufficient to support a claim under the NJCFA. Opposition, at 30-42. However, Plaintiffs' allegations do not meet even that hypothetical standard. Plaintiffs do not allege any complaint received by Defendants prior to the sale of Plaintiffs' televisions. "Put simply, the NJCFA does not require manufacturers to disclose things they do not know." *Alban v. BMW of N. Am., LLC*, No. 09-5398, 2010 WL 3636253, at *10 (D. N.J. Sept. 8, 2010).

Nor does the Amended Complaint identify any person who received a complaint at either Defendant, any person with whom Defendants allegedly conspired to conceal the alleged defect, or how Defendants implemented this effort to conceal the alleged defect. Plaintiffs' general allegations of knowledge are plainly insufficient. "Where a complaint merely alleges conclusory assertions that a defendant knew and failed to disclose material facts, dismissal is appropriate." *Spera v. Samsung Elec. Am., Inc.*, No. 2:12-cv-05412, 2014 WL 1334256, at *7 (D.N.J. Apr. 2, 2014) *citing Weske*, 2012 WL 833003, at *5 (dismissing claim

where "[p]laintiffs allege that Samsung knew of the Defect as early as 2006 because of complaints made by unspecified customers, they do not allege who at Samsung learned of these complaints and they do not identify any particular individuals who complained."); *see also Glauberzon v. Pella Corp.*, No. 10-5929 (JLL), 2011 WL 1337509, at *9 (D. N.J. Apr. 7, 2011) (Linares, J) (dismissing fraudulent concealment claim under the NJCFA where "Plaintiffs do not identify who at Pella was aware of the existence of a product-wide mullion defect, when or how they learned of such defect and/or when or how the decision was made to conceal the defect from its customers-all of which are required under the Rule 9(b) pleading standard.") (citations omitted)).

Unable to allege a single complaint made to Defendants prior to the Plaintiffs' purchase of their televisions, Plaintiffs instead cite various third-party websites to insinuate that Defendants[8] must have received directly similar complaints regarding the PSBs.  Notice to third parties cannot support a cognizable

---

[8]     Plaintiffs' failure to distinguish between Funai Electric and Funai Corp. exemplifies the paucity of specifics included in the Amended Complaint.  While Plaintiffs are correct that the strictures of Rule 9(b) are somewhat relaxed in claims of fraudulent concealment, Plaintiffs are not absolved of their obligation to identify some statement or action by each of the parties.  Plaintiffs' reliance on *Gray v. BMW of N. Am., LLC*, No. 13-cv-3417 (WJM), 2014 WL 4723161 (D. N.J. Sept. 23, 2014) is misplaced.  Unlike the Plaintiffs here, the plaintiffs in *Gray* specifically alleged actions that could only have been taken by BMW AG actively to conceal the alleged defect.  *Id.* at *3 (noting that the complaint specifically alleged actions taken toward dealers that could only come from BMW AG as the warrantor of the cars).  The Amended Complaint makes no comparable allegations here.

14

NJCFA claim.  *Spera*, 2014 WL 1334256, at *7 (dismissing fraudulent

concealment claim where "[t]he [c]omplaints do not pinpoint a specific time at

which Samsung allegedly became aware of the purported defect. Plaintiffs'

[c]omplaints allege that Samsung received an 'avalanche of consumer complaints.'

However, [p]laintiffs fail to identify a particular complaint, who it was made by,

who it was received by, or when it would have put Samsung on notice of the

alleged defect.") (internal citations omitted).

### 3.    Plaintiffs' Common Law Fraud Claim Must be Dismissed for Failure to Allege any Statement by Defendants

Plaintiffs' fraudulent concealment claims are premised on the theory that

Defendants knowingly sold televisions with a defect in the power supply boards.

Even accepting Plaintiffs' allegations as true for the purposes of this Motion, the

failure to disclose a defect in the televisions, without more, is insufficient to

support a claim of fraudulent concealment.  Under New Jersey law, a plaintiff must

allege that he or she "actually received and considered the misstatement or

omission, however indirectly uttered, before he or she completed the transaction."

*Kaufman v. i-Stat Corp.*, 754 A.2d 1188 (N.J. 2000).  Plaintiffs, however, do not

claim to have seen or relied upon <u>any</u> statement by Defendants prior to purchasing

their televisions, aside from vague references to unspecified "advertising

materials."  Am. Compl., at ¶¶ 26-27.

