NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated et al, <br><br> Plaintiffs, <br><br> v. <br><br> FUNAI CORPORATION, INC., et al, <br><br> Defendants. | Civil Action No. 14-cv-04532 <br><br><br> OPINION |

JOSE L. LINARES, U.S.D.J.

This matter comes before the Court upon motion by Defendant, Funai Corporation, Inc., (hereinafter "Funai Corp"), (ECF No. 52), and motion by Defendant, Funai Electric Co., LTD., (hereinafter "Funai Electric"), (ECF No. 53), to dismiss the amended complaint. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the Parties' submissions, and for the reasons stated below, Funai Corp's Motion to Dismiss, (ECF No. 52), is **granted in part and denied in part**, and Funai Electric's Motion to Dismiss, (ECF No. 53), is **granted in part and denied in part**.

## I. BACKGROUND[1]

### A. Parties

Plaintiff, Norma Oliver is a citizen of the State of Massachusetts and Plaintiff Matt Toms is a citizen of the State of Arizona. (Amended Complaint, ECF No. 14, ¶¶1-2). Defendant Funai Corp is incorporated in and exists under the laws of the State of New Jersey with its principal place of business located at 201 Route 17, Suite 903, Rutherford, New Jersey 07070. (Id. ¶3). Defendant Funai Electric is a Japanese company with its headquarters in Daitō, Oskaka, Japan that manufacturers and sells Funai brand electronic televisions, including Magnavox and Emerson. (Id. ¶4). Plaintiffs claim that Funai Electric participates in, engages in, and avails itself of the United States market and United States consumers through its subsidiary, Funai Corp and agreements between the two entities. (Id.). Defendants, Target Corporation and Wal-Mart Stores, Inc., are also Defendants in this litigation as Plaintiffs purchased the products at issue from these stores. (Id. ¶¶5-6).

### B. Pertinent Facts

This is a putative class action related to the manufacturing, marketing, and sale of defective televisions. Defendant Funai Corp markets and sells televisions under the Emerson and Magnavox brand names. The Emerson LC320EM2 and Magnavox 32MF301B 32-inch televisions (hereinafter the "Defective TVs") have faulty components, namely the power supply boards (hereinafter "PSBs"). (Id. ¶¶7, 9). The Defective TVs were designed and manufactured to have a lifespan far shorter than the average modern TV and often fail shortly outside the stated one –year warranty. (Id. ¶9). Over the past decade, LCDs have become the primary technology that powers

---

[1] The facts are taken primarily from Plaintiffs' Amended Complaint, (ECF No. 14), and are properly accepted as true for the purposes of this Opinion. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

consumer televisions, overtaking several other technologies (e.g. "plasma" and "CRT" TVs) along the way. (Id. ¶17).  A contributing factor to the widespread adoption of LCD TVs is the consumer expectation that their lifespan exceeds ten years with normal usage.  (Id.).  This expectation was created by those in the television industry and was bolstered by Funai Corp's active promotion and participation in that industry, its trade associations, lobbying efforts, advertising and other public communications. (Id.).

Defendant Funai Corp represents in its television services manuals that the "LCD Panel" will "provide many years of useful life," and similarly represents in its owners' manuals that the "LCD screen" will "provide many years of useful life." (Id. ¶26). Modern LCD televisions, including the Defective TVs, are comprised of several components that all work together to provide the essential function of a television set (i.e. watching television programming), such as a display panel (i.e. the liquid crystal display and its controller) and a power supply board ("PSB"). (Id. ¶21). The PSB regulates and routes electricity for the LCD panel, thus, without a functioning PSB, the LCD screen and panel cannot operate and the televisions will stop displaying a picture and sound (without which a television is rendered useless).  (Id.).  By using faulty and defective PSBs that fail and need to be replaced, Funai Corp's LCD is not properly manufactured. (Id. ¶22).

In May 2012, Plaintiff Oliver purchased an Emerson LC320EM2 32-inch LCD Television from Wal-Mart in Florida at a cost of $229.00. (Id. ¶35).  In October 2013, shortly following the one-year express parts warranty, Plaintiff Oliver's LC320EM2 TV failed. (Id. ¶36). At that time, Plaintiff Oliver had used her TV for approximately 390 hours. (Id.).  Thereafter, Plaintiff Oliver called Funai Corp's customer support telephone number five times, informing Defendant of her television's failure and seeking a replacement television, wherein Funai Corp acknowledged that the likely cause of the TV's failure was a faulty PSB. (Id.). However, Funai

3

refused to provide a replacement television or PSB without cost to Plaintiff Oliver. (Id.). Similarly, in September 2012, Plaintiff Toms purchased a Magnavox 32MF301B 32-inch LCD TV from a Target store in Arizona at a cost of approximately $200.00. (Id. ¶40). In January 2014, Plaintiff Toms' 32MF301B TV failed. (Id.). At the time his television failed, Plaintiff Toms had used his TV for approximately 190 hours. (Id.). Thereafter, Plaintiff researched the likely cause of the television's failure and discovered that the PSB was faulty. (Id. ¶41).

## C. Facts Alleged Relevant to Funai Corp's Motion to Dismiss

Plaintiffs allege that each of the Defendants knows about the Defect and profits as a result of the Defect where each has taken steps to conceal the Defect from consumers and the general public by failing to disclose such in their marketing materials but rather falsely inflate the supposed superior quality of the Defective TVs. (Id. ¶10). That is, Funai Corp knows specifically about the faulty PSBs and the effects on the LCD Panel and the ability of the TV to function, but Funai Corp actively conceals the defect from consumers. Apparently, Funai Corp acquired its knowledge of the defective PSBs through sources not available to Plaintiffs and the members of the putative Class but that are within the Defendants' knowledge, including but not limited to pre-release testing and associated and related testing data, early consumer complaints about the Defective TVs to Funai and its retailers, (including co-Defendants Wal-Mart and Target) for selling the Defective TVs, testing conducted in response to those complaints, aggregate data (e.g. return rate data) from retailers, and from other internal sources. (Id. ¶25).

