# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiffs,* | ) Civil Action No.: 2:14-cv-4532(JLL)(JAD) ) |
| v. | ) ) |
| FUNAI CORPORATION, INC., a New Jersey corporation and FUNAI ELECTRIC CO., LTD., a Japanese corporation. | ) CLASS ACTION ) ) ) ) |
| *Defendants.* | ) ) ) ) |

---

# MEMORANDUM OF LAW OF FUNAI ELECTRIC CO., LTD.
# IN SUPPORT OF MOTION TO DISMISS
# PLAINTIFFS' SECOND AMENDED COMPLAINT

---

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendant Funai Electric Co., Ltd.*

Dated:  September 2, 2015

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ....................................................................1

II.   PROCEDURAL HISTORY .........................................................................3

III.  STATEMENT OF FACTS ...........................................................................5

      A.   The Substantive Allegations Against Funai Electric ...........................5

      B.   Plaintiffs' Allegations Regarding Personal Jurisdiction .....................7

      C.   Factual Background Relating to Personal Jurisdiction ........................9

IV.   ARGUMENT ............................................................................................10

      A.   Legal Standard for Motion to Dismiss Under Fed. R. Civ. P.
           12(b)(2), 12(b)(6), 8(a) and 9(b) .......................................................10

      B.   Plaintiffs Cannot Establish Personal Jurisdiction Over Funai
           Electric Pursuant to Fed. R. Civ. P. 12(b)(2) ....................................12

           1.   General Jurisdiction Does Not Exist in New Jersey Over
                Funai Electric, a Japanese Company With No Operations
                in New Jersey ..............................................................................12

           2.   Specific Jurisdiction Does Not Exist Over Funai Electric
                as Plaintiffs' Causes of Action Do Not Arise Out of
                Funai Electric's Limited Contacts with New Jersey...............15

      C.   Plaintiffs' Causes of Action For Fraud and Civil Conspiracy
           Are Factually and Legally Deficient and Should be Dismissed
           Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) ...................................18

V.    CONCLUSION..........................................................................................22

# TABLE OF AUTHORITIES

**Page**

CASES

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985)..................................................................12, 16

Charles Gendler & Co., Inc. v. Telecom Equip. Corp.,
    508 A.2d 1127 (N.J. 1986) ...............................................................16

Daimler AG v. Bauman,
    134 S.Ct. 746 (2014)............................................................... 1, 11-14

Goodyear Dunlop Tires Operations, S.A. v. Brown,
    131 S.Ct. 2846 (2011)..................................................................11, 14

Helicopteros Nacionales de Colombia, S.A. v. Hall,
    466 U.S. 408 (1984)........................................................................12

Int'l Shoe Co. v. Washington,
    326 U.S. 310 (1945)........................................................................12

Lembert-Melendez v. CL Med., Inc.,
    No. 13-4908 ES JAP, 2014 WL 5881052 (D. N.J. Nov. 10, 2014) .............15, 16

Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,
    960 F.2d 1217 (3d Cir. 1992) ............................................................10

Metcalfe v. Renaissance Marine, Inc.,
    566 F.3d 324 (3d Cir. 2009) ............................................................11

Nami v. Fauver,
    82 F.3d 63 (3d Cir. 1996) ..................................................................7

North Penn Gas Co. v. Corning Natural Gas Corp.,
    897 F.2d 687 (3d Cir. 1990) ............................................................10

Patel v. Karnavati Am., LLC,
    99 A.3d 836 (N.J. Super. Ct. 2014) ..................................................15

# TABLE OF AUTHORITIES
(continued)

**Page**

*Patterson v. FBI*,
   893 F.2d 595 (3d Cir. 1990) ...................................................................11

*Pennzoil Prod. Co. v. Colelli & Assoc., Inc.*,
   149 F.3d 197 (3d Cir. 1998) ..................................................................11

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001) ..................................................................11

*Seltzer v. I.C. Optics, Ltd.*,
   339 F. Supp. 2d 601 (D. N.J. 2004) ......................................................16

*Smith v. S&S Dundalk Eng'g Work, Ltd.*,
   139 F. Supp. 2d 610 (D. N.J. 2001) ......................................................11

*SoftwareArt Corp. v. Gopalakrishnan*,
   No. CIV. 07-4755(GEB), 2008 WL 2876395 (D. N.J. July 22,
   2008) .....................................................................................................10

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) ..................................................................10

*United States Golf Ass'n v. United States Amateur Golf Ass'n*,
   690 F. Supp. 317 (D. N.J. 1988) ...........................................................17

*Urich v. J. Gordon and Co., Inc.*,
   No. 14-5490 (FSH), 2015 WL 758555 (D. N.J. Feb. 23, 2015).......15, 17

