**Edelson PC**

350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654
t 312.589.6370 f 312.589.6378

www.edelson.com

September 11, 2015

VIA ELECTRONIC FILING
Honorable Joseph A. Dickson, U.S.M.J
United States District Court for the District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street, Courtroom MLK5D
Newark, New Jersey 07101

> Re:     *Oliver, et al. v. Funai Corporation, Inc.* No. 14-cv-04532-JLL-JAD (D.N.J)

Dear Magistrate Dickson:

Plaintiffs Norma Oliver and Matt Toms submit the instant letter in accordance with Your Honor's September 3, 2015 Order, instructing them to propose a timeline for and the scope of their requested discovery. (Dkt. 81.) In order to best apprise the Court of Plaintiffs' position in this regard, what follows is (i) a brief overview of the relevant factual background and procedural posture of the case, (ii) an outline of the discovery Plaintiffs seek, (iii) the legal bases for permitting such discovery, and (iv) Plaintiffs' proposed briefing and discovery schedule.

## I.     Relevant Factual and Procedural Background

> A.     Plaintiffs' First Amended Complaint and Defendants' Motion to Dismiss.

Plaintiffs filed their First Amended Class Action Complaint (the "FAC") on October 10, 2015, alleging that Defendant Funai Electric, Co. Ltd. and its wholly owned subsidiary, Funai Corporation, Inc., collectively design, manufacture, market, and sell LCD televisions to consumers that contain a defective power supply board ("PSB"), which ultimately causes the televisions to fail well before the end of their reasonable useful life. In the FAC, Plaintiffs asserted claims for (i) fraudulent concealment, (ii) violations of the Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. § 44-1522 *et seq.* (the "ACFA"), the Florida Deceptive Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204 *et seq.* (the "FDUTPA"), and the New Jersey Consumer Fraud Act, N.J. Stat. §§ 56:8-1, *et seq.* (the "NJCFA"), (iii) unjust enrichment, (iv) civil conspiracy, (v) breach of express warranty, (vi) breach of the implied warranty of merchantability, and (vii) violations of the Magnusson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

On December 1, 2014, Funai Corporation moved to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 20.)[1] Shortly thereafter, Defendant Funai Electric moved to dismiss, adopting the arguments raised in Funai Corporation's motion, and further arguing that dismissal was appropriate under Fed. R. Civ. P. 12(b)(2), because—as a Japanese entity—the Court lacked personal jurisdiction over it. (Dkt. 36.) In support of those arguments, Funai Electric attached the declaration of its General Manager, Seiji Ishizu, who testified regarding Funai Electric's corporate structure, the sale and marketing of its products, and the relationship between Funai Electric and its "its affiliated companies located in the United States." (Dkt. 36-2.)

After reviewing Funai Electric's motion, Plaintiffs determined that limited discovery would be necessary before they could adequately respond to Funai Electric's jurisdictional arguments. In that regard, counsel for the Parties conferred to determine whether the Parties could agree on the timing and the scope of such discovery. As a result of those discussions—and after Plaintiffs provided Defendants with a list of the categories of information they intended to seek—the Parties agreed to stay briefing on Funai Electric's Rule 12(b)(2) arguments pending the Court's consideration of the Defendants' Rule 12(b)(6) motions. (*See* Counsel's February 5-6, 2015 Email Chain, a copy of which is attached hereto as Exhibit 1.) Upon the request of the Parties, briefing on Funai Electric's jurisdictional arguments was subsequently stayed. (Dkt. 40.)

      B.    <u>The Court's Order on the Rule 12(b)(6) Motions to Dismiss, Plaintiffs' Second Amended Complaint, and Defendants' Subsequent Motion to Dismiss</u>.

