# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| *Plaintiffs,* | )  Civil Action No.:<br>)  2:14-cv-4532(JLL)(JAD) |
| v. | ) |
| | )  CLASS ACTION |
| FUNAI CORPORATION, INC., a New Jersey corporation, and FUNAI ELECTRIC CO., LTD., a Japanese corporation. | )<br>)<br>)<br>)<br>) |
| *Defendants.* | ) |

## JOINT PROPOSED DISCOVERY PLAN

**1.    Set forth the names of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

**Attorneys for Plaintiffs Norma Oliver and Matt Toms:**

Stefan L. Coleman
Law Offices of Stefan Coleman, LLC
1072 Madison Ave., Suite 1
Lakewood, NJ 08701
law@stefanfancoleman.com
Telephone: 877.333.9427
Fax: 888.498.8946

Benjamin H. Richman
Eve-Lynn J. Rapp
EDELSON PC
350 North LaSalle St., Suite 1300

Chicago, Illinois 60654
brichman@edelson.com
erapp@edelson.com

Telephone: 312.589.6370
Fax: 312.589.6378; and

Rafey S. Balabanian
EDELSON PC
329 Bryant Street
San Francisco, California 94107
Telephone: 415.212.9300
Fax: 415.373.9435
rbalabanian@edelson.com

**Attorneys for Defendant Funai Corporation, Inc. ("Funai Corp."):**

John P. Lavelle, Jr.
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241
jlavelle@morganlewis.com
Telephone: 609.919.6688
Fax: 609.919.6701

**2.    Set forth a factual description of the case, including the causes of action and defenses asserted.**

**Plaintiffs' Position:**

Plaintiffs initiated this action against Funai Corporation, Inc. ("Funai Corp.") on July 17, 2014. (Dkt. 1.) On October 20, 2014, Plaintiffs filed their First Amended Class Action Complaint (the "FAC") to, *inter alia*, name Funai Electric CO. LTD ("Funai Electric," and collectively with Funai Corp., "Defendants") as a party Defendant. (Dkt. 14.) In their FAC, Plaintiffs allege that Defendants, *inter*

*alia*, design, manufacture, market, and sell LCD televisions (the "Defective TVs" or the "TVs") to consumers that contain a defective power supply board ("PSB"), which ultimately causes the televisions to fail well before the end of their reasonable useful life. (*Id.*) Plaintiffs further allege that Defendants wrongfully warrant that the Defective TV's will last for "many years of useful life" in there users manuals, and act deceptively by concealing the existence of the defect, despite knowing—e.g., from internal testing, complaints, and retailers—that the Defective TV's will fail well before their expected lifespan. (*Id.*)

As a result of this conduct, Plaintiffs originally asserted claims for (i) fraudulent concealment, (ii) violations of the Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. § 44-1522 *et seq.* (the "AFCA"), the Florida Deceptive Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204 *et seq.*, the New Jersey Consumer Fraud Act, N.J. Stat. §§ 56:8-1, *et seq.*, (iii) unjust enrichment, (iv) civil conspiracy, (v) breach of express warranty, (vi) breach of the implied warranty of merchantability, and (vii) violations of the Magnusson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (Dkt. 14.) After Plaintiffs' amended the FAC in response to the Court's June 25, 2015 ruling on Defendants' motion to dismiss and an additional round of briefing on Defendants' motions to dismiss Plaintiffs' Second Amended Class Action Complaint (the "SAC") (*see* Dkts. 73, 79, 80, 91, 96, 97), the Court has now permitted Plaintiff Toms' statutory fraud claims under the

ACFA, as well as Plaintiffs Toms' and Oliver's claims for breach of express warranty and violations of the Magnusson Moss Act against Defendant Funai Corp. to move forward.[1] (Dkt. 63.)

First, in regards to Plaintiffs' express warranty and Magnuson Moss claims, the Court agreed that Defendant's statement that the "LCD Screen or LCD Panel were manufactured to provide 'many years of useful life' " could properly be categorized as an express warranty. (Dkt. 63 at 19-20.) Additionally, the Court rejected Funai Corp.'s suggestion that Plaintiffs' breach of warranty and Magnuson Moss claims are barred by Funai Corp.'s one-year warranty disclaimer, because Funai Corp.'s disclaimer was inconsistent with its other express representations, and therefore, "inoperative". (*Id.* at 21.) Funai Corp.'s claim that Plaintiffs' warranty claims require a showing that Plaintiffs "relied upon" its warranty "prior to their purchase" is misstated.

