UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA OLIVER and MATT TOMS, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs,*<br>v.<br><br>FUNAI CORPORATION, INC.,<br><br>     *Defendant.* | Civil Action No.: 2:14-cv-4532(JLL)(JAD)<br><br>CLASS ACTION |

**JOINT PROPOSED DISCOVERY PLAN & SCHEDULE**

  Plaintiffs Norma Oliver and Matt Toms ("Plaintiffs") and Defendant Funai Corporation, Inc. ("Defendant," and collectively, the "Parties"), pursuant to the Court's May 26, 2016 Order, submit the instant Joint Proposed Discovery Plan & Schedule to apprise the Court of the Parties' positions on the scope of discovery required for Plaintiffs' Motion for Class Certification and the Parties' proposed discovery schedule.

**I. Scope of Discovery**

**Plaintiffs' Position**

  As discussed in greater detail in the Parties' February 1, 2016 Joint Discovery Plan (Dkt. 105), in this case, Plaintiffs allege that Defendant designs, manufactures, markets, and sells LCD televisions (the "Defective TVs" or the

1

"TVs") to consumers that contain a defective power supply board ("PSB"), which ultimately causes the TVs to fail well before the end of their reasonable useful life. Plaintiffs further allege that Defendant wrongfully warrants that the Defective TVs will last for "many years of useful life" in there users manuals, and acts deceptively by concealing the existence of the defect, despite knowing—e.g., from internal testing, complaints, and retailers—that the Defective TVs' will fail well before their expected lifespan.

At this point, the Court has allowed Plaintiffs' claims for breach of express warranty and violations of the Magnusson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, as well as Plaintiff Tom's claim for violations of the Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. § 44-1522 *et seq.* (the "ACFA") to move forward. As such, Plaintiffs will next ask the Court to certify their case as a class action, and in order to do so, need to demonstrate to the Court that their claims are subject to common facts and proof.

In that regard, Plaintiffs believe that discovery into the following topics of information will be necessary to certify the Classes: **(1)** the total number of stand-alone PSBs and TVs sold (or shipped) to consumers; **(2)** the design, manufacturing, distribution, and sale of the PSBs and Defective TVs, including the causes of the PSB defect, **(3)** the identity of the purchasers of the Defective TVs and the stores at which the TVs were sold, **(4)** consumer complaints, warranty

claims, and returns relating to the PSBs or symptoms likely related to the PSBs (e.g., loss of power or picture); **(5)** Defendant's representations regarding the lifespan of the Defective TVs; **(6)** Defendant's (and/or other third-parties') internal testing, research, and investigations regarding the expected lifespan and/or fail rate of the Defective TVs and/or PSBs, as well as Defendant's communications about those topics; **(7)** communications, research, documentation, and investigations regarding the selection, sourcing, and acquisition of the PSBs or components found on the PSBs; **(8)** the metrics (and bases of those metrics) used by Funai Corp. to assess and report on the lifespan of the Defective TVs; and **(9)** communications with wholesalers, distributors, and retailers about the Defective TVs related to shortened lifespans, quality concerns, consumer complaints, fail rates, return rates, and similar topics. Plaintiffs also intend to utilize an expert in seeking class certification and anticipate that expert discovery (limited to class issues such as whether the issue with the PSB commonly manifested in the TVs) will likewise be necessary.

In challenging Plaintiffs' class-discovery topics, Defendant argues that Plaintiffs seek merits discovery that has already been rejected by the Court[1] and

---

[1] Although Defendant suggests otherwise, the Court never rejected the discovery topics proposed by Plaintiff in their initial joint statement. Rather, the Court stated that it was "inclined to permit only pre-certification discovery at this time," but that the Parties should "meet and confer to discuss what limited merits discovery, if any, will be required for Plaintiffs Motion for Class Certification." (Dkt. 110.) Given that each of the proposed topics are necessary for class

3

that has "nothing to do with class certification." Specifically, Defendant contends that class discovery should be limited to only the information that is necessary to determine whether (i) membership in the Classes "can be ascertained in a reliable and administratively feasible manner," (ii) "the named-Plaintiffs are adequate representatives for the causes of actions remaining in the Action," and whether (iii) the "named-Plaintiffs' claims are typical of the claims of the putative [C]lass members." Defendant also suggests that expert testimony should not be permitted to satisfy Rule 23's ascertainability requirement. Defendant's logic is flawed in both regards.

    Foremost, contrary to Defendant's assertions, Rule 23 requires more than a showing of ascertainability, manageability, and typicality. *See* Fed. R. Civ. P. 23(a)(1), (a)(2), (b)(3) (listing numerosity, commonality, and predominance as additional certification requirements, respectively). And, courts in this District have made clear that in order to satisfy the commonality and predominance requirements, Plaintiffs must demonstrate that their claims are subject to common proof. *See Brien v. Brain Research Labs, LLC,* 12-204, 2012 WL 3242365, at *8 (D.N.J. Aug. 9, 2012) ("[T]he predominance requirement demands that the issues in the class action . . . involve common proof."); *Novak v. Home Depot U.S.A., Inc.,* 259 F.R.D. 106, 114 (D.N.J. 2009) ("The plaintiff's task is to show that the

---

certification, discovery into these areas is entirely proper.