Plaintiffs' failure to identify a statement made by Defendants is fatal to Plaintiffs' fraudulent concealment claim, as other courts in this District have recognized. *Weske v. Samsung Elec., Am., Inc.*, 42 F. Supp. 3d 599, 608 (D. N.J. 2014) (dismissing fraudulent concealment claims where plaintiffs failed to allege that they "actually received" any statements from defendant); *see also Fishman v. Gen. Elec. Co.*, No. 2:12-cv-00585, 2013 WL 1845615, at *4-5 (D. N.J. Apr. 30, 2013) (dismissing fraudulent concealment where plaintiffs failed to identify what defendant's express representations were or when they were made). In order to state a claim, Plaintiffs must identify some statement or action by Defendants that made the alleged concealment of the defect "fraudulent." Plaintiffs, however, fail to identify <u>any</u> statement by either Defendant that influenced Plaintiffs' purchasing decision.

### D.    Plaintiffs' Unjust Enrichment and Civil Conspiracy Claims Must be Dismissed

The lack of privity dooms Plaintiffs' unjust enrichment claim under well-established law. *Avram*, 2013 WL 3654090, at *21 (listing cases). This Court has likewise required privity, even where a claim of unjust enrichment was pled in the alternative to an express warranty claim. *Cooper v. Samsung Elecs. Am. Inc.*, No. 07-3853, 2008 WL 4513924, at *10 (D. N.J. Apr. 30, 2013). Plaintiffs' attempt to muddy the waters on a well-settled rule of law fails. The two cases Plaintiffs cite in support of a relaxation of this requirement are readily distinguishable. Both

16

involved alleged nationwide marketing campaigns featuring fraudulent advertising that was obviously designed to increase sales, or that plaintiffs relied upon in making their purchases. *See Lynch v. Tropicana Prods., Inc.*, No. 2:11-cv-07382, 2013 WL 2645050, at *10 (D. N.J. June 12, 2013); *Stewart v. Beam Global Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 193 (D. N.J. 2012). Neither scenario exists here.

Finally, Plaintiffs argue that Defendants acted in concert with one another to manufacture and sell allegedly defective televisions to unsuspecting consumers and that these allegations are sufficient to support a civil conspiracy claim. Opposition, at 60. As Plaintiffs' underlying claims have been shown to be meritless, their conspiracy claim must fail as well. *Mercedes-Benz USA, LLC v. ATX Grp., Inc.*, No. 08-3529 (WHW), 2010 WL 3283544, at *13 (D. N.J. Aug. 18, 2010) (dismissing civil conspiracy claim as improper "bootstrapping" or tort claim in breach of contract action). Further, Plaintiffs cannot allege a viable conspiracy claim against the only two remaining defendants, Funai Electric and Funai Corp., because a corporate parent and subsidiary cannot conspire with one another. *Am. Capital Acquisition Partners, LLC v. Fortigent*, LLC, No. 13-5571, 2014 WL 1210580, at *7 (D. N.J. Mar. 24, 2014) (dismissing conspiracy claim against parent

17

and subsidiary as a legal impossibility).[9]  Plaintiffs' civil conspiracy claim fails as a matter of law.

## III.   CONCLUSION

Plaintiffs have now had two opportunities to state their claims against the Defendants and have utterly failed on both occasions.  The Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

Dated: May 18, 2015                    MORGAN, LEWIS & BOCKIUS LLP


By: *s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
502 Carnegie Center, 2nd Floor
Princeton, New Jersey 08540
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendants Funai Corporation, Inc. and Funai Electric Co., Ltd.*

---

[9]      Plaintiffs' attempts to evade the intracorporate conspiracy doctrine are unavailing.  Neither of the cases cited by Plaintiffs involved related corporate entities.  *Aiellos v. Zisa*, No. 2:09-3076, 2010 WL 421084  (D. N.J. Feb. 2, 2010) (the alleged co-conspirators were an individual, the chief of police, and his employer, the city of Hackensack); *Sunkett v. Misci*, 183 F. Supp. 2d 691 (D. N.J. 2002)(the alleged co-conspirators were the city and city officials).  Indeed, the *Sunkett* court specifically noted the inability of corporate employees to conspire with a corporation when acting within their corporate capacity.  *Id.* at 722.

18

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 18th day of May 2015, a true and correct copy of the foregoing Reply Memorandum of Law of Funai Defendants in Further Support of Motion to Dismiss Plaintiffs' Amended Complaint was filed and served via ECF on the following:

Stefan L. Coleman
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701

Rafey S. Balabanian
Eve-Lynn Rapp
Benjamin H. Richman
EDELSON, P.C.
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

Steven L. Woodrow
Megan L. Lindsey
EDELSON, P.C.
999 West 18th Street, Suite 3000
Denver, Colorado 80202
*Attorneys for Plaintiff*

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.