Defendant Funai Corp also has taken steps to avoid further inquiries or detection of the Defect by consumers prior to their purchases by representing in its television services manuals that the LCD Panel and Screen will "provide many years of useful life." (Id. ¶26). Such statements and other marketing materials are designed to temper concerns, dissuade further inquiries, and

reassure customers that the TV has been built to last for years, consistent with industry standards. (Id.). Further, consumers cannot open and inspect the televisions prior to purchase, and Funai Corp does not disclose the Defect in any of its marketing materials, even though concealing the defect frustrates the consumer's ability to receive what they paid for. (Id. ¶26). Funai Corp also doesn't disclose that it charges a repair fee of over $50 if the Defective TV fails within the one year parts warranty period but after the ninety day labor warranty period, despite Funai Corp's knowledge of the Defect and the likelihood that the Defect will cause the LCD screen or panel to fail with minimal use. (Id. ¶29).

On the basis of these alleged facts, Plaintiffs' allege a variety of causes of action by and through their Amended Complaint. Defendant Funai Corp filed the current Motion to Dismiss Counts I, II, III, VI, VIII, X, XI of Plaintiffs' Amended Complaint. Count I is a for fraudulent concealment while Count II allege violations of various Consumer Fraud Statutes, namely, New Jersey, Arizona, and Florida. Count II provides an alternative theory of recovery via unjust enrichment. Count VI is for civil conspiracy. Finally, Counts VIII, X, and XI seek relief for breach of express warranty, breach of implied warranty, and thus, a violation of the Magnusson Moss Warranty Act. (15 U.S.C. §§ 2301).

## D. Facts Alleged Relevant to Funai Electric's Motion to Dismiss

Funai Corp is a subsidiary of Funai Electric. However, Plaintiffs' Amended Complaint fails to distinguish between Funai Corp and Funai Electric but rather simply uses "Funai" to refer to both. Funai Electric seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). Specifically, Funai Electric, a Japanese corporation, argues this Court cannot exercise personal jurisdiction over Funai Electric as Plaintiffs have failed to allege conduct by Funai Electric in New Jersey. (Id.). Funai Electric also purports that Plaintiffs' causes of action against it are deficient

as they fail to allege anything specific that Funai *Electric* (not Funai Corp) has done in relation to the seven causes of action asserted. With regard to Funai Electric's personal jurisdiction challenge, this Court entered an Order dated February 17, 2015 which stayed the briefing on this challenge as the Parties have agreed that jurisdictional discovery may be needed. (Order, ECF No. 40, ¶6). Thus, the Court addresses Funai Electric's 12(b)(6) challenges only.

Funai Electric incorporates the 12 (b)(6) arguments of insufficient pleadings articulated by Funai Corp, but also raises one additional issue. That is, Funai Electric argues that Plaintiffs Amended Complaint improperly uses "Funai" to refer to both of these named Defendants. Indeed, Plaintiffs refer specifically to Funai Electric only three times in the entire Amended Complaint: 1) alleging that Funai Corp. has an agreement with Funai Electric to be the authorized distributor of the televisions at issue; (Am. Compl., ¶ 3); 2) identifying Funai Electric as a party to this action; (Id., ¶ 4); and 3) in the preface to the Amended Complaint noting Plaintiffs' intention to refer to Funai Electric and Funai Corp. collectively as "Funai." (Id., pp. 1-2). With this background in mind, the Court addresses each of Defendants' arguments.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments

without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994).

Regarding Plaintiffs' fraud claims, Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.' " *Park v. M & T Bank Corp.,* No. 09–cv–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of America,* 361 F.3d 217, 223–24 (3d Cir.2004)). Plaintiffs can satisfy this standard by alleging dates, times, places, and other facts with precision. *Park,* 2010 WL 1032649, at *5.

## III. DISCUSSION[2]

To determine whether Plaintiffs have sufficiently plead the relevant Counts of their Amended Complaint, this Court must first undergo a choice-of-law analysis for each Count. Plaintiffs purport that any choice-of-law analysis is inappropriate at the motion to dismiss stage. Upon review on an issue-by-issue basis, this Court does not agree. While true that the factual record in this case is not fully developed, the Amended Complaint provides many (if not all) of the necessary facts to properly weigh the Restatement factors in a choice-of-law analysis. While the Court is mindful that it can be inappropriate or impossible for a court to conduct such an analysis at the motion to dismiss stage when little or no discovery has taken place, "[s]ome choice

---

[2] While the findings of this Section apply equally to Funai Corp and Funai Electric where appropriate, the Court refers only to the moving Defendant, Funai Corp, for purposes of organization and reference to the corresponding arguments within the moving brief.

of law issues may not require a full factual record and may be amenable to resolution on a motion to dismiss." *Harper v. LG Elecs. USA, Inc.,* 595 F.Supp.2d 486, 491 (D.N.J.2009). As such, courts in this Circuit have sometimes determined that the choice of law analysis in a putative class action can be done at the motion to dismiss stage. *See, e.g., Cooper v. Samsung Elecs. Am., Inc.,* 374 Fed.Appx. 250, 255 n. 5 (3d Cir.2010); *Warma Witter Kreisler, Inc. v. Samsung Electronics America, Inc.,* Civ. No. 08–5380, 2010 WL 1424014, at *1, 2010 U.S. Dist. LEXIS 34584, at *2 (D.N.J. Apr. 8, 2010); *Knox v. Samsung Electronics America, Inc.,* Civ. No. 08–4308, 2009 WL 1810728, at *1, 2009 U.S. Dist. LEXIS 53685, at *2 (D.N.J. June 25, 2009).