*Weske v. Samsung Elec., Am., Inc.*,
   No. 2:10-4811, 2014 WL 4265803 (D. N.J. Aug. 27, 2014).................22

*Wexco v. Diesel Equip.*,
   No. CIV06-02106 (WHW), 2006 WL 2355396 (D. N.J. Aug. 14,
   2006) .....................................................................................................16

*Wurth Adams Nut & Bolt, Co. v. Seastrom M'fing Co. Inc.*,
   No. 14-03804 (WJM), 2015 WL 1530969 (D. N.J. Apr. 6, 2015)........15

# TABLE OF AUTHORITIES
(continued)

**Page**

RULES

Fed. R. Civ. P. 8(a)........................................................................................10

Fed. R. Civ. P. 9(b) ...................................................................... 2, 3, 10, 18-20

Fed. R. Civ. P. 12(b)(2)..........................................................2, 10, 12, 18

Fed. R. Civ. P. 12(b)(6).........................................................3,  5, 10, 18

Fed. R. Civ. P. 41 .............................................................................3


OTHER AUTHORITIES

5B Charles Alan Wright & Arthur R. Miller, Federal Practice &
    Procedure § 1351 (3d ed. 2014) ...........................................................11

Arizona Consumer Fraud Act ................................................................ 2, 4

Florida Unfair and Deceptive Trade Practices Act....................................4

Magnuson-Moss Warranty Act..................................................................5

New Jersey Consumer Fraud Act ............................................................4

## I.      PRELIMINARY STATEMENT

Last year in *Daimler AG v. Bauman*, the Supreme Court definitively held that general jurisdiction does not exist over a foreign corporation unless the company is "at home" in the forum.  134 S.Ct. 746, 760 (2014).  Under *Bauman*, this Court lacks personal jurisdiction over defendant Funai Electric Co., Ltd. ("Funai Electric").  The Supreme Court made clear in *Bauman* that the activities of a subsidiary alone cannot provide a basis for establishing general jurisdiction over a foreign corporation.  *Bauman* establishes that Funai Electric, a Japanese corporation with no operations in New Jersey, is not "at home" in the state, and therefore general personal jurisdiction does not exist.  Further, Funai Electric has not engaged in any conduct that would allow this Court to exercise specific personal jurisdiction over it.  Indeed, Plaintiffs, who are not New Jersey citizens, do not plead any basis under which their claims could arise out of Funai Electric's extremely limited contacts with New Jersey.  As set forth in the supporting Declaration of Funai Electric General Manager Seiji Ishizu, Funai Electric does not conduct business in New Jersey and has no ties to the state other than owning a wholly-owned U.S. subsidiary, co-defendant Funai Corporation ("Funai Corp."), headquartered in the state – the very type of tie that the Supreme Court held in *Bauman* to be insufficient to constitute a basis for personal jurisdiction.  As a

result, this Court should dismiss Plaintiffs' claims against Funai Electric under Fed. R. Civ. P. 12(b)(2).

Moreover, even if this Court had personal jurisdiction over Funai Electric, Plaintiffs still cannot maintain causes of action against Funai Electric for fraud or civil conspiracy. Plaintiffs' Second Amended Complaint makes no substantive changes to remedy the problems identified by this Court in dismissing these claims earlier this year. In particular, despite the Court's dismissal of all fraud claims against Funai Electric in the First Amended Complaint for failure "to separately plead the fraudulent acts of each defendant to satisfy Rule 9(b)", Plaintiffs continue to generally plead fraud by "Defendants" and/or "Funai" without identifying any particular action by either Defendant. This deficiency is fatal to Plaintiffs' claims of fraudulent concealment (Count I) and breach of the Arizona Consumer Fraud Act (Count II). Similarly, a civil conspiracy claim premised upon a purported agreement between Funai Electric and Funai Corp. to defraud consumers is likewise deficient as there is no underlying fraud alleged to support such a claim. Plaintiffs have had ample opportunity to plead claims against Funai Electric but have failed to do so. Plaintiffs' claims against Funai Electric should be dismissed with prejudice.

## II.   PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a Complaint on July 17, 2014 solely against Funai Corp. regarding allegedly deficient power supply boards in two specific models of Funai televisions.  On September 3, 2014, Funai Corp. moved to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. Rules 12(b)(6)  and 9(b).  Plaintiffs responded by filing an Amended Complaint on October 20, 2014 that contained no new substantive factual allegations, but added Funai Electric as a Defendant.[1]  Significantly, the Amended Complaint essentially reiterated the allegations of the original Complaint against Funai Corp., but defined "Funai" to refer to both Funai Electric and Funai Corp.