On June 25, 2015—and after Defendants' motions were briefed in full—the Court entered an Order granting in part and denying part Defendants' Rule 12(b)(6) motions to dismiss. (Dkt. 63.) Relevant to the issue of discovery, the Court permitted Plaintiffs' statutory fraud claims under the ACFA and FDUPTA, as well as their claims for breach of express warranty and violations of the Magnusson Moss Act to proceed. Additionally, Plaintiffs were given leave to re-plead their fraudulent concealment and civil conspiracy claims.[2]

As such, and in accordance with the Court's June 25th Order, Plaintiffs subsequently filed their Second Amended Class Action Complaint (the "SAC"), which asserted claims against Defendants for (i) fraudulent concealment, (ii) violations of the ACFA, (iii) civil conspiracy, (iv) breach of express warranty, and (v) violations of the Magnusson Moss Act. (Dkt. 73.) Defendants have since moved to dismiss. (Dkts. 79-80.) Notably, while Defendant Funai Electric reasserted its Rule 12(b)(2) arguments, Defendants only sought dismissal of Plaintiffs' fraudulent concealment and civil conspiracy claims. As such, there is no dispute that Plaintiffs' other claims—at least with respect to Defendant Funai Corporation—will move forward.

---

[1]     Funai Corporation also asserted arguments under Fed. R. Civ. P. 8(a) and 9(b).

[2]     Plaintiffs' implied breach of warranty and unjust enrichment claims were dismissed with prejudice. (Dkt. 63.) Additionally, although Plaintiffs Oliver's FDUPTA survived Defendants' motions, that claim was ultimately dismissed by stipulation of the Parties. (Dkt. 72.)

      C.      <u>The Telephonic Status Conference</u>.

On September 3, 2015, the Parties appeared for a telephonic status conference, at which point they informed Your Honor of their respective views as to how discovery should proceed. Although Defendants took the position that all discovery should be stayed pending the Court's ruling on their  most recent motions, Plaintiffs' counsel explained that—at least with regards to Plaintiffs' ACFA, breach of warranty and Magnusson Moss claims against Funai Corporation— discovery need not be delayed any further. Based on those assertions, Your Honor ordered the Parties to submit letters to the Court supporting their respective positions and to provide a timeline under which such discovery would occur. Additionally, although Plaintiffs initially agreed to postpone jurisdictional discovery until after the resolution of Defendants' remaining Rule 12(b)(6) arguments, Your Honor stated that such discovery—if necessary—needed to occur immediately. In that regard, Your Honor also instructed Plaintiffs to outline what discovery they believed was necessary to respond to Funai Electric's Rule 12(b)(2) arguments.

**II.**      **Plaintiffs' Proposed Discovery**

As noted above, Plaintiffs presently seek leave to conduct two types of discovery: (i) class and merits discovery regarding Plaintiffs' claims against Funai Corporation that are not currently the subject of any pleading challenge (the "Phase One Discovery"), and (ii) discovery related to Funai Electric's jurisdictional arguments (the "Jurisdictional Discovery").

With respect to their proposed Phase One Discovery, Plaintiffs seek documents, information, and/or deposition testimony regarding, *inter alia*, **(i)** the design schematics (including drafts and other versions) of the PSBs and their affected televisions, **(ii)** internal testing, research, and/or investigations regarding the expected lifespan and/or fail rate of the PSBs, as well as Defendants' communications regarding the same, **(iii)** any investigations regarding the selection, sourcing, and acquisition of the PSBs and/or the components found on the PSBs, **(iv)** communications with wholesalers, distributors, and/or retailers related to, *inter alia*, the affected televisions shortened lifespans, quality concerns, consumer complaints, fail rates, and return rates, **(v)** consumer complaints regarding the PSBs and symptoms likely related to the PSBs, **(vi)** documents sufficient to demonstrate the number of putative class members, including but not limited to sales information for the affected televisions such as the number of individuals who purchased such televisions during the relevant time period.