Second, the Court found that Plaintiff Toms stated a valid claim under the ACFA, because he alleges that Funai Corp. actively concealed a defect that was basic to his purchase with the intent that he (and other customers) rely on the concealment, causing them to over pay for Funai Corp.'s Defective TVs. (Dkt. 63 at 13.) As explained in the SAC, it is clear that Funai Corp. had knowledge of the

---

[1]     The Court granted Funai Electric's motion to dismiss based on lack personal jurisdiction (Dkt. 98) and ultimately dismissed Plaintiffs' fraudulent concealment, breach of implied warranty, civil conspiracy, and unjust enrichment claims against both Defendants as well. (Dkts. 63, 98.) Although Plaintiff Oliver's FDUPTA claim survived, that claim was ultimately dismissed by stipulation of the parties. (Dkt. 72.)

4

defect and intended that consumers would rely on it because they took steps to actively conceal information about the defect in its advertisements and user manuals, and worse, affirmatively represented that the Defective TVs were of good quality. (Dkt. 73 at 74-75.) To the extent Funai Corp. is similarly suggesting that a showing of reliance is required to recover for a concealment claim under the ACFA, that suggestion is wrong as well. (*See* Dkt. 59. at 44.)

Finally, because Funai Corp. uniformly marketed and sold the Defective TVs, questions of law and fact common to Plaintiffs and the Classes predominate, and the other requisites to class certification under Fed. R. Civ. P. 23 will be easily satisfied here.

### Defendant Funai Corp.'s Position:

This is a putative class action filed by two individual plaintiffs ("Plaintiffs") alleging that their Emerson/Magnavox flat screen televisions failed due to defects in the power supply boards.  Plaintiffs contend that Defendant Funai Corp. concealed the alleged defects in the power supply boards and/or failed to provide Plaintiffs with notice of the alleged defect.  Plaintiffs allege that their televisions failed more than one year after purchase.  Plaintiffs acknowledge that Funai Corp. provided express limited warranties with their televisions. And Plaintiffs acknowledge that their televisions failed after expiration of the one-year time period of that warranty.

Despite the express limited warranties of the subject televisions, Plaintiffs contend that a statement in the subject televisions' user manuals that the "LCD panel is manufactured to provide many years of useful life" (the "LCD Panel Statement") created an express warranty of the televisions as a whole. Additionally, Plaintiffs claim that Funai Corp. has fraudulently concealed the existence of the alleged defects with the subject televisions' power supply boards. Based on these allegations, Plaintiffs allege claims of violations of the Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. § 44-1522 *et seq*., breach of express warranty, and violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

Plaintiffs' claims, however, are without merit. Although Plaintiffs contend that the LCD Panel Statement creates an actionable express warranty, when this statement is read in context, it is clear that the statement only refers to the LCD panel and not the entire television.  Likewise, Plaintiffs do not allege that they were aware of the LCD Panel Statement prior to their purchase dates of the subject televisions.  Realizing these deficiencies in Plaintiffs' allegations, this Court agreed with Funai Corp. that Plaintiffs' common law fraudulent concealment and civil conspiracy claims were without merit and dismissed those claims with prejudice against Funai Corp.  *See* Dkt. 99.  Plaintiffs also unsuccessfully attempted to allege claims against Funai Electric Co., Ltd. ("Funai Electric").  The

Court agreed with Funai Electric that the Court lacked jurisdiction over it and dismissed the company from this action on December 21, 2015. *Id.* As such, the scope of this Action has been greatly narrowed and Plaintiffs' only remaining warranty claims are based on the faulty premise that LCD Panel Statement in the subject televisions' user manuals created an express warranty that the television would last for thousands of hours.