4

essential elements of the cause of action are capable of *proof through evidence* that is common to the class, rather than evidence unique to each individual class member. Thus, the Court looks for common proof." (emphasis added)). Thus, when considering *all* of Rule 23's requirements—and not just those on which Defendant focuses—Plaintiffs' need for discovery on each of the above-enumerated topics is plainly justified.

By way of example, Plaintiffs' requests for information about Defendant's representations regarding the lifespan of the Defective TVs **(Topic No. 5.)** is necessary to demonstrate that Plaintiffs and members of the Classes were each subject to the *same* warranties and omissions of material fact (commonality, predominance and typicality)—which will be relevant to the certification of Plaintiffs' consumer fraud and breach of warranty claims. Similarly, Plaintiffs' need for information about the design, manufacturing, and sale of the TVs **(Topic No. 2. )** is necessary to show that each PSB and TV suffered from the same defect and caused the same harm to Plaintiffs and the Classes (commonality, predominance and typicality). Additionally, Plaintiffs' requests for information about Defendant's internal testing, research, and communications—with its employees, wholesalers, retailers, and other third-parties—about the expected lifespan and/or fail rate of the TVs **(Topics No. 6, 7, 8, and 9)**, as well as consumer complaints about the TVs **(Topic No. 4)**, will be necessary to

demonstrate that Defendant's knowledge of the defect—an element of Plaintiff Tom's ACFA claim—is subject to common proof as well (again, commonality, predominance and typicality).[2]

Finally, and contrary to Defendant's assertion, there is no basis to deny the parties access to expert testimony on class certification issues, including ascertainability. With respect to ascertainability, in particular, courts often allow plaintiffs seeking certification to present expert testimony to show, for example, that a defendant's (or others') records may be used in an administratively feasible manner to identify individuals that fall within the definition of the proposed class. *See, e.g., Stemple v. QC Holdings, Inc.*, No. 12-cv-1997, 2014 WL 4409817 (S.D. Cal. Sept. 5, 2014) (Bashant, J.). Plaintiffs also intend to utilize an expert to show that each PSB suffered from the same defect and that such defect caused the TVs to fail in the same manner—which also speaks to the commonality, predominance and typicality requirements under Rule 23.

All of that said, to the extent Defendant is willing to stipulate to such facts—as well as that Rule 23's commonality and predominance elements are satisfied as a result—Plaintiffs would agree to forgo such discovery for purposes of class

---

[2] Plaintiffs' request for information about the identity of purchasers of the Defective TVs, the identity of stores where the TVs were sold, and consumer complaints and claims regarding the TVs **(Topic Nos. 3 and 4)**, will all be relevant to demonstrating that the Classes can be ascertained in an administratively feasible manner. Likewise, Plaintiffs' request for the number of PSBs and TVs sold **(Topic No. 1)** will be required to demonstrate that numerosity is satisfied and speaks to the ways in which Class members may be ascertained.

certification. (They would, of course, reserve their rights to seek such information for purposes of proving liability later.)

**Defendant's Position**

The Court has already considered and rejected Plaintiffs' proposal to conduct general merits discovery at this time.  Despite the Court's clear ruling on May 29, Plaintiffs persist in their current proposal to pursue broad and onerous merits discovery, including extensive discovery on multiple topics having nothing to do with class certification.  Plaintiffs' proposed sweeping discovery appears to be intended to search for factual bases to pursue substantive claims against Funai Corporation or potentially against other non-parties.  The Court has appropriately restricted the current phase of discovery to class certification, and accordingly much of the discovery Plaintiffs propose must be postponed until after such time, if ever, that Plaintiffs are able to obtain certification of their proposed class.

Discovery at this stage should be limited to only those matters necessary to determine if the putative class (and subclass) defined by Plaintiffs can be certified. This discovery, as this Court has held, will and should be focused upon whether membership in Plaintiffs' defined class (and subclass) can be ascertained in a reliable and administratively feasible manner, whether the named-Plaintiffs are adequate class representatives for the causes of action remaining in this Action, and whether the named-Plaintiffs' claims are typical of the claims of the putative

class (and subclass) members. Funai anticipates that this discovery can be completed through written discovery and focused depositions concerning the circumstances of the Plaintiffs' purchases and repairs, and whether records exist identifying the putative class members.