A district court must apply the choice of law rules of the forum in which the court sits. *See Thabault v. Chait,* 541 F.3d 512, 535 (3d Cir.2008). Hence, the Court must apply New Jersey's "most significant relationship test," a case-by-case, qualitative analysis consisting of two prongs. *See P.V. v. Camp Jaycee,* 197 N.J. 132, 143, 962 A.2d 453 (2008). The first prong of this choice of law analysis requires a court to examine the substance of the potentially applicable laws in order to determine if an actual conflict exists. *Id.* at 143–44, 962 A.2d 453 (citing *Lebegern v. Forman,* 471 F.3d 424, 430 (3d Cir.2006)). Where there is no actual conflict, the analysis concludes and the court applies the law of the forum state. *Schwartz v. Hilton Hotels Corp.,* 639 F.Supp.2d 467, 471 (D.N.J.2009). If a conflict in fact does exist, the court must turn to the second prong, requiring the court to weigh the factors enumerated in the Restatement sections corresponding to a plaintiff's cause of action. *See Camp Jaycee,* 197 N.J. at 143–45, 962 A.2d 453.

## A. Consumer Fraud Claims

Funai Corp contends that the states of purchase are the states whose laws should apply to any consumer fraud claims. (Def. Br., ECF No. 52-1 at 22). Plaintiffs on the other hand, ask this

Court to apply New Jersey's Consumer Fraud Act ("NJCFA"). The Parties do not dispute that an actual conflict exists between the laws of New Jersey, Florida and Arizona but rather differ in their application of the balancing test. Section 148 of the Restatement ("Fraud and Misrepresentation") is most relevant to consumer fraud claims like the NJCFA. *See In re Mercedes–Benz Tele–Aid Contract Litig.*, 257 F.R.D. 46, 64–65 (D.N.J.2009) ("Section 148 of the Restatement governs choice of law analysis for consumer fraud claims."). Section 148 provides the following:

> (1) When the plaintiff has suffered pecuniary harm on account of his reliance on the defendant's false representations and when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
> (2) When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:
> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
> (b) the place where the plaintiff received the representations,
> (c) the place where the defendant made the representations,
> (d) the domicile, residence, nationality, place of incorporation and place of business of the parties,
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflict of Laws § 148. Thus, because a conflict exists, in order to properly engage in a choice of law analysis as to Plaintiffs' consumer fraud claims this Court needs to consider, among other things, *where* the false representations were made and *where* Plaintiffs' actions in reliance on such false representations took place. *See* Restatement § 148. This Court

remains cognizant of the distinction in applying § 148 (1) versus § 148 (2) and finds that because the representations and/or omissions "emanate" from decisions made by Funai Corp, not at the point of sale (where Funai Corp was absent), Restatement § 148 (2) applies.  *See Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 208 (3d Cir. 2013) (Construing the location to which a representation is "directed" to be the same in which one is "made"—as opposed to the location from which the representation emanated—would render meaningless the Restatement drafters' careful distinction between "made" and "received.").  For the reasons that follow, this Court finds Arizona and Florida law shall apply.

The first factor asks where the plaintiff acted in reliance on defendant's representations while the second factor asked where the plaintiffs received the representations.  Restatement (Second) of Conflict of Laws § 148(2)(a).  This Court agrees with Funai Corp (and Plaintiffs do not argue this conclusion) that these factors are clearly supported by the states where the Televisions in question were purchased.  However, the third factor—where the defendant made the representations—favors the Plaintiffs given they specifically allege Defendants' knowledge of the Defect resulting from product development and testing, internal communications, and consumer complaints, all of which may or may not have occurred in New Jersey, where Funai Corp is principally located.[3]  Factor four relating to where the parties reside and/or do business is neutral.  Factors five and six favor the states of purchase because that is where the Televisions (the subject of the transaction between the parties) were situated at the time, and also the places where

---

[3] (*See also* Amended Complaint, ¶25:  Funai Corp acquired its knowledge of the defective PSBs through sources not available to Plaintiffs and the members of the putative Class but that are peculiarly within the Defendants' knowledge…including but not limited to pre-release testing and associated and related testing data, early consumer complaints about the Defective TVs to Funai and its retailers, including co-Defendants Wal-Mart and Target, for selling the Defective TVs, testing conducted in response to those complaints, aggregate data (e.g. return rate data) from retailers, and from other internal sources. (Id. ¶25).

plaintiffs rendered performance under a contract (which each had been induced to enter by the false representations of the defendant). Accordingly, the weight of the factors favors Arizona and Florida.

However, Plaintiffs ask this Court to ignore the aforementioned balancing test claiming the NJCFA was intended to be one of the strongest consumer protection laws and despite the weight of the factors, Funai Corp's home state should prevail. (Opp., ECF No. 59 at 17). Presumably, Plaintiff is asking this Court to give great weight to § 6 of the Restatement. Indeed, the relative importance to each of the factors in a given case "should be determined in light of the choice-of-law principles stated in § 6 [of the Restatement]." *Maniscalco v. Brother Int'l (USA) Corp.,* 709 F.3d 202, 207 (3d Cir. 2013) *citing* Restatement (Second) of Conflict of Laws § 148. Those principles are: "(1) the interests of interstate comity; (2) the interests of the parties; (3) the interests underlying the field of tort law; (4) the interests of judicial administration; and (5) the competing interests of the states." *Camp Jaycee,* 962 A.2d at 463 (internal quotation omitted). However, contrary to Plaintiffs' assertion, applying the aforementioned factors only bolsters this Court's determination that Arizona and Florida law has the greater interest in the litigation.