Funai Electric moved to dismiss the First Amended Complaint on January 8, 2015 pursuant to Federal Rule of Civil Procedure 12(b)(6) as well as under 12(b)(2) for lack of personal jurisdiction.  On February 10, 2015, the Parties jointly moved for a briefing scheduling which postponed consideration of Funai Electric's personal jurisdiction as well as any related discovery requested by Plaintiffs until the Court determined whether the claims against Funai Electric could survive scrutiny under Rule 12(b)(6).  The Court, by Order dated April 9, 2015,

---

[1]    Plaintiffs also added two additional defendants, Wal-Mart Stores, Inc. and Target Corporation, as purported defendants in the Amended Complaint.  On January 2, 2015, Plaintiffs filed a joint stipulation with defendants pursuant to Fed. R. Civ. P. 41 dismissing Wal-Mart and Target without prejudice.  The dismissal order was approved on January 5, 2015.   ECF No. 35.

administratively terminated Defendants' pending motions to dismiss, required the parties to address specifically the choice of law issues applicable to each cause of action and ordered Plaintiffs to address the argument that the claims against Funai Corp. and Funai Electric are "indistinguishable from the face of the Amended Complaint."  ECF No. 50, p. 3.  On April 24, 2015, Defendants filed new motions in support of dismissal addressing the choice of law issues in accordance with the Court's April 9, 2015 Order.  Plaintiffs opposed Defendants' motions and argued that consideration of choice of law was premature at this stage.  Notwithstanding the Court's direction, Plaintiffs continued to argue that it was unnecessary to specify the particular actions of each Defendant at this stage as that information was within the knowledge and control of Defendants.  ECF No. 59, at 45-47.

In an Order and Opinion dated June 25, 2015 ("MTD Op."), ECF No. 63, this Court granted in part and denied in part the Defendants' Motions to Dismiss. The Court recognized that Plaintiffs' allegations against Funai Electric are "largely indistinguishable from those asserted against Funai Corp."  MTD Op. at 26.  This Court held that the First Amended Complaint failed to put Funai Electric on adequate notice of the claims against it and dismissed without prejudice all of Plaintiffs' fraud claims against Funai Electric (breach of the New Jersey Consumer Fraud Act, the Arizona Consumer Fraud Act, the Florida Unfair and Deceptive Trade Practices Act and the common law fraudulent concealment claim).  The

Court deferred consideration under Rule 12(b)(6) of the remaining claims against Funai Electric and granted Plaintiffs leave to amend the fraud and civil conspiracy claims. MTD Op. at 26, 27.

Plaintiffs filed a Second Amended Complaint on July 22, 2015, asserting five causes of action: 1) common law fraudulent concealment; 2) breach of the Arizona consumer fraud statute; 3) civil conspiracy; 4) breach of express warranty; and 5) violation of the Magnuson-Moss Warranty Act.

## III.   STATEMENT OF FACTS

### A.   The Substantive Allegations Against Funai Electric.

Plaintiffs' substantive allegations against Funai Electric continue to be largely indistinguishable from those asserted against Funai Corp, despite the Court's guidance in the June 25, 2015 Order that "[i]t is unclear from the face of the Amended Complaint which fraudulent actions were performed by Funai Corp and which were performed by Funai Electric." (MTD Op. at 26).  Plaintiffs do now allege that Funai Electric manufactured the televisions at issue while Funai Corp. serves as the exclusive distributor of those products in the United States.  SAC, ECF No. 73, ¶¶ 3, 4, 13, 15, 18, 19.  However, while Plaintiffs allege at one point that Funai Corp. "exclusively markets and distributes" the televisions at issue (*Id.*, ¶ 19), elsewhere they continue to assert that both Defendants market the televisions (*Id.*, ¶¶ 5, 8, 18).

5

Plaintiffs' Second Amended Complaint makes no allegations of specific actions to support claims of fraud. Instead Plaintiffs continue generally to allege actions by the collective "Funai" or "Defendants" rather than either particular Defendant. *Id.*, ¶¶ 65-69. The lone specific fraud allegation against Funai Electric is a conclusory accusation of the company's purported knowledge of the defect "as the manufacturer" of the televisions. *Id.*, ¶ 63.

Plaintiffs do not allege any specific action taken, or statement made, by Funai Electric other than manufacturing the televisions at issue. The Second Amended Complaint identifies a single statement in support of Plaintiffs' purported fraudulent concealment claim – the statement in the owners' manual that the LCD screen was manufactured for "many years of useful life." SAC, ¶ 31. Plaintiffs allege, however, that this statement was made by Funai Corp. – not Funai Electric. *Id.*, ¶ 20 (Funai Corp. was the "responsible party" for the statements in the owner's manual). The Second Amended Complaint does not allege any act by Funai Electric in furtherance of purported fraud.

Funai Electric otherwise refers to and incorporates the discussion of Plaintiffs' factual allegations provided in Funai Corp.'s Memorandum of Law in Support of Its Motion to Dismiss. *See* ECF No. 79-1, Sect. III.