As to the Jurisdictional Discovery, Plaintiffs seek documents, information, and/or deposition testimony regarding, *inter alia*, **(i)** Defendants' corporate structure(s), **(ii)** Funai Electric's level of involvement in any manufacturing, distributing, marketing, and/or sales of goods and/or services that occur in New Jersey, **(iii)** the relationship between Funai Electric and any persons and/or entities residing in New Jersey, **(iv)** the Funai Electric subsidiaries that are involved in the manufacturing, distributing, marketing and/or sales of the products at issue in this case and/or the state of New Jersey, and **(v)** the three Funai Electric employees referenced in Paragraph 23 of Mr. Ishizu's Declaration as being "seconded in the New Jersey office of Funai

Corp.," as well as any other employees of Funai Electric that have worked in or travelled to New Jersey in the last five years for business-related purposes.

**III.    The Court Should Permit Plaintiffs to Conduct the Requested Discovery.**

The Court should allow Plaintiffs to conduct the above-described Phase One and Jurisdictional Discovery. First, in regards to the Phase One Discovery, Plaintiffs have already defeated Funai Corporation's pleading arguments and there is no "good cause" to further delay the discovery process. *See Maher Terminals, LLC v. Port Auth. of New York & New Jersey*, No. 12-6090 KM, 2013 WL 2253532, at *2 (D.N.J. May 22, 2013) (explaining that discovery should be stayed "only on a showing of 'good cause'") (citing *Gerald Chamales Corp. v. Oki Data Americas, Inc., et al.*, 247 F.R.D. 453, 454 (D.N.J. Dec.11, 2007)). Indeed, there is no doubt that the proposed Phase One Discovery will be necessary for the orderly progression of this case— including for briefing on Plaintiffs' anticipated motion for class certification, resolving any motions for summary judgment, and trial. Unremarkably, courts in this district consistently hold that such discovery should commence as early as practicable to ensure the most prompt resolution of a plaintiff's claims. *See Coyle v. Hornell Brewing Co.*, No. 08–2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (explaining that courts in this District do not favor granting discovery stays "because [such] delay[s] can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citation omitted). Moreover, despite that it is Defendants' burden to demonstrate that "good cause" exist to postpone discovery, *see Maher Terminals*, 2013 WL 2253532, at *2, Funai Corporation's only justification for a continued stay of discovery is the pendency of Defendants' latest motions to dismiss. But even if those motions are granted in their entirety, they will not spell the end of this case or the need for discovery on the claims that have already been upheld by the Court. Moreover, "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay," *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007), and given that "methods of discovery may be use in any sequence," *Newsome v. City of Newark*, No. 13-6234 CCC, 2014 WL 1767562, at *1 (D.N.J. May 2, 2014) (citing Fed. R. Civ. P. 26(d)(2)(A)), Defendants can hardly claim that discovery in stages would be prejudicial or burdensome.[3]

Next, Plaintiffs should likewise be permitted to conduct their proposed Jurisdictional Discovery in order to determine whether Funai Electric has sufficient contacts with New Jersey to warrant this Court's jurisdiction over it. *See W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.*, 968 F. Supp. 996, 1001 (D.N.J.1997) (denying the defendants' motion to dismiss where the plaintiffs' "request for jurisdictional discovery [wa]s critical to the determination of whether [the court could] exercise personal jurisdiction"); *see also Moroccan Oil v. Conforti*, No. 2:11-CV-00136, 2011 WL 1253317, at *2 (D.N.J. Mar. 31, 2011) (explaining that jurisdictional discovery "is essential to fair adjudication" because such issues cannot "properly be decided simply based on the back-and-forth contentions of the parties" when "all the

---

[3]    Likewise, to the extent Plaintiffs' fraudulent concealment or civil conspiracy claims, or any claims against Funai Electric, are allowed to proceed, the requested Phase One Discovery will be relevant to them as well.

relevant information is in the possession of [the d]efendants"). Indeed, courts must "assist plaintiffs by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous'." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). In that regard, so long as Plaintiffs "present[] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the [ ] right to conduct jurisdictional discovery should be sustained." *Moroccan Oil*, 2011 WL 1253317, at *2 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).