Plaintiffs' breach of warranty claims are barred by the express limited warranties offered by Funai Corp. (i.e., one year limited warranty for parts and ninety days for labor) and the Court should apply the time period limitations established by these express limited warranties. In light of these express limited warranties, Plaintiffs cannot create a multi-year warranty from a statement in the television owners' manuals that "the LCD panel is manufactured to provide many years of useful life," especially where Plaintiffs do not allege they were aware of, or relied upon, this statement prior to their purchase. Additionally, when this statement is read in context it cannot be reasonable construed to apply to the entire television, but only to the LCD screen itself.

Plaintiffs' claims under the Arizona Consumer Fraud Act also fail because the Arizona statute does not impose on product manufacturers an unconditional duty to disclose that a product may one day malfunction. Plaintiffs are also unable to demonstrate that Funai Corp. omitted or concealed any information regarding

any alleged defects with the power supply boards or that Plaintiffs relied upon any

omissions.  Rather, the televisions at issue were designed and manufactured to the

state of the art for similar products, including the design and manufacture of the

subject televisions' power supply boards.  Finally, a class cannot be certified under

Rule 23 as Plaintiffs are unable to sufficiently demonstrate the ascertainability of

any class or subclass via reliable and administratively feasible means.  As such,

Funai Corp. contends that it acted in a commercially reasonable and lawful manner

with due care and in good faith and that Plaintiffs' claims are without merit.

**3.**     **Have settlement discussions taken place?  Yes __X___  No _____**

During the Parties' 26(f) conference, the Parties discussed the potential for

resolution of Plaintiffs' claims on a class-wide basis, but agreed that additional

information would be necessary in order for the Parties to have more meaningful

settlement discussions. In that regard, and as discussed further below, the Parties

discussed engaging in a preliminary "phase one" discovery geared towards

obtaining information that would allow them to better assess the potential for

resolution. At this point, no formal demand by either party has been made.

**a.     What was plaintiffs' last demand?**

**i.** Monetary demand: $_____NA_____

**ii.** Non-monetary demand: _____NA_____

**b.  What was Funai Corp.'s last demand?**

      i.  Monetary offer:  $_____NA___

      ii.  Non-monetary offer:  ____NA_____

**4.    The parties [have_X____  have not_____] met pursuant to Fed. R. Civ. P. 26(f).**

**5.    The parties [have _____  have not__X____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

The Parties propose that the exchange of information required by Rule

26(a)(1) of the Federal Rules of Civil Procedure take place within **thirty (30) days**

after the entry of the Scheduling Order in this matter.

**6.    Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1): _____N/A___**

**7.    The parties [have_____  have not __X____] conducted discovery other than the above disclosures.  If so, describe.**

**8.    Proposed joint discovery plan:**

    **a.  Discovery need on the following subjects:**

        **i.  Plaintiffs' Position:**

Given the Parties' preliminary discussions, Plaintiffs are willing to engage in

a "phased discovery" approach in which initial limited discovery would be

conducted in order for the Parties to determine whether resolution of this case is

possible on a class-wide basis. In that regard, Plaintiffs agree that discovery that

would allow them to determine the size of the putative class (and subclass) is

appropriate at this time and have informally requested that Defendant provide

information regarding (i) the total number of TV's sold (or shipped) to consumers and, (ii) the number of televisions returned more than ninety (90) days after purchase with an issue with the PSB. Plaintiffs anticipate more formally requesting this information from Defendant during the initial phase of discovery in the form of written interrogatories and/or deposition testimony, if necessary.

Plaintiffs likewise agree that Defendant will be entitled to limited information from Plaintiffs geared towards determining whether they are adequate to represent any potential settlement class (and subclass), in the form of written interrogatories and/or deposition testimony, if necessary.

Should the Parties' attempts at resolution prove unsuccessful, Plaintiffs propose that class and merits discovery be conducted simultaneously and, in addition to the above-referenced categories of information, anticipate taking discovery into the following non-exhaustive list of topics: (iii) the total number of stand-alone PSBs sold (or shipped) to consumers; (iv) the total number of complaints received about the TVs, broken down by category of complaint (e.g., loss of power or picture); (v) the total number of warranty claims made, broken down by category of claim (e.g., loss of power or picture); (vi) Funai Corp.'s representations regarding the lifespan of the Defective TVs; (vii) Funai Corp.'s (and/or other third-parties') internal testing, research, and investigations regarding the expected lifespan and/or fail rate of the Defective TVs and/or PSBs, as well as

Funai Corp.'s communications about those topics; (viii) communications, research, documentation, and investigations regard the selection, sourcing, and acquisition of the PSBs or components found on the PSBs; (ix) the metrics (and bases of those metrics) used by Funai Corp. to assess and report on the lifespan of the Defective TVs; (x) consumer complaints regarding the PSBs or symptoms likely related to the PSBs, and (xi) communications with wholesalers, distributors, and retailors about the Defective TVs related to shortened lifespans, quality concerns, consumer complaints, fail rates, return rates, and similar topics.