Despite the Court's May 26, 2016 Order, Plaintiffs have taken a far-too-expansive position of what discovery should be permitted during this class certification-only discovery period, wading well into the waters of purely merits discovery. Plaintiffs have identified nine broad categories of discovery topics in addition to indicating that they anticipate undertaking expert discovery on issues of whether any alleged PSB defect "manifested in the TVs." Many of the issues identified by Plaintiffs are irrelevant to any class certification inquiry including, but not limited to, Funai Corp. or third-parties' internal testing, research, and investigation into the lifespan or fail rate of the subject TVs, the design, manufacturing, distribution, and sales of the subject TVs, communications and investigations regarding the "selection, sourcing, and acquisition" of PSBs, as well as communications Funai Corp. may have had with any distributors or retailers. The issues addressed by these broad subject areas provide no insights into Plaintiffs' abilities to meet their respective burdens under Rule 23. Notably, Plaintiffs' proposed "class" discovery encompasses everything Plaintiffs previously identified as "merits" or "class" discovery in the February 2016 Joint

Discovery Plan.  By Plaintiffs' logic, all merits discovery is relevant to questions of common proof.

Plaintiffs have alleged two causes of action related to one theory of harm – that the subject televisions contain a "defect" in their power supply boards that was known to Defendant.  Plaintiffs argue that such evidence is relevant to questions of commonality among Plaintiffs and putative class members.  However, an alleged "defect" in the PSBs is the only theory of harm that Plaintiffs have proposed and is therefore necessarily common to all putative class members.  Whether the alleged "defect" actually exists is irrelevant to the question of whether a class can be certified.  There is no possible claim other than one premised upon the alleged "defect."  Indeed, it is contained within Plaintiffs' definition of their class.  SAC, ¶ 52 (including only purchasers who "experienced a failure of the TV's power supply board after 90 days").  Thus, Plaintiffs' efforts to seek discovery into the manufacture and testing of the televisions are a naked attempt to fish for some evidence to broaden the claims in this Action.

Further, expert testimony is not necessary to establish whether a class (or subclass) can be certified.  The question of class certification can be addressed without resolving the principal merits questions raised by Plaintiffs.  Plaintiffs suggest that expert testimony may be necessary to determine if any records are sufficient to identify class members in a reliable and administratively feasible

9

manner.  However, Plaintiffs' suggested topics of expert discovery--whether the alleged PSB issue is common to class members--is already subsumed within Plaintiffs' class definition--consumers who experienced a failure in the power supply board.  The expert testimony would add nothing to questions of class certification. Moreover, the Third Circuit has previously rejected the use of expert testimony to attempt to satisfy the burden on ascertainability.  *See, e.g., Carrera v. Bayer Corp.*, 727 F.3d 300, 311 (3d Cir. 2013).  Plaintiffs should not be permitted to side-step the Court's clear mandate that the Parties be limited to certification discovery at this point in time by virtue of their thinly-veiled attempt to masquerade their merits discovery before the Court as permissible Rule 23 discovery.

## II. Discovery Schedule

In addition to the deadlines set forth in the Court's February 5, 2016 Order (Dkt. 106), the Parties propose the following scheduling deadlines related to class discovery and the briefing of Plaintiffs' motion for class certification.

| Event | Plaintiffs' Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| **Completion of Class Discovery** | October 17, 2016 | **Defendants agree with Plaintiffs' proposed deadlines, except that Defendants maintain, as** |

|  |  | discussed above, that Plaintiffs' proposed expert report is neither necessary nor sufficient. |
|---|---|---|
| **Plaintiffs' Deadline to Submit Expert Report** | November 16, 2016 |  |
| **Defendant's Deadline to Submit Expert Report** | December 16, 2016 |  |
| **Completion of Expert Depositions** | January 16, 2016 |  |
| **Plaintiffs' Deadline to File Motion for Class Certification** | February 15, 2017 |  |
| **Defendant's Deadline to File Opposition to Plaintiffs' Motion for Class Certification** | March 8, 2017 |  |
| **Plaintiffs' Deadline to File Reply in Support of Class Certification** | March 29, 2017 |  |
| **Completion of Merits Discovery** | TBD |  |
| **Completion of Expert Discovery** | TBD |  |
| **Deadline to File Dispositive Motions** | TBD |  |

Additionally, Plaintiffs propose that the Parties file a joint discovery plan by no later than April 5, 2017 to propose deadlines related to the completion of merits discovery, dispositive motions, and trial, if necessary.

11

Dated:  June 17, 2016                    Respectfully submitted,

/s/ Stefan L. Coleman
Stefan L. Coleman (#000382009)
law@stefancoleman.com
Law Offices of Stefan Coleman, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427

Benjamin H. Richman*
brichman@edelson.com
Eve-Lynn Rapp*
erapp@edelson.com
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice

Dated:  June 17, 2016                    Respectfully submitted,

/s/ John P. Lavelle, Jr.
John P. Lavelle, Jr.
New Jersey Attorney I.D. No. 004891989
**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-6241
Tel: (609) 919-6688
Fax: (609) 919-6701
jlavelle@morganlewis.com

*Attorneys for Defendant
Funai Corporation, Inc.*

12

## **CERTIFICATE OF SERVICE**

      I, Stefan Coleman, an attorney, hereby certify that on June 17, 2016, I caused the foregoing to be filed by the Court's CM/ECF system and to be served on all counsel of record.

                                        /s/   Stefan L. Coleman