First, the interests of interstate comity favor applying the law of the individual plaintiffs' state because applying New Jersey law to every potential out-of-state claimant would frustrate the policies of each claimant's state. *Maniscalco* 709 F.3d 202, 210 *citing Fink v. Ricoh Corp.,* 365 N.J.Super. 520, 585, 839 A.2d 942 (N.J.Super.Ct. Law Div.2003)(finding that the interests of interstate comity "clearly require application of the law of any potential claimant's state of residence because application of any other state's law would frustrate the domiciliary state's legislative policies"). Second, the interests of the parties favors applying Arizona and Florida law

as the only contacts between the parties took place in states of purchase where presumably they expected that these states' (Arizona's and Florida's) law would likely apply.  Next, the interests underlying the field of tort law is a neutral factor given "consumer fraud law serves the dual purposes of compensating injured parties—which might favor [Arizona/Florida] law—and deterring corporate misconduct—which might favor New Jersey law." *Maniscalco* 709 F.3d 202, 210.  Fourth, while the interests of judicial administration in a putative class action may favor the application of *just one* state's law New Jersey courts have found that the interests of judicial administration must yield to the interests of the other factors. *Fu v. Fu,* 160 N.J. 108, 733 A.2d 1133, 1142 (1999).  Significantly, the final factor favors the interests of Arizona and Florida in having its law apply to its own consumers outweighs the interests of New Jersey in protecting out-of-state consumers from consumer fraud. *See Knox v. Samsung Elecs. Am., Inc.,* Civ. No. 08–4308, 2009 WL 1810728, at *4 (D.N.J. June 25, 2009) ("Although it is true that New Jersey seeks to prevent its corporations from defrauding out-of-state consumers, it is not clear to this Court that New Jersey intended out-of-state consumers to engage in end runs around local law in order to avail themselves of collective and class remedies that those states deny.").  Therefore, pursuant to Fed.R.Civ.P. 12(b)(6), this Court will analyze whether Plaintiffs state a plausible claim under Arizona's and Florida's relevant consumer fraud statutes and any NJCFA claims are dismissed with prejudice.

**1. Arizona**

The elements of Arizona's Consumer Fraud Act  (the "ACFA") must also be plead under the heightened standards of Fed. R. Civ. P. 9(b).  The ACFA provides the following:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise,  misrepresentation,  or  concealment,  suppression  or

> omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

Ariz. Rev. Stat. Ann. § 44-1522.  To satisfy the 9(b) standard, a plaintiff must specify the "who, what, when, where, and how" of the alleged omission or misrepresentation.  *Republic Bank & Trust Co. v. Bear Stearns & Co.,* 683 F.3d 239, 256 (6th Cir.2012).  As to the claim of misrepresentation, a plaintiff must specify the alleged fraudulent statement, identify the speaker, assert when and where the statements were made, and explain what made the statements fraudulent. *Id.* at 247.  As to omissions, an aggrieved plaintiff must plead: "(1) precisely what was omitted; (2) who should have made a representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what [the defendant] obtained as a consequence of the alleged fraud." *Id.* at 256.  The Court first notes that Plaintiffs fail to assert misrepresentation under the ACFA (as Plaintiffs emphasize "concealment" only in the statute), but does attempt to do so under the NJCFA (which this Court deems the inappropriate choice of law) relating to their claims of fraud in the user manual. In this regard, Plaintiffs' claim is dismissed without prejudice and Plaintiff shall be permitted to amend the complaint.

As for concealment, Plaintiffs plead that Funai Corp concealed that the Defective TVs had a propensity to fail well short of their expected lifespan.  (Am. Compl., ¶82).  Further, Plaintiffs state that Defendants actively concealed a Defect that is basic to the transaction, and they do so with the intent that customers rely on the concealment and do not learn about the Defect prior to purchasing the Defective TVs resulting in actual damages caused by his overpayment for the Defective TVs. (Id. ¶¶67-68).  Plaintiffs therefore state a plausible cause of action for concealment in violation of the ACFA.

## 2. Florida

The relevant language claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") states that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204. Funai Corp proffers limited arguments for dismissal of Plaintiffs' FDUTPA claims only asserting that Plaintiffs fail to allege reliance. (Def. Br., ECF No. 52-1 at 46). However, reliance is not required. A deceptive act occurs when "there is a representation, *omission*, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." (emphasis added) *Gavron v. Weather Shield Mfg., Inc.*, 819 F.Supp.2d 1297, 1302 (S.D.Fla.2011) (quoting *PNR, Inc.*, 842 So.2d at 777). Further, "[a] deceptive or unfair trade practice … although [] similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue." *State, Office of Atty. Gen., Dept. of Legal Affairs v. Wyndham Int'l, Inc.*, 869 So.2d 592, 598 (Fla.Dist.Ct.App.2004). Indeed, "[i]t is sufficient if a reasonable person would have relied on the representations." *Latman v. Costa Cruise Lines, N.V.*, 758 So.2d 699 (Fla.Dist.Ct.App.2000). Thus, in a FDUTPA action "the question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances." *Id.*

Plaintiffs allege Funai Corp took steps to conceal information regarding the Defect by refraining from including such information in any advertisements or manual materials, affirmatively representing that the Defective TVs were of good quality, and otherwise refraining from informing customers regarding the short useful life of the Defective TVs. (Am. Compl., ¶71). To the extent Plaintiffs claim an omission, the Court is satisfied with the specificity alleged

14

in the Complaint.   However, Plaintiffs' claims that Funai Corp was "affirmatively representing that the Defective TVs were of good quality" does not meet the required specificity.  Thus, it is unclear where and by who these affirmative representations were made.  Ultimately, Plaintiffs will be permitted to amend the complaint in this regard, while ultimately their claim under the FDUTPA may proceed at this juncture.