**B.    Plaintiffs' Allegations Regarding Personal Jurisdiction.**

Plaintiffs allege that Funai Electric manufactures electronics equipment, including the televisions at issue in this action.[2]  *Id.*  Plaintiffs allege that they purchased televisions in Arizona and Florida from former defendants Wal-Mart Stores, Inc. and Target Corporation.  SAC, ¶¶ 42, 47.  Plaintiffs claim that these televisions malfunctioned several months after the expiration of the warranties provided by Funai Corp.  *Id.*, ¶¶ 43, 48.  Plaintiffs' claims are premised on alleged warranty statements made by Funai Corp. in its owners' manuals and the purported concealment of defects in the televisions by both Funai Electric and Funai Corp. *Id.*, ¶¶ 31-33.

Plaintiffs are not residents of New Jersey (*Id.*, ¶¶ 1-2), and do not allege they used the televisions in New Jersey, heard any advertisements or saw any marketing materials in New Jersey, or have ever even traveled to New Jersey.

Plaintiffs assert personal jurisdiction over Funai Electric primarily on the basis that Funai Corporation, Inc., a subsidiary of Funai Electric, is headquartered and registered to do business in New Jersey.  *Id.*, ¶ 11.  Plaintiffs generally allege

---

[2]    For purposes of this motion only, Funai Electric sets forth the facts as pled by Plaintiffs in the Second SAC.  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(holding that the Court must accept well-pleaded factual allegations of Complaint as true on motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  However, Funai Electric does not concede the accuracy of the Plaintiffs' allegations.  In particular, if this matter were to advance beyond the motion to dismiss stage, Funai Electric would expect to establish that Funai Electric Co., Ltd. did not manufacture the televisions at issue in this lawsuit.

that the relevant conduct "occurred in and emanated from decisions made and policies implemented" in the state.  *Id.*  Plaintiffs do not, however, identify any specific conduct by Funai Electric in New Jersey, nor do Plaintiffs allege that Funai Electric advertises or markets its products in New Jersey or directs any of its sales to New Jersey.  To the contrary, Plaintiffs allege that Funai Corporation serves as the exclusive distributor for Funai Electric products in the United States, handling all marketing and sales.  *Id.*, ¶¶ 3, 13.  Plaintiffs allege that through its relationship with Funai Corporation "Funai Electric participates in, engages in, and avails itself of the United States market . . . . "  *Id.*, ¶ 4.

Plaintiffs also allege a "commingling of control" between Funai Electric and Funai Corporation and that employees of the companies "conflate their roles" for the two entities.  SAC, ¶¶ 20-21.  In support of this contention, Plaintiffs refer to the social networking profiles of three employees and statements in the user manuals describing which corporate entity owns the copyright on the manual (Funai Electric), which corporate entity is licensed to use the Magnavox trademark (both), and which corporate entity is responsible for the representations contained within the manual (Funai Corp.).  *Id.*  Despite the suggestion of "commingling of control," Plaintiffs make no allegations that Funai Electric directs any actions by Funai Corp.

## C.    Factual Background Relating to Personal Jurisdiction.

Funai Electric is a Japanese company headquartered in Daito, Osaka.  *See*
Ishizu Decl., ECF No. 53-2, ¶ 5.  Funai Electric does not manufacture, distribute or
sell televisions in New Jersey.  *Id.*, ¶ 7.  Funai Electric does not design or test
televisions in New Jersey.  *Id.*, ¶ 15.  Funai Electric is not now and has never been
licensed, registered, or qualified to conduct business in New Jersey.  *Id.*, ¶ 8.  Nor
does Funai Electric maintain any property or assets in New Jersey.  *Id.*, ¶ 10.
Funai Electric does not pay taxes in New Jersey.  *Id.,* ¶ 12.  Funai Electric has
made no statements regarding the televisions in New Jersey and has had no contact
with the Plaintiffs in New Jersey.  *Id.*, ¶¶ 16-18.

Funai Electric owns a number of subsidiaries which conduct manufacturing,
distribution or sales business in particular countries or geographic regions of the
world.  Funai Corp. is a wholly-owned subsidiary of Funai Electric and is the
North American sales and marketing company for Funai products.  *Id.*, ¶ 6.  Funai
Corp. has engaged in the sales and marketing of Funai products throughout the
United States.  *Id.*, ¶ 20.  Officers and employees of Funai Corp. are responsible
for Funai Corp.'s day-to-day operations, including the time, manner, and method
of performing their work, and are accountable to Funai Corp.'s board of directors.
*Id.*, ¶ 22.  Funai Corp. manages its own marketing, distribution practices, and

product support throughout the United States.  *Id.*, ¶ 24.  Funai Electric and Funai

Corp. maintain separate bank accounts.  *Id.*, ¶ 23.