Here, there can be no question that Plaintiffs have provided far more than "clearly frivolous" factual assertions regarding Funai Electric's contacts with New Jersey. Specifically, Plaintiffs allege that although Funai Electric is a Japanese company, it "participates in, engages in, and avails itself of the United States market and United States consumers through its [New Jersey] subsidiary, Funai Corporation and agreements between the two entities." (SAC ¶ 4.) In support of that assertion, Plaintiffs point to Defendants' own representations regarding their "joint[] use [of] registered trademarks" to market and sell their goods to consumers in New Jersey and throughout the United States. (*Id*. ¶ 16; *see also id.* ¶ 18 (alleging "Defendants have an exclusivity agreement whereby Funai Corp. exclusively markets and distributes" Funai Electric's televisions).) *See Cosa Marble, Inc. v. Classic Tile, Inc.*, No. 07-587 (PGS), 2008 WL 320465, at *3 (D.N.J. Jan. 28, 2008) (permitting jurisdictional discovery where plaintiff had "provided at least some evidence that [the defendant] engag[ed] in business in this country"); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.*, No. 89-3322, 1989 WL 136277, at *1 (E.D.Pa. Nov. 8, 1989) (holding motion to dismiss in abeyance to permit jurisdictional discovery where the distribution arrangement between the parties could demonstrate that minimum contacts existed to warrant the court's exercise of personal jurisdictional). Plaintiffs likewise allege that Defendants "comingl[e] control between" and conflate their roles, which warrants further discovery to determine whether an alter ego or agency relationship evidencing the existence of specific and/or general jurisdiction exists. *See Quality Int'l Packaging, Ltd. v. Chamilia Inc.*, No. 13-5235, 2014 WL 2465262, at *4 (D.N.J. May 30, 2014) (permitting jurisdictional discovery in part to determine whether "the subsidiary corporation played any part in the transactions at issue, whether the subsidiary was merely the alter ego or agent of the parent, and whether the independence of the separate corporate entities was disregarded").[4]

## IV.   Plaintiffs' Proposed Discovery Schedule

In light of the foregoing, Plaintiffs respectfully request that Your Honor enter an Order (i) granting Plaintiffs leave to begin conducting the proposed Phase One Discovery from Defendant Funai Corporation without further delay, and (ii) postponing briefing on Defendants' motions to dismiss for seventy-five (75) days so that Plaintiffs can conduct the necessary Jurisdictional Discovery described above. Plaintiffs believe that such time will be sufficient to allow them to draft (and for Funai Electric to respond to) written discovery, and for Plaintiffs to depose any necessary witnesses. Plaintiffs further propose that twenty-one (21) days after the completion of

---

[4]     This is particularly true given Funai Electric's admission that at least "one [of its] officer[s] currently holds a position as a director of Funai Corp." (Ishizu Declaration ¶ 21.)

such Jurisdictional Discovery, they be required to respond to Defendants' motions to dismiss in their entirety.

Should Your Honor have any questions, or require any additional information, please do not hesitate to contact us.

Respectfully submitted,

Edelson PC

Eve-Lynn J. Rapp

Attachment

# EXHIBIT 1



**Eve-Lynn Rapp <erapp@edelson.com>**

---

## Oliver et al. v. Funai Corp et al

---

**Lavelle, Jr., John P.** <jlavelle@morganlewis.com>                    Fri, Feb 6, 2015 at 1:37 PM
To: Eve-Lynn Rapp <erapp@edelson.com>
Cc: "Benjamin H. Richman" <brichman@edelson.com>

Eve-

Thanks for your email.

We believe that the most expeditious way to proceed is to set aside for the time being Funai Electric's Motion to Dismiss based on lack of personal jurisdiction. We are willing to grant plaintiffs an open extension of time to respond to the personal jurisdiction Motion – without waiver of Funai Electric's position that the Court lacks personal jurisdiction -- pending the Court's consideration of the Motion to Dismiss of both Funai Corporation and Funai Electric under Fed.R.Civ.P. 12(b)(6), 8(a) and 9(b). The latter Motion has been pending since December 1, 2014 (joined in by Funai Electric on January 8, 2015), and substantively is largely the same Motion to Dismiss previously filed by Funai Corporation on September 3, 2014.