Plaintiffs believe that conducting both class and merits discovery in a single phase will increase efficiencies and conserve judicial resources, as there will be substantial overlap between the information needed in order for Plaintiffs to move for class certification and to file their dispositive motions. Plaintiffs further state that Defendant's approach—which effectively envisions a three (3)-phase discovery process (i.e. initial discovery geared towards potential resolution, discovery related to certification issues, and finally, merits discovery), is inefficient and would result in duplication of efforts and a waste of judicial resources.

Plaintiffs reserve the right to object to Funai Corp.'s discovery topics, as appropriate.

### ii.  Funai Corp.'s Position:

Funai Corp. proposes that discovery in this matter be conducted in stages, allowing for initial limited merits discovery for the named Plaintiffs, as well as limited class discovery.  This limited initial phase of discovery will address the potential size of the putative class and subclass) through discovery on the volume of subject televisions sold during the proposed class period and the number of televisions returned more than ninety (90) days after purchase with an issue with the PSB.  This initial discovery would also include limited written discovery regarding whether the named-plaintiffs are adequate class representatives. Allowing the Parties limited initial discovery on these issues will greatly enhance the Parties ability to explore the possibility of early resolution of this matter**.**

Even if the Parties are unable to come to a resolution after this initial phase of discovery, Funai Corp. believes that the Parties will be in a better position to determine what remaining discovery is necessary to prepare this matter for trial.  A determination on the timing and subject matter of remaining discovery can be addressed at the conclusion of that first phase of discovery.

Should the Court wish to address those matters at this time, Funai Corp. believes that class discovery should proceed to determine the scope of this Action before the Parties undertake broad and costly merits discovery.  Funai Corp. contends that Plaintiffs are unable to demonstrate class membership by a reliable and administratively feasible means and, therefore, class certification is not

appropriate under Rule 23. A determination on the appropriateness of class

certification will significantly narrow the scope and cost of these proceedings.

Concerning the appropriateness of class certification under Rule 23, discovery on

the following issues is necessary:

- whether the class (and subclass) are sufficiently defined so that
  they are identifiable via a reliable and administratively feasible
  membership mechanism without being overly broad;

- what information Plaintiffs relied upon prior to purchasing the
  subject televisions and whether Plaintiffs were aware of, or relied
  upon, the LCD Panel Statement in the subject televisions' user
  manuals prior to these purchases;

- whether those questions of law or fact common to proposed class
  (and subclass) members predominate over any questions affecting
  only individual members, including any proposed class and
  subclass member's knowledge and reliance on the LCD Panel
  Statement; and

- whether the proposed class (and subclass) could be properly
  certified as an injunctive relief class.

Funai Corp. denies that this case is appropriate for class certification under

Rule 23.  Nonetheless, if a class were certified, Funai Corp. states that at least the

following additional issues would require discovery:

- whether Plaintiffs can demonstrate how the LCD Panel Statement
  within the televisions' user manuals, when read in context, could
  give rise to a circumstance resulting in an open-ended duty to
  repair its products without charge, even after the express
  warranties have expired;

- what information was available to consumers concerning the
  subject televisions, and whether Plaintiffs were aware of and relied

13

upon the LCD Panel Statement prior to purchasing the subject televisions;

- whether the subject televisions contain a common defect in the power supply board as alleged in the Second Amended Complaint;

- whether Plaintiffs can demonstrate that Funai Corp. knew at the time of sale but concealed or fraudulently omitted that the subject televisions were defective and susceptible to the alleged defect in the power supply board, and whether that alleged knowledge varied over time and by model;

- whether, under Arizona's consumer fraud statute, Plaintiffs are able to demonstrate that Funai Corp. is liable for failure to disclose an alleged latent defect where the alleged defect does not implicate any safety concerns and where Funai Corp. made no incomplete or misleading representation regarding the televisions; and

- whether Plaintiffs are able to demonstrate in reliable and administratively feasible manner that each class member's (and subclass member's) television has in fact malfunctioned and, if so, when it malfunctioned relative to the date of purchase, whether the alleged malfunction was the result on an alleged defect with the television's power supply board, whether the television was repaired, whether any such repair was provided under warranty (i.e., under the express limited warranty – one year limited warranty for parts or ninety day period for labor – or any extended warranty contract); and

- whether Plaintiffs are able to demonstrate that each class member (and subclass member) was aware and relied upon the LCD Panel Statement in the subject televisions' user manuals prior to purchasing the subject television.

These issues are subject to change as the Parties continue through the

discovery process.

**b. Discovery [should ___X___ should not _____] be conducted in phases or limited to particular issues.  Explain.**

The Parties propose that discovery be conducted in at least two phases and limited to particular issues.

The Parties agree and propose that the first phase ("Phase I") be limited to identifying the potential size of the alleged putative class (and subclass), as well as to limited discovery concerning the appropriateness of the class representatives, Plaintiffs Toms and Oliver. The Parties agree that these issues will assist in determining whether early resolution is possible. The Parties believe that structuring discovery in this manner will serve the interests of judicial economy and streamline the overall discovery process by potentially negating the need for prolonged discovery that could ultimately require the unnecessary expenditure of resources by the Court and the Parties.

To the extent that the Parties ultimately conclude that resolution is not possible after Phase 1, the Parties' views differ as to how discovery should proceed. As noted above, Plaintiffs believe that if the initial Phase 1 discovery is not successful, the second phase ("Phase 2") of discovery should consist of all class and merits discovery.  In contrast, Defendant believes that if the Parties' cannot resolve this matter after Phase 1 discovery, the question of whether a class (and subclass) can be certified in this Action should be resolved before the Parties engage in merits discovery.

The Parties propose that the first phase of discovery take place over the next **[sixty-days (60) days]**.  Throughout the course of Phase I discovery, the Parties agree to continue to confer regarding the merits of potential mediation.  The Parties further propose that within **[ten (10) days]** of the close of Phase I discovery, the Parties will determine whether voluntary mediation is possible, and promptly schedule a mediation within **[twenty-one (21) days]** if they determine that it is.

If mediation is not successful, Plaintiffs estimate that they will need an additional **seven (7) months** from the termination of any mediation proceedings, or alternatively, from the date the Parties notify the Court that they do not intend to mediate, to complete Phase 2 discovery.  Funai Corp. anticipates that they will need three (3) months from the termination of any mediation proceedings, or alternatively, from the date the Parties notify the Court that they do not intend to mediate, to complete the remaining class certification discovery.  While contingent upon the determination of class certification, Funai Corp. anticipates that merits discovery could be completed in four (4) months.

### Proposed Mediation/Settlement Process Protocol:

While the Parties agree that this case might be resolved, in whole or in part, by mediation, the Parties believe that the completion of Phase I discovery is required before this determination can be fully assessed.  The Parties agree to confer to determine whether mediation would be productive after the completion of

Phase I discovery.  Should additional discovery be needed, the Parties propose to submit an updated joint discovery plan that includes a schedule to complete the remaining discovery within [ten (10) days] of the termination of the Phase I discovery.

    **c.  Proposed Schedule:**

      i. Fed. R. Civ. P. 26 Disclosures will be made within **thirty (30) days** after the entry of the Scheduling Order in this matter.

      ii. E-Discovery conference pursuant to L. Civ. R. 26(1)(d) will be held no later than **February 19, 2016**.

      iii. Service of initial written discovery within **thirty (30) days** after the entry of the Scheduling Order in this matter.

      iv. Maximum number of interrogatories by each party to each party: As set by the Rules of Federal Civil Procedure.

      v. Maximum number of depositions to be taken by each party: As set by the Rules of Federal Civil Procedure.

      vi. Motions to amend or to add parties to be filed by: **thirty (30) days** from the close of merits discovery.

      vii. Fact and class discovery to be completed by:

           1. **Plaintiffs' Proposal: Seven (7) months** after the entry of the Phase II Discovery Scheduling Order.

           2. **Defendant's Proposal:  Seven (7) months** after the entry of the Scheduling Order following Phase I.

      viii. Plaintiffs' expert reports due on: Not applicable at this time.

      ix. Funai Corp.'s expert report due on: Not applicable at this time.

      x. Expert deposition to be completed by: Not applicable at this time.

    xi.  Plaintiffs' Motion for Class Certification:

        1. **Plaintiffs' Proposal: <u>Sixty (60) days</u> after the completion of Phase II Discovery**

        2. **Defendant's Proposal:  <u>Thirty (30) days</u> after the completion of class Discovery.**

    xii.  Dispositive motions to be served within:

        1. **Plaintiffs' Proposal:  <u>Sixty (60) days</u> after the Court's ruling on Plaintiffs' Motion for Class Certification.**

        2. **Defendant' Proposal:  <u>Sixty (60) days</u> after the close of merits discovery.**

**d. Set forth and special discovery mechanism or procedure requested.**

Funai Corp. anticipates that certain documents and witnesses pertinent to Plaintiffs' claims are outside of the Parties' control and are located outside of the United States.  Plaintiffs also anticipate that it will be necessary to obtain discovery from third-parties, such as Funai Corp.'s wholesalers, distributors, and/or retailers, but they do not foresee such discovery presenting any problems at this time. No other such special discovery needs have been identified to date.  Should such issues arise, the Parties will promptly bring them to the Court's attention, in accordance with L. Civ. R. 37.1(a) and the Magistrate Judge's individual judicial preferences.

    e.  A pretrial conference may take place on: **a date the Court deems appropriate**.

    f.  Trial date:  __**October 6, 2017**__          (___X___ Jury Trial)

9.     **Do you anticipate any special discovery needs (i.e., videotape/ telephone depositions, problems with out-of-state witnesses or documents, etc.)?  Yes __X____  No_____.**

If so, explain.

Defendant anticipates that documents and witnesses pertinent to Plaintiffs'

claims are outside of the Parties' control and are located outside of the United

States.  Plaintiffs also anticipate that some third-party discovery will be necessary,

but have no reason to believe that such discovery will cause any special discovery

needs at this time.

10.    **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?  Yes _____  No__X_____.**

Plaintiffs anticipate that the discovery of electronic information will be

necessary in this action. The Parties do not currently believe that there are any

issues concerning the disclosure or discovery of electronically stored information

at this time.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11.    **Do you anticipate entry of a Discovery Confidentiality Order?  *See* L. Civ. R. 5.3(b) and Appendix S.** ____Yes.____

12.    **Do you anticipate any discovery problems listed above? Describe.**
Yes_____ No__X____.

13.    **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation**

**(pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

The Parties do not believe that this case is appropriate for immediate

voluntary arbitration or mediation; however, the Parties concur that mediation may

be appropriate at the close of Phase I discovery, as set forth above.

**14.      Is this case appropriate for bifurcation?** Yes _____ No __X__.

**15.      An interim status/settlement conference (with clients in attendance), should be held:** __within **thirty (30) days** of completion of Phase I discovery.__

**16.      We [do_____ do not ____X____] consent to the trial being conducted by a Magistrate Judge.**

**17.      Identify any other issues to address at the Rule 16 Scheduling Conference.** _____N/A_____.

Dated:  February 1, 2016

Attorneys for Plaintiffs:

*/s/     Benjamin H. Richman*
Rafey S. Balabanian
Benjamin H. Richman
Eve-Lynn Rapp
rbalabanian@edelson.com
brichman@edelson.com
erapp@edelson.com
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs Norma Oliver and Matt Toms*

Attorneys for Defendant:

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
New Jersey Attorney I.D. No.
004891989
**MORGAN, LEWIS & BOCKIUS
LLP**
(A Pennsylvania Limited Liability
Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-6241
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendant*
*Funai Corporation, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Stefan Coleman, an attorney, hereby certify that on February 1, 2016, I caused the foregoing to be filed by the Court's CM/ECF system and to be served on all counsel of record.

/s/ Stefan L. Coleman