## B. Common Law Fraudulent Concealment

The Parties agree that New Jersey law should be applied to Plaintiffs' fraudulent concealment claim. The elements of fraudulent concealment must also be plead under the heightened standards of Fed. R. Civ. P. 9(b). *Byrnes v. DeBolt Transfer, Inc.,* 741 F.2d 620, 626 (3d Cir.1984). The Third Circuit has set forth the following requirements for pleading fraud:

> In order to satisfy Rule 9(b), plaintiffs must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir.1984). Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.*

*Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir.2004).  With this in mind, the Court turns to New Jersey law.

In order to plead fraudulent concealment in New Jersey, a plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors,* 148

N.J. 582, 610, 691 A.2d 350 (1997).  Funai Corp argues that Plaintiffs' allegations fail to meet the heightened pleading standard and fail to plead reliance.  (Def. Br., ECF No. 52-1 at 45-46).

The Court first notes that it appears Plaintiffs fraud claims are two-fold particularly with reference to the first prong requirement of a "material misrepresentation" under New Jersey law. That is, Plaintiffs allege Funai Corp:  1) had a duty to disclose the Defects in the TVs from the outset of purchase and;  2) also misrepresented the lifespan of the TVs in the user manual. However, the Amended Complaint fails to allege any reliance by Plaintiffs on the User Manual. The Amended Complaint details the experiences of Plaintiff Toms and Oliver but fails to state they even reviewed the User Manual at all. (Am. Compl., ¶¶35-44).  As to Funai Corps "duty to disclose" the Court agrees that Plaintiffs fail to meet the heightened pleading standard. Plaintiffs fail to allege that Funai Corp knew of the alleged defects prior to Plaintiffs' purchase.  The only customer complaints referenced in the Amended Complaint are dated July 14, 2014, while Plaintiffs Tom and Oliver purchased their TVs in 2012.  Thus, Plaintiffs fail to plead knowledge or belief by the defendant of the defect as well as an intention that the other person rely on it.  For this reason, Plaintiffs' fraudulent concealment claim is dismissed without prejudice pursuant to Fed. R. Civ. P 9(b).

## C. Breach of Express Warranty

Plaintiff asserts two claims for breach of express warranty: breach of written warranty in violation of the Magnuson–Moss Warranty Act (Count VIII), and breach of express or written warranty under state law (Count X).  This Court has previously held that Magnuson–Moss claims based on breaches of express (and implied) warranties under state law depend upon those state law claims. *See Cooper v. Samsung Electronics Am. ., Inc.,* No. 07–3853, 2008 WL 4513924, *6 (D.N.J. Sept.30, 2008); *Cooper v. Samsung Electronics Am., Inc.,* 374 Fed. Appx. 250, 254 (3d

Cir.2010) ("Cooper's Magnuson–Moss claim is based upon his state law claims of breach of express and implied warranties. Since the District Court correctly dismissed both of those claims, Cooper's Magnuson–Moss claim was also properly dismissed."). Having carefully reviewed Counts VIII and X of the Amended Complaint, it is clear to the Court that both claims are premised on Funai Corp's alleged breach of the written warranty ("Warranty") it provided to Plaintiffs and therefore on the state law claims. Accordingly, the Court turns first to Plaintiffs' state law breach of express warranty claim.

The Parties—and this Court—agree that no conflict exists between Arizona and New Jersey and thus the Court properly applies New Jersey Law to Plaintiff Toms' express warranty claim. However, the Parties dispute whether a conflict exists between Florida and New Jersey in this regard. Funai Corp argues that Florida's applicable breach of warranty law is "murky" in that it is unclear whether Florida requires direct privity between a manufacturer and consumer. (Brief, ECF No 52-1 at 25). Plaintiffs however disagree. Plaintiffs claim that Florida courts have "repeatedly held that actual vertical privity is *not* required to maintain a claim for breach of express warranty against a manufacturer." (emphasis in original) (internal citations omitted) (Opposition, ECF No 59 at 23).

After a review of relevant case law, this Court is convinced of the unsettled nature of claims for breach of express warranty under Florida law. However, this Court is guided by *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336 (S.D. Fla. 2009). In *Smith*, the Court made the following instructive observations:

> First, several Florida cases discussing warranty claims under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"), have dismissed implied warranty claims against a manufacturer for lack of privity while allowing express warranty claims to go forward. *See e.g. Cerasani v. Am. Honda Motor Co.*, 916 So.2d 843, 846 (Fla.Dist.Ct.App.2005) (holding that subsequent

purchaser was entitled to protections of express written warranty but could not assert claim for implied warranty because complaint did not allege privity)… [But other] case law stat[es] that "to recover for the breach of a warranty, either express or implied, the plaintiff must be in privity of contract with the defendant." *T.W.M.*, 886 F.Supp. at 844….The Florida Supreme Court's reasoning in *Hoskins* … involving a mislabeled seed, found "it would be utterly unsound and unfair" to hold that the plaintiff "could not recover from the one who knew the origin and history of the seed, simply because the farmer got them direct from retailer who knew no more about them than he." *Id.* 63 So.2d at 515–16. The court went on to state that "[r]ecompense for such a loss traceable to the mislabeling of seed by one who knew the origin of the seed he was selling for gain, but who carelessly misnamed them, should not depend on the slender circumstance of direct dealing between the wholesaler and the farmer." *Id.* at 516.

*Smith v. Wm. Wrigley Jr. Co.,* 663 F. Supp. 2d 1336, 1342-43 (S.D. Fla. 2009).  However, Smith

concluded by stating the following, to which this Court applies given the facts in this case:

> The Court need not resolve the issue of whether privity is ever required for express warranty claims under Florida law. Rather, the Court finds that, given the particular facts of this case, the analysis here is relatively straight-forward. First, this case is not similar to *T.W.M.* or *Stearman.* In each of those cases, whether it be a doctor installing an implant or a computer salesman, it could be assumed that the end-purchaser might expect the seller or "middle man" to have relevant knowledge, or even expertise, regarding the manufacturer's product. Here, it defies common sense to argue that purchasers of Eclipse gum presumed that the cashier at the local convenience store is familiar with the scientific properties of MBE. Second, it is significant that the express warranty the manufacturer allegedly breached is contained on the packaging of Eclipse gum. (citation omitted). Moreover, the Complaint alleges that Plaintiff relied on the warranty when purchasing the gum. (citations omitted). Accordingly, the Court finds that Plaintiff states a valid claim for breach of express warranty.

*Smith v. Wm. Wrigley Jr. Co.,* 663 F. Supp. 2d 1336, 1343 (S.D. Fla. 2009).  This Court finds the

case at hand more sufficiently parallels the seller of Eclipse gum in *Smith*, and for that reason,

cannot find privity is required under Florida law *under these facts*, and thus no conflict exists and New Jersey Law shall apply.

As a preliminary matter, the Parties are not in agreement as to the warranty at issue. Plaintiffs point the Court to the statements made in the User Manuals that the TV was manufactured to provide "many years of useful life," (*see e.g.* Am. Compl., ¶117), while Funai Corp directs the Court to the warranties in the User Manuals extending one year for parts and ninety days for labor. (*See* Lavelle Decl., Ex. A & B at 33 (hereinafter, the "Limited Warranties")). "[W]hether a given statement constitutes an express warranty is normally a question of fact for the jury." *Snyder v. Farnam Companies, Inc.,* 792 F.Supp.2d 712, 721–22 (D.N.J.2011); *see also Union Ink Co., Inc. v. AT & T Corp.,* 352 N.J.Super. 617, 645, 801 A.2d 361 (App.Div.2002) ("Whether the advertisements contained material misstatements of fact, or were merely puffing, as alleged by defendants, presents a question to be determined by the trier of fact."). "A statement can amount to a warranty, even if unintended to be such by the seller, 'if it could fairly be understood ... to constitute an affirmation or representation that the [product] possesse[s] a certain quality or capacity relating to future performance.' " *L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc. .,* 9 F.3d 561, 570 (7th Cir.1993) (applying New Jersey law and quoting *Gladden v. Cadillac Motor Car Div., General Motors Corp.,* 416 A.2d 394, 396, 83 N.J. 320 (1980)).

The Amended Complaint sufficiently alleges that the LCD screen or LCD Panel were manufactured to provide "many years of useful life" but the PSBs, a requirement for the LCD to have "life" would fail just outside of one year, not "many." *See Taylor v. JVC Americas Corp.,* Civ. No. 07–4059, 2008 WL 2242451, at *5 (D.N.J. May 30, 2008) (warranty claim sufficiently pled by allegations that packaging said the product was a "1080p" television, but television did not accept a 1080p signal). At this juncture, the Court has no reason to conclude that consumers

would not understand this to be an affirmation of fact or promise regarding the future performance of the TV as a whole. "Under New Jersey law, a representation is presumed to be part of the basis of the bargain 'once the buyer has become aware of the affirmation of fact or promise' and can be rebutted by 'clear affirmative proof that the buyer knew that the affirmation of fact or promise was untrue.' " *Viking Yacht Co. v. Composites One LLC,* 496 F.Supp.2d 462, 469 (D.N.J.2007) (quoting *Liberty Lincoln–Mercury, Inc. v. Ford Motor Co.,* 171 F.3d 818, 825 (3d Cir.1999) (other internal quotation omitted)).   Funai Corp has failed to provide the Court with such rebuttal evidence at this early procedural stage and "many years of useful life" will be categorized as an express warranty.

To the extent Funai Corp argues that the Limited Warranties disclaim Plaintiffs' warranty of "many years of useful life," the Court rejects this argument. The Limited Warranties state:

> WHO IS COVERED: This product warranty is issued to the original purchaser or the person receiving the product as a gift against defects in materials and workmanship as based on the date of original purchase ("Warranty Period")….
>
> WHAT IS COVERED: This warranty covers new products if a defect in material or workmanship occurs and a valid claim is received within the Warranty Period…
>
> REPAIR OR REPLACEMENT AS PROVIDED UNDER THIS WARRANTY IS THE EXCLUSIVE REMEDY FOR THE CONSUMER, WITH THE ISSUING COMPANY NOT LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR BREACH OF ANY EXPRESS OR IMPLIED WARRANTY ON THIS PRODUCT. EXCEPT TO THE EXTENT PROHIBITED BY APPLICABLE LAW, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ON THIS PRODUCT IS LIMITED IN DURATION TO THE DURATION OF THIS WARRANTY.

(*See* Lavelle Decl., Ex. A & B at 33).  Both the UCC and New Jersey law allow manufacturers to limit their liability (other than for personal injury) through disclaimers. *Alloway v. Gen. Marine*

*Indus., L.P.,* 149 N.J. 620, 630, 695 A.2d 264, 269 (1997); *see also* N.J. Stat. Ann. § 12A:2–316. However, "under U.C.C. § 2–316, a warranty disclaimer inconsistent with an express warranty is inoperative." *L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc.,* 9 F.3d 561, 570 (7th Cir.1993) (*citing* N.J. Stat. Ann. § 12A:2–316); *Gladden,* 83 N.J. at 330, 416 A.2d at 399. Thus, any attempt to disclaim "many years of useful life" would be ineffective as the Court accepts the pleadings as categorizing this statement as an express warranty. At best, such a purported disclaimer would present an issue of fact, which this Court would properly decline to decide on a motion to dismiss. Funai Corp's Motion to Dismiss Counts VIII and X is therefore denied.

### D. Breach of Implied Warranty

Of preliminary concern, the Parties dispute whether New Jersey, Arizona of Florida law shall be applied to Plaintiffs' breach of implied warranty claims. As previously indicated, the first step is to determine whether these laws conflict. As both Florida and Arizona require contractual privity, while New Jersey does not, a clear conflict is present. *Compare Flory v. Silvercrest Indus.,* 129 Ariz. 574, 579, 633 P.2d 383, 388 (1981) ("economic losses are not recoverable for breach of implied warranty in the absence of privity of contract") *and McKissic v. Country Coach, Inc.,* No. 8:07-cv-1488-T-17EAJ, 2008 WL 616093, at *4 (M.D. Fla. Mar. 3, 2008 (granting motion to dismiss for breach of implied warranty claims due to lack of privity between customer and manufacturer) *with Spring Motors Distributors, Inc. v. Ford Motor Co.,* 98 N.J. 555, 582, 489 A.2d 660, 674 (1985) ("We conclude that the absence of privity between a remote supplier and an ultimate purchaser should not preclude the extension to the purchaser of the supplier's warranties made to the manufacturer.").

Next, the Court must determine "which state has the 'most significant relationship' to the claim at issue by weighing the factors" in Section 188 of the Restatement (Second) of Conflict of

Laws which are: "(1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Spence–Parker v. Delaware River & Bay Auth.*, 656 F.Supp.2d 488, 498–99 (D.N.J.2009) (citing Restatement (Second) of Conflicts § 188(2)). For both Plaintiffs, the most significant relationship via the first four aforementioned factors is with the state where they "shopped for, purchased, installed and used" the Defective TVs. *Quoting Avram v. Samsung Electronics Am., Inc.*, No. CIV. 2:11-6973 KM, 2013 WL 3654090, at *11 (D.N.J. July 11, 2013). The Court notes that the final factor is non-dispositive as the Parties are domiciled in not only Arizona and New Jersey, but also elsewhere.[4] Thus, the Court shall apply Arizona law for Plaintiff Toms and Florida law for Plaintiff Oliver.[5]

---

[4] Plaintiff Oliver is a domiciled in Massachusetts, Plaintiff Toms is domiciled in Arizona, Defendant Funai Corp is incorporated and has its principal place of business in New Jersey, Defendant Funai Electric is a Japanese company headquartered in Japan, Defendant Target is organized under laws of Minnesota and has its principal place of business in Minneapolis and Defendant Wal-Mart is an Arkansas corporation with its principal place of business in Bentonville, Arkansas. (Am. Compl, ¶¶1-6).

[5] Additionally, courts look to the more general factors set forth in Section 6 of the Restatement: (1) interests of interstate comity, (2) interests of the parties, (3) interests underlying the field of law, (4) interests of judicial administration, and (5) competing interests of the states. *705 Restatement (Second) of Conflict of Laws § 6; *P.V. v. Camp Jaycee,* 197 N.J. 132, 962 A.2d 453, 463 (2008). For the reasons articulated in Section III., A., of this Opinion, these factors favor Arizona and Florida as well.

Upon review, Plaintiffs' implied warranty claims against Funai Corp run afoul of the requirements of privity of contract as required by relevant Arizona[6] and Florida law.[7]  That is, Plaintiffs purchased their Defective TVs from Target and Wal-Mart, rather than from Funai Corp directly.  Accordingly, the breach of implied warranty claims against Funai Corp,[8] the TV manufacturer, must be dismissed.[9]

## E. Unjust Enrichment

The Parties (and the Court) agree that New Jersey law should be applied to Plaintiffs' unjust enrichment claim.  Funai Corp argues for dismissal of the unjust enrichment claim because Plaintiffs have failed to plead a relationship or course of dealing between the Parties.  (Defs., Br., ECF No. 52-1 at 47).  Plaintiffs, on the other hand, maintain that the unjust enrichment claim is in the alternative to their contractual warranty theories, and that New Jersey law permits indirect purchasers to recover for unjust enrichment.  (Pls.' Br., ECF No. 59 at 57).  The Court does not agree with Plaintiffs in this context.

---

[6] For an implied warranty of merchantability claim, Arizona requires contractual privity. *Flory v. Silvercrest Indus.*, 129 Ariz. 574, 579, 633 P.2d 383, 388 (1981) ("economic losses are not recoverable for breach of implied warranty in the absence of privity of contract").

[7] "Under Florida law, privity of contract is required to maintain an action for breach of an implied warranty." *Ocana v. Ford Motor Co.*, 992 So.2d 319, 325 (Fla.Dist.Ct.App.2008). In the absence of privity, Florida law no longer recognizes a breach of implied warranty claim. *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc. .*, 891 So.2d 532, 539 (Fla.2004).

[8] Because the Court dismisses Plaintiffs' breach of implied warranty claims, the Court does not address Funai Electric's argument that Plaintiffs failed to "allege the requisite notice."

[9] The Court notes that Plaintiffs' attempt to salvage their breach of implied warranty claims by claiming the Limited Warranties are unconscionable is only *in the alternative to* breach of express warranty. As the Court allows the breach of express warranty claims to proceed, the Court need not address unconscionability in this regard.

"It has been observed that quasicontract claims involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit." *Premier Pork L.L.C.,* No. 07-1661, 2008 WL 724352, at *14. *See also Union Trust Co. of Md. v. Wakefern Food Corp.,* No. 86-728, 1989 WL 120756, at *21 (D.N.J. Sept.8, 1989) (denying unjust enrichment recovery due to absence of "a relationship or course of dealings between parties"). Put differently, under New Jersey law, an indirect purchaser cannot succeed on a claim for unjust enrichment. When an individual purchases a consumer product from a third-party store and not the manufacturer, the purchaser has not conferred a benefit directly to the manufacturer such that the manufacturer could be found to have been unjustly enriched.

Here, although Plaintiffs allege that Funai Corp was unjustly enriched through the purchase of the television, there was no relationship conferring any direct benefit on Funai Corp through these purchases, as the purchases were through retailers. Therefore, no benefit was conferred within the meaning of New Jersey's doctrine of unjust enrichment. *Union Trust Co. of Md.,* No. 86-728, at *14; *Callano,* 219 A.2d at 334-35. Thus, the Court will dismiss Plaintiffs' claim for unjust enrichment.[10] In light of the fact that an indirect purchaser cannot succeed on a claim for unjust enrichment against the manufacturer, further amendment would be futile, and so a dismissal with prejudice is appropriate. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

---

[10] Under substantially similar facts, the Court has frequently dismissed such claims in class-action cases. *See, e.g., Hughes v. Panasonic Consumer Electronics, Co.,* 2011 WL 2976839, at *27 (D.N.J. July 11, 2011) (dismissing unjust enrichment claim on Rule 12(b)(6) motion where plaintiffs in purported class action purchased allegedly defective product from third-party sellers and citing cases reaching similar outcome under similar facts).

**F. Civil Conspiracy**

Defendants first seek dismissal of Plaintiffs' civil conspiracy only in so far as the Court determines that all of Plaintiffs' substantive claims fail as civil conspiracy claims are derivative. (Def. Br., ECF No. 52-1 at 48-49). While Defendants cite to case law for this proposition, because the Court has not found that Plaintiffs' claims fail as a matter of law, this argument is without merit. Next, Defendants contend that parent corporations and subsidiaries are incapable of forming a conspiracy and thus Plaintiffs' claim must fail as a matter of law. (Id. at 49). Thus, Defendants argument is limited to any agreement between Funai Corp and Funai Electric. While some courts have suggested Funai Corp's claim, this suggestion only lends to the unsettled nature of the proposition. In any event, to state a claim for civil conspiracy under New Jersey law, there must be:

> a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.

*Banco Popular North America v. Gandi,* 184 N.J. 161, 177 (2005). Thus, to state a claim for civil conspiracy, a plaintiff must allege that the defendant (1) entered into an agreement with at least one other person, (2) for the purpose of committing an unlawful act, and (3) one of the conspirators then took at least one overt act in furtherance of the agreement, and (4) plaintiff suffered some damage as a result. *Warren v. Fisher,* Civ. 105343, 2011 WL 4073753, at *3 (D.N.J. Sept. 12, 2011)."[T]he gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action."*Gandi,* 184 N.J. at 177–78 (internal quotation omitted).

In this case, it is unclear to the Court which claim Plaintiffs' civil conspiracy claim is premised on. Presumably, Plaintiffs allege a conspiracy to commit fraud. However, given that Plaintiffs shall be granted leave to amend their fraud based claims, this Court will not dismiss Plaintiffs' civil conspiracy at this juncture and Defendants' motion to dismiss Count VI is denied for this reason only.

## G. Funai Electric

As a preliminary matter, the Court agrees with Defendants that Plaintiffs' substantive allegations against Funai Electric are largely indistinguishable from those asserted against Funai Corp. Particularly with reference to fraud claims, Plaintiffs have failed to separately plead the fraudulent acts of each defendant to satisfy Rule 9(b). Rule 9(b) exists to insure adequate notice so that defendants can intelligently respond. *Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.,* 653 F.3d 225, 233 (3d Cir. 2011) *citing Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.,* 331 F.3d 406, 414 n. 2 (3d Cir.2003) ("The purpose of Rule 9(b) is to provide notice, not to test the factual allegations of the claim."). It is unclear from the face of the Amended Complaint which fraudulent actions were performed by Funai Corp and which were performed by Funai Electric. While the Court remains cognizant that there is no *per se* rule that group pleading cannot satisfy Rule 9(b), particularly under these facts where knowledge is an element to be plead and Funai Electric is a Japanese corporation, Funai Electric's involvement in Plaintiffs' allegations is unclear and therefore does not put them on adequate notice. Plaintiffs' fraud claims against Funai Electric are hereby dismissed without prejudice. Plaintiff shall be permitted to replead the factual basis (if any) for Funai Electric's involvement in perpetrating fraud.

Moreover, because it is unclear exactly Funai Electric's involvement from the face of the Complaint, this Court will defer any further 12(b)(6) analysis until Plaintiffs' amendment sheds light on this discrepancy. Further, Funai Electric's Motion as it pertains to Fed. R. Civ. P. 12(b)(2) shall be administratively terminated without prejudice pending a determination by Magistrate Judge Dickson as to whether jurisdictional discovery in this case is required.

## IV. CONCLUSION

For the reasons stated above, Funai Corp's Motion to Dismiss, (ECF No. 52), is **granted in part and denied in part**, and Funai Electric's Motion to Dismiss, (ECF No. 53), is **granted in part and denied in part**. An appropriate order accompanies this Opinion.

JOSE L. LINARES, U.S.D.J.

DATED: June 25 2015