## IV.   ARGUMENT

### A.   Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2), 12(b)(6), 8(a) and 9(b).

Funai Electric refers to and incorporates the discussion of the legal standards

from the Funai Corp. Motion to Dismiss for Rules 12(b)(6), 8(a) and 9(b).

New Jersey law governs the determination of personal jurisdiction in this

action.  "A district court sitting in diversity applies the law of the forum state in

determining whether personal jurisdiction is proper."  *SoftwareArt Corp. v.*

*Gopalakrishnan*, No. CIV. 07-4755(GEB), 2008 WL 2876395, at *2 (D. N.J. July

22, 2008) (quoting *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d

687, 689 (3d Cir. 1990)).

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2),

"a court is required to accept plaintiff's allegations as true, and to construe

disputed facts in favor of the plaintiff."  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318

F.3d 446, 457 (3d Cir. 2003) (citation omitted).  Once a jurisdictional defense has

been raised, the burden of establishing the factual basis to support jurisdiction falls

on the plaintiff who must establish "with reasonable particularity sufficient

contacts between the defendant and the forum state."  *Mellon Bank (East) PSFS,*

*Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quotation marks and

10

citations omitted).  Plaintiff must sustain its burden of proof in establishing

jurisdictional facts "through sworn affidavits or other competent evidence."

*Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990).  The court may receive and

weigh the contents of affidavits submitted by the parties, as Funai Electric has

here, to assist in determining the jurisdictional facts.  *Metcalfe v. Renaissance*

*Marine, Inc.*, 566 F.3d 324 (3d Cir. 2009); 5B Charles Alan Wright & Arthur R.

Miller, Federal Practice & Procedure § 1351 (3d ed. 2014).

     The determination of whether a district court may exercise jurisdiction over

a defendant is governed by a two-part inquiry:  in addition to falling within the

applicable statute,[33] the assertion of jurisdiction must also comport with

constitutional due process standards.  *Bauman*, 134 S.Ct. at 753; *Pennzoil Prod.*

*Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 201 (3d Cir. 1998).  Constitutional due

process requires that Plaintiffs establish either general jurisdiction or specific

jurisdiction over the defendant.  *See generally Bauman*, 134 S.Ct. at 753-55;

*Remick v. Manfredy*, 238 F.3d 248, 155 (3d Cir. 2001).

     General jurisdiction may be found if the defendant's "affiliations with the

State are so 'continuous and systematic' as to render [it] essentially at home in the

forum State." *Bauman*, 134 S.Ct. at 761, quoting *Goodyear Dunlop Tires*

---

[3]    New Jersey's long-arm statute confers personal jurisdiction to the same
extent allowed by the U.S. Constitution.  *See* N.J. Civ. Pract. R. 4:4-4; *Smith v.*
*S&S Dundalk Eng'g Work, Ltd.*, 139 F. Supp. 2d 610, 617 (D. N.J. 2001).

*Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011).  Specific jurisdiction may be exercised if three elements are met.  First, the litigation must "arise out of or relate to" at least one of the defendant's contacts with the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  Next, the defendant must have "purposefully directed [its] activities" at the forum.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation and quotation marks omitted).  And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Id.* at 476, *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

## B.  Plaintiffs Cannot Establish Personal Jurisdiction Over Funai Electric Pursuant to Fed. R. Civ. P. 12(b)(2).

Funai Electric is a Japanese corporation with no operations in New Jersey.  The limited contacts of Funai Electric with New Jersey are unrelated to Plaintiffs' claims and cannot support either general or specific jurisdiction.

### 1.  General Jurisdiction Does Not Exist in New Jersey Over Funai Electric, a Japanese Company With No Operations in New Jersey.

Interpreting the due process clause of the 14th Amendment last year in *Daimler v. Bauman,* the Supreme Court significantly curtailed the scope of general jurisdiction.  The Court held that general jurisdiction only exists where a defendant has such "continuous and substantial" contacts with the forum that the defendant is

12

effectively "at home" in the jurisdiction.   134 S.Ct. at 761.  Under *Bauman*, this Court does not have general jurisdiction over Funai Electric, a Japanese corporation whose only alleged contact with New Jersey is ownership of a subsidiary in New Jersey.

*Bauman* specifically held that mere ownership by a foreign corporate parent of a subsidiary in the jurisdiction, without more, does not confer general jurisdiction over the foreign parent. *Id*.  The Supreme Court explained that even if the subsidiary's contacts with the forum were imputable to the parent, general jurisdiction could still not be found as the parent corporation's "slim contacts with the State hardly render it at home there." *Id*., at 760 (rejecting the "sprawling" formulation of general jurisdiction that would "subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate . . . . "). The parent company itself must have sufficient contacts with the forum to warrant a finding of general jurisdiction.

Under *Bauman*, Plaintiffs cannot establish general jurisdiction solely based a defendant's "minimum contacts" with the forum, such as sales or communications into the jurisdiction.  Even engaging "in a substantial, continuous, and systematic course of business" in the forum state is not sufficient to establish general jurisdiction if those contacts do not establish the state as the company's "home." *Bauman*, 134 S.Ct. at 758-62.  "With respect to a corporation, the place of

13

incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'"  *Id.* at 760, quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2856 (2011).

Funai Electric's limited contacts with New Jersey through its corporate relationship with Funai Corp. are essentially the same as those rejected in *Bauman* as inadequate to establish general jurisdiction.  The only facts pled by Plaintiffs regarding Funai Electric's contacts with New Jersey relate to its business with its subsidiary, Funai Corp.  SAC, ¶¶ 4, 11.  However, general jurisdiction over Funai Electric cannot be established through the actions of Funai Corporation.  As made clear by the Supreme Court in *Bauman*, the relevant inquiry is the parent corporation's contacts with the jurisdiction, not the actions of a subsidiary.  134 S.Ct. at 759-62.

While the *Bauman* Court notes that "exceptional" cases may exist in which a foreign corporation's operations in a jurisdiction are so substantial that general jurisdiction may be found (*Id.* at 761, n. 19), this is no such exceptional case. Funai Electric does not have anything remotely approaching the types of "continuous and substantial" contacts with New Jersey that would make Funai Electric at home in the state.  Japan is the place of Funai Electric's incorporation and its principal place of business – Funai Electric has no physical presence in New Jersey.  Ishizu Decl., ¶¶ 5, 9.  Further, Funai Electric does not market or

14

advertise its products in New Jersey. *Id.*, ¶ 17. Funai Electric does not own, use, or possess any real property in New Jersey. *Id.*, ¶ 10. It can hardly be considered to have contacts with New Jersey "approximat[ing] physical presence" such that it could be deemed "at home" in the state. *Patel v. Karnavati Am., LLC*, 99 A.3d 836, 841 (N.J. Super. Ct. 2014) (citation and quotation marks omitted).[4] In short, Plaintiffs' allegations are plainly insufficient to establish general jurisdiction over Funai Electric in New Jersey.

### 2. Specific Jurisdiction Does Not Exist Over Funai Electric as Plaintiffs' Causes of Action Do Not Arise Out of Funai Electric's Limited Contacts with New Jersey

Plaintiffs fare no better in attempting to establish specific jurisdiction over Funai Electric with respect to this litigation. None of Plaintiffs' purported causes of action derive from contacts of Funai Electric with New Jersey. To satisfy the constitutional requirements of specific jurisdiction Plaintiffs must show that: Funai Electric directed its activities to New Jersey; Plaintiffs' claims arise out of

---

[4]     Recent cases applying *Bauman* have come to the same conclusion. *See, e.g., Wurth Adams Nut & Bolt, Co. v. Seastrom M'fing Co. Inc.*, No. 14-03804 (WJM), 2015 WL 1530969, at *3 (D. N.J. Apr. 6, 2015) (dismissing complaint for lack of personal jurisdiction as a "continuous and systematic course of business in the forum…do[es] not rise to the level of rendering Defendant essentially 'at home' in New Jersey."); *Lembert-Melendez v. CL Med., Inc.*, No. 13-4908 ES JAP, 2014 WL 5881052, at *6 (D. N.J. Nov. 10, 2014) (finding that personal jurisdiction did not exist in New Jersey over company incorporated in Minnesota despite sales to New Jersey and injury in New Jersey); *Urich v. J. Gordon and Co., Inc.*, No. 14-5490 (FSH), 2015 WL 758555, at *4 (D. N.J. Feb. 23, 2015) (dismissing complaint for lack of personal jurisdiction where defendants were not "at home" in New Jersey).

those activities; and Plaintiffs the exercise of jurisdiction comports with the notions of fair play and substantial justice. *Burger King Corp.* 471 U.S. at 472. Plaintiffs' causes of action are based upon the purchase of televisions in Arizona and Florida and an alleged statement of warranty contained in the owners' manuals of those televisions published by Funai Corp. None of the claims pled in the Second Amended Complaint arise from Funai Electric's extremely limited contacts with New Jersey by virtue of its ownership of Funai Corp.

Where Plaintiffs' causes of action do not originate from Funai Electric's (or Plaintiffs') connections to New Jersey, specific jurisdiction does not exist. *See Lembert-Melendez*, 2014 WL 5881052, at *6 (holding that specific jurisdiction cannot be found in New Jersey without showing that defendant "purposefully directed" business activities into the forum.); *Wexco v. Diesel Equip.*, No. CIV06-02106 (WHW), 2006 WL 2355396, at *6 (D. N.J. Aug. 14, 2006) *quoting Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1127 (N.J. 1986) (noting that there is no need to evaluate defendant's minimum contacts with the forum "if *plaintiff's cause of action were unrelated to defendant's contacts with the forum*.") (emphasis in original); *see Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 612 (D. N.J. 2004) (holding specific jurisdiction over defendant did not exist where defendant manufacturer's shipments of products and solicitation of business in forum were unrelated to contract dispute in case). There must be at least "a

single deliberate contact" by Funai Electric with New Jersey that relates to the cause of action. *United States Golf Ass'n v. United States Amateur Golf Ass'n*, 690 F. Supp. 317, 320 (D. N.J. 1988).

The lone allegation in the Second Amended Complaint regarding Funai Electric's contacts with New Jersey is that the conduct "alleged in the Complaint occurred in and emanated from decisions made and policies implemented in this District." SAC, ¶ 11.[5]  Plaintiffs allege no substantive facts that would support this conclusion.  And while that statement may arguably be true of Funai Corporation, it is certainly not true of Funai Electric.  Funai Electric makes its decisions and implements its policies[6] where it is located – in Japan.  Ishizu Decl., ¶ 5.  Further, any alleged correspondence with Funai Corp. in New Jersey regarding the subject televisions would not be sufficiently related to the causes of action pled by Plaintiffs nor would such correspondence be sufficient to establish the minimum contacts necessary to hale Funai Electric into court in New Jersey.  *Urich*, 2015 WL 758555, at *5 (holding that communications into New Jersey are insufficient

---

[5]     Notably, this allegation regarding Funai Electric's activities in the forum is identical to that of Funai Corp. and does not differ at all from what was pled in the First Amended Complaint despite the opportunity to address the failure to distinguish between the conduct of Funai Electric and Funai Corp. as identified in the Court's June 22, 2015 Order.  *Compare* FAC ¶ 13 *with* SAC ¶ 11.

[6]     Further, Plaintiffs do not allege that the "policies" of either Defendant forms the basis for any of cause of action pled in the Second Amended Complaint.

17

to establish minimum contacts with the state required in a specific jurisdiction analysis and collecting cases).

None of Plaintiffs' causes of action derive from actions in New Jersey and certainly not any actions of Funai Electric.  Neither Plaintiff is a resident of New Jersey, neither viewed any representations about the televisions in New Jersey, and neither purchased their television in the state.  SAC, ¶¶ 1, 2, 42, 47.  Indeed, Plaintiffs do not allege that either of them has ever even been to New Jersey. Further, Funai Electric made no statements regarding the televisions in New Jersey and has had no contact with the Plaintiffs in New Jersey.  Ishizu Decl., ¶¶ 16-18. Funai Electric did not design, manufacture or test the televisions or their power supply boards in New Jersey. *Id.*, ¶¶ 7, 15.  Nor does the Second Amended Complaint claim that Defendants conducted any of these activities in New Jersey. Thus, there is no evidence suggesting that Funai Electric's minimal contacts with New Jersey have any relation to Plaintiffs' claims.  As a result, Plaintiffs cannot assert personal jurisdiction over Funai Electric in New Jersey and the Second Amended Complaint should be dismissed pursuant to Rule 12(b)(2).

> **C.    Plaintiffs' Causes of Action For Fraud and Civil Conspiracy Are Factually and Legally Deficient and Should be Dismissed Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).**

Plaintiffs make little effort to remedy the fatal defects in their fraud claims. Despite this Court's dismissal of all fraud claims on the basis that it was

"unclear…which fraudulent actions were performed by Funai Corp. and which were performed by Funai Electric" (MTD Op. at 26), Plaintiffs continue to make generalized assertions of fraudulent conduct by the collective "Funai" or "Defendants."  SAC, ¶¶ 65-69.  The only matter clarified by the Second Amended Complaint is Plaintiffs' contention that Funai Electric manufactured the televisions (SAC, ¶¶ 4, 13, 15) and that the company was therefore aware of the purported defect in the power supply boards (*Id.*, ¶ 63).  However, the substantive claims of actual fraudulent conduct continue to be pled collectively.  *See generally, id.*, ¶¶ 25-34, 65-69.[7]  This Court granted Plaintiffs leave to "replead the factual basis (if any) for Funai Electric's involvement in perpetrating fraud."  MTD Op. at p. 26.  Plaintiffs have neglected to take advantage of the Court's leave to allege any facts describing Funai Electric's individual involvement in the purported fraud.  Plaintiffs' failure to provide any notice to Funai Electric of what fraudulent actions it is alleged have taken is a fundamentally fatal defect and requires the dismissal with prejudice of Plaintiffs' fraud claims (Counts I, II and III) under Rule 9(b).

---

[7]     Indeed, Plaintiffs' claims of collective action by Defendants only serve to confuse the few matters that the Second Amended Complaint elsewhere tries to clarify.  *Compare*, SAC ¶ 4 (identifying Funai Electric as the manufacturer of the televisions and Funai Corp. as the U.S. distributor and marketer of the televisions) *with* ¶ 25 (alleging that the collective "Funai" "designed, manufactured, distributed and sold" the televisions) *and with* ¶ 28 (alleging that the collective "Funai opted to manufacture" the televisions).

Moreover, because Plaintiffs fail to distinguish between Funai Electric and Funai Corp., their claims against Funai Electric are largely identical to those raised against Funai Corp. and the fraudulent concealment and civil conspiracy claims should be dismissed for the reasons those claims against Funai Corp. are defective. The fundamental failings addressed by Funai Corp. in its Memorandum of Law in Support of its Motion to Dismiss apply equally to Funai Electric and Funai Electric refers to and incorporates that discussion here.  In particular:

- Plaintiffs' fraudulent concealment claim is fatally defective due to the failure to plead reliance (Count I).  *See* ECF No. 79-1, Sect. IV.B-1.

- Plaintiffs' claims alleging fraud or a conspiracy to commit fraud (Counts I and III) fail to meet the heightened pleading standard of Rule 9(b).  *See* ECF No. 79-1, Sect. IV.B-2.

- Plaintiffs' cannot maintain a civil conspiracy claim (Count III) against Funai Electric and Funai Corporation as related corporate entities.  *See* ECF No. 79-1, Sect. IV.C.

While all of these failings apply equally to Funai Electric, in many instances, the flaws in Plaintiffs' claims are even more egregious with respect to Funai Electric.  Plaintiffs' fraudulent concealment claim against Funai Electric cannot survive scrutiny as Plaintiffs fail to plead any statement by Funai Electric or any basis under which Funai Electric would owe a duty to disclose to Plaintiffs that the

power supply board may fail at some point after the expiration of the warranty provided by Funai Corp.

Plaintiffs' claims are premised upon some expected length of service of the televisions, but significantly, Plaintiffs do not identify *any* statement or warranty made by Funai Electric concerning the televisions at issue or their component parts, such as the power supply boards or the LCD screen.  The only statement identified by Plaintiffs was made by Funai Corporation – not Funai Electric. The alleged statement of warranty included in the televisions' owners' manuals states that the "LCD Screen is manufactured to provide many years of useful life."  *See* ECF No. 20, Lavelle Decl., Exhs. A & B at 29; SAC, ¶ 31.  However, Plaintiffs specifically allege in the Second Amended Complaint that statement was made by Funai Corp. as the "responsible party" for the manual.  SAC, ¶ 20.  Plaintiffs do not allege <u>any</u> representation by Funai Electric concerning the operational lifetime or quality of either the televisions or their component parts.

As a result, Plaintiffs cannot possibly claim that they relied on any statement of Funai Electric in purchasing their televisions.  Thus, Second Amended Complaint failed to remedy one of the primary deficiencies the Court identified in its June 25, 2015 Order dismissing the fraudulent concealment claim pled in the First Amended Complaint – the failure to plead reliance.  MTD Op., at p. 16 (dismissing fraudulent concealment claim for failure to "allege any reliance by

Plaintiffs on the User Manual"). As this statement is the basis upon which Plaintiffs argue that "Funai" has misled consumers regarding the expected length of service of the televisions, Plaintiffs cannot sustain a cause of action for fraudulent concealment against Funai Electric. *Weske v. Samsung Elec., Am., Inc.*, No. 2:10-4811, 2014 WL 4265803, at *4 (D. N.J. Aug. 27, 2014) (dismissing fraudulent concealment claims where plaintiffs failed to alleged that they "actually received" any statements from defendant). Plaintiffs' failure to identify any statements or representations made by Funai Electric at all is fatal to Plaintiffs' fraudulent concealment claim (Count I).

## V.    CONCLUSION

For the foregoing reasons, Funai Electric Co., Ltd. respectfully requests that the Court grant this Motion and dismiss with prejudice Plaintiffs' claims.

Respectfully submitted,

Dated: September 2, 2015                 MORGAN, LEWIS & BOCKIUS LLP


By: *s/ John P. Lavelle, Jr.*
    John P. Lavelle, Jr.
    502 Carnegie Center, 2nd Floor
    Princeton, New Jersey 08540
    Tel: (609) 919-6600
    Fax: (609) 919-6701
    jlavelle@morganlewis.com

    *Attorneys for Defendant Funai*
    *Electric Co., Ltd.*