If the Court should grant the 12(b)(6) Motion, there will be no need to address the personal jurisdiction Motion or to address the discovery issues you raise because the Motion would be dispositive of the case in its entirety. If, on the other hand, the Court should deny the 12(b)(6) Motion in whole or in part, then we can attempt to reach agreement on limited discovery relating to the personal jurisdiction issue prior to the Court's consideration of the personal jurisdiction Motion.

We submit that our proposed approach would be consistent with judicial economy and permit the parties to avoid wasting resources on discovery that may prove to be unnecessary. It will also allow the Court to address without additional delay the legal issues which we contend are dispositive of this action, which have been the subject of Motions filed several months ago and are ripe for resolution.

Please let me know if you are agreeable to this approach. We are willing to work with you on the form of a proposed stipulation and order to

memorialize and seek court approval.  I am in the office this afternoon if you would like to discuss further.


John


**John P. Lavelle, Jr.**
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4824 | Main: +1.215.963.5000 | Fax: +1.215.963.5001

502 Carnegie Center | Princeton, NJ 08540-6289
Direct: +1.609.919.6688 | Main: +1.609.919.6600 | Fax: +1.609.919.6701


jlavelle@morganlewis.com | www.morganlewis.com

---

**From:** Eve-Lynn Rapp [mailto:erapp@edelson.com]
**Sent:** Thursday, February 05, 2015 8:25 PM
**To:** Lavelle, Jr., John P.
**Cc:** Benjamin H. Richman
**Subject:** Re: Oliver et al. v. Funai Corp et al


John:


As promised, I'm writing to follow up on the issues we discussed during our call yesterday. First, I asked whether Funai Electric would be willing to confirm whether one of the wholly-owned subsidiaries mentioned in Paragraph 6 of Seiji Ishizu's Declaration in Support of Funai Electric's Motion to Dismiss (the "Declaration" ) was responsible for manufacturing the televisions at issue in this case, and if so, which one(s). As discussed, we are requesting this information to ensure that only the correct entities are named, and potentially to avoid any motion practice that might not otherwise be necessary. Second, I asked whether Funai Electric would oppose Plaintiff's request for limited discovery into the jurisdictional arguments raised in its Motion to Dismiss, and as you requested, put together a list (included below) outlining the type of information we'd be interested in obtaining so that you could further discuss our request with your client. We are still working through the types of information we'd be looking for, but if Funai Electric can agree, at least in principal to this type of jurisdictional discovery, we'd be willing to work with you on the parameters of our requests, as well as the method by which the information is obtained.


**Jurisdictional Discovery Topics**

• Funai Electric and Funai Corporation's corporate structure(s).

• Funai Electric's level of involvement in any manufacturing, distributing, promotion, and/or sales of goods and/or services in New Jersey, or that are at issue in this case.

• The Relationship between Funai Electric and any persons or entities that are residents of New Jersey.

• Identification of Funai subsidiaries referred to in Paragraph 7 of Mr. Ishizu's Declaration and that are involved in the manufacturing, distributing, promoting and/or conducting sales of the products at issue in this case and/or the state of New Jersey.

• Identification of the three employees referenced in Paragraph 23 of Mr. Ishizu's Declaration, as well any other employees of Funai Corporation that have worked in New Jersey in the last five years, or travelled there for business-related purposes.

I'm around all day tomorrow if you have any questions or want to further discuss. I look forward to hearing from you.


Have a nice night.


Eve


On Wed, Feb 4, 2015 at 10:34 AM, Eve-Lynn Rapp <erapp@edelson.com> wrote:

John:


I just left a voicemail for you at your Philly office. I wanted to quickly touch base with you about a question we had on Funai Electric's motion to dismiss. Is there a good time to reach you today?


I can be reached at 610-306-4314.


Thanks,


Eve


On Fri, Jan 23, 2015 at 12:46 PM, Eve-Lynn Rapp <erapp@edelson.com> wrote: